Kimberly P. Harris
Texas Bar No. 24002234
kharris@qslwm.com
Joshua L. Shepherd
Texas Bar No. 24058104
jshepherd@qslwm.com
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, PC
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
**Attorneys for Intervenor Lumar Land & Cattle, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| BM318, LLC, | § | Case No. 20-42789-MXM |
| Debtor | § | |
| BM318, LLC, | § | |
| Plaintiff, | § | |
| v. | § | Adv. Pro. No. 21-04051-MXM |
| THE DIXON WATER FOUNDATION, | § | |
| Defendant. | § | |
| LUMAR LAND & CATTLE, LLC | § | |
| Plaintiff-in-Intervention | § | |

**PLAINTIFF-IN-INTERVENTION LUMAR LAND & CATTLE, LLC'S**
**ORIGINAL COMPLAINT IN INTERVENTION FOR DECLARATORY JUDGMENT**

EXHIBIT
A

Plaintiff-in-Intervention Lumar Land & Cattle, LLC ("Lumar") pursuant to 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57, files this Original Complaint in Intervention for Declaratory Judgment and respectfully shows the Court the matters set forth below:

## I.
## PARTIES

1. Plaintiff-in-Intervention Lumar is domestic limited liability company organized under the laws of the State of Texas.

2. Plaintiff/Debtor BM318, LLC ("BM318") is a limited liability company organized under the laws of the State of Texas.

3. Defendant The Dixon Water Foundation ("Dixon") is a is a non-profit corporation organized under the laws of the State of Texas. Dixon has previously appeared in this action.

## II.
## JURISDICTION AND VENUE

4. This Court has jurisdiction of this adversary proceeding, which arises under the Bankruptcy Code and relates to the above-captioned Chapter 11 case pending in the United States Bankruptcy Court for the Northern District of Texas, pursuant to 28 U.S.C. §§ 157 and 1334(b). This adversary proceeding is a "core" proceeding to be heard and determined by this Court pursuant to 28 U.S.C. § 157(b)(2).

5. The Court also has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201. An actual and substantial controversy exists between the parties. By this action Lumar seeks a declaration that it is a good faith transferee and bona fide purchaser for value of a portion of the land at issue in the adversary action.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## III.
## FACTUAL BACKGROUND

7. On **February 18, 2020**, BM318 executed a Special Warranty Deed (filed on **July 2, 2020**) conveying to The Dixon Water Foundation f/k/a The Dixon Foundation ("Dixon"):

> BEING 2055.70 acres of land situated in the JAMES BRADLEY SURVEY, ABSTRACT No. 119, JAMES BRADLEY SURVEY, ABSTRACT No. 120, JOHN D. BAY SURVEY, ABSTRACT NO. 195, J.H. REAN SURVEY, ABSTRACT No. 1106, T.J. BENDERMAN SURVEY, ABSTRACT No. 2519, I. & G.N. RR. CO., SECTION NO. 3, BLOCK 1, ABSTRACT NO. 1799 and the PETER B. HOLDER SURVEY, ABSTRACT No. 614, Parker County, Texas, being a portion of those certain tracts of land described in deed as Parcel No. 1 and Parcel No. 2, to The Dixon Foundation, recorded in Book 2416, Page 417, Official Public Records, Parker County, Texas, said 2055.70 acres being more particularly described as follows:
>
> **SAVE AND EXCEPT** that certain 381.66 acres tract of land as conveyed to GH Lumar JV in Warranty Deed, filed 09/13/2019, recorded in cc#2019-24134, Real Property Records, Parker County, Texas.
>
> **SAVE AND EXCEPT** that certain 23.95 acres of land, situated in Parker County, Texas, out of the JAMES BRADLEY SURVEY, ABSTRACT NUMBER 119, the JAMES BRADLEY SURVEY, ABSTRACT NUMBER 120, the JOHN D. BAY SURVEY, ABSTRACT NUMBER 195 and the J. H. REAN SURVEY, ABSTRACT NUMBER 1106, and being part of a 2055.70 acre tract of land that is described in a deed from The Dixon Water Foundation to BM 318, LLC, dated November 26, 2018, recorded in Instrument No. 201829926, Official Public Records of Parker County, Texas and further described as follows:
>
> **SAVE AND EXCEPT**
>
> **BEING 118.34 acres situated in the JAMES BRADLEY SURVEY, ABSTRACT NO. 120, Parker County, Texas, being a portion of that certain tract of land described in deed as Parcel No. 2, to The Dixon Foundation, recorded in Book 2416, Page 417, Official Public Records, Parker County, Texas, said 118.34 acres being more particularly described as follows:**

8. On **April 23, 2021**, Dixon executed a Special Warranty Deed with Vendor's Lien (filed April 28, 2021) conveying to Lumar 204.50 acres out of the original property transferred from BM318:

> BEING 204.50 acres situated in the JAMES BRADLEY SURVEY, Abstract No. 119 and the J.H. REAN SURVEY, Abstract No. 1106, Parker County, Texas, being a portion of that certain tract of land described in deed to The Dixon Water Foundation, recorded in Instrument Number 202019524, Official Public Records, Parker County, Texas, being more particularly described, as follows:

The 204.50 acres purchased by Lumar from Dixon will hereinafter be referred to as the "Lumar Property."

9. At the time Lumar purchased the Lumar Property, no adversary proceeding had been filed, no lis pendens had been filed, and BM318 made no claims to Lumar (or to Dixon, to Lumar's knowledge) for possession of or title to the Lumar Property.

10. On **August 10, 2021**, BM318 filed its Complaint to Avoid and Recover Preferential and/or Fraudulent Transfer Pursuant to 11 U.S.C. §§548 and 550 seeking, among other things, to avoid the transfer of the 2055.70 acres from BM318 to Dixon (the "Adversary Proceeding").

11. On **September 30, 2021**, Dixon filed its Answer and Affirmative Defenses and Counterclaim to Complaint to Avoid and Recover Preferential and/or Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548 and 550 [Adv. Dkt. No. 8] (the "Counterclaim").

12. On **October 27, 2021**, BM318 filed its Notice of Lis Pendens in the Parker County Official Public Records on the 2055.70 acres (which included the Lumar Property) (the "Lis Pendens"). At that time, six months had passed since Lumar's purchase of the Lumar Property and Lumar had begun development of the Lumar Property. Lumar did not receive any notice of the Notice of Lis Pendens as required by Texas Property Code § 12.007.

13. **At the end of December 2021**, Lumar became aware of the Lis Pendens while contracting to sell a portion of the Lumar Property to a third party.

14. BM318's improperly filed Lis Pendens constitutes a cloud on the Lumar Property and Lumar requests that this Court declare that Lumar is a good faith transferee and bona fide purchaser for value of the Lumar Property and thereafter expunge the lis pendens as to the Lumar Property.

## IV.
## DECLARATORY RELIEF – LUMAR IS A GOOD FAITH TRANSFEREE UNDER BANKRUPTCY CODE §550(b)

15. Lumar incorporates by reference the allegations stated above.

16. As discussed above, Lumar purchased the Lumar Property from Dixon over three months before the Adversary Proceeding was filed and over six months before the Lis Pendens was filed. The Lumar Property is affected by the Adversary Proceeding and Lis Pendens. These improper claims constitute a cloud on the Lumar Property.

17. Lumar is a good faith transferee and bona fide purchaser of the Lumar Property. At the time Lumar purchased the Lumar Property, the Adversary Proceeding had not been filed, no lis pendens had been filed, and BM318 made no claims for possession of or title to the Lumar Property to Lumar.

18. Moreover, Lumar was never sent the Notice of Lis Pendens as required by Texas Property Code § 12.007. Further, a lis pendens as against a good faith transferee/bona fide purchaser for value is improper and merits expunction under Texas Property Code § 12.0071.

19. Section 550(b) of the Bankruptcy Code provides that BM318 may not recover from a good faith transferee:

> **(b)** The trustee may not recover under section (a)(2) of this section from--
> **(1)** a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or
> **(2)** any immediate or mediate good faith transferee of such transferee.

11 U.S.C. § 550(b).

20. Therefore, Lumar seeks a declaratory judgment by this Court (i) finding that Lumar is a good faith transferee under §550(b) of the Bankruptcy Code and a bona fide

purchaser for value of the Lumar Property; and, accordingly, (ii) expunging the Lis Pendens as to the Lumar Property.

**V.**
**PRAYER**

WHEREFORE, for the foregoing reasons, Lumar respectfully requests judgment against Plaintiff/Debtor BM318 as follows:

1. A declaration that Lumar is a good faith transferee under §550(b) of the Bankruptcy Code and a bona fide purchaser for value of the Lumar Property;

2. Expunging the Notice of Lis Pendens as to the Lumar Property; and

3. Granting such other and further relief as to which Lumar may show itself justly entitled.

Respectfully submitted,

*/s/Kimberly P. Harris*
KIMBERLY P. HARRIS
State Bar No. 24002234
kharris@qslwm.com
JOSHUA L. SHEPHERD
State Bar No. 24058104
jshepherd@qslwm.com
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

**ATTORNEYS FOR LUMAR LAND & CATTLE, LLC**