Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR/PLAINTIFF

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BM318, LLC,** | § | CASE NO. 20-42789-mxm-11 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

_____

| | | |
|---|---|---|
| **BM318, LLC,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 21-04051 |
| | § | |
| **DIXON WATER FOUNDATION,** | § | |
| Defendant. | § | |

### PLAINTIFF'S OBJECTION TO MOTION TO INTERVENE AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW BM318, LLC, Plaintiff in the above-styled and numbered cause, and files this Objection to Motion to Intervene and Brief in Support (the "Motion to Intervene") filed by Lumar Land & Cattle, LLC ("Intervenor"), and would respectfully show the Court as follows:

### STANDARD OF REVIEW

1. Intervention as a matter or right under Civil Rule 24(a)(2) requires the proposed intervenor to demonstrate that all of the four criteria for intervention are met: (1) that the proposed intervenor has a significant legal or protectable interest in the subject of the pending litigation; (2) that the disposition of the action may impair or impede the proposed intervenor's ability to

protect its legal interest; (3) that the parties to the litigation cannot adequately protect the proposed intervenor's interest; and (4) that the motion is timely. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998); *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984). The applicant has the burden of establishing its right to intervene by satisfying the four elements. *United States v. Texas E. Transmission Corp.*, 923 F.2d 410, 414 (5th Cir. 1991). Failure to satisfy any one of the four steps is sufficient justification for a court to deny the motion to intervene. *Security Ins. Co. v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995); *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

  2. "Permissive intervention is allowed under Rule 24(b) when a United States statute provides a conditional right to intervene or when an applicant's claim or defense and the main action have a common question of law or fact. Fed. R. Civ. P. 24(b)." *Johnson v. Qualawash Holdings, LLC*, No. 2:12 CV-0885-PM-KK, 2013 U.S. Dist. LEXIS 85482, at *13 (W.D. La. 2013). "When acting on a request for permissive intervention, a district court should consider, among other factors, whether the intervenors are adequately represented by other parties and whether they are likely to contribute significantly to the development of the underlying factual issues." *League of United Latin American Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989).

  3. The Ninth Circuit has set forth a three-part test regarding adequate representation. "[A] would-be intervenor is adequately represented if: (1) the interests of a present party to the suit are such that it will undoubtedly make all of the intervenor's arguments; (2) the present party is capable of and willing to make such arguments; and (3) the intervenor would not offer any necessary element to the proceedings that the other parties would neglect." *County of Fresno v. Andrus*, 622 F.2d 436, 438-39 (9th Cir. 1980) (citing *Blake v. Pallan*, 554 F.2d 947, 954-55 (9th Cir. 1977)); *accord Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 529 (9th Cir. 1983). The

proposed intervenor bears the burden of demonstrating that representation of its interests in the existing litigation is inadequate. *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986). A "presumption of adequate representation arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit. In such cases, the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996).

## FACTS AND ARGUMENT

4. Intervenor does not have a justiciable interest in the ongoing suit. Plaintiff seeks to avoid the transfer of real estate for property transferred from Plaintiff to Dixon Water Foundation ("Dixon"). Intervenor claims it is a subsequent transferee from Dixon. Its claims are those against Dixon Water Foundation not the Plaintiff. The subsequent transfer was made while BM318 had a right to avoid the original transfer from BM318 to Dixon. Dixon conveyed property to Intervenor that was encumbered by BM318's right to avoid the transfer. Intervenor either knew of the encumbrance or this fact was hidden by Dixon. In either case, BM318 is not liable for the actions of Dixon nor the risk taken by Intervenor in the subsequent transfer.

5. Intervenor cannot qualify as a good faith transferee and would not have an interest in the pending avoidance action. On February 18, 2020, BM318 executed a Special Warranty Deed conveying to Dixon Water Foundation 2,055.70 acres of land. On April 23, 2021, Dixon subsequently executed a Special Warranty Deed conveying 204.50 acres out of the original property to Intervenor. The right to avoid the transfer of the 2,055.70 acres from BM318 to Dixon existed at the time of the subsequent transfer and Intervenor knew or should have known that BM318 had a right to avoid the original transfer.

6. In this case, Intervenor and Dixon Water Foundation have the same ultimate objective – to defeat the avoidance of the transfer of property between BM318 and Dixon Water

Foundation. Any arguments raised by Intervenor will be a simple rehash of the arguments raised by Dixon Water Foundation. Intervenor did not establish a separate objective than that of Dixon Water Foundation. The interests of Intervenor are already adequately protected as it shares the same ultimate objective as Dixon.

7. The Intervenor should not be allowed in the case for the purposes of attacking jurisdiction. Intervenor's interest in the transfer between Plaintiff and Dixon Water Foundation as Intervenor was not a party to that transaction. The inclusion of Intervenor would only serve to complicate the issues and cause delay of the proceedings. The Plaintiff wants to preserve the jurisdiction of this court and the allowance of the Intervenor could defeat this court's jurisdiction. This court should deny the Intervenor's Motion as it complicates the issues and will prejudice the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this Court deny Intervenor's Motion to Intervene and Brief in Support, or in the alternative, grant the Motion subject to the Intervener's consent to this court's jurisdiction, and for such other and further relief to which Petitioner may be justly entitled.

DATED: January 28, 2022.

Respectfully submitted,

/s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
Attorney at Law & Mediator
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on January 28, 2022, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case.

                                            */s/ Joyce W. Lindauer*
                                            Joyce W. Lindauer