**Answer a Complaint**

Filed: 08/10/2021 Closed:
Reopen: Dismissed:
Dismissed(jdb):



**U.S. Bankruptcy Court**

**Northern District of Texas**

Notice of Electronic Filing

The following transaction was received from Joyce W. Lindauer entered on 10/22/2021 at 4:06 PM CDT and filed on 10/22/2021

| | |
|---|---|
| **Case Name:** | BM318, LLC v. The Dixon Water Foundation et al |
| **Case Number:** | 21-04051-mxm |
| **Document Number:** | 9 |

**Docket Text:**
Answer to counterclaim filed by BM318, LLC. (Lindauer, Joyce)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Answer to Counterclaims.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686615 [Date=10/22/2021] [FileNumber=47197111-0] [9548aad9c56a0c22f7516ba3dcbc7e5efb8cf132f0859fae6d091051e837a09b2ce452a02df23fea126f3a3b12d4984fad786f77264b45d292f0851aaba6c1cc]]

**21-04051-mxm Notice will be electronically mailed to:**

Joyce W. Lindauer on behalf of Plaintiff BM318, LLC
joyce@joycelindauer.com,
dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Deborah M. Perry on behalf of Counter-Claimant The Dixon Water Foundation
dperry@munsch.com

**21-04051-mxm Notice will not be electronically mailed to:**

BM318, LLC
13901 Midway Road
Suite 102
Dallas, TX 75244

The Dixon Water Foundation
,

**EXHIBIT "4"**

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR/PLAINTIFF

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm-11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |
| **BM318, LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 21-04051** |
| | § | |
| **DIXON WATER FOUNDATION,** | § | |
| **Defendant.** | § | |

## ORIGINAL ANSWER TO DEFENDANT'S COUNTERCLAIMS

Comes now BM318, LLC, debtor and plaintiff herein ("Plaintiff") and files this its Original Answer to Defendant's Counterclaims as asserted in the document DEFENDANT, THE DIXON WATER FOUNDATION'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND/OR FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 548 AND 550 AND COUNTERCLAIM [Dkt No. 8] ("Counterclaim") (where such counterclaims begin at Section VII therein) as filed by Dixon Water Foundation ("Dixon" or "Defendant") and would show as follows:

## I. RESPONSE TO "VII COUNTERCLAIM"

### A. Parties

1. Plaintiff admits the allegation in Paragraph 1 of the Counterclaim.

2. Plaintiff admits the allegation in Paragraph 2 of the Counterclaim.

### B. Jurisdiction

3. Plaintiff admits the allegation in Paragraph 3 of the Counterclaim.

4. Plaintiff admits the allegation in Paragraph 4 of the Counterclaim.

### C. Facts

5. Plaintiff admits the allegation in Paragraph 5 of the Counterclaim.

6. Plaintiff admits the allegation in Paragraph 6 of the Counterclaim.

7. Plaintiff denies the allegation in Paragraph 7 of the Counterclaim.

8. Plaintiff admits the allegations in Paragraph 8 to the extent such documents so provide.

9. Plaintiff admits the allegation in Paragraph 9 of the Counterclaim.

10. Plaintiff admits the allegation in Paragraph 10 of the Counterclaim to the extent that is a is an accurate restatement of the quote from the court filing referenced therein.

11. Plaintiff denies the allegation in Paragraph 11 of the Counterclaim.

### D. Causes of Action

#### a) Count 1: Section 548(c)

12. Paragraph 12 incorporates the preceding paragraphs of the Counterclaim and thus Plaintiff neither admits or denies such paragraph as no facts, claims, or allegations are specifically stated but likewise would incorporate Plaintiff's responses above in response to the paragraphs which Defendant incorporates into Paragraph 12.

13. Plaintiff can neither admit nor deny Dixon's state of mind as to whether it "Dixon took the Property for value and in good faith" but otherwise denies the allegations in Paragraph 13.

14. Plaintiff denies the allegations in Paragraph 14 that "Dixon gave value to BM318 in exchange for the transfer of the property."

15. Paragraph 15 is a request of Dixon that in the event the court determines that the transfer of the property is avoidable "that the Court find that Dixon has a lien on the property or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that Dixon gave value to BM3 l 8 in exchange for such transfer or obligation" and thus Plaintiff admits that Dixon makes such a request but denies that Dixon should have the right to have such request granted by the Court.

16. Plaintiff admits the allegations in Paragraph 16 to the extent such statement that "Dixon also holds such corresponding lien and claim rights under the above-cited terms of the Plan" is an accurate reflection of the Plan and Plaintiff admits Dixon "makes its corresponding defense counterclaims" but denies its asserted right to prevail and receive the relief requested.

**b) Count 2: Section 550(e)**

17. Paragraph 17 incorporates the preceding paragraphs of the Counterclaim and thus Plaintiff neither admits or denies such paragraph as no facts, claims, or allegations are specifically stated but likewise would incorporate Plaintiff's responses above in response to the paragraphs which Defendant incorporates into Paragraph 17.

18. Plaintiff denies the allegations in Paragraph 18 that "Dixon is a good faith transferee."

19. Paragraph 19 is a request of Dixon that in the event the court determines that Plaintiff "may recover from Dixon under section 550(a) of the Bankruptcy Code" that the Court

find ”that Dixon has a lien on the property recovered to secure the lesser of: (a) the cost to Dixon of any improvement made after the transfer, less the amount of any profit realized by or accruing to Dixon from such property; and (b) any increase in the value of such property as a result of such improvement” and thus Plaintiff admits that Dixon makes such a request but denies that Dixon should have the right to have such request granted by the Court and further denies any inference, assumption, or claim that any improvements have been constructed or placed on the property by Dixon during the applicable time period.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court find in favor of Plaintiff on Dixon's counterclaims and grant Plaintiff any and all relief Plaintiff is entitled to including but not limited to its costs and reasonable attorneys' fees.

Dated: October 22, 2021

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
guy@joycelindauer.com
kerry@joycelindauer.com

ATTORNEYS FOR BM318, LLC,
DEBTOR AND PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 22, 2021, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer