Kimberly P. Harris
Texas Bar No. 24002234
kharris@qslwm.com
Joshua L. Shepherd
Texas Bar No. 24058104
jshepherd@qslwm.com
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, PC
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
**Attorneys for Intervenor Lumar Land & Cattle, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| BM318, LLC, | § | Case No. 20-42789-MXM |
| Debtor | § | |
| BM318, LLC, | § | |
| Plaintiff, | § | |
| v. | § | Adv. Pro. No. 21-04051-MXM |
| THE DIXON WATER FOUNDATION, | § | |
| Defendant. | § | |

## MOTION TO INTERVENE AND BRIEF IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 24, Intervenor Lumar Land & Cattle, LLC ("Lumar") files this Motion to Intervene and Brief in Support because it is a good faith transferee and bona fide purchaser for value of a portion of the land made the basis of Debtor/Plaintiff BM318, LLC's ("BM318") Complaint to Avoid and Recover Preferential and/or Fraudulent

Transfer Pursuant to 11 U.S.C. §§548 and 550 [Adv. Dkt. No. 1] (the "Complaint"). Lumar Land respectfully shows the Court as follows:

## I.
## BACKGROUND/INTRODUCTION

1. On **February 18, 2020**, BM318 executed a Special Warranty Deed (filed on **July 2, 2020**) conveying to The Dixon Water Foundation f/k/a The Dixon Foundation ("Dixon"):

> BEING 2055.70 acres of land situated in the JAMES BRADLEY SURVEY, ABSTRACT No. 119, JAMES BRADLEY SURVEY, ABSTRACT No. 120, JOHN D. BAY SURVEY, ABSTRACT NO. 195, J.H. REAN SURVEY, ABSTRACT No. 1106, T.J. BENDERMAN SURVEY, ABSTRACT No. 2519, I. & G.N. RR. CO., SECTION NO. 3, BLOCK 1, ABSTRACT NO. 1799 and the PETER B. HOLDER SURVEY, ABSTRACT No. 614, Parker County, Texas, being a portion of those certain tracts of land described in deed as Parcel No. 1 and Parcel No. 2, to The Dixon Foundation, recorded in Book 2416, Page 417, Official Public Records, Parker County, Texas, said 2055.70 acres being more particularly described as follows:

> **SAVE AND EXCEPT** that certain 381.66 acres tract of land as conveyed to GH Lumar JV in Warranty Deed, filed 09/13/2019, recorded in cc#2019-24134, Real Property Records, Parker County, Texas.

> **SAVE AND EXCEPT** that certain 23.95 acres of land, situated in Parker County, Texas, out of the JAMES BRADLEY SURVEY, ABSTRACT NUMBER 119, the JAMES BRADLEY SURVEY, ABSTRACT NUMBER 120, the JOHN D. BAY SURVEY, ABSTRACT NUMBER 195 and the J. H. REAN SURVEY, ABSTRACT NUMBER 1106, and being part of a 2055.70 acre tract of land that is described in a deed from The Dixon Water Foundation to BM 318, LLC, dated November 26, 2018, recorded in Instrument No. 201829926, Official Public Records of Parker County, Texas and further described as follows:

> **SAVE AND EXCEPT**
>
> **BEING 118.34 acres situated in the JAMES BRADLEY SURVEY, ABSTRACT NO. 120, Parker County, Texas, being a portion of that certain tract of land described in deed as Parcel No. 2, to The Dixon Foundation, recorded in Book 2416, Page 417, Official Public Records, Parker County, Texas, said 118.34 acres being more particularly described as follows:**

2. On **April 23, 2021**, Dixon executed a Special Warranty Deed with Vendor's Lien (filed April 28, 2021) conveying to Lumar 204.50 acres out of the original property transferred from BM318:

> BEING 204.50 acres situated in the JAMES BRADLEY SURVEY, Abstract No. 119 and the J.H. REAN SURVEY, Abstract No. 1106, Parker County, Texas, being a portion of that certain tract of land described in deed to The Dixon Water Foundation, recorded in Instrument Number 202019524, Official Public Records, Parker County, Texas, being more particularly described, as follows:

The 204.50 acres purchased by Lumar from Dixon will hereinafter be referred to as the "Lumar Property."

3. At the time Lumar purchased the Lumar Property, no adversary proceeding had been filed, no lis pendens had been filed, and BM318 made no claims to Lumar (or to Dixon, to Lumar's knowledge) for possession of or title to the Lumar Property.

4. On **August 10, 2021**, BM318 filed its Complaint against Dixon seeking, among other things, to avoid the transfer of the 2055.70 acres from BM318 to Dixon (the "Adversary Proceeding").

5. On **September 30, 2021**, Dixon filed its Answer and Affirmative Defenses and Counterclaim to Complaint to Avoid and Recover Preferential and/or Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548 and 550 [Adv. Dkt. No. 8] (the "Counterclaim").

6. On **October 27, 2021**, BM318 filed its Notice of Lis Pendens in the Parker County Official Public Records on the 2055.70 acres (which included the Lumar Property) (the "Lis Pendens"). At that time, it had been six months from Lumar's purchase of the Lumar Property and Lumar had begun development of the Lumar Property. Lumar did not receive any notice of the Notice of Lis Pendens as required by Texas Property Code §12.007. Lumar was not added as a party to the Adversary Proceeding.

7. **At the end of December 2021**, Lumar became aware of the Lis Pendens while contracting to sell a portion of the Lumar Property to a third party.

8. Lumar is a good faith transferee under section 550(b) of the Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*) and bona fide purchaser of the Lumar Property. At the time Lumar purchased the Lumar Property, the Adversary Proceeding had not been filed, no lis pendens had been filed, and BM318 made no claims for possession of or title to the Lumar Property to Lumar.

BM318's improperly filed Lis Pendens constitutes a cloud on the Lumar Property. Lumar seeks to file its complaint for declaratory relief in the Adversary Proceeding seeking a declaratory judgment by this Court (i) finding that Lumar is a good faith transferee under section 550(b) of the Bankruptcy Code and a bona fide purchaser for value of the Lumar Property; and, accordingly, (ii) expunging the Lis Pendens as to the Lumar Property.

## II.
## RELIEF REQUESTED AND BRIEF IN SUPPORT

### A. Intervention As Of Right

9. Pursuant to Rule 24 of the Federal Rules of Civil Procedure, a party is entitled to intervene as of right, as follows:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>
> **(1)** is given an unconditional right to intervene by a federal statute; or
>
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24. Rule 24 is to be construed liberally with all doubts resolved in favor of the proposed intervener because intervention allows a court to resolve related disputes in a single action. *In Re Lease Oil Antitrust Litigation*, 570 F.3d 244, 248 (5th Cir. 2009). A proposed intervener must satisfy three criteria in order to intervene of right under Rule 24(a):

1. The movant must have an interest in the subject matter of the litigation;
2. Absent intervention, the movant's interest will be impaired or impeded; and
3. The existing parties to the action inadequately represent the movant's interest.

*Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996)(e*n banc*). Lumar satisfies all of these criteria.

10. First, Lumar clearly has an interest in the subject matter of the litigation. Because the Lumar Property is within the original property transferred from BM318 to Dixon, which transfer BM318 only now seeks to avoid, Lumar has an interest in protecting the Lumar Property and its status as a good faith transferee and bona fide purchaser for value of the Lumar Property.

11. Second, if Lumar is not permitted to intervene in this case, its interest will be impaired or impeded as it will not be able to participate in the determination of the avoidance issue. An adverse finding against Dixon could potentially be harmful to Lumar. Lumar should be permitted to participate in the determination of the avoidance issue and assert its status as a good faith transferee and bona fide purchaser of the Lumar Property.

12. Finally, with respect to the third prong, the Supreme Court has characterized the movant's burden as "minimal" and noted that the "[r]ule is satisfied if the applicant shows that the representation of his [or her] interest 'may be' inadequate." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972). While Lumar believes that counsel for Dixon will vigorously assert arguments on the avoidance issue relating to its interest, Lumar should not be denied an opportunity weigh in on those issues as well and assert its own interest and good faith status as related to the Lumar Property. In addition, Lumar has additional corollary issues for the Court to consider that will not be presented by Dixon: namely, its status as a good faith transferee and bona fide purchaser for value of the Lumar Property and thereafter its subsequent request to expunge the Lis Pendens as to the Lumar Property.

13. Accordingly, Lumar respectfully submits that it is entitled to intervene as of right. Allowing Lumar to intervene will promote judicial economy. Lumar filed this motion as soon as possible upon learning of the Lis Pendens.

**B. Permissive Intervention**

14. If, for any reason, the Court is inclined to deny Lumar's request for intervention as of right, Lumar respectfully requests that the Court alternatively grant it permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. Rule 24(b) states, in relevant part, "[o]n timely motion, the court may permit anyone to intervene who: . . . (2) has a claim or defense that share with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). As set forth above, Lumar's claims relate to the same factual circumstances and issues as those raised in BM318's Complaint and Dixon's Counterclaim. Accordingly, permissive intervention would be proper in this case.

WHEREFORE, PREMISES CONSIDERED, Intervenor Lumar Land & Cattle, LLC respectfully requests the Court grant its Motion to Intervene as a Plaintiff-in-Intervention in this action, and grant leave to file the proposed Complaint in Intervention, attached hereto as Exhibit A.

Respectfully submitted,

*<u>/s/Kimberly P. Harris</u>*
KIMBELRY P. HARRIS
State Bar No. 24002234
kharris@qslwm.com
JOSHUA L. SHEPHERD
State Bar No. 24058104
jshepherd@qslwm.com
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

**ATTORNEYS FOR LUMAR LAND & CATTLE, LLC**

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that prior to filing this Motion, I communicated with counsel for both BM318 and Dixon to request both parties' position on the relief requested herein. Ms. Lindauer, counsel for BM318, indicated that her client is opposed to the requested relief. Ms. Perry, counsel for Dixon, indicated that her client is unopposed to the relief requested in the Motion

*/s/ Joshua L. Shepherd*
Joshua L. Shepherd

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 14, 2022, a true and correct copy of the foregoing document was served by electronic transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice in this bankruptcy case, including both the Debtor-Plaintiff BM318 and Dixon, through counsel.

*/s/ Kimberly P. Harris*
Kimberly P. Harris

Kimberly P. Harris
Texas Bar No. 24002234
kharris@qslwm.com
Joshua L. Shepherd
Texas Bar No. 24058104
jshepherd@qslwm.com
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, PC
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
**Attorneys for Intervenor Lumar Land & Cattle, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| BM318, LLC, | § | Case No. 20-42789-MXM |
| Debtor | § | |
| BM318, LLC, | § | |
| Plaintiff, | § | |
| v. | § | Adv. Pro. No. 21-04051-MXM |
| THE DIXON WATER FOUNDATION, | § | |
| Defendant. | § | |
| LUMAR LAND & CATTLE, LLC | § | |
| Plaintiff-in-Intervention | § | |

## PLAINTIFF-IN-INTERVENTION LUMAR LAND & CATTLE, LLC'S <u>ORIGINAL COMPLAINT IN INTERVENTION FOR DECLARATORY JUDGMENT</u>

EXHIBIT
A

Plaintiff-in-Intervention Lumar Land & Cattle, LLC ("Lumar") pursuant to 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57, files this Original Complaint in Intervention for Declaratory Judgment and respectfully shows the Court the matters set forth below:

**I.**
**PARTIES**

1. Plaintiff-in-Intervention Lumar is domestic limited liability company organized under the laws of the State of Texas.

2. Plaintiff/Debtor BM318, LLC ("BM318") is a limited liability company organized under the laws of the State of Texas.

3. Defendant The Dixon Water Foundation ("Dixon") is a is a non-profit corporation organized under the laws of the State of Texas. Dixon has previously appeared in this action.

**II.**
**JURISDICTION AND VENUE**

4. This Court has jurisdiction of this adversary proceeding, which arises under the Bankruptcy Code and relates to the above-captioned Chapter 11 case pending in the United States Bankruptcy Court for the Northern District of Texas, pursuant to 28 U.S.C. §§ 157 and 1334(b). This adversary proceeding is a "core" proceeding to be heard and determined by this Court pursuant to 28 U.S.C. § 157(b)(2).

5. The Court also has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201. An actual and substantial controversy exists between the parties. By this action Lumar seeks a declaration that it is a good faith transferee and bona fide purchaser for value of a portion of the land at issue in the adversary action.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## III.
## FACTUAL BACKGROUND

7. On **February 18, 2020**, BM318 executed a Special Warranty Deed (filed on **July 2, 2020**) conveying to The Dixon Water Foundation f/k/a The Dixon Foundation ("Dixon"):

> BEING 2055.70 acres of land situated in the JAMES BRADLEY SURVEY, ABSTRACT No. 119, JAMES BRADLEY SURVEY, ABSTRACT No. 120, JOHN D. BAY SURVEY, ABSTRACT NO. 195, J.H. REAN SURVEY, ABSTRACT No. 1106, T.J. BENDERMAN SURVEY, ABSTRACT No. 2519, I. & G.N. RR. CO., SECTION NO. 3, BLOCK 1, ABSTRACT NO. 1799 and the PETER B. HOLDER SURVEY, ABSTRACT No. 614, Parker County, Texas, being a portion of those certain tracts of land described in deed as Parcel No. 1 and Parcel No. 2, to The Dixon Foundation, recorded in Book 2416, Page 417, Official Public Records, Parker County, Texas, said 2055.70 acres being more particularly described as follows:
>
> **SAVE AND EXCEPT** that certain 381.66 acres tract of land as conveyed to GH Lumar JV in Warranty Deed, filed 09/13/2019, recorded in cc#2019-24134, Real Property Records, Parker County, Texas.
>
> **SAVE AND EXCEPT** that certain 23.95 acres of land, situated in Parker County, Texas, out of the JAMES BRADLEY SURVEY, ABSTRACT NUMBER 119, the JAMES BRADLEY SURVEY, ABSTRACT NUMBER 120, the JOHN D. BAY SURVEY, ABSTRACT NUMBER 195 and the J. H. REAN SURVEY, ABSTRACT NUMBER 1106, and being part of a 2055.70 acre tract of land that is described in a deed from The Dixon Water Foundation to BM 318, LLC, dated November 26, 2018, recorded in Instrument No. 201829926, Official Public Records of Parker County, Texas and further described as follows:
>
> **SAVE AND EXCEPT**
>
> **BEING 118.34 acres situated in the JAMES BRADLEY SURVEY, ABSTRACT NO. 120, Parker County, Texas, being a portion of that certain tract of land described in deed as Parcel No. 2, to The Dixon Foundation, recorded in Book 2416, Page 417, Official Public Records, Parker County, Texas, said 118.34 acres being more particularly described as follows:**

8. On **April 23, 2021**, Dixon executed a Special Warranty Deed with Vendor's Lien (filed April 28, 2021) conveying to Lumar 204.50 acres out of the original property transferred from BM318:

> BEING 204.50 acres situated in the JAMES BRADLEY SURVEY, Abstract No. 119 and the J.H. REAN SURVEY, Abstract No. 1106, Parker County, Texas, being a portion of that certain tract of land described in deed to The Dixon Water Foundation, recorded in Instrument Number 202019524, Official Public Records, Parker County, Texas, being more particularly described, as follows:

The 204.50 acres purchased by Lumar from Dixon will hereinafter be referred to as the "Lumar Property."

9. At the time Lumar purchased the Lumar Property, no adversary proceeding had been filed, no lis pendens had been filed, and BM318 made no claims to Lumar (or to Dixon, to Lumar's knowledge) for possession of or title to the Lumar Property.

10. On **August 10, 2021**, BM318 filed its Complaint to Avoid and Recover Preferential and/or Fraudulent Transfer Pursuant to 11 U.S.C. §§548 and 550 seeking, among other things, to avoid the transfer of the 2055.70 acres from BM318 to Dixon (the "Adversary Proceeding").

11. On **September 30, 2021**, Dixon filed its Answer and Affirmative Defenses and Counterclaim to Complaint to Avoid and Recover Preferential and/or Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548 and 550 [Adv. Dkt. No. 8] (the "Counterclaim").

12. On **October 27, 2021**, BM318 filed its Notice of Lis Pendens in the Parker County Official Public Records on the 2055.70 acres (which included the Lumar Property) (the "Lis Pendens"). At that time, six months had passed since Lumar's purchase of the Lumar Property and Lumar had begun development of the Lumar Property. Lumar did not receive any notice of the Notice of Lis Pendens as required by Texas Property Code § 12.007.

13. **At the end of December 2021**, Lumar became aware of the Lis Pendens while contracting to sell a portion of the Lumar Property to a third party.

14. BM318's improperly filed Lis Pendens constitutes a cloud on the Lumar Property and Lumar requests that this Court declare that Lumar is a good faith transferee and bona fide purchaser for value of the Lumar Property and thereafter expunge the lis pendens as to the Lumar Property.

## IV.
## DECLARATORY RELIEF – LUMAR IS A GOOD FAITH TRANSFEREE UNDER BANKRUPTCY CODE §550(b)

15. Lumar incorporates by reference the allegations stated above.

16. As discussed above, Lumar purchased the Lumar Property from Dixon over three months before the Adversary Proceeding was filed and over six months before the Lis Pendens was filed. The Lumar Property is affected by the Adversary Proceeding and Lis Pendens. These improper claims constitute a cloud on the Lumar Property.

17. Lumar is a good faith transferee and bona fide purchaser of the Lumar Property. At the time Lumar purchased the Lumar Property, the Adversary Proceeding had not been filed, no lis pendens had been filed, and BM318 made no claims for possession of or title to the Lumar Property to Lumar.

18. Moreover, Lumar was never sent the Notice of Lis Pendens as required by Texas Property Code § 12.007. Further, a lis pendens as against a good faith transferee/bona fide purchaser for value is improper and merits expunction under Texas Property Code § 12.0071.

19. Section 550(b) of the Bankruptcy Code provides that BM318 may not recover from a good faith transferee:

> **(b)** The trustee may not recover under section (a)(2) of this section from--
> **(1)** a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or
> **(2)** any immediate or mediate good faith transferee of such transferee.

11 U.S.C. § 550(b).

20. Therefore, Lumar seeks a declaratory judgment by this Court (i) finding that Lumar is a good faith transferee under §550(b) of the Bankruptcy Code and a bona fide

purchaser for value of the Lumar Property; and, accordingly, (ii) expunging the Lis Pendens as to the Lumar Property.

## V.
## PRAYER

WHEREFORE, for the foregoing reasons, Lumar respectfully requests judgment against Plaintiff/Debtor BM318 as follows:

1. A declaration that Lumar is a good faith transferee under §550(b) of the Bankruptcy Code and a bona fide purchaser for value of the Lumar Property;

2. Expunging the Notice of Lis Pendens as to the Lumar Property; and

3. Granting such other and further relief as to which Lumar may show itself justly entitled.

Respectfully submitted,

*/s/Kimberly P. Harris*
KIMBERLY P. HARRIS
State Bar No. 24002234
kharris@qslwm.com
JOSHUA L. SHEPHERD
State Bar No. 24058104
jshepherd@qslwm.com
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

**ATTORNEYS FOR LUMAR LAND & CATTLE, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **BM318, LLC,** | § | **Case No. 20-42789-MXM** |
| **Debtor** | § | |
| **BM318, LLC,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Adv. Pro. No. 21-04051-MXM** |
| **THE DIXON WATER FOUNDATION,** | § | |
| **Defendant.** | § | |

**ORDER GRANTING LUMAR LAND & CATTLE, LLC'S MOTION TO INTERVENE**

Came on for consideration the *Motion to Intervene and Brief in Support* (the "Motion to Intervene") filed by Lumar Land & Cattle, LLC in the above-styled adversary proceeding, which

was commenced by the filing of Debtor/Plaintiff BM318, LLC's *Complaint to Avoid and Recover Preferential and/or Fraudulent Transfer Pursuant to 11 U.S.C. §§548 and 550*. The Court, having considered the Motion to Intervene, any responses to the Motion, and noting that proper notice of the Motion was given to proper parties, hereby finds that the Motion should be GRANTED.

IT IS THEREFORE, ORDERED, that Lumar Land & Cattle, LLC's Motion to Intervene is in all things GRANTED.

Accordingly, IT IS ORDERED that Lumar Land & Cattle, LLC may intervene in this adversary proceeding by filing its Complaint in Intervention for Declaratory Judgment.

**### END OF ORDER ###**