Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR/PLAINTIFF

Khudabuksh Walji
Law Office of K. Walji, P.C.
10701 Corporate Drive, Suite 350
Stafford, Texas 77477
Telephone: (281) 401-9672
CO-COUNSEL FOR DEBTOR/PLAINTIFF

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm-11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

| | | |
|---|---|---|
| **BM318, LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 21-04051** |
| | § | |
| **DIXON WATER FOUNDATION,** | § | |
| **Defendant,** | § | |
| | § | |
| **LUMAR LAND & CATTLE, LLC** | § | |
| **Plaintiff-in-Intervention** | | |

**REPLY TO LUMAR LAND & CATTLE, LLC'S OBJECTION TO PLAINTIFF'S MOTION TO CONTINUE HEARING**

**TO THE HONORABLE JUDGE OF THE BANKRUPTCY COURT:**

COMES NOW BM318, LLC ("Plaintiff"), the Plaintiff in the above-styled and numbered adversary case, and files this its *Reply to Lumar Land & Cattle, LLC's Objection to Plaintiff's*

*Motion to Continue Hearing* ("Reply," Objection," and "Motion," respectively) and would respectfully show the Court as follows:

1. Lumar Land and Cattle, LLC's ("Lumar") conclusion that the delay sought by the Motion is "simply unnecessary" is incorrect and self-serving. Despite Lumar's assertion to the contrary, Plaintiff argues that its witness or witnesses should be allowed to present evidence because such evidence would speak to the underlying merits of Lumar's Complaint in Intervention. Such witness testimony is absolutely relevant and appropriate to these proceedings for three (3) reasons. First, Lumar's claims relating to the avoidance of the conveyance of certain real property are identical to those of Dixon Water Foundation ("Dixon"). Second, the Plaintiff asserts that Dixon is capable of adequately representing Lumar's interests, thereby making Lumar's intervention unnecessary. Third, Plaintiff asserts that Lumar is not a good faith purchaser of land for value, and as such has no grounds to intervene in these proceedings. The only way to resolve each of these controversies is by the presentation of evidence.

2. Additionally, Lumar's Objection is designed to ensure that the Plaintiff is unable to present evidence at the hearing currently scheduled for February 10, 2022. The Objection states that Lumar's counsel will "be out of the country on February 17th and 18th, and February 21st is a Federal Holiday." The Objection offers no alternative date on which any continued proceedings may occur, and requests that the hearing proceed only on February 10, 2022. No rationale for restricting the hearing only to that date is provided. Further there is no prejudice in continuing the hearing.

3. Notably, Lumar argues that "the unavailability of BM318's 'primary witness' for a (remote) hearing is unfortunate, but not supportive of the requested continuance." Incongruously, the same reasoning is not applied to the unavailability of Lumar's counsel on the dates requested

by Plaintiff. Essentially, Lumar is asking the Court to accommodate its counsel's schedule, but to reject any such accommodation of the Plaintiff's witness's schedule.

4. Finally, Plaintiff filed its Adversary Complaint against Dixon on August 10, 2021 seeking avoidance of the transfer of certain real property from Plaintiff to Dixon. The real property Dixon conveyed to Lumar was a portion of that tract. Lumar mentions in the Objection that Plaintiff had made no claims for possession of or title to the land it conveyed to Dixon. The reason for that was that Plaintiff's avoidance claim was against Dixon, not Lumar. It is inconceivable that Lumar had no notice of Plaintiff's claims against the property when, four months later in December 2021, Lumar attempted to reconvey the land it received from Dixon to a third party. Interestingly, however, Lumar waited yet another month to file its intervenor action without any explanation as to the reason for that additional delay.

5. Since the Plaintiff's primary witness is not available to provide necessary testimony on February 10, 2022, at 1:30 P.M. and since Lumar's counsel is not available on February 17-18, 2022, and since February 21, 2022 is a Federal Holiday, Plaintiff believes it would be in the best interest of the Debtor and its estate to continue the hearing for two (2) weeks to allow its primary witness to be able to appear and testify and to accommodate Lumar's counsel's travel schedule.

6. Granting the Motion as revised herein will not adversely affect any party to the case.

WHEREFORE, PREMISES CONSIDERED, BM318, LLC respectfully requests that this Court enter an Order continuing the hearing for two (2) weeks, and for such other and further relief to which Plaintiff may be justly entitled.

Dated: February 9, 2022.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
ATTORNEY FOR DEBTOR/PLAINTIFF

Khudabuksh Walji
Law Office of K. Walji, P.C.
10701 Corporate Drive, Suite 350
Stafford, Texas 77477
Telephone: (281) 401-9672
CO-COUNSEL FOR DEBTOR/PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 9, 2022, a true and correct copy of the foregoing document was served via email pursuant to the Court's CM/ECF filing system upon the parties receiving electronic notice in this case listed below.

Kimberly Paige Harris on behalf of Interested Party Lumar Land & Cattle, LLC
kharris@qslwm.com, spark@qslwm.com

Joyce W. Lindauer on behalf of Plaintiff BM318, LLC
joyce@joycelindauer.com,
dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Deborah M. Perry on behalf of Counter-Claimant The Dixon Water Foundation
dperry@munsch.com

Deborah M. Perry on behalf of Defendant The Dixon Water Foundation
dperry@munsch.com

Joshua Lee Shepherd on behalf of Interested Party Lumar Land & Cattle, LLC
jshepherd@qslwm.com, dcruz@qslwm.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer