Kimberly P. Harris
Texas Bar No. 24002234
kharris@qslwm.com
Joshua L. Shepherd
Texas Bar No. 24058104
jshepherd@qslwm.com
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, PC
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111

**COUNSEL FOR INTERVENOR LUMAR LAND & CATTLE, LLC**

J. Robert Forshey
Texas Bar No. 07264200
bforshey@forsheyprostok.com
Emily S. Chou
Texas Bar No. 24006997
echou@forsheyprostok.com
FORSHEY PROSTOK, LLP
777 Main Street, Suite 1550
Fort Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151

**CO-COUNSEL FOR INTERVENOR LUMAR LAND & CATTLE, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BM318, LLC, | § | Case No. 20-42789-MX |
| | § | |
| Debtor | § | |
| BM318, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Pro. No. 21-04051-MXM |
| | § | |
| THE DIXON WATER FOUNDATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| LUMAR LAND & CATTLE, LLC | § | |
| | § | |
| Plaintiff-in-Intervention | § | |

**MOTION OF PLAINTIFF-IN-INTERVENTION LUMAR LAND & CATTLE, LLC FOR LEAVE TO AMEND (1) ITS ORIGINAL COMPLAINT IN INTERVENTION FOR DECLARATORY JUDGMENT, AND (2) ITS ORIGINAL ANSWER TO COUNTERCLAIMS**

Plaintiff-in-Intervention Lumar Land & Cattle, LLC ("Lumar") files this *Motion for Leave to Amend (1) Its Original Complaint in Intervention for Declaratory Judgment, and (2) Its Original Answer to Counterclaims* (the "Motion") and respectfully shows the Court the following:

**I.**
**PROPOSED AMENDED COMPLAINT IN INTERVENTION FOR DECLARATORY JUDGMENT AND PROPOSED AMENDED ANSWER**

1. A copy of Lumar's proposed *Plaintiff-In-Intervention Lumar Land & Cattle, LLC's Amended Complaint in Intervention for Declaratory Judgment* (the "Amended Complaint") is attached hereto as **Exhibit A**. A copy of Lumar's proposed *Plaintiff-in-Intervention's Amended Answer to Plaintiff's Counterclaims* (the "Amended Answer") is attached hereto as **Exhibit B**.

**II.**
**RELIEF REQUESTED**

2. By this Motion, Lumar seeks leave pursuant to Rule 15 of the Federal Rules of Civil Procedure to amend (1) its *Plaintiff-In-Intervention Lumar Land & Cattle, LLC's Original Complaint in Intervention for Declaratory Judgment* [Adv. Dkt. No. 33] (the "Intervenor Complaint") with the Amended Complaint, and (2) its *Plaintiff-in-Intervention's Answer to Plaintiff's Counterclaims* [Adv. Dkt. No. 42] (the "Original Answer to Counterclaims") with the Amended Answer.

**II.**
**PROCEDURAL BACKGROUND**

3. BM318, LLC ("BM318") filed the *Complaint to Avoid and Recover Preferential and/or Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548 and 550* [Adv. Dkt. No. 1] ("BM318 Original Complaint") against Dixon Water Foundation ("Dixon") on August 10, 2021,

commencing this adversary proceeding. The BM318 Original Complaint seeks to avoid and recover an alleged prepetition transfer of real property from BM318 to Dixon pursuant to 11 U.S.C. §§ 547, 548, and 550.

4. On September 30, 2021, Dixon filed its *Answer and Affirmative Defenses to Complaint to Avoid and Recover Preferential and/or Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548 and 550 and Counterclaim* [Adv. Dkt. No. 8].

5. On January 14, 2022, Lumar filed its *Motion to Intervene and Brief in Support* [Adv. Dkt. No. 14]. On February 14, 2022, the Court entered its *Order Granting Lumar Land & Cattle LLC's Motion to Intervene* [Adv. Dkt. No. 32]. On February 16, 2022, Lumar filed the Intervenor Complaint. In the Intervenor Complaint, Lumar asserts a single count for declaratory relief – requesting a finding that Lumar is a good faith transferee under 11 U.S.C. § 550(b).

6. On March 21, 2022, BM318 filed its *Plaintiff's Original Answer to Plaintiff-in-Intervention Lumar Land and Cattle, LLC's Original Complaint in Intervention for Declaratory Judgment and Counterclaims Against Intervenor* [Adv. Dkt. No. 40] ("<u>BM318 Answer and Counterclaims</u>").

7. On April 11, 2022, Lumar filed the Original Answer to Counterclaims

8. On April 26, 2022, the Court entered the *Third Amended Agreed Scheduling Orde*r [Adv. Dkt. No. 48] (the "<u>Scheduling Order</u>"). Among other things, the Scheduling Order sets May 9, 2022, as the deadline for Dixon and BM318, and June 6, 2022, as the deadline for Lumar, to file a motion to seek leave to amend pleadings and/or add new parties.

9. On May 9, 2022, BM318 filed the *BM318, LLC's Motion for Leave to File Amended Complaint* [Adv. Dkt. No. 50] ("<u>BM318 Motion for Leave</u>") seeking leave to amend the BM318 Original Complaint to add new defendants and add state law causes of action. On

May 31, 2022, Lumar filed the *Plaintiff-in-Intervention Lumar Land & Cattle, LLC's Objection to BM318's Motion for Leave to File Amended Complaint* [Adv. Dkt. No. 53] (the "Lumar Objection") objecting to the BM318 Motion for Leave.

10. By this Motion, Lumar is seeking leave to amend the Intervenor Complaint with the Amended Complaint that contains additional requests for declaratory relief as follows:

> Count I – Declaratory Relief – The Lis Pendens Must be Expunged Because BM318 Failed to Comply With Texas Property code § 12.007
>
> Count II – Declaratory Relief – The Lis Pendens Should be Expunged In Relation to BM318's Preference Claims Because Such Claims Fail And Have No Merit
>
> Count III – Declaratory Relief – The Lis Pendens Should Be Expunged As to BM318's Fraudulent Transfer Claims Because Such Claims Fail and Have No Merit
>
> Count IV – Declaratory Relief – The Lis Pendens Should be Expunged As to The Section 550 Claim
>
> Count V Declaratory Relief – The Lis Pendens Should be Expunged As To The Remaining Claims
>
> Count VI – Declaratory Relief – The Transfer Caused No Diminution of Value of BM318's Bankruptcy Estate
>
> Count VII – Declaratory Relief – Lumar is a Good Faith Transferee Under Bankruptcy Code § 550(b) – *this was the single count in the Intervenor Complaint.*

11. By this Motion, Lumar is also seeking leave to amend its Original Answer to Counterclaims with the Amended Answer to clarify its affirmative defense of estoppel.

## III.
## BASIS FOR RELIEF REQUESTED

12. Federal Rules of Bankruptcy Procedure 7015 makes Rule 15 of the Federal Rules of Civil Procedure ("Rule 15") applicable in adversary proceedings. The Fifth Circuit recognizes that, under Rule 15, leave to amend should be freely granted when justice so requires. *Wimm v.*

*Jack Eckard Corp*., 3 F.3d 137, 139 (5th Cir. 1993). This "evinces a bias in favor of granting leave." *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985)(citations omitted). The policy of the federal rules is to permit liberal pleading and amendment, thus facilitating adjudication on the merits while avoiding an excessive formalism. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Ci. 1981) (citing *Foman v. Davis*, 371 U.S. 178 (1962); *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). If the court lacks a "substantial reason" to deny leave, its discretion "is not broad enough to permit denial." *Id*. Among the grounds for denying leave are: (1) undue delay; (2) bad faith; (3) dilatory motive; (4) repeated failure to cure deficiencies by prior amendment; (5) undue prejudice to the opposing party; and (6) the futility of the amendment. *Jamieson v. Shaw*, 772 F.2d at 1208. Even if substantial reason to deny leave exists, the court should consider prejudice to the movant, as well as judicial economy, in determining whether justice requires granting leave. *Id.* The Fifth Circuit also expressly recognizes that District Courts often afford the plaintiff at least one opportunity to amend a complaint and a single motion to amend is preferable over multiple motions for leave. *See, In re Saenz*, 515 B.R. 521, 531 (N.D. Tex. 2014) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).

13. By the Amended Complaint, Lumar is seeking to prove that the Lis Pendens was filed without supporting legal basis and thus must be expunged and vacated so the cloud on title to the Lumar Property can be removed. Lumar has fundamental rights as a real property owner to protect its property rights. As such, equity and justice support granting leave for Lumar to file the Amended Complaint.

14. By the Amended Answer, Lumar is seeking to clarify its defense of estoppel to specifically enumerate the affirmative defense of judicial estoppel.

15. Lumar submits that no grounds exist for denying leave to amend. First, there has been no undue delay as Lumar's Motion is timely filed under the Scheduling Order. Second, there is no bad faith or dilatory motive as Lumar is the party being harmed by the improperly filed Lis Pendens and is only seeking to protect its property rights and clarify its affirmative defenses against BM318's counterclaims. Third, this is Lumar's first time seeking leave to amend. Fourth, there is no undue prejudice to BM318 as Lumar will show the Court that BM318's avoidance claims against Dixon must fail as a matter of law. Lastly, the amendment would not be futile as Lumar is entitled to protect its rights against improper interference with its right of quiet enjoyment of ownership in real property and against baseless claims.

16. For the foregoing reasons, Lumar submits that no grounds exist to deny leave to amend and Lumar requests that the Court grant leave to amend the Intervenor Complaint with the Amended Complaint and amend the Original Answer to Counterclaims with the Amended Answer.

## IV.
## PRAYER

WHEREFORE, for the reasons set forth above, Lumar respectfully requests that the Court enter an order granting leave for Lumar to file the Amended Complaint and the Amended Answer and for such other and further relief the Court may deem just and proper.

**[*Remainder of page left intentionally blank*]**

Respectfully submitted,

*/s/ Kimberly P. Harris*
KIMBERLY P. HARRIS
State Bar No. 24002234
kharris@qslwm.com
JOSHUA L. SHEPHERD
State Bar No. 24058104
jshepherd@qslwm.com
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

**COUNSEL FOR INTERVENOR LUMAR LAND & CATTLE, LLC**

**- And -**

J. Robert Forshey
Texas Bar No. 07264200
bforshey@forsheyprostok.com
Emily S. Chou
Texas Bar No. 24006997
echou@forsheyprostok.com
**FORSHEY PROSTOK, LLP**
777 Main Street, Suite 1550
Fort Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151

**CO-COUNSEL FOR INTERVENOR LUMAR LAND & CATTLE, LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 3, 2022, a true and correct copy of the foregoing was served by electronic transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice in this case, including both the Debtor-Plaintiff BM318 and Dixon, through counsel.

*/s/ Kimberly P. Harris*
Kimberly P. Harris