Kimberly P. Harris
Texas Bar No. 24002234
kharris@qslwm.com
Joshua L. Shepherd
Texas Bar No. 24058104
jshepherd@qslwm.com
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, PC
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111

**COUNSEL FOR INTERVENOR LUMAR LAND & CATTLE, LLC**

J. Robert Forshey
Texas Bar No. 07264200
bforshey@forsheyprostok.com
Emily S. Chou
Texas Bar No. 24006997
echou@forsheyprostok.com
FORSHEY PROSTOK, LLP
777 Main Street, Suite 1550
Fort Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151

**CO-COUNSEL FOR INTERVENOR LUMAR LAND & CATTLE, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:**<br><br>**BM318, LLC,**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§ | **Case No. 20-42789-mxm11** |
| **BM318, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE DIXON WATER FOUNDATION,**<br><br>**Defendant.**<br><br>**LUMAR LAND & CATTLE, LLC**<br><br>**Plaintiff-in-Intervention.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adv. Pro. No. 21-04051-mxm** |

**PLAINTIFF-IN-INTERVENTION'S FIRST AMENDED ANSWER**
**TO PLAINTIFF'S COUNTERCLAIMS**

**[Relates to Adv. Dkt. No. 40]**

TO THE HONORABLE MARK X. MULLIN,
UNITED STATES BANKRUPTCY JUDGE:

EXHIBIT
B

COMES NOW Lumar Land & Cattle, LLC ("Lumar" or "Intervenor"), plaintiff-in-intervention in the above-styled adversary proceeding, and respectfully files this amended answer to BM318, LLC's ("BM318" or "Plaintiff") *Original Answer to Plaintiff-In-Intervention Lumar Land and Cattle, LLC's Original Complaint in Intervention for Declaratory Judgment and Counterclaims Against Intervenor* [Adv. Dkt. No. 40] (the "Counterclaim"):

## I. ANSWERS TO ALLEGATIONS

1. The first allegation arguably requiring a response is found in paragraph 7 of the Counterclaim. Lumar currently lacks sufficient information with which to admit or deny whether any deed "was held in escrow" as alleged in paragraph 7, and therefore Lumar currently denies such allegation. Further, the effective date of any conveyance is a legal conclusion to which no answer is required; however, to the extent an answer is required, Lumar denies the allegation contained in paragraph 7 of the Counterclaim.

2. With respect to paragraph 9 of the Counterclaim, Lumar admits that Jim Martin is a Texas licensed real estate agent, but is without sufficient information with which to admit or deny the allegations with respect to what Mr. Martin may have done, or not done, in his individual capacity or perhaps in connection with Railhead Realty, LLC. Therefore, Lumar currently denies such allegations. The remaining statements in paragraph 9, including those attempting to implicate Lumar based on the alleged actions and/or knowledge of Mr. Martin as one of two managing members of Lumar, are either legal conclusions or allegations which Lumar denies.

3. The first sentence of paragraph 13 of the Counterclaim does not require a response. Beginning with the second sentence, paragraph 13 contains legal conclusions to which no answer is required, or otherwise, contains allegations which Lumar denies.

4. While the first sentence of paragraph 16 of the Counterclaim does not require a

response, Lumar denies the allegations contained within the second sentence of paragraph 16.

5. Paragraph 17 of the Counterclaim contains legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies paragraph 17 of the Counterclaim. Lumar denies the remaining allegations in this paragraph.

6. Lumar denies the factual allegations contained within paragraph 19 of the Counterclaim, and asserts that the remaining statements are legal conclusions to which no answer is required. However, to the extent an answer is required, Lumar denies those allegations as well.

7. Lumar denies the factual allegations contained within paragraph 22 of the Counterclaim, and asserts that the remaining statements are legal conclusions to which no answer is required. However, to the extent an answer is required, Lumar denies those allegations as well.

8. With respect to paragraph 23 of the Counterclaim, Lumar generally admits that Jim Martin, individually, may have had a prior working relationship with the Plaintiff, but Lumar is without sufficient information with which to admit or deny the allegations with respect to what Mr. Martin may have done, or not done, in his individual capacity as it is pled by the Plaintiff. Therefore, Lumar currently denies such allegations.

9. Answering paragraph 24 of the Counterclaim, Lumar generally admits the allegations contained while further answering that the referenced contract and loan documentation, if and when authenticated, shall speak for themselves. Lumar is without sufficient information with which to admit or deny the allegations with respect to what Mr. Martin may have done, or not done, in his individual capacity, or perhaps in connection with Railhead Realty, LLC, as it is pled by the Plaintiff. Therefore, Lumar currently denies such allegations.

10. Lumar is without sufficient information with which to admit or deny the allegations contained within paragraph 25 of the Counterclaim with respect to what Mr. Martin may have

done, or not done, in his individual capacity, as it is pled by the Plaintiff. Therefore, Lumar currently denies such allegations.

11. Lumar is without sufficient information with which to admit or deny the allegations contained within paragraph 26 of the Counterclaim with respect to what Mr. Martin may have done, or not done, in his individual capacity, or perhaps in connection with Railhead Realty, LLC, as it is pled by the Plaintiff. Therefore, Lumar currently denies such allegations.

12. Lumar is without sufficient information with which to admit or deny the allegations contained within paragraph 27 of the Counterclaim with respect to what Mr. Martin may have done, or not done, in his individual capacity, or perhaps in connection with Railhead Realty, LLC, as it is pled by the Plaintiff. Therefore, Lumar currently denies such allegations.

13. With respect to the first and third sentences of paragraph 28 of the Complaint, Lumar generally admits the allegations contained while further answering that the referenced contract, if and when authenticated, shall speak for itself. Lumar is without sufficient information with which to admit or deny the remaining allegations contained within paragraph 28 of the Counterclaim, and therefore, Lumar currently denies such allegations. Further answering paragraph 28 of the Counterclaim, Lumar answers that the documents referenced in paragraph 28, if and when authenticated, shall speak for themselves.

14. Lumar is without sufficient information with which to admit or deny the allegations contained within paragraph 29 of the Counterclaim, and therefore, Lumar currently denies such allegations. Lumar further answers that the referenced Deed in Lieu, if and when authenticated, shall speak for itself.

15. Lumar is without sufficient information with which to admit or deny the allegations contained within the first sentence of paragraph 30 of the Counterclaim, and therefore, Lumar

currently denies such allegations. Lumar further answers that the referenced contract, if and when authenticated, shall speak for itself. Lumar denies the allegations in the second sentence of paragraph 30 of the Counterclaim.

16. Lumar is without sufficient information with which to admit or deny the allegations contained within paragraph 31 of the Counterclaim, and therefore, Lumar currently denies such allegations. Lumar further answers that the referenced "First Buy Back Agreement", if and when authenticated, shall speak for itself.

17. Lumar is without sufficient information with which to admit or deny the allegations contained within paragraph 32 of the Counterclaim.

18. Lumar is without sufficient information with which to admit or deny the allegations contained within paragraph 33 of the Counterclaim, and therefore Lumar currently denies such allegations. Lumar further answers that the referenced "Second Buy Back Agreement", if and when authenticated, shall speak for itself.

19. Lumar is without sufficient information with which to admit or deny the allegations contained within paragraph 34 of the Counterclaim as to Plaintiff's actions and with respect to what Mr. Martin may have done, or not done, in his individual capacity, as it is pled by the Plaintiff. Therefore, Lumar currently denies such allegations.

20. Lumar is without sufficient information with which to admit or deny the allegations contained within paragraph 35 of the Counterclaim with respect to what Mr. Martin may have done, or not done, in his individual capacity, as it is pled by the Plaintiff. Therefore, Lumar currently denies such allegations. Lumar further answers that the agreement referenced, if and when authenticated, shall speak for itself.

21. Lumar is without sufficient information with which to admit or deny the allegations

contained within paragraph 36 of the Counterclaim, and therefore Lumar currently denies such allegations. Lumar further answers that the referenced communications, if in writing, and if and when authenticated, shall speak for themselves.

22. While Lumar denies the "in lieu of" allegation and any associated connotations, Lumar generally admits the remaining allegations contained in paragraph 37 of the Counterclaim.

23. Lumar denies the allegations contained in paragraph 38 of the Counterclaim.

24. Lumar is without sufficient information with which to admit or deny the allegation contained within paragraph 39 of the Counterclaim with respect to what Defendant Dixon Water Foundation ("Dixon") – or Mr. Martin, in his individual capacity – may have done, or not done, as it is pled by the Plaintiff. Therefore, Lumar currently denies such allegation.

25. Paragraph 40 of the Counterclaim contains legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar generally admits the allegations contained in paragraph 40 of the Counterclaim. Lumar further answers that the referenced "Memorandum of Option Agreement", if and when authenticated, shall speak for itself.

26. Lumar is without sufficient information with which to admit or deny the allegation contained within paragraph 41 of the Counterclaim with respect to what Mr. Martin may have done, or not done, in his individual capacity, as it is pled by the Plaintiff. Therefore, Lumar currently denies such allegation.

27. Lumar denies the factual allegations contained within paragraph 42 of the Counterclaim. The remaining portions of paragraph 42 assert legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies those allegations as well.

28. Paragraph 43 of the Counterclaim contains legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies the allegations contained in

paragraph 43 of the Counterclaim.

29. Lumar denies the factual allegations contained within paragraph 44 of the Counterclaim. The remaining portions of paragraph 44 assert legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies those allegations as well.

30. Lumar denies the factual allegations contained within paragraph 45 of the Counterclaim. The remaining portions of paragraph 45 assert legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies those allegations as well

31. Answering paragraph 46 of the Counterclaim, Lumar incorporates its responses to each of the respective paragraphs necessitating a response, as they are stated above.

32. Lumar denies the allegations contained in paragraph 47 of the Counterclaim.

33. Lumar admits that it purchased the 204.50 acres from Dixon. Lumar denies the remaining allegations contained within paragraph 48 of the Counterclaim, including those pertaining to Dixon's motivations or decisions, which Lumar is without sufficient information with which to admit or deny, and thus denies.

34. Paragraph 49 of the Counterclaim contains legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies the allegations contained in paragraph 49 of the Counterclaim.

35. Lumar denies the factual allegations contained within paragraph 50 of the Counterclaim. The remaining portions of paragraph 50 assert legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies those allegations as well.

36. Lumar denies the allegations contained within paragraph 51 of the Counterclaim, including those pertaining to Dixon's motivations or decisions, which Lumar is without sufficient information with which to admit or deny, and thus denies.

37. Lumar denies the factual allegations contained within paragraph 52 of the Counterclaim. The remaining allegations in Paragraph 52 of the Counterclaim are legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies the allegations contained in paragraph 52 of the Counterclaim.

38. Lumar denies the factual allegations contained within paragraph 53 of the Counterclaim. Paragraph 53 of the Counterclaim also contains legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies the allegations contained in paragraph 53 of the Counterclaim.

39. Paragraph 54 of the Counterclaim contains legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies the allegations contained in paragraph 54 of the Counterclaim.

40. Lumar is without sufficient information with which to admit or deny the allegations contained within paragraph 55 of the Counterclaim with respect to what Mr. Martin may have done, or not done, in his individual capacity or what BM318 may, or may not, have relied upon, as it is pled by the Plaintiff. Lumar further answers that paragraph 55 of the Counterclaim contains legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies the allegations contained in paragraph 54 of the Counterclaim.

41. Lumar denies the allegations contained in paragraph 56 of the Counterclaim.

42. Paragraph 57 of the Counterclaim contains legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies the allegations contained in paragraph 57 of the Counterclaim.

43. Paragraph 58 of the Counterclaim contains legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies the allegations contained in

paragraph 58 of the Counterclaim.

44. Paragraph 59 of the Counterclaim contains legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies the allegations contained in paragraph 59 of the Counterclaim.

45. Paragraph 60 of the Counterclaim contains legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies the allegations contained in paragraph 60 of the Counterclaim.

46. Lumar denies the factual allegations contained within paragraph 61 of the Counterclaim. Paragraph 61 of the Counterclaim also contains legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies the allegations contained in paragraph 61 of the Counterclaim.

47. Lumar denies the requests contained in paragraph 62 of the Counterclaim.

48. Lumar denies the factual allegations contained within paragraph 63 of the Counterclaim. The remaining portions of paragraph 63 assert legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies those allegations as well.

49. Paragraph 64 of the Counterclaim contains legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies the allegations contained in paragraph 64 of the Counterclaim.

50. Lumar denies the factual allegations contained within paragraph 65 of the Counterclaim. The remaining portions of paragraph 65 assert legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies those allegations as well.

51. Lumar denies the requests contained in paragraph 66 of the Counterclaim.

52. Paragraph 67 of the Counterclaim contains legal conclusions to which no answer is

required; however, to the extent an answer is required, Lumar denies the allegations contained in paragraph 67 of the Counterclaim.

53. Paragraph 68 of the Counterclaim contains legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies the allegations contained in paragraph 68 of the Counterclaim.

54. Lumar denies the allegations contained in paragraph 69 of the Counterclaim.

55. Lumar denies the factual allegations contained within paragraph 70 of the Counterclaim. Paragraph 70 of the Counterclaim also contains legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies the allegations contained in paragraph 70 of the Counterclaim.

56. Lumar denies the requests contained in paragraph 71 of the Counterclaim.

57. Paragraph 72 of the Counterclaim contains legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies the allegations contained in paragraph 72 of the Counterclaim.

58. Paragraph 73 of the Counterclaim contains legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies the allegations contained in paragraph 73 of the Counterclaim.

59. Paragraph 74 of the Counterclaim contains legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies the allegations contained in paragraph 74 of the Counterclaim.

60. Lumar denies the requests contained in paragraph 75 of the Counterclaim.

61. Paragraph 76 of the Counterclaim contains legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies the allegations contained in

paragraph 76 of the Counterclaim.

62. Lumar denies the allegations contained in paragraph 77 of the Counterclaim.

63. Paragraph 78 of the Counterclaim contains legal conclusions to which no answer is required; however, to the extent an answer is required, Lumar denies the allegations contained in paragraph 78 of the Counterclaim.

64. Lumar denies the requests contained in paragraph 79 of the Counterclaim.

65. Lumar denies that BM318 is entitled to any judgment, damages, or other relief as requested by BM318, including but not limited to that sought in BM318's prayer for relief in the Counterclaim.

## II. AFFRIMATIVE DEFENSES

1. Failure to State a Claim. The Counterclaim fails to state a claim against Lumar upon which relief can be granted because Plaintiff cannot establish a prima facia case on any of Plaintiff's asserted Claims for Relief, especially a prima facia case against Lumar.

2. Estoppel. Plaintiff's Claims for Relief as set forth in the Counterclaim are barred, in whole or in part, by the doctrine of estoppel.

3. Waiver. Plaintiff's Claims for Relief as set forth in the Counterclaim are barred, in whole or in part, by the doctrine of waiver.

4. Laches. Plaintiff's Claims for Relief as set forth in the Counterclaim are barred, in whole or in part, by the doctrine of laches.

5. Unclean Hands. Plaintiff's Claims for Relief as set forth in the Counterclaim are barred, in whole or in part, by the doctrine of unclean hands.

6. Consent. Plaintiff's Claims for Relief as set forth in the Counterclaim are barred, in whole or in part, by the doctrine of consent.

7. Ratification. Plaintiff's Claims for Relief as set forth in the Counterclaim are barred, in whole or in part, by the doctrine of ratification.

8. Preclusion. Plaintiff's Claims for Relief as set forth in the Counterclaim are barred, in whole or in part, by the principles of preclusion, collateral estoppel, law of the case, and/or *res judicata.*

9. Judicial Estoppel. Plaintiff's Claims for Relief as set forth in the Counterclaim are barred, in whole or in part, by the doctrine of judicial estoppel.

**WHEREFORE, PREMISES CONSIDERED**, Lumar respectfully prays that the Court enter an order and judgment denying BM318 all relief requested in the Counterclaim, entering a judgment for Lumar as requested in *Plaintiff-In-Intervention Lumar Land & Cattle, LLC's Original Complaint in Intervention for Declaratory Judgment* [Adv. Dkt. No. 33], and granting Lumar all other relief as is just and proper.

Dated: _______________, 2022,

Respectfully submitted,

______________________________

KIMBERLY P. HARRIS
State Bar No. 24002234
kharris@qslwm.com
JOSHUA L. SHEPHERD
State Bar No. 24058104
jshepherd@qslwm.com
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

**COUNSEL FOR INTERVENOR LUMAR LAND & CATTLE, LLC**

**- And -**

J. Robert Forshey
Texas Bar No. 07264200
bforshey@forsheyprostok.com
Emily S. Chou
Texas Bar No. 24006997
echou@forsheyprostok.com
**FORSHEY PROSTOK, LLP**
777 Main Street, Suite 1550
Fort Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151

**CO-COUNSEL FOR INTERVENOR LUMAR LAND & CATTLE, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on _______________, 2022, a true and correct copy of the foregoing was served by electronic transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice in this case, including both the Debtor-Plaintiff BM318 and Dixon, through counsel.

____________________________________
Kimberly P. Harris