Deborah M. Perry
Texas Bar No. 24002755
Jay H. Ong
Texas Bar No. 24028756
Julian P. Vasek
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: dperry@munsch.com
Email: jong@munsch.com
Email: jvasek@munsch.com

**ATTORNEYS FOR THE DIXON WATER FOUNDATION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| BM318, LLC, | § | Case No. 20-42789-MXM |
| Debtor. | § | |
| BM318, LLC, | § | |
| Plaintiff, | § | |
| v. | § | Adv. Pro. No. 21-04051-MXM |
| THE DIXON WATER FOUNDATION, | § | |
| Defendant. | § | |

**DEFENDANT, THE DIXON WATER FOUNDATION'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND/OR FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 548 AND 550 AND COUNTERCLAIM**

TO THE HONORABLE MARK X. MULLIN, U.S. BANKRUPTCY JUDGE:

COMES NOW Defendant, The Dixon Water Foundation, a Texas non-profit corporation ("Dixon"), by and through its undersigned counsel, and hereby files its *Answer and Affirmative*

*Defenses and Counterclaim* (the "Answer") to the *Complaint to Avoid and Recover Preferential and/or Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548 and 550* [Docket No. 1] (the "Complaint") filed by BM318, LLC ("BM318," the "Debtor," or the "Plaintiff"), and answers as follows in correspondingly titled and numbered paragraphs[1]:

## I. NATURE OF THE CASE

1. The allegations set forth in paragraph 1 of the Complaint are admitted.

2. The allegations set forth in paragraph 2 of the Complaint constitute BM318's summary of the Complaint, which Complaint speaks for itself. To the extent that a response is required, Dixon denies the allegations set forth in paragraph 2 of the Complaint, denies that BM318 is entitled to any of the relief requested in the Complaint and restates and reincorporates paragraphs 1 and 3 – 63 of its Answer as if fully set forth herein.

## II. JURISDICTION AND VENUE

3. The allegations set forth in paragraph 3 of the Complaint are admitted.

4. The allegations set forth in paragraph 4 of the Complaint are admitted.

5. The allegations set forth in paragraph 5 of the Complaint are admitted.

6. The allegations set forth in paragraph 6 of the Complaint set forth what BM318 purports are the statutory and legal predicates for the relief requested in the Complaint, therefore, no response is necessary. To the extent that a response is required, Dixon denies the allegations set forth in paragraph 6 of the Complaint and denies that BM318 is entitled to any of the relief requested in the Complaint.

7. The allegations set forth in paragraph 7 of the Complaint require no response as they constitute BM318's consent and, therefore, cannot be admitted or denied. To the extent that

[1] Dixon incorporates the Complaint's headings solely for ease of reference. Dixon expressly denies all factual and legal contentions within all headings and sub-headings of the Complaint.

a response is required, Dixon denies the allegations set forth in paragraph 7. Pursuant to Bankruptcy Rule 7008, Dixon consents to the entry of final orders or judgments by the Bankruptcy Court.

## III. PARTIES

8. The allegations set forth in paragraph 8 of the Complaint are admitted.

9. The allegations set forth in paragraph 9 of the Complaint are admitted.

## IV. FACTS

10. Answering paragraph 10 of the Complaint, the documents speak for themselves. Otherwise, paragraph 10 is denied to the extent the allegations seek to paraphrase or characterize the contents of such documents inconsistent with such documents.

11. Answering paragraph 11 of the Complaint, the documents speak for themselves. Otherwise, paragraph 11 is denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents.

12. Answering paragraph 12 of the Complaint including subparts a. and b. of paragraph 12 of the Complaint the documents speak for themselves. Otherwise, paragraph 12 including subparts a. and b. of paragraph 12 of the Complaint is denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents.

13. Answering paragraph 13 of the Complaint, the documents speak for themselves. Otherwise, paragraph 13 is denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents.

14. Answering paragraph 14 of the Complaint, the documents speak for themselves. Otherwise, paragraph 14 is denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents.

15. Answering paragraph 15 of the Complaint, the documents speak for themselves. Otherwise, paragraph 15 is denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents.

16. Answering paragraph 16 of the Complaint, the documents speak for themselves. Otherwise, paragraph 16 is denied to the extent the allegations seek to paraphrase or characterize the contents of the written documents inconsistent with such documents.

## V. CLAIMS FOR RELIEF

### COUNT I

### (Avoidance of Preferential Transfer – 11 U.S.C. § 547)

17. With regard to the allegations set forth in paragraph 17 of the Complaint, Dixon restates and reincorporates paragraphs 1-16 of its Answer as if fully set forth herein.

18. Paragraph 18 of the Complaint states legal conclusions that do not require a response. To the extent a response is required, Dixon denies the allegations in paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint states legal conclusions that do not require a response. To the extent a response is required, Dixon denies the allegations in paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint states legal conclusions that do not require a response. To the extent a response is required, Dixon denies the allegations in paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint states legal conclusions that do not require a response. To the extent a response is required, Dixon denies the allegations in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint states legal conclusions that do not require a response. To the extent a response is required, Dixon denies the allegations in paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint states legal conclusions that do not require a response. To the extent a response is required, Dixon denies the allegations in paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint states legal conclusions that do not require a response. To the extent a response is required, Dixon denies the allegations in paragraph 24 of the Complaint.

25. The allegations set forth in paragraph 25 of the Complaint are denied.

26. The allegations set forth in paragraph 26 of the Complaint are denied.

27. Paragraph 27 of the Complaint states legal conclusions that do not require a response. To the extent a response is required, Dixon denies the allegations in paragraph 27 of the Complaint.

28. The allegations set forth in paragraph 28 of the Complaint are denied.

**COUNT II**

**(Avoidance of Fraudulent Conveyance – 11 U.S.C. §§ 548(a)(1)(B))**

29. With regard to the allegations set forth in paragraph 29 of the Complaint, Dixon restates and reincorporates paragraphs 1-28 of its Answer as if fully set forth herein.

30. The allegations set forth in the introductory paragraph 30 of the Complaint are denied.

a. Paragraph 30.a. of the Complaint states legal conclusions that do not require a response. To the extent a response is required, Dixon denies the allegations in paragraph 30.a. of the Complaint.

b. Notwithstanding a reasonable investigation, Dixon lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 30.b. of the Complaint, and therefore, denied.

c. Notwithstanding a reasonable investigation, Dixon lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 30.c. of the Complaint, and therefore, denied.

31. The allegations set forth in paragraph 31 of the Complaint are denied.

**COUNT III**

**(Recovery of Avoided Transfers – 11 U.S.C. §§ 550)**

32. With regard to the allegations set forth in paragraph 32 of the Complaint, Dixon restates and reincorporates paragraphs 1-31 of its Answer as if fully set forth herein.

33. The allegations set forth in paragraph 33 of the Complaint are denied.

34. Paragraph 34 of the Complaint states legal conclusions that do not require a response. To the extent a response is required, Dixon denies the allegations in paragraph 34 of the Complaint.

35. The allegations set forth in paragraph 35 of the Complaint are denied.

**COUNT IV**

**(Disallowance of All Claims – 11 U.S.C. § 502(d) and (j))**

36. With regard to the allegations set forth in paragraph 36 of the Complaint, Dixon restates and reincorporates paragraphs 1-35 of its Answer as if fully set forth herein.

37. The allegations set forth in paragraph 37 of the Complaint are denied.

38. The allegations set forth in paragraph 38 of the Complaint are denied.

39. The allegations set forth in paragraph 39 of the Complaint are denied.

40. The allegations set forth in paragraph 40 of the Complaint are denied.

## VI. PRAYER FOR RELIEF

41. Dixon denies the allegations and all subparts (A-G) contained in the wherefore clause of the Complaint, denies that Plaintiff is otherwise entitled to relief as against Dixon, and strict proof is demanded thereof.

## VII. AFFIRMATIVE DEFENSES

Dixon asserts the following affirmative defenses listed below. Dixon reserves the right to amend its Answer, including asserting additional defenses and counterclaims consistent with the facts discovered in the case. All of the following affirmative defenses are made subject to and without waiving any prior answers or defenses and without altering the burden of proof in this matter.

42. <u>Failure to State a Claim</u>. The Complaint fails to state a claim against Dixon upon which relief can be granted because BM318 cannot establish a prima facie case under 11 U.S.C. §§ 547, 548, 550, 502(d) and/or 502(j).

43. <u>Contemporaneous Exchange for New Value</u>. BM318's causes of action and requests for relief set forth in the Complaint are barred, in whole or in part, by 11 U.S.C. § 547(c)(1).

44. <u>Ordinary Course</u>. BM318's causes of action and requests for relief set forth in the Complaint are barred, in whole or in part, by 11 U.S.C. § 547(c)(2).

45. Setoff/Recoupment. BM318's causes of action and requests for relief set forth in the Complaint are barred, in whole or in part, by the doctrines of setoff and/or recoupment, including but not limited to setoff rights of Dixon under 11 U.S.C. § 553.

46. Estoppel. BM318's causes of action and requests for relief set forth in the Complaint are barred, in whole or in part, by the doctrine of estoppel.

47. Waiver / Release. BM318's causes of action and requests for relief set forth in the Complaint are barred, in whole or in part, by the doctrines of waiver and/or release.

48. Limitations / Laches. BM318's causes of action and requests for relief set forth in the Complaint are barred, in whole or in part, by the doctrines of limitations and/or laches.

49. Unclean Hands. BM318's causes of action and requests for relief set forth in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

50. Preclusion. BM318's causes of action and requests for relief set forth in the Complaint are barred, in whole or in part, by principles of preclusion, collateral estoppel, law of the case, and/or *res judicata*.

51. Ratification. BM318's causes of action and requests for relief set forth in the Complaint are barred, in whole or in part, by the doctrine of ratification.

52. Single Satisfaction. BM318 may only receive a single satisfaction under 11 U.S.C. § 550(d).

53. Consent. BM318's causes of action and requests for relief set forth in the Complaint are barred, in whole or in part, by the doctrine of consent.

54. Reasonably Equivalent Value. BM318's causes of action and requests for relief set forth in the Complaint are barred, in whole or in part, because BM318 received reasonably equivalent value in exchange for the transfer.

55. Accord and Satisfaction. BM318's causes of action and requests for relief set forth in the Complaint are barred, in whole or in part, by the affirmative defense of accord and satisfaction.

56. For Value and in Good Faith. BM318's causes of action and requests for relief set forth in the Complaint are barred, in whole or in part, by 11 U.S.C. § 548(c).

57. BM318 is estopped from asserting the claims in the Complaint because the transactions complained of benefitted BM318 and were affirmed and completed with BM318's knowledge and its agreement and acquiescence.

58. To the extent that the transfer is avoided, in whole or in part, Dixon possesses a lien on the property pursuant to its Loan Documents, as such term is defined below, and the *Debtor's First Amended Plan of Reorganization Dated November 19, 2020* [Bankruptcy Case Docket No. 39], as modified by the *First Modification to Debtor's First Amended Plan of Reorganization* [Bankruptcy Case Docket No. 79] and the *Third Modification to Debtor's First Amended Plan of Reorganization* [Bankruptcy Case Docket No. 100] (collectively, the "Plan"), as confirmed by the *Order Confirming Debtor's First Amended Plan of Reorganization Dated November 19, 2020, as Modified* [Bankruptcy Case Docket No. 106] (the "Confirmation Order"). BM318 is bound by the Plan and Confirmation Order pursuant to the doctrines of res judicata, collateral estoppel, law of the case, judicial estoppel, or other doctrines of preclusion.

59. To the extent the Court determines that BM318 is entitled to avoid the transfer of the property, Dixon is entitled to a corresponding order deeming Dixon to be the holder of an allowed claim pursuant to 11 U.S.C. § 502(h).



4811-2351-2825v.4 018527.00001

60. Pursuant to 11 U.S.C. § 548(c), to the extent that the transfer is avoided, in whole or in part, Dixon has a lien on or may retain any interest transferred or may enforce any obligation incurred to the extent that Dixon gave value to BM318 in exchange for such transfer or obligation.

61. To the extent that the transfer is avoided, in whole or in part, Dixon has a lien on the property pursuant to 11 U.S.C. § 550(e).

62. BM318 has not established any right, and has not pled any statutory or factual basis for, the recovery of interest, costs or fees. In fact, the confirmed Plan, as modified by the *Debtor's Third Modification to Debtor's First Amended Plan of Reorganization* [Bankruptcy Case Docket No. 100], and the parties' underlying Loan Documents (as defined in the Plan, and further defined below), expressly provide that Defendant is entitled to a corresponding lien securing its recovery of all fees, costs and expenses of enforcement of its rights under the Loan Documents in the event of any recovery by the Plaintiff, and Defendant expressly counterclaims for such fees and costs herein and expended in defense of the Complaint and/or this litigation.

63. BM318's cause of action for the avoidance and recovery of an allegedly fraudulent transfer is barred by virtue of the binding and enforceable Deed in Escrow Agreement (as defined herein), which establishes that any transfer alleged by the Debtor was made in the performance of the Debtor's binding and enforceable contractual and legal obligations arising under the Deed in Escrow Agreement, and therefore, the Debtor received equivalent value constituted by the discharge of those obligations, as a matter of law.

## VII. COUNTERCLAIM

Dixon hereby asserts the following counterclaim against BM318:

### A. Parties

1. Dixon is a Texas non-profit corporation.

2. BM318 has already appeared before this Court by virtue of the filing of the Complaint and may be served by serving its counsel of record in this Adversary Proceeding, Joyce W. Lindauer, Kerry S. Alleyne, and Guy H. Holman, Joyce W. Lindauer Attorney, PLLC, 1412 Main Street, Suite 500, Dallas, Texas 75202.

**B. Jurisdiction and Venue**

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**C. Facts**

5. Prior to the Petition Date, BM318, as borrower, was by its own admission in material default of its obligations owed to Dixon, its secured lender. At that time, in order to induce Dixon not to enforce its rights and remedies, including but not limited to foreclosure upon the Property, BM318 requested and proposed that Dixon agree to forbear from exercising its rights and remedies.

6. On or about February 27, 2020, Dixon, in its capacity as Lender, and the Debtor in its capacity as Borrower, entered into their certain Deed in Escrow Agreement (the "Deed in Escrow Agreement") with American Escrow Company as escrow agent. The property the subject of the Deed in Escrow Agreement is defined as follows: approximately 1,531.75 acres located in Parker County, Texas, as more particularly described in Exhibit A attached to the Special Warranty Deed between the Debtor as Grantor and Dixon as Grantee (the "Special Warranty Deed"), filed under Document Number 202019524 with the Official Public Records of Parker County, Texas (the "Property").

7. The Debtor intentionally induced Dixon to forebear from enforcing its rights expressly by acknowledging, representing and agreeing that Dixon's forbearance provided

valuable consideration to and for the Debtor in exchange for the Deed in Escrow Agreement granted by the Debtor, and that such Deed in Escrow Agreement is enforceable, including by specific performance.

8. "Loan Documents" are defined to include that certain (i) Promissory Note (as amended or modified, the "Note"), dated November 26, 2018, executed by the Debtor payable to the order of Dixon in the original principal amount of $32,946,900.00 (the "Loan"), (ii) Deed of Trust, Security Agreement and Financing Statement dated as of November 26, 2018 and filed under Document Number 201829927 with the Official Public Records of Parker County, Texas (the "Deed of Trust"), (iii) Loan Modification and Forbearance Agreement dated July 26, 2019, executed by the Debtor and Dixon (the "First Modification"), (iv) Second Loan Modification Agreement dated October 1, 2019, executed by the Debtor and Dixon (the "Second Modification"), (v) Third Loan Modification Agreement dated December 17, 2019, executed by the Debtor and Dixon (the "Third Modification"), (vi) Fourth Loan Modification Agreement dated January 8, 2020, executed by the Debtor and Dixon (the "Fourth Modification"), (vii) Fifth Loan Modification Agreement dated January 31, 2020, executed by the Debtor and Dixon (the "Fifth Modification"), (viii) Deed in Escrow Agreement dated February 27, 2020, executed by the Debtor, Dixon and American Escrow Company (the "Deed in Escrow Agreement"), and (ix) Special Warranty Deed filed under Document Number 202019524 with the Official Public Records of Parker County, Texas (the "Special Warranty Deed").

9. On August 2, 2021, the Court entered the Confirmation Order.

10. The *Third Modification to Debtor's First Amended Plan of Reorganization* [Bankruptcy Case Docket No. 100] provides in pertinent part as follows:

> If the Transfer of the Property from the Debtor to Dixon is voided, avoided, or set aside for any reason whatsoever, in whole, or in part, then (a) all of the liens and security interests



4811-2351-2825v.4 018527.00001

Case 21-04051-mxm Doc 56-8 Filed 06/10/22 Entered 06/10/22 15:04 Desc

(the "Liens") that evidenced or secured the payment of the indebtedness owned and held by Dixon, said indebtedness being described in Exhibit C attached to the Special Warranty Deed (the "Indebtedness"), including, without implied limitation, (i) the liens and security interests described in Exhibit C attached to the Special Warranty Deed, and (ii) other liens and security interests related thereto, shall be automatically revived and reinstated as part of such action; (b) Dixon shall have the right to exercise all of its rights and remedies under the Loan Documents; (c) as determined by a court of competent jurisdiction, the Property shall be subject to the legal, equitable and contractual rights and claims of Dixon pursuant to the Loan Documents between the Debtor and Dixon; and (d) all costs incurred by Dixon in connection with enforcement of the Liens may be deemed part of the Indebtedness secured by the Liens.

11. Pursuant to the Plan and Confirmation Order, to the extent the transfer of the Property is avoided, in whole or in part, then (a) all of the liens and security interests (the "Liens") that evidenced or secured the payment of the indebtedness owned and held by Dixon, said indebtedness being described in Exhibit C attached to the Special Warranty Deed (the "Indebtedness"), including, without implied limitation, (i) the liens and security interests described in Exhibit C attached to the Special Warranty Deed, and (ii) other liens and security interests related thereto, shall be automatically revived and reinstated as part of such action.

**D. Causes of Action**

**Count 1: Section 548(c)**

12. Dixon hereby incorporates the preceding paragraphs as if fully set forth herein.

13. Dixon took the Property for value and in good faith.

14. Dixon gave value to BM318 in exchange for the transfer of the property.

15. To the extent that the Court determines that the transfer of the property is avoidable, Dixon requests that the Court find that Dixon has a lien on the property or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that Dixon gave value to BM318 in exchange for such transfer or obligation.

16. Dixon also holds such corresponding lien and claim rights under the above-cited terms of the Plan and hereby makes its corresponding defensive counterclaim for any and all such rights and claims, including but not limited to its attorney's fees, fees and costs of enforcing and defending any and all Loan Documents.

**Count 2: Section 550(e)**

17. Dixon hereby incorporates the preceding paragraphs as if fully set forth herein.

18. Dixon is a good faith transferee.

19. To the extent that the Court determines that BM318 may recover from Dixon under section 550(a) of the Bankruptcy Code, Dixon requests that the Court find that Dixon has a lien on the property recovered to secure the lesser of: (a) the cost to Dixon of any improvement made after the transfer, less the amount of any profit realized by or accruing to Dixon from such property; and (b) any increase in the value of such property as a result of such improvement, of the property transferred.

WHEREFORE, PREMISES CONSIDERED, Dixon respectfully requests that (i) the Complaint be dismissed in its entirety with prejudice; (ii) judgment be entered in Dixon's favor; (iii) BM318 take nothing by virtue of the Complaint, (iv) to the extent the transfer is avoided that Dixon be granted liens on the Property, including, but not limited to pursuant to 11 U.S.C. §§ 548(c) and 550(e), (vi) to the extent the transfer is avoided that Dixon be granted an allowed claim pursuant to 11 U.S.C. § 502(h), (vi) damages, costs and reasonable attorney's fees be awarded to Dixon; (vii) prejudgment and postjudgment interest be awarded to Dixon, and (viii) Dixon be granted such other and further relief to which it may be justly entitled at law or in equity.

Dated: September 30, 2021

/s/ *Deborah M. Perry*
Deborah M. Perry
Texas Bar No. 24002755
Jay H. Ong
Texas Bar No. 24028756
Julian P. Vasek
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: dperry@munsch.com
Email: jong@munsch.com
Email: jvasek@munsch.com

*Attorneys for The Dixon Water Foundation*