Kimberly P. Harris
Texas Bar No. 24002234
kharris@qslwm.com
Joshua L. Shepherd
Texas Bar No. 24058104
jshepherd@qslwm.com
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, PC
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
**Attorneys for Intervenor Lumar Land & Cattle, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| BM318, LLC, | § | Case No. 20-42789-MXM |
| Debtor | § | |
| BM318, LLC, | § | |
| Plaintiff, | § | |
| v. | § | Adv. Pro. No. 21-04051-MXM |
| THE DIXON WATER FOUNDATION, | § | |
| Defendant. | § | |
| LUMAR LAND & CATTLE, LLC | § | |
| Plaintiff-in-Intervention | § | |

**PLAINTIFF-IN-INTERVENTION LUMAR LAND & CATTLE, LLC'S**
**<u>ORIGINAL COMPLAINT IN INTERVENTION FOR DECLARATORY JUDGMENT</u>**



**EXHIBIT "10"**

Plaintiff-in-Intervention Lumar Land & Cattle, LLC ("Lumar") pursuant to 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57, files this Original Complaint in Intervention for Declaratory Judgment and respectfully shows the Court the matters set forth below:

## I.
## PARTIES

1. Plaintiff-in-Intervention Lumar is domestic limited liability company organized under the laws of the State of Texas.

2. Plaintiff/Debtor BM318, LLC ("BM318") is a limited liability company organized under the laws of the State of Texas.

3. Defendant The Dixon Water Foundation ("Dixon") is a is a non-profit corporation organized under the laws of the State of Texas. Dixon has previously appeared in this action.

## II.
## JURISDICTION AND VENUE

4. This Court has jurisdiction of this adversary proceeding, which arises under the Bankruptcy Code and relates to the above-captioned Chapter 11 case pending in the United States Bankruptcy Court for the Northern District of Texas, pursuant to 28 U.S.C. §§ 157 and 1334(b). This adversary proceeding is a "core" proceeding to be heard and determined by this Court pursuant to 28 U.S.C. § 157(b)(2).

5. The Court also has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201. An actual and substantial controversy exists between the parties. By this action Lumar seeks a declaration that it is a good faith transferee and bona fide purchaser for value of a portion of the land at issue in the adversary action.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**III.**
**FACTUAL BACKGROUND**

7. On **February 18, 2020**, BM318 executed a Special Warranty Deed (filed on **July 2, 2020**) conveying to The Dixon Water Foundation f/k/a The Dixon Foundation ("Dixon"):

> BEING 2055.70 acres of land situated in the JAMES BRADLEY SURVEY, ABSTRACT No. 119, JAMES BRADLEY SURVEY, ABSTRACT No. 120, JOHN D. BAY SURVEY, ABSTRACT NO. 195, J.H. REAN SURVEY, ABSTRACT No. 1106, T.J. BENDERMAN SURVEY, ABSTRACT No. 2519, I. & G.N. RR. CO., SECTION NO. 3, BLOCK 1, ABSTRACT NO. 1799 and the PETER B. HOLDER SURVEY, ABSTRACT No. 614, Parker County, Texas, being a portion of those certain tracts of land described in deed as Parcel No. 1 and Parcel No. 2, to The Dixon Foundation, recorded in Book 2416, Page 417, Official Public Records, Parker County, Texas, said 2055.70 acres being more particularly described as follows:
>
> **SAVE AND EXCEPT** that certain 381.66 acres tract of land as conveyed to GH Lumar JV in Warranty Deed, filed 09/13/2019, recorded in cc#2019-24134, Real Property Records, Parker County, Texas.
>
> **SAVE AND EXCEPT** that certain 23.95 acres of land, situated in Parker County, Texas, out of the JAMES BRADLEY SURVEY, ABSTRACT NUMBER 119, the JAMES BRADLEY SURVEY, ABSTRACT NUMBER 120, the JOHN D. BAY SURVEY, ABSTRACT NUMBER 195 and the J. H. REAN SURVEY, ABSTRACT NUMBER 1106, and being part of a 2055.70 acre tract of land that is described in a deed from The Dixon Water Foundation to BM 318, LLC, dated November 26, 2018, recorded in Instrument No. 201829926, Official Public Records of Parker County, Texas and further described as follows:
>
> **SAVE AND EXCEPT**
>
> **BEING 118.34 acres situated in the JAMES BRADLEY SURVEY, ABSTRACT NO. 120, Parker County, Texas, being a portion of that certain tract of land described in deed as Parcel No. 2, to The Dixon Foundation, recorded in Book 2416, Page 417, Official Public Records, Parker County, Texas, said 118.34 acres being more particularly described as follows:**

8. On **April 23, 2021**, Dixon executed a Special Warranty Deed with Vendor's Lien (filed April 28, 2021) conveying to Lumar 204.50 acres out of the original property transferred from BM318:

> BEING 204.50 acres situated in the JAMES BRADLEY SURVEY, Abstract No. 119 and the J.H. REAN SURVEY, Abstract No. 1106, Parker County, Texas, being a portion of that certain tract of land described in deed to The Dixon Water Foundation, recorded in Instrument Number 202019524, Official Public Records, Parker County, Texas, being more particularly described, as follows:

The 204.50 acres purchased by Lumar from Dixon will hereinafter be referred to as the "Lumar Property."

9. At the time Lumar purchased the Lumar Property, no adversary proceeding had been filed, no lis pendens had been filed, and BM318 made no claims to Lumar (or to Dixon, to Lumar's knowledge) for possession of or title to the Lumar Property.

10. On **August 10, 2021**, BM318 filed its Complaint to Avoid and Recover Preferential and/or Fraudulent Transfer Pursuant to 11 U.S.C. §§548 and 550 seeking, among other things, to avoid the transfer of the 2055.70 acres from BM318 to Dixon (the "Adversary Proceeding").

11. On **September 30, 2021**, Dixon filed its Answer and Affirmative Defenses and Counterclaim to Complaint to Avoid and Recover Preferential and/or Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548 and 550 [Adv. Dkt. No. 8] (the "Counterclaim").

12. On **October 27, 2021**, BM318 filed its Notice of Lis Pendens in the Parker County Official Public Records on the 2055.70 acres (which included the Lumar Property) (the "Lis Pendens"). At that time, six months had passed since Lumar's purchase of the Lumar Property and Lumar had begun development of the Lumar Property. Lumar did not receive any notice of the Notice of Lis Pendens as required by Texas Property Code § 12.007.

13. **At the end of December 2021**, Lumar became aware of the Lis Pendens while contracting to sell a portion of the Lumar Property to a third party.

14. BM318's improperly filed Lis Pendens constitutes a cloud on the Lumar Property and Lumar requests that this Court declare that Lumar is a good faith transferee and bona fide purchaser for value of the Lumar Property and thereafter expunge the lis pendens as to the Lumar Property.

## IV.
## DECLARATORY RELIEF – LUMAR IS A GOOD FAITH TRANSFEREE UNDER BANKRUPTCY CODE §550(b)

15. Lumar incorporates by reference the allegations stated above.

16. As discussed above, Lumar purchased the Lumar Property from Dixon over three months before the Adversary Proceeding was filed and over six months before the Lis Pendens was filed. The Lumar Property is affected by the Adversary Proceeding and Lis Pendens. These improper claims constitute a cloud on the Lumar Property.

17. Lumar is a good faith transferee and bona fide purchaser of the Lumar Property. At the time Lumar purchased the Lumar Property, the Adversary Proceeding had not been filed, no lis pendens had been filed, and BM318 made no claims for possession of or title to the Lumar Property to Lumar.

18. Moreover, Lumar was never sent the Notice of Lis Pendens as required by Texas Property Code § 12.007. Further, a lis pendens as against a good faith transferee/bona fide purchaser for value is improper and merits expunction under Texas Property Code § 12.0071.

19. Section 550(b) of the Bankruptcy Code provides that BM318 may not recover from a good faith transferee:

> **(b)** The trustee may not recover under section (a)(2) of this section from--
> **(1)** a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or
> **(2)** any immediate or mediate good faith transferee of such transferee.

11 U.S.C. § 550(b).

20. Therefore, Lumar seeks a declaratory judgment by this Court (i) finding that Lumar is a good faith transferee under §550(b) of the Bankruptcy Code and a bona fide

purchaser for value of the Lumar Property; and, accordingly, (ii) expunging the Lis Pendens as to the Lumar Property.

**V.**
**PRAYER**

WHEREFORE, for the foregoing reasons, Lumar respectfully requests judgment against Plaintiff/Debtor BM318 as follows:

1. A declaration that Lumar is a good faith transferee under §550(b) of the Bankruptcy Code and a bona fide purchaser for value of the Lumar Property;

2. Expunging the Notice of Lis Pendens as to the Lumar Property; and

3. Granting such other and further relief as to which Lumar may show itself justly entitled.

Respectfully submitted,

*/s/ Kimberly P. Harris*

KIMBERLY P. HARRIS
State Bar No. 24002234
kharris@qslwm.com
JOSHUA L. SHEPHERD
State Bar No. 24058104
jshepherd@qslwm.com
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

**ATTORNEYS FOR LUMAR LAND & CATTLE, LLC**

**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Lumar Land & Cattle, LLC | **DEFENDANTS**<br>BM318, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Kimberly Harris and Joshua Shepherd (214) 871-2100<br>Quilling, Selander, Lownds, Winslett & Moser, P.C.<br>2001 Bryan Street, Ste. 1800, Dallas, TX 75201 | **ATTORNEYS** (If Known)<br>Joyce Lindauer (972) 503-4033<br>Joyce W. Lindauer Attorney, PLLC<br>1412 Main Street, Suite 500, Dallas, Texas 75202 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Intervention. Declaration that Lumar Land & Cattle, LLC, as Plaintiff in Intervention, is a good faith transferee pursuant to 11 U.S.C. §550(b) and expunction of Lis Pendens.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>BM318, LLC | | BANKRUPTCY CASE NO.<br>20-42789-mxm | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Texas | | DIVISION OFFICE<br>Fort Worth | NAME OF JUDGE<br>Mark X. Mullin |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF<br>BM318, LLC | DEFENDANT<br>The Dixon Water Foundation | | ADVERSARY PROCEEDING NO.<br>21-04051-mxm |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Northern | | DIVISION OFFICE<br>Fort Worth | NAME OF JUDGE<br>Mark X. Mullin |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Joshua L. Shepherd* | | | |
| DATE<br>February 16, 2022 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Joshua L. Shepherd<br>Quilling, Selander, Lownds, Winslett & Moser, P.C. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.