Joyce W. Lindauer
State Bar No. 21555700
Sydney A. Ollar
State Bar No. 24125932
Austin Y. Taylor
Louisiana Bar No. 37325
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR/PLAINTIFF

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm-11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |
| **BM318, LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 21-04051** |
| | § | |
| **DIXON WATER FOUNDATION,** | § | |
| **Defendant.** | § | |
| | § | |
| **LUMAR LAND & CATTLE, LLC,** | § | |
| **Plaintiff-in-Intervention** | § | |
| | § | |
| **v.** | | |
| **BM318, LLC,** | | |
| **Defendant-in-Intervention** | | |

# BM318, LLC'S RESPONSE TO DIXON WATER FOUNDATION AND LUMAR LAND & CATTLE, LLC OBJECTIONS TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW BM318LLC, Plaintiff and Defendant-in-Intervention in the captioned adversary proceeding ("BM318") and files this Response to the Objections to BM318's Motion for Leave to File Amended Complaint filed by Defendant Dixon Water Foundation ("Dixon", Objection filed at Doc. No. 55) and Plaintiff-in-Intervention Lumar Land & Cattle, LLC ("Lumar", Objection filed at Doc. No. 53), and would respectfully show the Court as follows:

**A. Dixon And Lumar's Arguments Regarding Lack of Standing and "Futility" Fail Because None of the Prospective New Parties Are Creditors in This Case.**

1. Dixon and Lumar both argue a) that BM318 has no standing to pursue the claims or parties it seeks to add to its Complaint and b) that due to such alleged lack of standing any such claims would be futile. In support, both Dixon and Lumar cite *Dynasty Oil & Gas, LLC v. Citizens Bank (In re United Operating, LLC)*, 540 F.3d 351 (5th Cir. 2008) for the proposition that, because BM318 did not adequately disclose its claims against them in its confirmed plan of reorganization, BM318 is barred from bringing those claims against them now.

2. It is surprising that Dixon and Lumar would rely on *United Operating* because that case does not apply in this situation. In *United Operating*, the Fifth Circuit ruled that a plan of reorganization must adequately disclose and describe any reserved claims it may have against any of its *creditors* or be barred from pursuing those claims post-confirmation. The logic is clear - a reservation of a cause of action must be clear enough to provide the creditor with the information necessary to vote for or against the plan.[1]

[1] Proper notice allows creditors to determine whether a proposed plan resolves matters satisfactorily before they vote to approve it -- "absent 'specific and unequivocal' retention language in the plan, creditors lack sufficient information regarding their benefits and potential liabilities to cast an intelligent vote." *Dynasty Oil & Gas, LLC v. Citizens Bank (In re United Operating, LLC)*, 540 F.3d 351, 355 (5th Cir. 2008), quoting *Paramount Plastics v. Polymerland (In re Paramount Plastics)*, 172 B.R. 331, 334 (Bankr. W.D. Wash. 1994).

3. In its proposed amended complaint, BM318 seeks to add as new as defendants GH Lumar, LLC, Aledo West, LLC, Railhead Realty LLC, Robert J. Potts, Jimmy Ray Martin, Ronald Hughes, Gary Hazlewood, Clinton W. Josey, Jr.; Kathy Smyth, Jerry Addison, Hugh Aljoe, Walt Davis, Leslie C. Rauscher, and Laura Whiting. *Not one of these parties is a creditor in this case.*[2]

4. More than one court in the Fifth Circuit has ruled that the *United Operating* case does not apply to non-creditors. In *In re Gulf States Long Term Acute Care of Covington, LLC*, 487 B.R. 713 (Bankr. E.D. La. 2013), the court reasoned as follows:

> [A] creditor in the bankruptcy is entitled to know about claims that will be pursed post-confirmation under the proposed plan, either because those claims might "enlarge the estate," or [*Harstad v. First American Bank*, 39 F.3d 898, 903 (8th Cir. 1994)], because the claims might be aimed at the creditor himself, *In re Kelley*, 199 B.R. 698, 703 (9th Cir. BAP 1996). Armed with this information, so the theory goes, the creditor can "adjust its vote accordingly." *Goodman Bros. Steel Drum Co. v. Liberty Mut. Ins. Co. (In re Goodman Bros. Steel Drum Co.)*, 247 B.R. 604, 608 (Bankr. E.D.N.Y. 2000); *see also Harstad*, 39 F.3d at 903; *Kelley*, 199 B.R. at 703.
>
> This rationale disappears entirely, however, when the defendant in a post-confirmation action is not a creditor. Specific or general, adequate or inadequate, notice to a non-creditor about claims reserved in a proposed plan serves no purpose because a non-creditor cannot vote on whether the plan should be confirmed. *See* [*Moecker v. Johnson, et al (In re Transit Group, Inc.)*, 332 B.R. 45, 57 (Bankr. M.D. Fla. 2005); [*The Elk Horn Coal Co., LLC v. Conveyor Manuf. & Supply, Inc. (In re Pen Holdings, Inc., et al)*, 316 B.R. 495, 504 (Bankr. M.D. Tenn. 2004)] (stating that section 1123(b)(3)(B) "is not designed to protect defendants from unexpected lawsuits"); [*In re Kmart Corp*., 310 B.R. 107, 120 (Bankr. N.D. Ill. 2004)] (noting that a plan's retention provision "is directed towards the estate's creditors, not the potential defendants on the reserved claims").

…

> Therefore, the Plan's general reservation of "[a]ny and all claims and causes of action which may have been asserted by the Debtor prior to the Effective Date, other than those released by the Debtor under the terms and conditions of the Plan..." sufficiently reserved causes of action against Gulf States of Dallas Holdings, L.L.C.; B & G Healthcare Properties, L.L.C.; Jamestown Healthcare Properties of Dallas, L.L.C.; and Gregory Walker. Adler may pursue any of Debtor's claims against these parties and any means to collect on those claims.

---

[2] *See generally* BM318's Schedules of Liabilities (Schedules D and E/F) (Doc. No. 20), and Second Amended Disclosure Statement (Doc. No. 56).

*Id.* at 725. In *In re Odin Demolition & Asset Recovery, LLC*, 544 B.R. 615 (Bankr. S.D. Tex. 2016), the court opines:

> There is no question that the Amended Plan and Confirmation Order do not expressly reserve the claims that the Debtor is presently prosecuting against the Movants in the State Court Action. [*See* Finding of Fact No. 9, referring to the State Court Action in the Amended Plan, but not expressly reserving the claims in the State Court Action for post-confirmation prosecution]. Nor, for that matter, does the amended disclosure statement. [Doc. No. 91]. Hence, viewed in a vacuum, the Movants argument appears meritorious. After all, in *Texas Wyoming* and *United Operating*, the Fifth Circuit made it clear that generic language in a plan—such as stating that the debtor reserves "all and any claims"—is insufficient to actually reserve any claims. *United Operating*, 540 F.3d at 356 ("Neither the Plan's blanket reservation of 'any and all claims' arising under the Code, nor its specific reservation of other types of claims under various Code provisions are sufficient to preserve the common-law claims . . . ."); *Texas Wyoming*, 647 F.3d at 551. And, here, the Amended Plan and Confirmation Order use almost the exact same language (i.e., "any and all causes of action") that *United Operating* and *Texas Wyoming* held is not sufficiently "specific and unequivocal;" moreover, the Amended Plan and Confirmation Order do not even use the word "reserve." If these were the only facts, the Movants' argument would be compelling, and this Court could certainly not conclude at this point that it would definitely deny the underlying relief to be sought by the Movants.
>
> But, as lawyer John Adams once said: "Facts are stubborn things . . . ." There is a material fact that undermines the Movants' position that the Debtor failed to reserve the claims under *United Operating* and *Texas Wyoming*. It is this: unlike the defendants in *United Operating* and *Texas Wyoming*, the Movants ***here have never been creditors in this bankruptcy***. [Finding of Fact No. 17]. Thus, even if the Amended Plan's language is insufficient to reserve the claims in the State Court Action, it is necessary to ask whether *United Operating* and *Texas Wyoming* even apply here. Stated differently, when the claims at issue are being prosecuted against defendants who were *never* creditors in this Chapter 11 case—and who therefore never had standing to vote on the Amended Plan—did the Amended Plan even need to reserve these claims? Case law indicates that the answer is in the negative. [emphasis in original]

*Id*. at 629, 630. The court goes on to discuss the *Gulf States* case, above, at length as being "almost squarely on point".

5. The *Gulf States* and *Odin Demolition* cases cited above are clear that *United Operating* and its progeny are inapplicable in cases in which the debtor seeks to bring causes of action against non-creditors that have not been specifically described in the plan of reorganization. As a result, Dixon and Lumar's argument that BM318 lacks standing to add the new parties and

claims in its amended complaint fails completely. Likewise, their "piggy-back" argument that the Court should deny the Motion for Leave to Amend because the claims would be dismissed based for lack of standing and are thus "futile" also fails.

6. In addition to their primary arguments regarding alleged lack of standing and the "futility", Dixon (though not Lumar) raises a "kitchen-sink" variety of other arguments, none of which raise a genuine issue. These shotgun arguments are a house of cards relying mostly on Dixon's failed lack-of-standing argument. BM318 briefly addresses these rather specious arguments below.

**B. Lumar's Judicial Estoppel Argument Fails Because BM318's Claims against it Arose After the Filing of the Bankruptcy Case.**

7. Lumar argues that BM318's claims against it are barred by judicial estoppel because BM318 did not disclose those causes of action in its schedules of assets filed in the main bankruptcy case. However, BM318's claims against Lumar arose post-petition, when Dixon deeded several parcels of property to Lumar and its affiliates, Jim Martin and GH Lumar, LLC. These transactions all took place in 2021, after BM318 filed its Chapter 11 petition on September 20, 2020 (see allegations in paragraphs 37 – 41 of BM318's counter-claims versus Lumar (Doc. No. 40. BM318 did not and could not schedule these causes of action against Lumar in its original or amended schedules because they were not property of the estate, which includes only those assets existing on the date of the petition. 11 U.S.C. sec. 541(a). Judicial estoppel does not apply because BM318 did not take "inconsistent" litigation positions regarding the existence of the causes of action as Lumar alleges.

**C. BM318 Did not Unduly Delay in Bringing These Claims.**

8. Contrary to Dixon's Objection, BM318 did not unduly delay in seeking to add new parties and claims to its original complaint. Lumar was only added to this case on February 18,

2022. Indeed, BM318 only filed its Answer and Counterclaim (Doc. 40) on March 21, 2022. Furthermore, there has been no substantive activity in this case following the filing of initial pleadings – all proceedings in this case from its inception have been procedural in nature – and discovery has commenced but is still in its infancy – no depositions have been taken. No undue prejudice can thus be genuinely argued by any existing party to this suit.

**D. BM318 Is Not Adding New Parties and Claims to Gain a Tactical Advantage**

9. Dixon alleges that BM318 seeks to file the amended complaint solely to seek an improper tactical advantage, citing the case of *SMH Enters. v. Krispy Krunchy Foods*, 340 F.R.D. 554, 2022 U.S. Dist. LEXIS 32183, at *14-15 (E.D. La. 2022). In *SMH*, the plaintiff sought leave to amend its complaint to add five former members of defendant and one new member as defendants. *Id.* at *9. The *SMH* court concluded by stating: "[g]iven the apparent futility of the proposed amendments … the proposed amendment appears to have been sought in a bad faith effort to obtain a tactical advantage." There are at least two glaring problems with Dixon's argument: a) BM318's proposed additional claims are not "futile" as in the *SMH* case (as demonstrated in section "A" above), and b) Dixon fails to allege a single fact or item of evidence that would show in any way that BM318 is merely seeking an improper tactical advantage in attempting to amend its complaint. Rather BM318 is bringing in claims and persons who have participated in the transactions at issue before this Court. Such is the result of some of the initial discovery that has been exchanged.

**E. BM318's Motion for Leave Should Not be Denied as Futile Because its New Claims Against Dixon, Robert Potts and the Dixon Board Will Survive a Motion to Dismiss.**

10. Dixon argues that BM318's proposed new claims are futile because, should Dixon choose to bring a motion to dismiss for failure to state a claim under Fed. R. Civ. Pro. 12(b)(6) at some point in the future, it will prevail. In support of this allegation, Dixon offers that very 12(b)(6)

motion in hopes the Court will turn a motion for leave to amend a complaint into a hearing a motion to dismiss. To do so would be premature, at best. If the Court grants the Motion for Leave to Amend, Dixon may or may not file a Rule 12(b)(6) motion, and the Court may or may not grant it. Perhaps BM318 will be required to amend its complaint, perhaps it will not. Dixon's 12(b)(6) arguments consist of cherry-picking an element out of each cause of action and claiming in an exhaustive analysis of mostly irrelevant case law that the proposed amended complaint fails to properly allege it. To the contrary, in each claim BM318 has stated the relevant facts and properly alleged the elements of each cause of action. Dixon may argue that the facts alleged in the complaint should be more concise, but even if the Court agrees, BM318 would seek an opportunity to amend, and perhaps to conduct discovery (which has not even begun). For instance, Dixon claims that BM318 has failed to allege a "meeting of the minds" among Dixon's board of directors in claiming the existence of a conspiracy to defraud BM318. But BM318 alleged exactly that, i.e., that the directors "acted in concert" with Defendant Martin to achieve this improper purpose. If Dixon brought a 12(b)(6) motion on this issue BM318 might amend the complaint to add more facts or seek the Court's permission to take discovery to determine the contents of communications among the directors on this topic. At this stage of the proceedings there are many possibilities, and it is far too early for Dixon to claim that BM318's proposed new complaint is "futile" because it fails to state a claim.

WHEREFORE, PREMISES CONSIDERED, BM318 requests the Court to enter an order overruling Dixon's and Lumar's objections, granting it leave to file the Amended Complaint, and granting such other and further relief as is just.

Dated: June 14, 2022.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Sydney A. Ollar
State Bar No. 24125932
Austin Y. Taylor
Louisiana Bar No. 37325
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
austin@joycelindauer.com
sydney@joycelindauer.com

ATTORNEYS FOR DEBTOR/PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 14, 2022, a true and correct copy of the foregoing document was served by electronic transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice in this bankruptcy case, including counsel for Lumar Land & Cattle, LLC and Dixon Water Foundation.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer