**TIMELINE TAKEN FROM PLAINTIFF'S**
**PROPOSED AMENDED COMPLAINT**

| | |
|---|---|
| Paragraph 21 | **On September 25, 2018, Defendant Potts, on behalf of Defendant Dixon, and a non- party (an entity related to Plaintiff) executed a contract (the "Farm and Ranch Contract") to sell 2055.70 acres of unimproved real property in Parker County, Texas known as Bear Creek Ranch (the "Original Property") for $35,461,480.00 to the non-party JMJ Acquisitions, LLC which r assigned the Farm and Ranch Contract to Plaintiff prior to closing** |
| September 25, 2018 | Plaintiff and Dixon enter into original Farm and Ranch Contract covering 2,055.70 acres "Original Property" |
| Paragraph 23 | **On November 26, 2018, Plaintiff closed on the Farm and Ranch Contract by purchasing the Original Property. Plaintiff paid approximately $2,000,000.00 cash at closing and Dixon financed the remaining $32,946,900.00 over five years pursuant to a loan agreement (the "Loan") and promissory note (the "Note") maturing on November 26, 2023. The Note was secured by a Deed of Trust, Security Agreement and Financing Statement (the "Deed of Trust") on the 2055.70 acres save and except a 118.34 acre tract (which remained unencumbered) recorded under document number 2025-262749 in the real property records of Parker County, Texas** |
| November 26, 2018 | Plaintiff and Dixon close Farm and Ranch Contract on 2,055.70 acres |
| Paragraphs 24, 24.a. & 24.b | **During the term of the Note, Plaintiff was required to make quarterly interest payments based on annual rate of 5.5% along with a principal reduction payment of $6,494,000.00 on May 25, 2019. Between July 26, 2019 and February 27, 2020, Plaintiff and Defendant** |

| | |
|---|---|
| | **Dixon entered into a series of Loan modification agreements under which certain payment deadlines were extended and under which Plaintiff was to sell certain parcels of land from 1,937.36 acres that were encumbered by the Deed of Trust from which payments were made to Dixon on the accrued interest and/or principal as follows:**<br><br>**a. On or about July 26, 2019, Plaintiff contracted to sell 381.66 acres to Lumar which Lumar assigned to GH JV prior to closing which occurred on September 11, 20219 with $7,081,004 being paid to Dixon, consisting of $6,494,000 in principal and $587,004 in interest. Contemporaneously with this contract, the same parties executed a buyback contract under which Plaintiff could buy back the 381.66 acres. Through Defendant Railhead, Defendant Martin was designated as the real estate agent and Defendant Hughes was designated as the broker on both contracts for both buyers and sellers. These contracts further disclosed: "Jim Martin, a licensed Realtor with Railhead Realty, LLC is a business partner of [Lumar]."**<br><br>**b. On January 30, 2020, Plaintiff sold 23.95 acres to GH JV with $407,150 of accrued interest being paid to Defendant Dixon leaving Plaintiff with 1,531.75 acres encumbered by the Deed of Trust ("Remaining Land")** |
| July 26, 2019 | Plaintiffs and Dixon enter into a First Loan Modification Agreement<br><br>Plaintiff contract to sell 381.66 acres to Lumar<br><br>Plaintiff executes a buy-back agreement with Lumar covering the 381.66 acres<br><br>This left Plaintiff with 1,531.75 acres of land – "Remaining Land" – out of the Original Property |
| Paragraph 33 | **On July 26, 2019, Plaintiff entered into a contract to sell 381.66 acres of the Original Property to Lumar. Martin was designated as the real estate agent for both the buyer and** |

| | |
|---|---|
| | **seller. On the same date, Plaintiff and Lumar executed a contract under which Plaintiff would buy back the 381.66 acres. Martin was also designated as the real estate agent for both the buyer and seller for this transaction. Martin, on behalf of Lumar, assigned such agreement to GH Lumar JV, a Texas joint venture and general partnership between Lumar and Defendant Aledo which is an assumed name of both Lumar and Aledo according to separate assumed name certificates filed with the Texas Secretary of State on September 11, 2019. On or about September 1, 2019, the 381.66 acres was conveyed to GH Lumar JV.[1] The Plaintiff and Dixon had amended the terms of the Loan under which the sale proceeds would be paid to Dixon. Given that the sale proceeds were to be paid to the lender, Lumar was actually a party to the "Tri-Party Agreement" related to the first amendment on the loan from Dixon, which also included the deed in lieu of foreclosure. Similarly, on or about January 31, 2020, Plaintiff sold 23.95 acres to GH Lumar JV, the proceeds of which were paid to Dixon as part of a modification of the Loan**<br><br>**[1.] Not to be confused with GH Lumar, LLC which was formed on June 5, 2020 by Lumar and Aledo as a separate entity from GH Lumar JV because there is no plan of conversion filed and no record of GH Lumar JV being converted into GH Lumar, LLC.** |
| September 1, 2019 | 381.66 are contract assigned by Lumar to GH Lumar, JV |
| January 31, 2020 | Plaintiff sold 23.95 acre to GH Lumar, JV |
| Paragraph 25 | **The last modification of the Loan occurred on February 27, 2020 which included a Deed in Escrow Agreement which extended the deadline to remit the accrued interest and principal balance to July 1, 2020. The Plaintiff executed a special warranty deed to Remaining Land (the "Deed in Lieu") that was to be held in escrow unless and until Plaintiff** |

| | |
|---|---|
| | **defaulted upon which Defendant Dixon would be permitted to record the Deed in Lieu in satisfaction of Plaintiff's obligations to Dixon** |
| February 27, 2020 | Last loan modification agreement and delivery of Deed in Lieu of covering 1,550.70 acres into escrow |
| Paragraph 26 | **On June 26, 2020, in anticipation of Defendant Dixon recording the Deed, Dixon and JMJ Development, LLC ("JMJ"), an entity related to Plaintiff, entered into a "Real Estate Sales Agreement" ("First Buyback Contract") for the purchase of the Remaining Land from Dixon for the purchase price of $27,500,658.00 which was to close on August 31, 2020. JMJ had three options to extend the Closing Date by thirty days each in exchange for depositing $50,000 with the title company for each option. Under the First Buyback Contract, JMJ was to provide secondary financing at closing equal to $7,500,000 under a five-year promissory note at 12% interest for pre- development, development, and other business purposes** |
| June 26, 2020 | In anticipation of recording Deed in Lieu, Dixon and JMJ Development (an affiliate of Plaintiff) to purchase the 1,550.70 Remaining Land from Dixon |
| Paragraph 27 | **On July 1, 2020, Plaintiff was unable to pay off the Note and amounts owed equal to $27,500,658.00 as modified and on July 2, 2020, Defendant Dixon recorded the Deed in Lieu pursuant to the Deed in Escrow Agreement, thus transferring the Remaining Land to Defendant** |
| July 1, 2020 | Plaintiff unable to pay Loan |
| July 2, 2020 | Dixon records Deed in Lieu covering 1,550.70 acres |

| | |
|---|---|
| September 1, 2020 | Plaintiff commenced Chapter 11 case |
| Paragraph 32 | **After exercising one of the options to extend the Closing under the First Buyback Contract, Dixon asserted a default and terminated the First Buyback Contract on or about October 15, 2020. Shortly thereafter, Dixon sold a portion of the Remaining Land to Defendant Lumar, an entity owned, managed, and controlled by Defendant Martin, despite Martin having represented Plaintiff as its real estate agent under the original purchase agreement to acquire the Original Property from Dixon** |
| October 15, 2020 | Dixon terminates the First Buyback Contract with JMJ Development |
| Shortly after October 15, 2020 | Dixon sold a portion of the 1,550.70 acres of Remaining Land to Lumar |
| Paragraph 36 | **In December 2020, Plaintiff began working with AgAmerica Lending to refinance the remaining portion of the Loan with Dixon. Martin was involved in communications and/or participated in discussions with AgAmerica in order to assist Plaintiff including by working to get the necessary appraisal(s) on the Remaining Property for AgAmerica to provide the requested financing** |
| December 2020 | Plaintiff working with AgAmerica Lending to obtain financing |
| Paragraph 41 | **On January 27, 2021, Dixon deeded 6.15 acres of the Remaining Property to Martin which was in addition to the 204.5 acre parcel under contract to Lumar** |
| January 27, 2021 | Dixon conveyed 6.15 acres to Lumar |

| | |
|---|---|
| Paragraph 42 | **On April 23, 2021 Dixon provided financing to Lumar for the purchase of the 204.5-acre tract and deeded the 204.5 acres to Lumar and recorded a Memorandum of Option Agreement to Martin on the Remaining portion of the Remaining Property ("Option")** |
| April 23, 2021 | Dixon conveyed 204.5 acres to Lumar |

**ACTIVITY IN BANKRUPTCY CASE**

| | |
|---|---|
| September 1, 2020 | Chapter 11 case filed |
| May 11, 2021 | Second Modification to Chapter 11 Plan [Docket no. 88] (Lumar Exhibit 15) |
| May 12, 2021 | Amended Schedules A/B reflecting claims against Jim Martin [Docket no. 93] (Lumar Exhibit 4) |
| May 25, 2011 | Third Modification of Debtor's Chapter 11 Plan [Docket no. 100] (Lumar Exhibit 9) |
| May 26, 2011 | Hearing held on confirmation of Plan [Docket no. 101] (Lumar Exhibit 14) |
| August 2, 2021 | Confirmation Order entered [Docket no. 106] (Lumar Exhibit 10) |
| August 10, 2021 | Debtor commenced adversary proceeding [Docket no. 108] (Lumar Exhibit 16) |