Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm-11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |
| **BM318, LLC,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **ADVERSARY PROCEEDING** |
| **THE DIXON WATER FOUNDATION,** | § | **NO. ____________________** |
| **Defendant.** | § | |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND/OR FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 548 AND 550**

Comes now BM318, LLC, debtor and plaintiff herein ("Plaintiff") and files this its Complaint to Avoid and Recover Preferential and/or Fraudulent Transfer, and would show as follows:

## I. NATURE OF THE CASE

1. The Debtor filed its voluntary petition commencing its Chapter 11 bankruptcy case on September 1, 2020.

2. This adversary proceeding is commenced pursuant to sections 547, 548 and 550 of chapter 11 of title 11 of the United States Code ("Bankruptcy Code") to avoid and recover from

Defendant, or from any other person or entity for whose benefit the transfer was made, preferential and/or fraudulent transfers of property made by Debtor that occurred during the 90-day or two-year period, respectively, prior to the commencement of the Debtor's bankruptcy case.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction of this adversary proceeding, which arises under the Bankruptcy Code and relates to the above-captioned Chapter 11 Case pending in the United States Bankruptcy Court for the Northern District of Texas ("Court"), pursuant to 28 U.S.C. §§ 157 and 1334(b).

4. This adversary proceeding is a "core" proceeding to be heard and determined by this Court, pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

6. The statutory and legal predicates for the relief sought herein are sections 547, 548 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

7. Pursuant to Bankruptcy Rule 7008, the Plaintiff consents to entry of final orders or judgments by this Court.

## III. PARTIES

8. The Plaintiff is a limited liability company organized under the laws of the State of Texas.

9. The Defendant is a non-profit corporation organized under the laws of the State of Texas, with offices located at 4528 County Road 398, Decatur, Texas 76234 and at P.O. Box 177, Marfa, Texas 79843. The Defendant may also be served with process by first class U.S. mail at the address of its registered agent, David M. Rosenberg, 1722 Routh Street, Suite 1500, Dallas,

Texas 75201 or at the offices of the Defendant's President, Robert Potts, at either of the aforementioned addresses in Decatur and Marfa, Texas.

## IV. FACTS

10. On November 26, 2018, the Plaintiff, pursuant to a Farm and Ranch Contract, purchased from the Defendant 2055.70 acres of unimproved real property in Parker County, Texas for $35,461,480.00 known as Bear Creek Ranch. The Plaintiff paid $2,100,000.00 cash at closing and Defendant financed the remaining $32,946,900.00 over five years pursuant to a loan agreement (the "Loan") and promissory note (the "Note") maturing on November 26, 2023 which was secured by a Deed of Trust, Security Agreement and Financing Statement (the "Deed of Trust") on the 2055.70 acres save and except a 118.34 acre tract (which remained unencumbered) recorded under document number 2025-262749 in the real property records of Parker County, Texas.

11. During the term of the Note, Plaintiff was required to make quarterly interest payments based on annual rate of 5.5% along with a principal reduction payment of $6,494,000.00 on May 25, 2019.

12. Between July 26, 2019 and February 27, 2020, Plaintiff and Defendant entered into a series of Loan modification agreements under which certain payment deadlines were extended and under which Plaintiff was to sell certain parcels of land from 1,937.36 acres that were encumbered by the Deed of Trust from which payments were made to Defendant on the accrued interest and/or principal as follows:

a. On September 11, 2019, 381.66 acres were sold with $7,081,004 being paid to Defendant consisting of $6,494,000 in principal and $587,004 in interest.

b. January 30, 2020, 23.95 acres were sold with $407,150 of accrued interest being paid to Defendant leaving Plaintiff with 1,531.75 acres encumbered by the Deed of Trust ("Remaining Land").

13. The last modification of the Loan occurred on February 27, 2020 which included a Deed in Escrow Agreement (the "Loan Amendment") which extended the deadline to remit the accrued interest and principal balance to July 1, 2020. The Plaintiff executed a special warranty deed to Remaining Land (the "Deed") that was to be held in escrow unless and until Plaintiff defaulted upon which the Defendant would be permitted to record the deed in satisfaction of Plaintiff's obligations to Defendant.

14. On June 26, 2020, in anticipation of Defendant recording the Deed, Defendant and JMJ Development, LLC ("JMJ"), an entity related to Plaintiff, entered into a "Real Estate Sales Agreement" ("Buyback Contract") for the purchase of the Remaining Land from Defendant for the purchase price of $27,500,658.00 which was to close on August 31, 2020. Plaintiff had 3 options to extend the Closing Date by thirty (30) days each in exchange for depositing $50,000 with the title company for each option. Under the Buyback Contract, Seller was to provide secondary financing at closing equal to $7,500,000 under a five year promissory note at 12% interest for pre-development, development, and other business purposes.

15. On July 1, 2020, Plaintiff was unable to payoff the Note and amounts owed equal to $27,500,658.00 as modified and on July 2, 2020, the Defendant recorded the Deed pursuant to the Deed in Escrow Agreement, thus transferring the Property to the Defendant.

16. After exercising one of the options to extend the Closing under the Buyback Contract, Defendant asserted a default and terminated the Buyback Contract on or about October 15, 2020. Shortly thereafter, Defendant sold a portion of the Encumbered Land to the

broker (or a related person or entity) who had represented Plaintiff under the original purchase agreement to acquire the 2055 acres from Defendant.

## V. CLAIMS FOR RELIEF

### COUNT I

### (Avoidance of Preferential Transfer – 11 U.S.C. § 547)

17. Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

18. During the 90-day period prior to the filing of the Plaintiff's bankruptcy case (the "Preference Period"), pursuant to the Deed the Debtor transferred to the Defendant the Property (the "Transfer"), which had an approximate value of $27.5 million or more.

19. The Transfer constituted a transfer of an interest in property of the Debtor.

20. During the Preference Period, Defendant was a creditor at the time of the Transfer by virtue of the Loan and Note, for which the Plaintiff was obligated to pay.

21. The Transfer was to or for the benefit of a creditor within the meaning of Section 547(b)(1) of the Bankruptcy Code, because the Transfer either reduced or fully satisfied a debt or debts then owed by the Plaintiff.

22. The Transfer was made for, or on account of, an antecedent debt owed by the Plaintiff to Defendant before such Transfer was made, as asserted by Defendant and memorialized in the Deed in Escrow Agreement, which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Plaintiff.

23. The Transfer was made while the Plaintiff was insolvent. Plaintiff is entitled to the presumption of insolvency for the Transfer made during the Preference Period pursuant to Section 547(f) of the Bankruptcy Code.

24. The Transfer was made during the Preference Period.

25. As a result of the Transfer, Defendant received more than Defendant would have received if: (i) the Plaintiff's bankruptcy case was under chapter 7 of the Bankruptcy Code; (ii) the Transfer had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code.

26. In accordance with the foregoing, the Transfer is avoidable pursuant to Section 547(b) of the Bankruptcy Code.

27. Defendant was the initial transferee of the Transfer.

28. Based upon the foregoing, Plaintiff is entitled to an order and judgment against Defendant: (i) avoiding the Transfer under section 547(b) of the Bankruptcy Code; and (ii) entitling Plaintiff to recover the Transfer or the value of the Transfer from Defendant under Section 550(a) of the Bankruptcy Code, together with the award of pre- and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order and judgment and the costs of this action.

**COUNT II**

**(Avoidance of Fraudulent Conveyance – 11 U.S.C. §§ 548(a)(1)(B))**

29. Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

30. To the extent that the Transfer was not on account of an antecedent debt, the Plaintiff did not receive reasonably equivalent value in exchange for such transfer ("Potentially Fraudulent Transfer"); and

a. The Plaintiff was insolvent on the date that the Transfer(s) was made or became insolvent as a result of the Transfer(s);

b. The Plaintiff was engaged in a business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Plaintiff was an unreasonably small capital; or

c. The Plaintiff intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

31. The Potentially Fraudulent Transfer is avoidable pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

**COUNT III**

**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

32. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

33. Plaintiff is entitled to avoid the Transfer and any Potentially Fraudulent Transfer pursuant to Sections 547 and 548 of the Bankruptcy Code (collectively, "Avoided Transfer").

34. Defendant was the initial transferee of the Avoided Transfer or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoided Transfer was made.

35. Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover the Avoided Transfer from Defendant, plus the costs of this action.

**COUNT IV**

**(Disallowance of All Claims – 11 U.S.C. § 502(d) and (j))**

36. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

37. Defendant is an entity from which property is recoverable under Section 550 of the Bankruptcy Code.

38. Defendant is a transferee of the Avoided Transfer avoidable under Sections 547 and/or 548 of the Bankruptcy Code.

39. Defendant has not turned over the Property or paid the value of the Avoided Transfer, for which Defendant is liable under Section 550 of the Bankruptcy Code.

40. Pursuant to Section 502(d) of the Bankruptcy Code, any and all claims of Defendant against the Plaintiff's chapter 11 estate must be disallowed until such time as Defendant turns over the Property to the Plaintiff or pays to Plaintiff an amount equal to the value of the Avoided Transfer, plus interest thereon and costs.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant relief and enter a judgment against Defendant as follows:

A. that the Avoided Transfer avoidable under Sections 547 and/or 548 of the Bankruptcy Code, be avoided;

B. that the Avoided Transfer, to the extent that it is avoided pursuant to Sections 547 and/or 548 of the Bankruptcy Code, be recovered by Plaintiff pursuant to Section 550 of the Bankruptcy Code;

C. that any and all claims held by Defendant be disallowed in accordance with Section 502(d) of the Bankruptcy Code until Defendant satisfies the judgment;

D. that pre-judgment interest be awarded at the maximum legal rate running from the date of filing of the Complaint to the date of judgment herein;

E. that post-judgment interest be awarded at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

F. that Defendant be required to turn over the Property and/or pay forthwith the judgment amount awarded in favor of Plaintiff; and

G. that the Plaintiff be granted such other and further relief as the Court deems just and proper.

Dated: August 10, 2021.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
guy@joycelindauer.com
kerry@joycelindauer.com

ATTORNEYS FOR BM318, LLC, PLAINTIFF AND DEBTOR