Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR/PLAINTIFF

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm-11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

| | | |
|---|---|---|
| **BM318, LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 21-04051** |
| | § | |
| **DIXON WATER FOUNDATION,** | § | |
| **Defendant.** | § | |
| | § | |

| | | |
|---|---|---|
| **LUMAR LAND & CATTLE, LLC,** | § | |
| **Plaintiff-in-Intervention** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **BM318, LLC,** | § | |
| **Defendant-in-Intervention** | § | |

**BM318, LLC'S SUPPLEMENTAL RESPONSE TO DIXON WATER FOUNDATION AND LUMAR LAND & CATTLE, LLC OBJECTIONS TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

Comes now BM318 LLC, Plaintiff and Defendant-in-Intervention in the above-captioned adversary proceeding ("BM318") and files this Supplemental Response to the Objections to BM318's Motion for Leave to File Amended Complaint filed by Defendant Dixon Water

Foundation ("Dixon", Objection filed at Doc. No. 55) and Plaintiff-in-Intervention Lumar Land & Cattle, LLC ("Lumar", Objection filed at Doc. No. 53), and would respectfully show the Court as follows:

**A. Procedural History**

1. BM318, the reorganized debtor herein, filed a Motion for Leave to File Amended Complaint in the above captioned adversary proceeding on May 9, 2022 (Dkt. 50, the "Motion").

2. Lumar filed an Objection to the Motion on May 31, 2022 (Dkt. 53). Dixon filed an Objection to the Motion on June 3, 2022 (Dkt. 55).

3. BM318 filed its Response to both Objections on June 14, 2022 (Dkt. 59).

4. The Court heard the Motion, Objections and Response at a hearing on June 15, 2022. At the conclusion of the hearing, the Court took the matter under advisement.

5. The Court has advised the parties it would re-open the evidence to allow the Debtor to offer the testimony of Mr. Larry Martin, whose testimony was initially disallowed by the Court at the hearing.

6. BM318 files this Supplemental Response to brief the new issues raised by Dixon and Lumar at the hearing and those which will be raised by the testimony of Mr. Martin.

**B. BM318 has standing to bring the new causes of action and to deprive it of same would be a violation of due process.**

7. Dixon and Lumar both argue a) that BM318 has no standing to pursue the claims or parties it seeks to add to its Complaint (the "New Claims"). In support, both Dixon and Lumar cite *Dynasty Oil & Gas, LLC v. Citizens Bank (In re United Operating, LLC)*, 540 F.3d 351 (5th Cir. 2008) for the proposition that, because BM318 did not adequately reserve the New Claims against them in its confirmed plan of reorganization (the "Plan"), BM318 is barred from bringing those claims against them now. However, Dixon and Lumar fail to account for the fact that the Debtor

did not know of the existence of the New Claims until after confirmation of the Plan, which occurred by order of the Court entered August 6, 2021 (Dkt. 106 in the main bankruptcy case, the "Confirmation Order"), and therefore could not have reserved the New Claims in the Plan.

8. Mr. Martin will testify at the continued hearing that neither he nor anyone else associated with the Debtor learned that Dixon had transferred the property to Lumar until February 16, 2022, the date Lumar filed its complaint-in-intervention. In that complaint Lumar revealed for the first time that Dixon had transferred the property to it on April 23, 2021. This transaction was the genesis of the New Claims.

9. Under the "discovery rule" as adopted in Texas, the New Claims did not arise or accrue until well after entry of the Confirmation Order. The discovery rule operates to defer accrual of a cause of action until the plaintiff knows or, by exercising reasonable diligence, should know of the facts giving rise to the claim. *Wagner & Brown v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001). Because the New Claims did not exist until after confirmation, they could not have been reserved in the Plan and the Debtor has standing to bring them now.

10. Furthermore, to apply the standing doctrine to deprive Debtor of its property interest in the New Claims would be a violation of due process, since the Debtor did not know they existed pre-confirmation and could not have included them in the Plan. In civil cases, due process requires proper notice, service of process, and a court of competent jurisdiction. *Callon Petroleum Co. v. Frontier Ins. Co.,* 351 F.3d 204, 210 (5th Cir. 2003). Here, the Debtor had no notice of the existence of the New Claims at the time of confirmation because they were unknown to it until post-confirmation. Therefore, to apply the standing doctrine would deprive Debtor of a property right (the New Claims) without the opportunity to defend it. Due process requires that

the judicial process be fair to all litigants.[1] It is fundamentally unfair to deprive the Debtor of its ability to bring the New Claims when it had no notice of their existence until after confirmation of the Plan.

**C. Lumar's Judicial Estoppel Argument Fails Because BM318's Claims against it Arose After the Filing of the Bankruptcy Case.**

11. The doctrine of judicial estoppel requires as its primary element that a party must have taken a position in its pleadings that is inconsistent with a position taken in a prior pleading. Lumar argues that the New Claims against it are barred by judicial estoppel because BM318 did not disclose those causes of action in its schedules of assets filed in the main bankruptcy case, and, therefore, raising them now constitutes an "inconsistent position" which should be estopped. However, BM318's New Claims against Lumar are based strictly on post-petition conduct, when Dixon deeded a parcel of property to Lumar and its affiliates, Jim Martin and GH Lumar, LLC. As discussed above, this transaction took place in April 2021, after BM318 filed its Chapter 11 petition on September 20, 2020 (see allegations in paragraphs 37 – 41 of BM318's counter-claims versus Lumar (Doc. No. 40). BM318 did not and could not schedule these New Claims against Lumar in its original or amended schedules because they were not property of the estate, which includes only those assets existing on the date of the petition. 11 U.S.C. § 541(a). Judicial estoppel does not apply because BM318 did not take "inconsistent" litigation positions regarding the existence of the causes of action as Lumar alleges.

12. Lumar may argue that 11 U.S.C. § 541(a)(7) renders the New Claims as property of the estate, thus requiring them to be listed in BM318's schedules of assets. That section states that "any interest in property that the estate acquires after the commencement of the case" is

[1] *Tewari De Ox Sys. v. Mt. States/Rosen LLC*, 2012 U.S. Dist. LEXIS 193875, *4 (W.D. Tex. 2012) ("The plaintiff's inability to secure its own witnesses for trial is not a deprivation of due process because *it does not implicate the fairness of the judicial process,* but rather, plaintiff's own poor planning.") (emphasis added).

property of the estate. But that would be a misinterpretation of Section 541(a)(7), which applies only to property acquired *by the estate*, not by the debtor. Causes of action that accrue post-petition are not property of the estate unless they are directly traceable to pre-petition conduct, which is not the case here. *Wade v. Bailey*, 287 B.R. 874, 881 (S.D. Miss. 2001)[2]; *In re Molina Y Vedia*, 150 B.R. 393 (Bankr. S.D. Tex. 1992)[3]; *In re Doemling*, 127 B.R. 954, 956 (W.D. Pa. 1991)[4];

13. Judicial estoppel is also contraindicated in this case due to the "discovery rule", discussed above. Although the transactions between Lumar and Dixon occurred in April 2021, BM318 and all persons associated with it did not actually learn of the transfers until February 2022, well after confirmation of BM318's Plan. As a result, BM318 could not possibly have disclosed the causes of action at any time during its bankruptcy case because it did not know they existed. At its heart, judicial estoppel is an equitable doctrine, and it would be fundamentally unfair to estop BM318 from bringing these causes of action under these circumstances. *Byrd v. Wyeth, Inc.*, 907 F. Supp. 2d 803, 807 (S.D. Miss. 2012) (Debtor's failure to disclose a personal injury claim based on what was an honest mistaken belief that she had no duty to disclose it amounted to inadvertence. It was inequitable to bar debtor from pursuing her PI claim.); *Gilbreath v. Averitt Exp.*, Inc., 2010 U.S. Dist. LEXIS 117706, 2010 WL 4554090, *9 (W.D. La. 2010) (The court

[2] In analyzing Section 541(a)(7), the district court affirmed the bankruptcy court's finding that a cause of action raised by post-petition debt collection activity belonged to the debtors individually, and not to the bankruptcy estate. The court concluded that the debtors had standing to bring a post-petition state court lawsuit because a cause of action which arose post-petition was the property of the debtor, not the estate. The court held that the creditors failed to show how the debtors' claims were traceable directly to pre-petition conduct.

[3] "... Obviously, after the commencement of the case, the estate has an existence that is completely separate from that of the debtor. Section 541(a)(7) covers only property that the estate itself acquires after the commencement of the proceeding."

[4] "Section 541(a)(7) does not in any way undermine the goal of establishing a critical time at which to determine which of debtor's property becomes part of the estate. Instead, it focuses on property interests acquired by the estate after the commencement of the case. Obviously, after the commencement of the case, the estate has an existence that is completely separate from that of the debtor. Section 541(a)(7) covers only property that the estate itself acquires after the commencement of the proceeding."

declined to apply equitable estoppel where the Chapter 13 debtor failed to disclose a cause of action that accrued post-confirmation.)

WHEREFORE, PREMISES CONSIDERED, BM318 requests the Court to enter an order overruling Dixon's and Lumar's Objections, granting it leave to file the Amended Complaint, and granting such other and further relief as is just.

Dated: June 29, 2022.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
ATTORNEYS FOR DEBTOR/PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 29, 2022, a true and correct copy of the foregoing document was served by electronic transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice in this bankruptcy case listed below, including counsel for Lumar Land & Cattle, LLC and Dixon Water Foundation.

J. Robert Forshey on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
bforshey@forsheyprostok.com,
calendar@forsheyprostok.com;jgonzalez@forsheyprostok.com;bforshey@ecf.courtdrive.com;calendar_0573@ecf.courtdrive.com

Kimberly Paige Harris on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
kharris@qslwm.com, kdepasquale@qslwm.com

Joyce W. Lindauer on behalf of Plaintiff BM318, LLC
joyce@joycelindauer.com, dian@joycelindauer.com;12113@notices.nextchapterbk.com

Jay Ong on behalf of Defendant The Dixon Water Foundation
jong@munsch.com, amays@munsch.com;jay-ong-4326@ecf.pacerpro.com

Deborah M. Perry on behalf of Counter-Claimant The Dixon Water Foundation
dperry@munsch.com

Deborah M. Perry on behalf of Defendant The Dixon Water Foundation
dperry@munsch.com

Joshua Lee Shepherd on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
jshepherd@qslwm.com, dcruz@qslwm.com

Julian Preston Vasek on behalf of Counter-Claimant The Dixon Water Foundation
jvasek@munsch.com

Julian Preston Vasek on behalf of Defendant The Dixon Water Foundation
jvasek@munsch.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer