Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR/PLAINTIFF

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 20-42789-mxm-11** |
| | § | |
| **BM318, LLC,** | § | |
| **Debtor.** | § | **CHAPTER 11** |

| | | |
|---|---|---|
| **BM318, LLC,** | § | **ADVERSARY NO. 21-04051** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **THE DIXON WATER FOUNDATION,** | § | |
| | § | |
| **Defendant.** | § | |

**RESPONSE AND OBJECTION TO DIXON WATER FOUNDATION'S**
**MOTION FOR EXPEDITED HEARING AND RESPONSE DEADLINE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW BM318, LLC, Plaintiff in the above titled and numbered Adversary Proceeding and Debtor in the underlying bankruptcy case ("Plaintiff" and "Debtor," respectively), and files this its *Response and Objection to Dixon Water Foundation's Motion for Expedited Hearing and Response Deadline* (the "Motion"), noting that no emergency exists that would warrant such an expedited hearing and response deadline. In support thereof, Plaintiff would show unto the Court the following:

1. Plaintiff admits the allegations in Paragraph 1 of the Motion concerning the nature of its case against Defendant and the approximate date of the service of Defendant's discovery requests, but notes that after Plaintiff addressed Defendant's concerns about its discovery responses and production in a letter of reply dated February 3, 2022, the Defendant waited until June 24, 2022 (a period of nearly five months) to send another letter complaining yet again about Plaintiff's discovery responses in which Plaintiff asserted numerous meritorious objections to same. In essence, the eight-month period involving the Plaintiff's discovery responses and production of which the Defendant complains is solely the result of Defendant's making, and any assertion or implication that this prolonged period wherein the Plaintiff responded (but the Defendant is unsatisfied with said responses) is the fault of the Plaintiff is intended to deceive this Court. Plaintiff admits the allegation concerning its responses and objections, but notes that such were appropriate, valid, and meritorious given the objectionable nature of specified discovery requests. Plaintiff denies the allegation concerning "insufficient document production," noting that all documents responsive to production requests for which the Plaintiff had such documents in its possession, custody, or control were produced where appropriate, and where doing so did not waive asserted objections.

2. Plaintiff denies the allegation in Paragraph 2 of the Motion that it "refuses to produce fulsome discovery," noting that in many cases Defendant is demanding documents that do not exist, and which would require Plaintiff to create them for the purpose of production. Plaintiff is not required to do so, and Defendant has produced no case law demonstrating otherwise. Plaintiff denies the allegation that it "hides behind invalid objections such as 'vague and ambiguous,'" noting that each objection was explained in full as to each individual discovery request in multiple letters explaining its discovery responses and objections. Plaintiff admits the

allegation that it refuses to produce electronic information in native format, justifying that such is not required when the producing party can show a compelling reason for not producing in the requested format.[1] Plaintiff provided Defendant with such compelling reasons, namely that (1) the files were produced in the only manner allowing documents to be Bates-stamped that is the only way for both parties to reference specific pages of production; (2) the manner of production precluded manipulation or alteration by the receiving party; (3) production in native format would give Defendant access to recover sensitive metadata that is not relevant nor calculated to lead to any admissible evidence and potentially allow the Defendant to recover prior versions of a document or other hidden information and comments which may have been included in prior draft versions that were never delivered or used and/or which may have included actual or potential questions or comments intended for or produced by counsel which would be privileged; and (4) emails and texts are stored in software or web browser applications or mobile devices in a format proprietary to that application or device and which does not save such communications in a separate native file format file that is accessible or readable by the recipient outside of the application. All such files were produced in pdf format which is readily convertible into an optical character recognition format permitting the user to easily search, categorize, and sort information contained therein. Given the foregoing, Plaintiff denies that its objections are "unmeritorious" since each objection addresses its considerable concerns with specific discovery requests.

3. Plaintiff admits the allegation in Paragraph 3 of the Motion concerning the discovery deadline and trial dates asserted in the *Third Amended Agreed Scheduling Order*, but again reiterates that since Defendant's discovery requests are replete with objectionable content, Plaintiff's objections will stand unless and until such objections are properly addressed by

---

[1] *Saliga v. Chemtura Corp.*, No. 3:12cv832(RNC), 2013 U.S. Dist. LEXIS 167019 (D. Conn. 2013).

Defendants. Plaintiff also reiterates that the Defendant wasted most of the last eight months (i.e. February 3, 2022 through June 24, 2022) by failing to assert any objection to Plaintiff's discovery responses and objection and follow up letters explaining same. As such, there is no basis for Defendant to now assert existence of an emergency that would warrant granting an expedited hearing and response deadline.

WHEREFORE, PREMISES CONSIDERED, BM318, LLC respectfully requests that this Court enter an *Order Denying the Dixon Water Foundation's Motion for Expedited Hearing and Response Deadline*., and for such other and further relief to which BM318, LLC may be justly entitled.

Dated: July 18, 2022.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
ATTORNEYS FOR PLAINTIFF BM318, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 18, 2022, a true and correct copy of the foregoing *Response and Objection to Dixon Water Foundation's Motion for Expedited Hearing and Response Deadline* was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case listed below.

J. Robert Forshey on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
bforshey@forsheyprostok.com,
calendar@forsheyprostok.com;jgonzalez@forsheyprostok.com;bforshey@ecf.courtdrive.com;calendar_0573@ecf.courtdrive.com

Kimberly Paige Harris on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
kharris@qslwm.com, kdepasquale@qslwm.com

Joyce W. Lindauer on behalf of Plaintiff BM318, LLC
joyce@joycelindauer.com, dian@joycelindauer.com;12113@notices.nextchapterbk.com

Jay Ong on behalf of Defendant The Dixon Water Foundation
jong@munsch.com, amays@munsch.com;jay-ong-4326@ecf.pacerpro.com

Deborah M. Perry on behalf of Counter-Claimant The Dixon Water Foundation
dperry@munsch.com

Deborah M. Perry on behalf of Defendant The Dixon Water Foundation
dperry@munsch.com

Joshua Lee Shepherd on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
jshepherd@qslwm.com, dcruz@qslwm.com

Julian Preston Vasek on behalf of Counter-Claimant The Dixon Water Foundation
jvasek@munsch.com

Julian Preston Vasek on behalf of Defendant The Dixon Water Foundation
jvasek@munsch.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer