Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR/PLAINTIFF

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm-11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

| | | |
|---|---|---|
| **BM318, LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 21-04051** |
| | § | |
| **DIXON WATER FOUNDATION,** | § | |
| **Defendant.** | § | |
| | § | |
| **LUMAR LAND & CATTLE, LLC** | § | |
| **Plaintiff-in-Intervention** | § | |

**RESPONSE TO PLAINTIFF-IN-INTERVENTION**
**LUMAR LAND & CATTLE, LLC'S AMENDED COMPLAINT IN INTERVENTION**
**FOR DECLARATORY JUDGMENT**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW BM318, LLC, Plaintiff in the above-styled and numbered cause, and files this its *Answer to Plaintiff-in-Intervention Lumar Land & Cattle, LLC's Amended Complaint in Intervention for Declaratory Judgment* (respectively, "Response," "Lumar,", and "Complaint"), and would respectfully show the Court as follows:

## I. PARTIES

1. Plaintiff admits the allegation in Paragraph 1 of the Complaint concerning Lumar's status as a Texas limited liability company.

2. Plaintiff admits the allegation in Paragraph 2 of the Complaint concerning Plaintiff's status as a Texas limited liability company

3. Plaintiff admits the allegation in Paragraph 3 of the Complaint concerning The Dixon Water Foundation's ("Dixon" or "Defendant") status as a Texas non-profit corporation.

## II. JURISDICTION AND VENUE

4. Plaintiff admits the allegations in Paragraph 4 of the Complaint regarding the Court's jurisdiction over this core adversary proceeding.

5. Plaintiff admits the allegation in Paragraph 5 of the Complaint that the Court has jurisdiction over this declaratory judgment action pursuant to the referenced authorities, but denies all other allegations, assertions, and contentions (collectively referred to herein as "allegations.")

6. Plaintiff admits the allegation in Paragraph 6 of the Complaint that venue is proper in this district.

7. Plaintiff is not required to admit or deny the allegation in Paragraph 7 of the Complaint concerning whether Lumar consents to entry of the Court's final orders or judgments.

## III. FACTUAL BACKGROUND

### *A. The transfer of the Remaining Property by BM318 to Dixon.*

8. Plaintiff admits the allegation in Paragraph 8 of the Complaint to the extent the referenced documents are an accurate reflection of such allegations.

9. Plaintiff admits the allegation in Paragraph 9 of the Complaint to the extent that certain loan documents were "modified several times" and to the extent such is an accurate

reflection of such documents, but denies that the Deed in Escrow Agreement was such a modification. Plaintiff further admits only that a special warranty deed was executed by BM318 and held in escrow by American Escrow Company. Plaintiff denies all remaining allegations.

10. Plaintiff admits the allegation in Paragraph 10 of the Complaint to the extent that the excerpted sections of the Deed in Escrow Agreement are accurate representations of the content of those sections of that document but deny that such were highlighted.

11. Plaintiff admits the allegation in Paragraph 11 of the Complaint to the extent of Plaintiff's actual indebtedness to Defendant and denies all remaining allegations.

12. Plaintiff admits the allegation in Paragraph 12 of the Complaint only to the extent such is an accurate reflection of any admission in paragraph 27 of Plaintiff's Amended Complaint, and denies any other allegations.

13. Plaintiff admits the allegation in Paragraph 13 of the Complaint to the extent such allegation is an accurate reflection of the Special Warranty Deed that was released recorded, including that it covered 1,531.75 acres. Plaintiff admits the allegation that it seeks to avoid the transfer of such property as described in such Special Warranty Deed.

14. Plaintiff admits the allegation in Paragraph 14of the Complaint.

15. Plaintiff has no first-hand knowledge of the allegations made in Paragraph 15 of the Complaint, nor the contents of any document referenced therein and can neither admit nor deny such allegation.

16. Plaintiff has no first-hand knowledge of when Lumar may or may not have purchased the Lumar Property, nor the contents of any document referenced in Paragraph 16 of the Complaint, and can therefore neither admit nor deny any allegation related thereto.

17. Plaintiff admits the allegation in Paragraph 17 of the Complaint to the extent Plaintiff seeks to avoid the transfer of the Remaining Property, and otherwise denies any other allegations.

18. Plaintiff admits the allegation in Paragraph 18 of the Complaint only to the extent Dixon filed the referenced document on such date.

19. Plaintiff admits the allegation in Paragraph 19 of the Complaint that it filed a Notice of Lis Pendens with such file number which was recorded on October 27, 2021, can neither admit nor deny whether the Lumar Property is affected, or how much time as passed, or whether Lumar made any purchase, or began development as Plaintiff has no first-hand knowledge of such allegations, and denies any other allegations made therein.

20. Plaintiff is unable to admit or deny the allegation in Paragraph 20 of the Complaint which describe allegations of which Plaintiff has no first-hand knowledge.

21. Plaintiff denies the allegation in Paragraph 21 of the Complaint that the Lis Pendens was improperly filed.

22. Plaintiff denies all allegations in Paragraph 22 of the Complaint including those made in subparts (1) through (7) and the conclusions made therein.

***B. BM318's Schedules, Disclosure Statement, and Plan of Reorganization.***

23. Plaintiff denies the allegations in Paragraph 23 of the Complaint.

24. Plaintiff admits the allegation in Paragraph 24 of the Complaint concerning the Court's approval of the Plaintiff's Second Amended Disclosure Statement.

25. Plaintiff admits the allegation in Paragraph 25 of the Complaint to the extent it would be bound by any actual sworn statements made by Plaintiff, but denies any remaining allegations, assumptions, conclusions made therein.

26. Plaintiff admits the allegation in Paragraph 26 of the Complaint that the referenced documents were filed. Plaintiff admits the allegation that the Plan was confirmed pursuant to the referenced Order.

27. Plaintiff admits the allegations in Paragraph 27 of the Complaint only to the extent that it accurately reproduces the provisions of the aforementioned *Third Modification* to the *First Amended Plan of Reorganization,* and otherwise denies any other allegations.

28. Plaintiff denies the allegations in Paragraph 28 of the Complaint.

29. Plaintiff admits the allegation in Paragraph 29 of the Complaint to the extent it filed an *Amended Complaint,* and to the extent Lumar's descriptions of Count I, II, and II may be an accurate identification of such number counts in the Amended Complaint, and otherwise denies any remaining allegations or conclusions made therein.

30. Plaintiff admits the allegation in Paragraph 30 of the Complaint to the extent Lumar's descriptions of the referenced counts may be an accurate identification of such numbered counts in the Amended Complaint.

**COUNT I**
**DECLARATORY RELIEF RELATED TO TEXAS PROPERTY CODE 12.007**

31. Plaintiff is not required to admit or deny the allegation in Paragraph 31 of the Complaint.

32. Plaintiff admits the allegation in Paragraph 32 of the Complaint to the extent such section describes certain procedures involving a Lis Pendens.

33. Plaintiff denies the allegation in Paragraph 33 which is not an accurate reflection of 12.007(d) of the Texas Property Code.

34. Plaintiff denies the allegation in Paragraph 34 of the Complaint that Lumar did not have notice from Plaintiff of the filing of the Lis Pendens, and can neither admit nor deny whether

or not it became aware of anything or whether any contract fell through of which Plaintiff has no knowledge, and otherwise Plaintiff denies all remaining allegations.

35. Plaintiff denies the allegations and conclusions in Paragraph 35 of the Complaint.

**COUNT II**
**DECLARATORY RELIEF RELATED TO BM318'S PREFERENCE CLAIMS**

36. Plaintiff is not required to admit or deny the allegation in Paragraph 36 of the Complaint.

37. Plaintiff admits the allegation in Paragraph 37 of the Complaint to the extent 11 U.S.C. § 547(b) may describe certain elements regarding an avoidance of certain transfers of property, and otherwise denies any other implications or allegations made therein..

38. Plaintiff admits the allegation in Paragraph 38 of the Complaint to the extent that approximately 1,531.75 acres was transferred within such period, and otherwise denies any other allegations made therein.

39. Plaintiff denies the allegation in Paragraph 39 of the Complaint.

40. Plaintiff admits the allegation in Paragraph 40 of the Complaint to the extent it was indebted to Dixon, and otherwise denies all remaining allegations.

41. Plaintiff denies the allegations in Paragraph 41 of the Complaint.

42. Plaintiff is not required to admit or deny the allegation in Paragraph 42 of the Complaint as to what Lumar does or does not do, and otherwise denies all other allegations and contentions.

43. Plaintiff denies the allegation in Paragraph 43 of the Complaint that the declaratory judgment sought is appropriate for the reasons articulated *supra*.

**COUNT III**
**DECLARATORY RELIEF RELATED TO PLAINTIFF'S FRAUDULENT TRANSFER CLAIMS**

44. Plaintiff is not required to admit or deny the allegation in Paragraph 44 of the Complaint.

45. Plaintiff admits the allegation in Paragraph 45 of the Complaint only to the extent that it accurately reflects the identified and described excerpts from 11 U.S.C. § 548(a)(1)(B).

46. Plaintiff denies the allegation in Paragraph 46 of the Complaint.

47. Plaintiff denies the allegations in Paragraph 47 of the Complaint.

48. Plaintiff denies the definition of "value" and allegations in Paragraph 48, including but not limited to Debtor's valuation of the Remaining Property.

49. Plaintiff can neither admit nor deny as to the actual timing of the release of the Special Warranty Deed as it has no first-hand knowledge of such events, and denies all other allegations in Paragraph 49.

50. Plaintiff denies the allegations in Paragraph 50 of the Complaint.

51. Plaintiff is not required to admit or deny the allegation in Paragraph 51 of the Complaint as what Lumar does or does not do, and otherwise denies all other contentions and allegations.

52. Plaintiff denies the allegation in Paragraph 52 of the Complaint.

**COUNT IV**
**DECLARATORY RELIEF RELATED TO THE SECTION 550 CLAIM**

53. Plaintiff is not required to admit or deny the allegation in Paragraph 53 of the Complaint.

54. Plaintiff denies the allegations and contentions in Paragraph 54 of the Complaint.

55. Plaintiff denies the allegation in Paragraph 55 of the Complaint.

**COUNT V**
**DECLARATORY RELIEF AS TO THE REMAINING CLAIMS**

56. Plaintiff is not required to admit or deny the allegation in Paragraph 56 of the Complaint.

57. Plaintiff denies the allegations in Paragraph 57 of the Complaint.

58. Plaintiff denies the allegations in Paragraph 58 of the Complaint.

59. Plaintiff denies the allegation in Paragraph 59 of the Complaint.

**COUNT VI**
**DECLARATORY RELIEF RELATED TO DIMINUTION OF VALUE OF PLAINTIFF'S BANKRUPTCY ESTATE**

60. Plaintiff is not required to admit or deny the allegation in Paragraph 60 of the Complaint.

61. Plaintiff admits the allegation in Paragraph 61 of the Complaint to the extent that the referenced case may contain such quoted words, and otherwise denies any conclusions, assertions, or allegations made therein.

62. Plaintiff denies the allegations in Paragraph 62 of the Complaint.

63. Plaintiff admits the allegation in Paragraph 63 of the Complaint to the extent of debt owed to Dixon, and otherwise denies all other allegations and contentions made therein.

64. Plaintiff denies the allegation in Paragraph 64 of the Complaint.

**COUNT VII**
**DECLARATORY RELIEF RELATED TO LUMAR'S PURPORTED STATUS AS A GOOD FAITH TRANSFEREE**

65. Plaintiff is not required to admit or deny the allegation in Paragraph 65 of the Complaint.

66. Plaintiff can neither admit nor deny the allegations in paragraph 66 to which it has no first-hand knowledge, and otherwise denies any other allegations made therein.

67. Plaintiff can neither admit nor deny any allegations related to Lumar's purchase to which Plaintiff has no first-hand knowledge, and otherwise Plaintiff denies all allegations in Paragraph 67.

68. Plaintiff denies the allegations and contentions made in Paragraph 68 of the Complaint.

69. Plaintiff denies the allegations in Paragraph 69 of the Complaint.

70. Plaintiff denies the allegations in Paragraph 70 of the Complaint.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff BM318, LLC respectfully requests that this Court deny all relief requested in the *Plaintiff-in-Intervention Lumar Land & Cattle, LLC's Amended Complaint in Intervention for Declaratory Judgment*, and for such other and further relief to which Plaintiff may show itself justly entitled.

DATED: July 22, 2022.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
ATTORNEYS FOR DEBTOR/PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 22, 2022, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer