Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| BM318, LLC, | § | Case No. 20-42789-MXM |
| Debtor. | § | |
| BM318, LLC, | § | |
| Plaintiff, | § | |
| v. | § | Adv. Pro. No. 21-04051-MXM |
| THE DIXON WATER FOUNDATION, | § | |
| Defendant. | § | |

**BM318, LLC'S OBJECTIONS AND RESPONSES TO DEFENDANT THE DIXON WATER FOUNDATION'S (1) FIRST SET OF INTERROGATORIES AND (2) FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND OTHER ITEMS**

TO: The Dixon Water Foundation c/o of its attorney of record Deborah M. Perry, Munsch Hardt Kopf & Harr, P.C., 500 N. Akard Street, Suite 3800, Dallas, TX 75201, dperry@munsch.com

BM318, LLC ("Plaintiff") serves The Dixon Water Foundation ("Dixon" / "Defendant") the following *BM318, LLC'S OBJECTIONS AND RESPONSES TO DEFENDANT THE DIXON WATER FOUNDATION'S (1) FIRST SET OF INTERROGATORIES AND (2) FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND OTHER ITEMS.* All responses and any documents, electronically stored information, and tangible things delivered concurrently with these objections



**EXHIBIT "2"**

and responses are produced in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, as made applicable herein, by Rules 7026, 7034, and 9014(c) of the Federal Rules of Bankruptcy Procedure.

Dated: January 7, 2022.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
ATTORNEY FOR BM318, LLC

## DEFINITIONS

Plaintiff adopts and incorporates herein the definitions provided by Dixon in its First Set of Interrogatories and First Requests for Production of Documents.

## PRELIMINARY STATEMENT

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2. By making the accompanying responses and objections to Defendant's requests for documents and interrogatory, Plaintiff does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the requests and interrogatory, and responses to the requests and interrogatory, to be relevant or material to the subject matter of this action.

3. Plaintiff will produce responsive documents only to the extent that such documents are in the possession, custody, or control of the Antitrust Division of the U.S. Department of Justice, as set forth in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties or to request their production from other divisions of the Department of Justice or agencies of the United States.

4. A response to a document request or interrogatory stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Plaintiff performed any of the acts described in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory, or that Plaintiff acquiesces in the characterization of the conduct or activities contained in the document request, interrogatory, or definitions and/or instructions applicable to the document request or interrogatory.

5. Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6. Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the internet, will not be produced.

## GENERAL PROVISIONS AND OBJECTIONS

1. Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Bankruptcy Procedure and the applicable Rules and Orders of the Court.

2. Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

3. Plaintiff objects to each document request and interrogatory that is overly broad, unduly burdensome, not relevant, or not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to each instruction, definition, document request, and interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendant from Defendant's own files, or from documents or information in Defendant's possession. Responding to such requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Defendant as for Plaintiff. This objection encompasses, but is not limited to, all correspondence between the Plaintiff and Defendant and all other information provided by Defendant to Plaintiff. All such documents and information will not be produced.

5. Plaintiff objects to each instruction, definition, document request, and interrogatory that seeks or requires the disclosure of any confidential, proprietary, highly sensitive, or trade secret information.

6. Plaintiff objects to each instruction, definition, document request, and interrogatory that calls for the production of documents and information that were produced to the Plaintiff by

other entities and that may contain confidential, proprietary, highly sensitive, or trade secret information.

7. Plaintiff objects to each instruction, definition, document request, and interrogatory that would require Plaintiff to create a document not in existence. A party is not required to produce a document or tangible thing unless it is within the person's possession, custody, or control. A document that does not exist is not within a party's "possession, custody, or control." The only exception to the rule involves the factual observations, testes, or supporting data of a testifying expert.

8. To the extent any of Defendant's document requests or its interrogatory seek documents or answers that include expert material, including but not limited to survey materials, Plaintiff objects to any such requests and interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

9. Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive its right to amend its responses.

## BM318'S SPECIFIC OBJECTIONS AND RESPONSES TO DIXON'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Describe in detail all of Your reasons for entering into the Deed in Escrow Agreement transaction to Dixon, including without limitation: (i) all tangible and intangible benefits that You intended or expected to receive pursuant to that agreement at the time it was executed; (ii) all other consideration that You intended or expected to receive pursuant to that agreement at the time it was executed; and (iii) what consideration You intended or expected to provide to Dixon pursuant to that agreement at the time it was executed.

> **RESPONSE:** Plaintiff entered into the Deed in Escrow Agreement to remedy any alleged default of the Loan. All modifications and consideration as set forth in such agreement, the right to reacquire the land following any recording of the deed held in escrow at the same value, and all additional reasons and consideration are stated in the agreement and related Documents produced herewith that are relevant and responsive to this request, to which Plaintiff refers Dixon.

**INTERROGATORY NO. 2:** Describe in detail all of Your reasons for accepting the consideration received from Dixon under the Deed in Escrow Agreement in exchange for the consideration that You provided to Dixon pursuant to that agreement.

> **RESPONSE:** Plaintiff objects to this interrogatory as duplicitous to Interrogatory No. 1.

Subject to and without waiving the foregoing objection, Plaintiff refers Dixon to its Response to Interrogatory No.1 as well as the language contained in the Deed in Escrow Agreement and related Documents produced herewith that are relevant and responsive to this request.

**INTERROGATORY NO. 3:** Identify all instances prior to the execution of the Deed in Escrow Agreement in which You or any of Your agents or representatives informed or indicated to Dixon that you believed the agreement to be unenforceable, or to provide for a fraudulent transfer.

**RESPONSE:** Plaintiff objects to this interrogatory to the extent that Dixon, as the recipient of such information, would have the same information as Plaintiff. Plaintiff further objects to this Interrogatory to the extent it requires Plaintiff to make a legal conclusion as to unenforceability or fraudulent transfer.

Subject to and without waiving the foregoing objections, Plaintiff refers Dixon to the language contained in the Deed in Escrow Agreement and the related Documents produced herewith that are relevant and responsive to this request.

**INTERROGATORY NO. 4:** Identify all instances prior to the execution of the Deed in Escrow Agreement in which You or any of your agents or representatives informed or indicated to Dixon that you believed that the consideration that you were to receive or could receive pursuant to the agreement was insufficient to support, or was not reasonably equivalent in value to, the consideration that you were obligated to provide, or could be obligated to provide, pursuant to the agreement.

**RESPONSE:** Plaintiff objects to this interrogatory to the extent that Dixon, as the recipient of such information, would have the same information as Plaintiff.

Subject to and without waiving the foregoing objection, Plaintiff refers Dixon to the Documents produced herewith that are relevant and responsive to this request.

**INTERROGATORY NO. 5:** Describe in detail all of Your reasons for proposing the Fifth Loan Modification agreement to Dixon, including without limitation: (i) all tangible and intangible benefits that You intended or expected to receive pursuant to that agreement at the time it was executed; (ii) all other consideration that You intended or expected to receive pursuant to that agreement at the time it was executed; and (iii) what consideration you intended or expected to provide to Dixon pursuant to that agreement at the time it was executed.

**RESPONSE:** Plaintiff objects to this interrogatory to the extent that it characterizes the any term of the Fifth Loan Modification agreement that was drafted by Dixon was proposed by Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff refers Dixon to the Fifth Loan Modification and related Documents produced herewith that are relevant and responsive to this request.

**INTERROGATORY NO. 6:** Describe in detail all of Your reasons for accepting the consideration received from Dixon under the Fifth Loan Modification in exchange for the consideration that you provided to Dixon pursuant to that agreement.

> **RESPONSE:** Plaintiff objects to this interrogatory as duplicitous to Interrogatory No. 5.
>
> Subject to and without waiving the foregoing objections, Plaintiff refers Dixon to the Fifth Loan Modification and related Documents produced herewith that are relevant and responsive to this request.

**INTERROGATORY NO. 7:** Describe in detail all instances prior to the execution of the Fifth Loan Modification in which You or any of your agents or representatives informed or indicated to Dixon that you believed that the consideration that you were to receive or could receive pursuant to the agreement was insufficient to support, or was not reasonably equivalent in value to, the consideration that you were obligated to provide, or could be obligated to provide, pursuant to the agreement.

> **RESPONSE:** Plaintiff objects to this interrogatory to the extent that Dixon, as the recipient of such information, would have the same information as Plaintiff.
>
> Subject to and without waiving the foregoing objections, Plaintiff refers Dixon to Documents produced herewith that are relevant and responsive to this request.

**INTERROGATORY NO. 8:** Identify what you contend the value of the Remaining Land to be at the time of execution of the Deed in Escrow Agreement and describe in detail all bases for such valuation.

> **RESPONSE:** Plaintiff contends that the valuation of the Remaining Land exceeds any remaining amounts owed to Plaintiff (including principal, interest, and costs) at the time of the execution of such Agreement to the extent the documents produced (including as may be supplemented) regarding valuation and appraisal of the Remaining Land exceed such amounts owed. Plaintiff further refers Dixon to Documents both in Dixon's possession and produced herewith reflecting appraisal values.

**INTERROGATORY NO. 9:** Identify what you contend the value of the Remaining Land to be at the time that Dixon recorded the Special Warranty Deed and describe in detail all bases for such valuation.

> **RESPONSE:** Plaintiff contends that the valuation of the Remaining Land exceeds the any remaining amounts owed to Plaintiff (including principal, interest, and costs) at the time of the execution of such Agreement to the extent the documents produced (including as may be supplemented) regarding valuation and appraisal of the Remaining Land exceed such amounts owed. Plaintiff further refers Dixon to Documents both in Dixon's possession and produced herewith reflecting appraisal values.

**<u>INTERROGATORY NO. 10:</u>** Describe in detail your understanding of all treatment that Dixon would receive under the confirmed Plan had Dixon not recorded the Special Warranty Deed, but instead received treatment of its pre-petition claims under the Plan.

**<u>RESPONSE:</u>** Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion. Plaintiff further objects as it calls for Plaintiff to speculate.

**<u>INTERROGATORY NO. 11:</u>** If you contend that Dixon would receive less under chapter 7 of the Bankruptcy Code than it would receive through treatment of the same pre-petition claims under the Plan, describe in detail all reasons for such contention.

**<u>RESPONSE:</u>** Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion. Plaintiff further objects as it calls for Plaintiff to speculate.

**<u>INTERROGATORY NO. 12:</u>** Describe in detail all factual bases for why you deny that Dixon would be entitled pursuant to the Plan to reassert its pre-petition liens over the Remaining Land in the event that Your claims pursuant to section 548 of the Bankruptcy Code asserted in the Complaint are upheld.

**<u>RESPONSE:</u>** Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion. Plaintiff further objects as it calls for Plaintiff to speculate.

**<u>INTERROGATORY NO. 13:</u>** Describe in detail all factual bases for why you deny that Dixon would be entitled to assert a lien pursuant to section 548(c) over any recovery awarded on account of Your claims pursuant to section 548 of the Bankruptcy Code asserted in the Complaint.

**<u>RESPONSE:</u>** Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion. Plaintiff further objects as it calls for Plaintiff to speculate.

**<u>INTERROGATORY NO. 14:</u>** Describe in detail all factual bases for why you deny that Dixon would be entitled to assert a lien pursuant to section 550(e), over any recovery awarded on account of your claims pursuant to section 548 of the Bankruptcy Code asserted in the Complaint, to secure the lesser of: (a) the cost to Dixon of any improvement made after the transfer, less the amount of any profit realized by or accruing to Dixon from such property; and (b) any increase in the value of such property as a result of such improvement, of the property transferred.

**<u>RESPONSE:</u>** Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion. Plaintiff further objects as it calls for Plaintiff to speculate

**<u>INTERROGATORY NO. 15:</u>** Describe in detail all aspects of your relationship with JMJ, including any affiliate relation, insider relation (as the term "insider" is defined in the Bankruptcy Code), ownership relation, common affiliates, common officers and/or directors, and any and all business conducted between you and JMJ.

**RESPONSE:** Plaintiff objects to this interrogatory as this is not relevant to the matter at hand. Subject to and without waiving the foregoing objections, there is no direct ownership interest.

**INTERROGATORY NO. 16:** Describe in detail any calculation of damages you allege you are entitled to receive pursuant to the Complaint.

**RESPONSE:** Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion. Plaintiff further objects as it calls for Plaintiff to speculate. Plaintiff also objects to the extent that Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing, thus the interrogatory is immature. Plaintiff reserves its right to amend this response as more information becomes available through the discovery process.

*[The remainder of this page intentionally left blank]*

**BM318'S OBJECTIONS AND RESPONSES TO DIXON'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND OTHER ITEMS**

**REQUEST FOR PRODUCTION NO. 1:** All Documents concerning the Deed in Escrow Agreement, or the possibility or the negotiation thereof.

**RESPONSE:** Plaintiff objects to this request to the extent it calls for Plaintiff to produce documents in Dixon's possession. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the Deed in Escrow Agreement. Plaintiff does not, and cannot, have *all* Documents concerning the Deed in Escrow Agreement. Plaintiff also objects to this request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 2:** All Documents concerning the Fifth Loan Modification, or the possibility or the negotiation thereof.

**RESPONSE:** Plaintiff objects to this request to the extent it calls for Plaintiff to produce documents in Dixon's possession. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the Fifth Loan Modification. Plaintiff does not, and cannot, have *all* Documents concerning the Fifth Loan Modification. Plaintiff also objects to this request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 3:** All Documents concerning any of the Loan Documents other than the Deed in Escrow Agreement.

**RESPONSE:** Plaintiff objects to this request because it is overly broad and not calculated to lead to the discovery of admissible evidence as it is not described with appropriate specificity. Plaintiff also objects to this request to the extent it calls for Plaintiff to produce documents in Dixon's possession. Plaintiff further objects to this request to the extent that it requests *all* documents concerning any of the Loan Documents other than the Deed in Escrow Agreement. Plaintiff does not, and cannot, have *all* Documents concerning any of the Loan Documents other than the Deed in Escrow Agreement. Plaintiff also objects to this request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 4:** All Documents concerning any proposed or potential request by BM318 for Dixon to forbear from exercising its rights under any of the Loan Documents.

**RESPONSE:** Plaintiff objects to this request to the extent it calls for Plaintiff to produce documents in Dixon's possession. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic. Plaintiff also objects to this request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 5:** All Documents relating to any alleged or potential default by BM318 of its payment obligations under the Note.

**RESPONSE:** Plaintiff objects to this request because it is overly broad and not calculated to lead to the discovery of admissible evidence as it is not described with appropriate specificity. Plaintiff also objects to this request to the extent it calls for Plaintiff to produce documents in Dixon's possession. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic. Plaintiff also objects to this request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 6:** All Documents concerning the value of the Real Property or any portion thereof.

**RESPONSE:** Plaintiff objects to this request because it is overly broad and not calculated to lead to the discovery of admissible evidence as it is not described with appropriate specificity, considering that the value of the Real Property fluctuates over time. Plaintiff also objects to this request to the extent it calls for Plaintiff to produce documents in Dixon's possession. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 7:** All Documents concerning the value of the Remaining Land, or any portion thereof.

**RESPONSE:** Plaintiff objects to this request because it is overly broad and not calculated to lead to the discovery of admissible evidence as it is not described with appropriate specificity, considering that the value of the Real Property fluctuates over time. Plaintiff also objects to this request to the extent it calls for Plaintiff to produce documents in Dixon's possession, or in the possession of others. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 8:** All Documents concerning any potential or proposed sale, conveyance, transfer, or disposition of the Remaining Land, or any portion thereof.

**RESPONSE:** Plaintiff objects to this request because it is overly broad and not calculated to lead to the discovery of admissible evidence as it is not described with appropriate specificity, considering that the value of the Real Property fluctuates over time. Plaintiff also objects to this request to the extent it calls for Plaintiff to produce documents in Dixon's possession, or in the possession of others. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 9:** All Documents concerning any proposed development or use of the Remaining Land or any portion thereof.

**RESPONSE:** Plaintiff objects to this request because it is overly broad and not calculated to lead to the discovery of admissible evidence as it is not described with appropriate specificity, considering that unknown third-parties may have considered development opportunities on the Remaining Land. Plaintiff also objects to this request to the extent it calls for Plaintiff to produce documents in Dixon's possession, or in the possession of others. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 10:** All Documents concerning Dixon.

**RESPONSE:** Plaintiff objects as such request is overly broad, vague, and ambiguous and seeks the production of Documents that are not relevant and not calculated to lead to the discovery of admissible evidence and is not properly limited in scope. The request seeks literally every document related to Dixon, a non-profit entity, whether related to the matter at hand or not.

Plaintiff also objects to this request to the extent it calls for Plaintiff to produce documents in Dixon's possession, or in the possession of others. Indeed, the vast majority of the documents sought in this overbroad request are in Dixon's possession. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic.

**REQUEST FOR PRODUCTION NO. 11:** All Documents concerning any potential refinancing or restructuring of the Note or any underlying obligations of BM318.

**RESPONSE:** Plaintiff objects to this request to the extent it calls for Plaintiff to produce documents in Dixon's possession, or in the possession of others. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 12:** All Documents discussing or concerning the Chevreaux Appraisal Report or any of its contents.

**RESPONSE:** Plaintiff objects to this interrogatory as duplicitous to Request No. 6. Plaintiff also objects to this request to the extent it calls for Plaintiff to produce documents in Dixon's possession, or in the possession of others. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 13:** All appraisals of the Real Property or any portion thereof.

**RESPONSE:** Plaintiff objects to this interrogatory as duplicitous to Request Nos. 6, 7, and 12. Plaintiff objects as such request is overly broad, vague, and ambiguous and seeks the production of Documents that are not relevant and not calculated to lead to the discovery of admissible evidence and is not properly limited in scope. Plaintiff also objects to this request to the extent it calls for Plaintiff to produce documents in Dixon's possession, or in the possession of others. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic.

**REQUEST FOR PRODUCTION NO. 14:** All appraisals of the Remaining Land or any portion thereof.

**RESPONSE:** Plaintiff objects to this interrogatory as duplicitous to Request Nos. 6, 7, 12, and 13. Plaintiff objects as such request is overly broad, vague, and ambiguous and seeks the production of Documents that are not relevant and not calculated to lead to the discovery of admissible evidence and is not properly limited in scope. Plaintiff also objects to this request to the extent it calls for Plaintiff to produce documents in Dixon's possession, or in the possession of others. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic.

**REQUEST FOR PRODUCTION NO. 15:** All Documents constituting or concerning Communications with American Escrow Company or otherwise concerning American Escrow Company.

**RESPONSE:** Plaintiff objects as such request is overly broad, vague, and ambiguous and seeks the production of Documents that are not relevant and not calculated to lead to the discovery of admissible evidence and is not properly limited in scope. The request seeks literally every document related to third-party American Escrow Company, whether related to the matter at hand or not.

Plaintiff also objects to this request to the extent it calls for Plaintiff to produce documents in Dixon's possession, or in the possession of others. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 16:** All Documents constituting or concerning Communications with JMJ and further concerning the Remaining Land or any portion thereof.

**RESPONSE:** Plaintiff objects to this request because it overly broad and not properly limited in scope and requests Documents what are not relevant to the Matters before the Court. Plaintiff further objects to this request as vague and ambiguous, as it is unclear

whether Defendant seeks all Communications with JMJ, or only those concerning the Remaining Land or any portion thereof.

Plaintiff also objects to this request to the extent it calls for Plaintiff to produce documents in the possession of others, including JMJ. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 17:** All Documents constituting or concerning Communications with JMJ and further concerning Dixon.

**RESPONSE:** Plaintiff objects to this request because it overly broad and not properly limited in scope and requests Documents what are not relevant to the Matters before the Court. Plaintiff further objects to this request as vague and ambiguous, as it is unclear whether Defendant seeks all Communications with JMJ, or only those concerning Dixon.

Plaintiff also objects to this request to the extent it calls for Plaintiff to produce documents in the possession of Dixon or others, including JMJ. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 18:** All Documents constituting or concerning the recording or potential recording of the Special Warranty Deed.

**RESPONSE:** Plaintiff objects to this request to the extent it calls for Plaintiff to produce documents in Dixon's possession, or in the possession of others. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 19:** All Documents concerning BM318's aggregate debts, aggregate liabilities, the total value of BM318's assets, or the value of BM318's business at any time from June 1, 2020 through the Petition Date.

**RESPONSE:** Plaintiff objects to this request to the extent it calls for Plaintiff to produce documents in Dixon's possession, or in the possession of others. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic. Plaintiff object to the request to the extent that it requires the disclosure of any confidential, proprietary, highly sensitive, or trade secret information. Plaintiff also objects to the extent that Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing, thus the request is immature. Plaintiff further objects to this request as this is not relevant to the matter at hand. Plaintiff reserves its right to amend this response as more information becomes available through the discovery process.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 20:** All Documents concerning BM318's aggregate debts, aggregate liabilities, the total value of BM318's assets, or the value of BM318's business at any time from January 1, 2020 through the Petition Date.

**RESPONSE:** Plaintiff objects to this interrogatory as duplicitous to Request No. 19. Plaintiff objects to this request to the extent it calls for Plaintiff to produce documents in Dixon's possession, or in the possession of others. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic. Plaintiff object to the request to the extent that it requires the disclosure of any confidential, proprietary, highly sensitive, or trade secret information. Plaintiff also objects to the extent that Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing, thus the request is immature. Plaintiff further objects to this request as this is not relevant to the matter at hand. Plaintiff reserves its right to amend this response as more information becomes available through the discovery process.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 21:** BM318's most recent financial statement as of July 2, 2020.

**RESPONSE:** Plaintiff objects to the extent that Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing, thus the request is immature. Plaintiff further objects to this request as this is not relevant to the matter at hand. Plaintiff reserves its right to amend this response as more information becomes available through the discovery process.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 22:** BM318's most recent financial statement as of January 1, 2020.

**RESPONSE:** Plaintiff objects to this interrogatory as duplicitous to Request No. 21. Plaintiff also objects to the extent that Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing, thus the request is immature. Plaintiff further objects to this request as this is not relevant to the matter at hand. Plaintiff reserves its right to amend this response as more information becomes available through the discovery process.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 23:** BM318's most recent balance sheet as of July 2, 2020.

**RESPONSE:** Plaintiff objects to the extent that Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing, thus the request is immature. Plaintiff further objects to this request as this is not relevant to the matter at hand. Plaintiff reserves its right to amend this response as more information becomes available through the discovery process.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 24:** BM318's most recent balance sheet as of January 1, 2020.

**RESPONSE:** Plaintiff objects to this interrogatory as duplicitous to Request No. 23. Plaintiff also objects to the extent that Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing, thus the request is immature. Plaintiff further objects to this request as this is not relevant to the matter at hand. Plaintiff reserves its right to amend this response as more information becomes available through the discovery process.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**<u>REQUEST FOR PRODUCTION NO. 25:</u>** BM318's general ledger as of July 2, 2020.

**<u>RESPONSE:</u>** Plaintiff objects to this interrogatory as duplicitous to Request No. 27. Plaintiff objects to the extent that Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing, thus the request is immature. Plaintiff further objects to this request as this is not relevant to the matter at hand. Plaintiff reserves its right to amend this response as more information becomes available through the discovery process.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**<u>REQUEST FOR PRODUCTION NO. 26:</u>** BM318's general ledger as of January 1, 2020.

**<u>RESPONSE:</u>** Plaintiff objects to this interrogatory as duplicitous to Request Nos. 25 and 27. Plaintiff also objects to the extent that Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing, thus the request is immature. Plaintiff further objects to this request as this is not relevant to the matter at hand. Plaintiff reserves its right to amend this response as more information becomes available through the discovery process.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**<u>REQUEST FOR PRODUCTION NO. 27:</u>** BM318's general ledger as of September 1, 2020.

**<u>RESPONSE:</u>** Plaintiff objects to this interrogatory as duplicitous to Request No. 25. Plaintiff also objects to the extent that Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing, thus the request is immature. Plaintiff further objects to this request as this is not relevant to the matter at hand. Plaintiff reserves its right to amend this response as more information becomes available through the discovery process.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**<u>REQUEST FOR PRODUCTION NO. 28:</u>** All Documents concerning any contingent or noncontingent liabilities as of July 2, 2020 which do not appear on BM318's general ledger as of July 2, 2020.

**<u>RESPONSE:</u>** Plaintiff objects to this interrogatory as duplicitous to Request No. 30. Plaintiff further objects to this request to the extent that it requests *all* documents

concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic. Plaintiff also objects to the extent that Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing, thus the request is immature. Plaintiff further objects to this request as this is not relevant to the matter at hand. Plaintiff reserves its right to amend this response as more information becomes available through the discovery process.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 29:** All Documents concerning any contingent or noncontingent liabilities as of January 1, 2020 which do not appear on BM318's general ledger as of January 1, 2020.

**RESPONSE:** Plaintiff objects to this interrogatory as duplicitous to Request Nos. 28 and 30. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic. Plaintiff also objects to the extent that Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing, thus the request is immature. Plaintiff further objects to this request as this is not relevant to the matter at hand. Plaintiff reserves its right to amend this response as more information becomes available through the discovery process.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 30:** All Documents concerning any contingent or noncontingent liabilities as of September 1, 2020 which do not appear on BM318's general ledger as of September 1, 2020.

**RESPONSE:** Plaintiff objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic. Plaintiff further objects to the extent that Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing, thus the request is immature. Plaintiff further objects to this request as this is not relevant to the matter at hand. Plaintiff reserves its right to amend this response as more information becomes available through the discovery process.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 31:** Tax Returns for BM318 for 2019 and 2020.

**RESPONSE:** Plaintiff objects to the extent that Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing, thus the request is immature. Plaintiff further objects to this request as this is not relevant to the matter at hand. Plaintiff reserves its right to amend this response as more information becomes available through the discovery process.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 32:** All listings or schedules of assets generated or maintained by BM318 at any time from June 1, 2020 through the Petition Date.

**RESPONSE:** Plaintiff objects to this interrogatory as duplicitous to Request No. 33. Plaintiff objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic. Plaintiff further objects to the extent that Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing, thus the request is immature. Plaintiff further objects to this request as this is not relevant to the matter at hand. Plaintiff reserves its right to amend this response as more information becomes available through the discovery process

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 33:** All listings or schedules of assets generated or maintained by BM318 at any time from January 1, 2020 through the Petition Date.

**RESPONSE:** Plaintiff objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic. Plaintiff further objects to the extent that Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing, thus the request is immature. Plaintiff further objects to this request as this is not relevant to the matter at hand. Plaintiff reserves its right to amend this response as more information becomes available through the discovery process

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 34:** All Documents concerning any ability or potential exercise by BM318 to extend the closing date of the Buyback Contract, as such term is defined in the Complaint, as alleged in paragraph 14 of the Complaint.

**RESPONSE:** Plaintiff objects to this request to the extent it calls for Plaintiff to produce documents in Dixon's possession, or in the possession of others. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 35:** All Documents concerning the Buyback Contract, as such term is defined in Paragraph 14 of the Complaint.

**RESPONSE:** Plaintiff objects to this request to the extent it calls for Plaintiff to produce documents in Dixon's possession, or in the possession of others. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 36:** All Documents concerning any requested or proposed financing from Dixon or to or for BM318, from and after November 1, 2019 until the Petition Date.

**RESPONSE:** Plaintiff objects to this request to the extent it calls for Plaintiff to produce documents in Dixon's possession, or in the possession of others. Plaintiff further objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 37:** All Documents concerning BM318's existing or available capital at any time from June 1, 2020 through the Petition Date.

**RESPONSE:** Plaintiff objects to this interrogatory as duplicitous to Request No. 38. Plaintiff objects to this request as "existing or available capital" is vague and ambiguous and could vary on a daily basis. Plaintiff objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic. Plaintiff further objects to the extent that Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing, thus the request is immature. Plaintiff reserves its right to amend this response as more information becomes available through the discovery process.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 38:** All Documents concerning BM318's existing or available capital at any time from January 1, 2020 through the Petition Date.

**RESPONSE:** Plaintiff objects to this request as "existing or available capital" is vague and ambiguous and could vary on a daily basis. Plaintiff objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic. Plaintiff further objects to the extent that Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing, thus the request is immature. Plaintiff reserves its right to amend this response as more information becomes available through the discovery process

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 39:** All Documents concerning any negotiations or discussions with any persons or entities other than Dixon for the potential or proposed sale, conveyance, transfer, or disposition of the Remaining Land, or any portion thereof, from and after the Petition Date.

**RESPONSE:** Plaintiff further objects to the extent that Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing, thus the request is immature. Plaintiff reserves its right to amend this response as more information becomes available through the discovery process.

Subject to and without waiving the foregoing objection, Plaintiff has discovered no Documents in its possession or control that are responsive to this request. Plaintiff reserves its right to amend this response as more information becomes available through the discovery process.

**REQUEST FOR PRODUCTION NO. 40:** All Documents concerning any negotiations or discussions with any persons or entities other than Dixon for the potential or proposed sale, conveyance, transfer, or disposition of the Remaining Land, or any portion thereof, before the Petition Date.

**RESPONSE:** Plaintiff further objects to the extent that Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing, thus the request is immature. Plaintiff reserves its right to amend this response as more information becomes available through the discovery process.

Subject to and without waiving the foregoing objection, Plaintiff has discovered no Documents in its possession or control that are responsive to this request. Plaintiff reserves

its right to amend this response as more information becomes available through the discovery process.

**REQUEST FOR PRODUCTION NO. 41:** All Documents constituting or concerning Communications with Jim Martin (identified in Plaintiff's Initial Disclosures) and further concerning the Real Property, Remaining Land, any portion thereof, or Dixon.

**RESPONSE:** Plaintiff objects as this request is overly broad and seeks Documents that are not relevant to the matters before the Court. Plaintiff objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 42:** All Documents constituting or concerning Communications with Larry Martin (identified in Plaintiff's Initial Disclosures) and further concerning the Real Property, Remaining Land, any portion thereof, or Dixon.

**RESPONSE:** Plaintiff objects to this request because it overly broad and not properly limited in scope and requests Documents what are not relevant to the Matters before the Court. Plaintiff further objects to this request as vague and ambiguous, as it is unclear whether Defendant seeks all Communications with Larry Martin, or only those concerning the Real Property, Remaining Land, or any portion thereof. Plaintiff objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic. Plaintiff also objects to this request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 43:** All Documents constituting or concerning Communications with Mark Adams (identified in Plaintiff's Initial Disclosures) and further concerning the Real Property, Remaining Land, any portion thereof, or Dixon.

**RESPONSE:** Plaintiff objects to this request because it overly broad and not properly limited in scope and requests Documents what are not relevant to the Matters before the Court. Plaintiff further objects to this request as vague and ambiguous, as it is unclear whether Defendant seeks all Communications with Mark Adams, or only those concerning the Real Property, Remaining Land, or any portion thereof. Plaintiff objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic. Plaintiff also objects to this

request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 44:** All Documents constituting or concerning Communications with Chris Chevreaux concerning the Remaining Land, any portion thereof, and/or the Chevreaux Appraisal Report.

**RESPONSE:** Plaintiff objects to this interrogatory as duplicitous to Request No. 12. Plaintiff objects to this request because it overly broad and not properly limited in scope and requests Documents what are not relevant to the Matters before the Court. Plaintiff further objects to this request as vague and ambiguous, as it is unclear whether Defendant seeks all Communications with Chris Chevreaux, or only those concerning the Remaining Land or the Chevreaux Appraisal Report. Plaintiff objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic. Plaintiff also objects to this request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 45:** All Documents constituting or concerning Communications with Jim Pruitt concerning the Remaining Land, any portion thereof, and/or the Chevreaux Appraisal Report.

**RESPONSE:** Plaintiff objects to this request because it overly broad and not properly limited in scope and requests Documents what are not relevant to the Matters before the Court. Plaintiff further objects to this request as vague and ambiguous, as it is unclear whether Defendant seeks all Communications with Jim Pruitt, or only those concerning the Remaining Land or the Chevreaux Appraisal Report. Plaintiff objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic. Plaintiff also objects to this request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 46:** All Documents evidencing the members, managers, directors, and officers of BM318 at any time during 2020.

**RESPONSE:** Plaintiff objects to this request to the extent that it requests *all* documents concerning the requested topic. Plaintiff does not, and cannot, have *all* Documents concerning such topic.

Subject to and without waiving the foregoing objection, and to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

**REQUEST FOR PRODUCTION NO. 47:** All Documents supporting Your contention in paragraph 16 of the Complaint that "Defendant sold a portion of the Encumbered Land to the broker (or a related person or entity) who had represented Plaintiff under the original purchase agreement to acquire the 2055 acres from Defendant."

**RESPONSE:** Plaintiff objects to this request as Dixon is in possession of such Documents and to the extent such Documents are recorded in the real property records of Parker County what are available to Dixon. Otherwise, Plaintiff refers Dixon to the Documents produced in response to request no. 41 and to the extent not included therein, Plaintiff refers Dixon to the produced farm and ranch contract with Dixon for the Real Property in Dixon's possession, the farm and ranch contract for the purchase of the 381+ acres by Lumar Land & Cattle, LLC and other Documents produced herewith that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 48:** All Documents created prior to the date on which Dixon recorded the Special Warranty Deed, discussing, contemplating or relating to any alleged: (i) unenforceability, (ii) lack of consideration, (iii) lack of reasonably equivalent value, or (iv) avoidability; of any of the Fifth Modification, Deed in Escrow Agreement, the Special Warranty Deed, or its recordation.

**RESPONSE:** Plaintiff objects to this request because "the date on which Dixon recorded the Special Warranty Deed" is not defined. Plaintiff further objects to this request as it requires Plaintiff to make legal conclusions about potential Documents in its possession. Otherwise and Subject to and without waiving the foregoing objection, Plaintiff refers Dixon to the Documents produced herewith that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 49:** All Documents concerning the claim in the amount of $627,475.95 You scheduled for Carnegie Development LLC in the Bankruptcy Case on Schedule E/F [Docket No. 83].

**RESPONSE:** Plaintiff objects that this request is overly broad and unduly burdensome. Further, the Plaintiff objects that this request uses the term "all" what as defined therein, if construed strictly, is global and overly broad, such that this Request is not reasonably tailored in scope. Plaintiff further objects to this request as this is not relevant to the matter at hand. Subject to and without waiving the foregoing objections, all discovery is not yet complete and Plaintiff reserves the right to supplement when information becomes available.

**REQUEST FOR PRODUCTION NO. 50:** All Documents concerning the claim in the amount of $112,797.00 You scheduled for JMJ in the Bankruptcy Case on Schedule E/F [Docket No. 83].

> **RESPONSE:** Plaintiff objects that this request is overly broad and unduly burdensome. Further, the Plaintiff objects that this request uses the term "all" what as defined therein, if construed strictly, is global and overly broad, such that this Request is not reasonably tailored in scope. Plaintiff further objects to this request as this is not relevant to the matter at hand. Subject to and without waiving the foregoing objections, all discovery is not yet complete and Plaintiff reserves the right to supplement when information becomes available.

**REQUEST FOR PRODUCTION NO. 51:** All Documents concerning the claim in the amount of $310,000.00 You scheduled for JMJ in the Bankruptcy Case on Schedule E/F [Docket No. 83].

> **RESPONSE:** Plaintiff objects that this request is overly broad and unduly burdensome. Further, the Plaintiff objects that this request uses the term "all" what as defined therein, if construed strictly, is global and overly broad, such that this Request is not reasonably tailored in scope. Plaintiff further objects to this request as this is not relevant to the matter at hand. Subject to and without waiving the foregoing objections, all discovery is not yet complete and Plaintiff reserves the right to supplement when information becomes available.

**REQUEST FOR PRODUCTION NO. 52:** All Documents concerning the claim in the amount of $61,063.75 You scheduled for Barron Stark Engineers in the Bankruptcy Case on Schedule E/F [Docket No. 83].

> **RESPONSE:** Plaintiff objects that this request is overly broad and unduly burdensome. Further, the Plaintiff objects that this request uses the term "all" what as defined therein, if construed strictly, is global and overly broad, such that this Request is not reasonably tailored in scope. Plaintiff further objects to this request as this is not relevant to the matter at hand. Subject to and without waiving the foregoing objections, all discovery is not yet complete and Plaintiff reserves the right to supplement when information becomes available.

**REQUEST FOR PRODUCTION NO. 53:** All Documents concerning the claim in the amount of $60,000.00 You scheduled for HR Sterling LLC in the Bankruptcy Case on Schedule E/F [Docket No. 83].

> **RESPONSE:** Plaintiff objects that this request is overly broad and unduly burdensome. Further, the Plaintiff objects that this request uses the term "all" what as defined therein, if construed strictly, is global and overly broad, such that this Request is not reasonably tailored in scope. Plaintiff further objects to this request as this is not relevant to the matter at hand. Subject to and without waiving the foregoing objections, all discovery is not yet complete and Plaintiff reserves the right to supplement when information becomes available.

**REQUEST FOR PRODUCTION NO. 54:** All Documents concerning the value of the 118.34 acres of real property situated in the James Bradley Survey, Abstract No. 120, Parker County,

Texas as more particularly described in Exhibit "A" to the Deed of Trust filed under Document Number 201911244 in the Official Public Records of Parker County, Texas (the "118.34 Acres").

> **RESPONSE:** Plaintiff refers to the Documents produced herewith that are relevant and responsive to this request. in response to requests no. 54 and no. 6 what would overlap and include Documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 55:** All appraisals of the 118.34 Acres.

> **RESPONSE:** Plaintiff refers to the Documents produced herewith in response to requests no. 54 and no. 6 what would overlap and include Documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 56:** All Documents concerning the Farm and Ranch Contract with GH Lumar JV and BM318 for the sale of 23.95 acres of land, situated in Parker County, as more particularly described in Exhibit "A" to the Fifth Loan Modification.

> **RESPONSE:** Plaintiff objects as this request is overly broad and requests Documents not relevant to the Matters before the Court. Subject to the foregoing, Plaintiff refers Dixon to the relevant Documents produced herewith that are relevant and responsive to this request.

**REQUEST FOR PRODUCTION NO. 57:** All Documents referenced in any of your responses to any Interrogatory, or which were reviewed or consulted by any of your agents or representatives, other than legal counsel, in the course of responding to any Interrogatory.

> **RESPONSE:** Plaintiff refers to the relevant Documents produced what are responsive to this request.