MUNSCH HARDT
DALLAS / HOUSTON / AUSTIN

Ross Tower
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Main 214.855.7500
Fax 214.855.7584
munsch.com

Direct Dial 214.855.7565
Direct Fax 214.978.5335
dperry@munsch.com

January 21, 2022

***Via Electronic Mail***
Joyce W. Lindauer
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
joyce@joycelindauer.com

Re: BM318, LLC's Objections and Responses to The Dixon Water Foundation's Interrogatories and Requests for Production

Dear Ms. Lindauer:

On November 23, 2021, The Dixon Water Foundation ("Dixon") served its *First Set of Interrogatories* (the "Interrogatories") and its *First Requests for Production of Documents and Other Items* (the "RFPs") on BM318, LLC ("BM318"). Dixon granted BM318 an extension of the December 23, 2021 deadline to serve its objections and responses to the Interrogatories and RFPs in connection with BM318's agreement to produce the documents responsive to the RFPs and Interrogatories no later than January 7, 2022. On January 7, 2022, BM318 provided its *Objections and Responses* (the "Responses") to the Interrogatories and RFPs and, after business hours on January 10, 2022, BM318 produced certain documents which did not comport with the Parties' agreement. This letter addresses deficiencies in the Responses with the goal of reaching a resolution without the need for court intervention.

Dixon reserves the right to raise additional deficiencies, seek court intervention through a Motion to Compel or otherwise and to seek continuance of deadlines in the Adversary Proceeding.

## I. Signing and Verification

The Responses to the Interrogatories (a) did not identify the officer or agent that provided the answers and (b) were not signed under oath. The Interrogatories must be answered "by any officer or agent, who must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B). The Interrogatories must "be answered separately and fully in writing under oath," and "[t]he person who makes the answers must sign them." Fed. R. Civ. P. 33(b)(3), (5). *See also* Interrogatories, Instructions ¶ 1.

Please have the BM318 officer or agent who provided the Responses to the Interrogatories complete the Verification page attached to the Interrogatories. If answers to the Interrogatories were provided by more than one officer or agent, please have each officer or agent complete a separate Verification, identifying the specific Interrogatories answered by each such officer or agent.

**EXHIBIT "3"**

## II. Manner of Production

"A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(B)(2)(E)(i); *see also* RFPs, Instructions ¶ 7. The documents produced thus far were neither produced "as they are kept in the usual course of business" nor did BM318 "organize and label them to correspond to the categories in the request." Rather, the documents that were produced on January 10, 2022 consisted of 6,036 pages combined into nine (9) PDF files without any information regarding which Interrogatories or RFPs the documents were produced in response to.

A party serving RFPs "may specify the form or forms in which electronically stored information is to be produced." Fed. R. Civ. P. 34(b)(1)(C). Accordingly, the RFPs instructed as follows: "in the case of Documents constituting electronically stored information, You must produce such electronically stored information in native format, or in near native format which must be reasonably usable and electronically searchable." RFPs, Instructions ¶ 7. The documents produced on January 10, 2022 were not in native format nor in a reasonably useable and electronically searchable format. As produced, these documents are neither reasonably usable nor electronically searchable.

Please re-produce the documents—and any supplemental documents—in conformance with the Federal Rules and the RFPs. To reiterate, the Requests sought documents in their native format. Thus, please re-produce the documents in native format (for example, without limitation, Microsoft Word documents should be produced in .doc or .docx format; Excel files should be produced in .xls or .xlsx format; e-mails should be produced in .eml, .mbox, .msg, or .pst format, etc.).

## III. Preliminary Statement

### A. <u>Preliminary Statement #3</u>

In the RFPs, Dixon requests that BM318 "produce all responsive Documents in Your possession, custody, care, or control." ; *see also* Fed. R. Civ. P. 34(a)(1) ("A party may serve on any other party a request . . . to produce . . . items in the responding party's possession, custody, or control.").

BM318's Responses indicate that it "will produce responsive documents only to the extent that such documents are in the possession, custody, or control of the Antitrust Division of the U.S. Department of Justice, as set forth in the Federal Rules of Civil Procedure." BM318 further asserts that the documents in its "possession, custody, and control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties or to request their production from other divisions of the Department of Justice or agencies of the United States."

First, as requested in the RFPs and pursuant to the Federal Rules, please produce all responsive documents in the "possession, custody, or control" of BM318.

Second, please confirm that BM318's Responses thus far are not—and that any supplemental responses will not be—limited to documents that are in the possession, custody, or control of the Antitrust

Division of the U.S. Department of Justice or any other divisions of the Department of Justice or agencies of the United States.

Third, if BM318 is aware of responsive documents that are not in its possession, custody, or control, BM318 "must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response.'"[1] In particular, please identify any responsive documents that are in the possession, custody, or control of any other party, including the Antitrust Division of the U.S. Department of Justice or any other divisions of the Department of Justice or agencies of the United States.

**B.** Preliminary Statement #4

BM318 indicates that its Responses "shall not be deemed or construed that there are, in fact, responsive documents."

"'In responding to [Rule 34] discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.'"[2] *See also* RFPs, Instructions ¶ 9.

For each RFP, please indicate whether BM318 is producing any responsive documents and identify the documents being produced. If no documents responsive to an RFP exist, please confirm that BM318 made a reasonable inquiry and determined that no responsive documents exist.

**C.** Preliminary Statement #6

BM318 indicates that it will not produce any "publicly available documents."

The RFPs and the Federal Rules require BM318 to produce all responsive documents in its possession, custody, or control, regardless of whether they are also "publicly available."

Please confirm that BM318's Responses thus far—and that any supplemental responses—include all responsive documents in BM318's possession, custody, or control, including any documents that are also "publicly available." Please also identify any responsive documents that are "publicly available" that BM318 is not producing.

## IV. General Provisions and Objections

The Responses include eight (8) general objections, which BM318 "incorporates by reference" into each Response without further explanation or support.

---

1 *Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D.Tex. 2014) (quoting *Atcherley v. Clark*, No. 1:12cv00225 LJO DLB (PC), 2014 U.S. Dist. LEXIS 131188, at *4 (E.D. Cal. Sept. 17, 2014).

2 *Heller*, 303 F.R.D. at 485 (quoting *Atcherley*, 2014 U.S. Dist. LEXIS 131188, at *3).

"In short, '[o]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections.'"[3] *See also* Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B) (requiring that objections to interrogatories and requests for production be stated "with specificity"). Courts have long held that "these general, generic objections violate the Federal Rules and are invalid."[4] Where, as in BM318's Responses, the General Objections are broadly raised without support or explanation, the requesting party is left "wondering if there are any responsive documents being withheld."[5] Indeed, the Responses do not indicate whether any responsive documents are being withheld on the basis of any of the General Objections.

For example, in the Responses, BM318 first "adopts and incorporates . . . the definitions provided by Dixon in its First Set of Interrogatories and First Requests for Production of Documents." BM318 then proceeds to raise General Objections to each of these same definitions, *see* General Objection Nos. 1, 2, 4, 5, 6, 7, leaving Dixon to speculate as to which definitions BM318 is objecting to, what meanings BM318 is attributing to the defined terms in its Responses, and whether all responsive documents are being produced.

To avoid this lack of clarity, the District Court's edict is clear: "Counsel should cease and desist from raising these free-standing and purportedly universally applicable 'general objections' in responding to discovery requests. Deploying these general objections in this manner is . . . inconsistent with the Federal Rules and is not warranted by existing law."[6]

Please withdraw each of the General Objections and produce any responsive documents previously withheld on the basis of the General Objections.

Dixon further addresses certain of the General Objections, which—"even when asserted in response to a specific discovery request and not as part of a general list of generic objections preceding any responses to specific discovery requests—are likewise improper and ineffective."[7]

**A.** General Objection #1

BM318 generally "objects to each instruction, definition, document request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Bankruptcy Procedure and the applicable Rules and Orders of the Court."

The District Court specifically notes that this general objection "is an off-the-shelf and decidedly non-specific objection that gains the responding party nothing without tying it to a particular discovery

---

3 *Heller, 303 F.R.D. at 483 (quoting Cartel Asset Mgmt. v. Ocwen Fin. Corp., No. 01-cv-01644-REB-CBS, 2010 U.S. Dist. LEXIS 17857, at *30 (D. Colo. Feb. 8, 2010).*

4 *Heller*, 303 F.R.D. at 483.

5 *Heller*, 303 F.R.D. at 485.

6 *Heller*, 303 F.R.D. at 484.

7 *Heller*, 303 F.R.D. at 483.

request and explaining precisely how that request exceeds or conflicts with the scope of permissible discovery."[8]

General Objection #1 is improper and should be withdrawn.

**B.** General Objection #2

BM318 generally "objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege." BM318 does not, however, provide a privilege log or indicate whether any responsive documents have been withheld as privileged or attorney work product. Further, a cursory review of the documents produced by BM318 reveals that it has redacted numerous emails, including not only the content of such emails but also the information regarding who the parties to the emails are. The identity of the parties to the emails is not privileged, should not be redacted and these emails along with any other documents that BM318 is withholding on the basis of a privilege objection should be included in a privilege log to be promptly produced to Dixon.

"To comply with the requirements to support withholding any responsive document or information as privileged or protected work product, a privilege log or equivalent document complying with Federal Rule of Civil Procedure 26(b)(5)(A)'s requirements must be produced for any documents, communications, or other materials withheld from production on the grounds of attorney-client privilege, work product, or other privilege, immunity, or protection."[9] *See also* Interrogatories, Instructions ¶ 4; RFPs, Instructions ¶ 10.

General Objection #2 is improper and should be withdrawn. For each Interrogatory or RFP where BM318 has withheld information or documents on the basis of any privilege or doctrine, please provide a privilege log that identifies the basis of the privilege claimed, the general nature and subject matter of the information subject to such privilege, the Interrogatory or RFP and/or portions thereof to which the asserted privilege applies, the grounds for objection with sufficient particularity in order to enable Dixon and the Court to determine the validity of the assertion of privilege, including without limitation all persons receiving such asserted privileged information, regardless of the time at which such information was received.

**C.** General Objection #3

BM318 generally "objects to each document request and interrogatory that is overly broad, unduly burdensome, not relevant, or not reasonably calculated to lead to the discovery of admissible evidence." None of these are proper bases for objection without additional support.

---

8 *Heller*, 303 F.R.D. at 484.

9 *Heller*, 303 F.R.D. at 486 (citing Fed. R. Civ. P. 26(b)(5)).

"A party resisting discovery must show specifically how each interrogatory or document request is overly broad, unduly burdensome, or oppressive."[10] "This requires the party resisting discovery to show how the requested discovery was overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden"[11]:

- "If a discovery request is overbroad, the responding party must, to comply with Rule 33 or Rule 34, explain the extent to which it is overbroad and answer or respond to the extent that it is not — and explain the scope of what the responding party is answering or responding to."[12]

- "Similarly, if answering or responding to a discovery request would impose an undue burden, the responding party must . . . properly substantiate that assertion . . . ."[13]

- If BM318 asserts that all or part of an Interrogatory or RFP is not relevant or reasonably calculated to lead to the discovery of admissible evidence, BM318 must "make a specific objection explaining how and to what extent the requested documents or information are not relevant and discoverable under the Rule 26(b) standard."[14]

General Objection #3 is improper and should be withdrawn.

**D.** General Objection #4

BM318 generally "objects to each instruction, definition, document request, and interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendant from Defendant's own files, or from documents or information in Defendant's possession."

The RFPs and the Federal Rules require BM318 to produce all responsive documents in its possession, custody, or control, regardless of whether they are also in the possession of Dixon. "[A] party may not simply refuse to respond to a party's discovery request on the grounds that the party already has the information."[15]

General Objection #4 is improper and should be withdrawn.

---

[10] *Heller*, 303 F.R.D. at 490 (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

[11] *Heller*, 303 F.R.D. at 490 (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005)).

[12] *Heller*, 303 F.R.D. at 488 (citing *Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, No. 08-21085-CIV, 2008 U.S. Dist. LEXIS 80465, at *6 (S.D. Fla. Sept. 18, 2008)).

[13] *Heller*, 303 F.R.D. at 489 (citing *Cartel Asset Mgmt.* CBS, 2010 U.S. Dist. LEXIS 17857, at *43).

[14] *Heller*, 303 F.R.D. at 489 (citing *McLeod*, 894 F.2d at 1485).

[15] *Keybank Nat'l Ass'n v. Perkins Rowe Assocs.*, No. 09-497-JJB-SCR, 2011 U.S. Dist. LEXIS 37791, at *7 (M.D. La. Apr. 6, 2011) (citing *Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003)).

**E.** General Objections #5 and #6

BM318 generally objects that the Interrogatories and RFPs seek the disclosure or production of "confidential, proprietary, highly sensitive, or trade secret information." BM318 does not, however, provide any indication regarding the nature of the information that it seeks to withhold from production.

"A party seeking to protect the disclosure of sensitive information must first establish the confidential nature of the requested discovery. . . . Even so, 'there is no absolute privilege for trade secrets and similar confidential information.'"[16] In any event, the proper mechanism for limiting the disclosure of alleged trade secrets or confidential information is a motion for a protective order. *See* Fed. R. Civ. P. 26(c)(1)(G).

General Objections #5 and #6 are improper and should be withdrawn.

**F.** General Objection #8

BM318 generally objects "[t]o the extent any of Defendant's document requests or its interrogatory seek documents or answers that include expert material . . . as premature." BM318 does not identify any "expert material" that is withheld on the basis of this objection.

As noted above with respect to any responsive documents withheld on the basis of privilege or protected work product, "a privilege log or equivalent document complying with Federal Rule of Civil Procedure 26(b)(5)(A)'s requirements must be produced for any documents, communications, or other materials withheld"[17] on the basis of trial-preparation protection for expert witnesses. Communications with an expert witness are explicitly not protected from disclosure if they "identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(C)(ii). BM318 cannot delay production of documents provided to an expert until "the time period for exchanging expert reports set by the Court" under the guise of trial-preparation protection.

General Objection #8 is improper and should be withdrawn. For each Interrogatory or RFP where BM318 has withheld information or documents on the basis of trial-preparation protection for an expert witness, please provide a privilege log that identifies the basis of the privilege claimed, the general nature and subject matter of the information subject to such privilege, the Interrogatory or RFP and/or portions thereof to which the asserted privilege applies, the grounds for objection with sufficient particularity in order to enable Dixon and the Court to determine the validity of the assertion of privilege, including without limitation all persons receiving such asserted privileged information, regardless of the time at which such information was received.

---

16 *BNSF Ry. Co. v. Panhandle N. R.R., LLC*, No. 4:16-cv-01061-O, 2017 U.S. Dist. LEXIS 222564, at *5 (N.D. Tex. May 25, 2017) (quoting *Fed. Open Mkt. Comm. of Fed. Res. Sys. v. Merrill*, 443 U.S. 340, 362 (1979)).

17 *Heller*, 303 F.R.D. at 486 (citing Fed. R. Civ. P. 26(b)(5)).

## V. BM318's Specific Objections and Responses to Dixon's First Set of Interrogatories

### A. Responses "subject to and without waiving the foregoing objection(s)"

In Responses to Interrogatory Nos. 2–7 and 15, BM318 asserts objections and then responds to the Interrogatory "subject to and without waiving the foregoing objection(s)."

"A response of this nature, raising an objection and then providing a response 'subject to and without waiving' the objection, without more, 'leaves the requesting party wondering if there are any responsive documents being withheld' under the objection."[18]

For each of these Interrogatories, please either affirmatively explain whether BM318 is withholding any responsive information based on the asserted objection and/or withdraw the objection.

### B. Responses asserting that Dixon has "the same information as Plaintiff"

In Responses to Interrogatory Nos. 3, 4, and 7, BM318 objects that "Dixon, as the recipient of such information, would have the same information as Plaintiff."

The Interrogatories and the Federal Rules require BM318 to provide all responsive information, regardless of whether Dixon may already have the same information. "[A] party may not simply refuse to respond to a party's discovery request on the grounds that the party already has the information."[19]

For each of these Interrogatories, please withdraw the objection and answer the Interrogatory fully in writing under oath.

### C. Responses refusing to provide a "legal conclusion" or to "speculate"

In Responses to Interrogatory Nos. 3, 10–14, and 16, BM318 objects that the Interrogatory "calls for a legal conclusion"; BM318 further objects to Interrogatory Nos. 10–14 and 16 as calling for BM318 to "speculate."

These Interrogatories neither ask for a legal opinion nor ask BM318 to speculate; rather the Interrogatories ask BM318 to describe its understanding of and/or provide the factual bases for issues on which BM318 bears the burden of proof: elements related to the causes of action asserted in the Complaint. If BM318 does not have an understanding of or factual bases for these matters, the Responses should so indicate.

Furthermore, even if the Interrogatories asked for a legal opinion, BM318 must nevertheless fully respond. The Federal Rules explicitly provide that an interrogatory "may relate to any matter that may

---

18 *Kunze v. Baylor Scott & White Health*, No. 3:20-CV-01276-N, 2021 U.S. Dist. LEXIS 202938, at *3 (N.D. Tex. Oct. 21, 2021) (citing *Heller*, 303 F.R.D. at 485).

19 *Keybank Nat'l Ass'n v. Perkins Rowe Assocs.*, No. 09-497-JJB-SCR, 2011 U.S. Dist. LEXIS 37791, at *7 (M.D. La. Apr. 6, 2011) (citing *Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003)).

be inquired into under Rule 26(b)" and is "not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2).

For each of these Interrogatories, please withdraw the objection and answer the Interrogatory fully in writing under oath.

**D.** Objections that an Interrogatory is "duplicitous"

In Responses to Interrogatory Nos. 2 and 6, BM318 objects that the Interrogatory is "duplicitous" to Interrogatory Nos. 1 and 5, respectively.

As an initial matter, the term "duplicitous" may not have the meaning intended by BM318. "The term 'duplicative' is the adjective form of 'duplicate,' which indicates doing the same thing more than once. However, the term 'duplicitous' is defined by Black's Law Dictionary, 7th ed., as 'deceitful, double-dealing.'" *Design Ideas, Ltd. v. Yankee Candle Co.*, No. 10-CV-3217, 2013 U.S. Dist. LEXIS 4447, at *14 n.4 (C.D. Ill. Jan. 11, 2013). Assuming BM318 intended to object that one Interrogatory is "duplicative" of another, the objection is nevertheless improper.

The court has the discretion to limit discovery if it determines that the request is "unreasonably" duplicative. Fed. R. Civ. P. 26(b)(2)(C)(i). That is not the case here. Interrogatory Nos. 1 and 2 and Nos. 5 and 6 are each carefully worded to obtain information about different aspects of the Deed in Escrow Agreement and the Fifth Loan Modification, respectively.

For each of these Interrogatories, please withdraw the objection and supplement the Responses with any information previously withheld on the basis of the objection.

**E.** Value of the "Remaining Land" at specified times

Interrogatory No. 8 asks what BM318 contends is the value of the Remaining Land "at the time of execution of the Deed in Escrow Agreement," while Interrogatory No. 9 asks what BM318 contends is the value of the Remaining Land "at the time that Dixon recorded the Special Warranty Deed." These are two different dates:

- "The last modification of the Loan occurred on February 27, 2020 which included a Deed in Escrow Agreement." *See* Complaint ¶ 13.
- "[O]n July 2, 2020, the Defendant recorded the Deed pursuant to the Deed in Escrow Agreement . . . ." *See* Complaint ¶ 15.

For Interrogatory Nos. 8 and 9, please supplement the Responses based on these dates, as alleged by BM318 in the Complaint.

**F.** Relationship between BM318 and JMJ

Interrogatory No. 15 asks BM318 to describe in detail its relationship with JMJ. In its Response, BM318 objects that the Interrogatory is not relevant and states only that "there is no direct ownership interest."

The nature of the relationship between BM318 and JMJ was relevant enough to include in BM318's Complaint. *See* Complaint ¶ 14 (disclosing that JMJ is "an entity related to" BM318, which entered into a buyback contract for the purchase of the Remaining Land from Dixon). Discovery regarding the relationship between BM318 and JMJ may lead to the discovery of admissible evidence and is otherwise proportional to the needs of the case: reciting details regarding the relationship between BM318 and JMJ requires minimal effort.

BM318's Response to Interrogatory No. 15 is insufficient as it does not address any of the aspects of the relationship listed in the Interrogatory: "any affiliate relation, insider relation (as the term 'insider' is defined in the Bankruptcy Code), ownership relation, common affiliates, common officers and/or directors, and any and all business conducted between you and JMJ."

For Interrogatory No. 15, please withdraw the objection and answer the Interrogatory fully in writing under oath.

**G.** Damages calculation

Interrogatory No. 16 asks BM318 to "detail any calculation of damages you allege you are entitled to receive pursuant to the Complaint." In its Response, BM318 objects that the "investigation and development of all facts and circumstances relating to this action is ongoing, thus the interrogatory is immature." Assuming BM318 intended to object to Interrogatory No. 16 as being "premature" rather than "immature," the objection is nevertheless improper and the Response incomplete.

Subject to BM318's ongoing duty to supplement its Responses, *see* Fed. R. Civ. P. 26(e), the Interrogatory requests any detail that BM318 currently has regarding how it will calculate the damages it asserts in the Complaint. If BM318 filed its Complaint without an understanding of how it would calculate damages, the Response should so indicate. Otherwise, please supplement the Response to Interrogatory No. 16 to provide as much detail as BM318 currently has regarding its damages calculation.

## VI. BM318's Objections and Responses to Dixon's First Requests for Production of Documents and Other Items

**A.** Objections to producing "documents in Dixon's possession" or the "possession of others"

In Reponses to RFP Nos. 1–15, 17–20, 34–36, and 47, BM318 objects to producing documents that are in Dixon's possession; BM318 further objects to RFP Nos. 7–20 and 34–36 as requiring the production of documents "in the possession of others."

The RFPs and the Federal Rules require BM318 to produce all responsive documents in its possession, custody, or control, regardless of whether they are also in the possession of Dixon or a third party. "[A] party may not simply refuse to respond to a party's discovery request on the grounds that the party already has the information."[20] Furthermore, if BM318 is aware of any responsive documents that it is not producing because they are not in its possession, custody, or control, BM318 "must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response.'"[21]

For each of these RFPs, please withdraw the objection and produce all responsive documents in BM318's possession, custody, or control.

**B.** Objections to producing "*all*" Documents

In Responses to RFP Nos. 1–20, 28–30, 32–38, and 41–46, BM318 objects, to the extent that the RFP "requests *all* documents concerning" a particular topic, that "Plaintiff does not, and cannot have *all* Documents" concerning such topic. This objection is improper.

Of course BM318 cannot produce documents that are not in its possession, custody, or control, and the RFPs and the Federal Rules do not so require. The RFPs and the Federal Rules do require, however, that BM318 produce all responsive documents in its possession, custody, or control.

For each of these RFPs, please withdraw the objection and produce all responsive documents in BM318's possession, custody, or control, including any documents that BM318 withheld on the basis of this objection.

**C.** Producing documents "to the extent Plaintiff is in possession" of a responsive document that has "not already been produced" and is "not protected by the privileges listed above"

In Responses to RFP Nos. 1–9, 11–12, 15–38, and 41–46, BM318 indicates that, "to the extent Plaintiff is in possession of any Document responsive to this request, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above"; BM318 further objects to RFP Nos. 1–5 and 42–45 to the extent they seek "documents protected by the attorney-client privilege or work product doctrine."

First, the RFPs and the Federal Rules require BM318 to produce all responsive documents in its possession, custody, or control; not just those responsive documents in BM318's "possession." For each of these RFPs, please provide a supplemental Response that confirms that BM318 has produced all responsive documents in its "possession, custody, or control."

---

[20] *Keybank Nat'l Ass'n v. Perkins Rowe Assocs.*, No. 09-497-JJB-SCR, 2011 U.S. Dist. LEXIS 37791, at *7 (M.D. La. Apr. 6, 2011) (citing *Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003)).

[21] *Heller*, 303 F.R.D. at 485 (quoting *Atcherley v. Clark*, No. 1:12cv00225 LJO DLB (PC), 2014 U.S. Dist. LEXIS 131188, at *4 (E.D. Cal. Sept. 17, 2014).

Second, when BM318 provided its Responses, no documents had been produced. Indeed, no documents were produced until three days later. Please confirm that BM318 has not withheld any responsive documents on the belief that the documents had already been produced.

Third, as noted above, if BM318 has withheld any documents on the basis of any privilege or doctrine, please provide a privilege log that identifies the basis of the privilege claimed, the general nature and subject matter of the information subject to such privilege, the RFP and/or portions thereof to which the asserted privilege applies, the grounds for objection with sufficient particularity in order to enable Dixon and the Court to determine the validity of the assertion of privilege, including without limitation all persons receiving such asserted privileged information, regardless of the time at which such information was received.

**D.** Responses "subject to and without waiving the foregoing objection(s)"

In Responses to RFP Nos. 1–9, 11–12, 16–46, 48–53, and 56, BM318 asserts objections and then responds to the RFP "subject to and without waiving the foregoing objection(s)."

"A response of this nature, raising an objection and then providing a response 'subject to and without waiving' the objection, without more, 'leaves the requesting party wondering if there are any responsive documents being withheld' under the objection."[22]

For each of these RFPs, please either affirmatively explain whether BM318 is withholding any responsive documents based on the asserted objection or withdraw the objection.

**E.** Objections that an RFP is "overly broad"

In Responses to RFP Nos. 3, 5–10, 13–17, 41–45, 49–53, and 56, BM318 objects that the RFP is "overly broad."

None of the RFPs are "overly broad" because they are limited to only those documents in the possession, custody, or control of BM318. The RFPs are further limited to "the time period beginning November 1, 2018, through the present." *See* RFPs, Instructions ¶ 12. Indeed, BM318, as the plaintiff that commenced this lawsuit, likely has already gathered many of the responsive Documents as part of its own due diligence.

"If a discovery request is overbroad, the responding party must, to comply with Rule 33 . . . , explain the extent to which it is overbroad and answer or respond to the extent that it is not — and explain the scope of what the responding party is answering or responding to."[23] BM318 would still need to

---

22 *Kunze v. Baylor Scott & White Health*, No. 3:20-CV-01276-N, 2021 U.S. Dist. LEXIS 202938, at *3 (N.D. Tex. Oct. 21, 2021) (citing *Heller*, 303 F.R.D. at 485).

23 *Heller*, 303 F.R.D. at 488 (citing *Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, No. 08-21085-CIV, 2008 U.S. Dist. LEXIS 80465, at *6 (S.D. Fla. Sept. 18, 2008)).

produce all Documents in its possession, custody, or control that are responsive to the portion of the RFP that is not "overly broad."

For each of these RFPs, please (1) describe the documents that are being withheld on the basis of the objection; and produce responsive documents to the extent the RFP is not overbroad, or (2) withdraw the objection and produce all responsive documents in BM318's possession, custody, or control.

**F.** Objections that an RFP "seeks the production of Documents that are not relevant" or "not calculated to lead to the discovery of admissible evidence"

In Responses to RFP Nos. 10, 13–17, 19–33, 41–45, 49–53, and 56, BM318 objects that the RFP seeks the production of Documents that are "not relevant"; BM318 further objects to RFP Nos. 3, 5–10, and 13–15 as "not calculated to lead to the discovery of admissible evidence" because they are either "not described with appropriate specificity" or "not properly limited in scope."

The Federal Rules broadly allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Documents in BM318's possession, custody, or control that are related to each of the Loan Documents (the Note, the Deed of Trust, the Loan Modifications, the Deed in Escrow Agreement, and the Special Warranty Deed), the Real Property, the Remaining Land, the Encumbered Land, Dixon, JMJ, and BM318 (including BM318's financials, assets, and liabilities at relevant times and BM318's communications, relationships, and transactions with relevant parties) are all either relevant to a party's claim or defense or could otherwise lead to the discovery of admissible evidence.

If BM318 nevertheless asserts that all or part of an RFP is not relevant or reasonably calculated to lead to the discovery of admissible evidence, BM318 must "make a specific objection explaining how and to what extent the requested documents or information are not relevant and discoverable under the Rule 26(b) standard" and specifically describe the portion of the RFP to which BM318 is producing documents.[24] Otherwise, BM318 should withdraw the objections and produce all responsive documents in its possession, custody, and control.

**G.** Objections that "the value of the Real Property fluctuates over time"

In Responses to RFP Nos. 6,7 and 8, BM318 objects that the RFPs are "not described with appropriate specificity, considering that the value of the Real Property fluctuates over time." This objection is improper. Indeed, the value of the Real Property at various relevant times is at center of this dispute.

In response to these RFPs, please produce all responsive Documents regarding the value of the Real Property and the Remaining Land, or any portions thereof, and all responsive Documents concerning "any potential or proposed sale, conveyance, transfer, or disposition of the Remaining Land, or any

---

[24] *Heller*, 303 F.R.D. at 489 (citing *McLeod*, 894 F.2d at 1485).

portion thereof, including any responsive Documents that reflect the fluctuating value of the Real Property over time.

**H.** Appraisals of the Real Property and Remaining Land

RFP Nos. 13 and 14 request production of all appraisals of the Real Property and of the Remaining Land, which are essential and at the core of BM318's claims. Please produce all such appraisals in BM318's possession, custody, or control or indicate that no such appraisals exist.

**I.** Documents and Communications with American Escrow Company

RFP No. 15 requests all Documents and Communications with or concerning American Escrow Company. Dixon agrees that this RFP should be limited to relevant topics.

In response to RFP No. 15, please produce all Documents and Communications with or concerning American Escrow Company that relate to Dixon, the Deed in Escrow Agreement, and any funds held pursuant to the Deed in Escrow Agreement.

**J.** Objections that an RFP is "vague and ambiguous"

In Responses to RFP Nos. 10, 13–17, 37–38, and 42–45, BM318 objects that the RFP is "vague and ambiguous."

"'The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.' 'A party objecting on these grounds must explain the specific and particular way in which a request is vague.'"[25] The "vague and ambiguous" objections asserted in response to RFP Nos. 10 and 13–15 are improperly raised without any further explanation. None of these RFPs are vague or ambiguous; each seeks the production of all responsive Documents in BM318's possession, custody, or control that relates to a discrete, relevant matter. Please produce all such responsive Documents.

For the remaining interrogatories, the below table lists the RFPs for which BM318 provided at least some explanation for its "vague and ambiguous" objection. In order to efficiently resolve any dispute, Dixon provides the following clarifications:

| **RFP No.** | **"vague and ambiguous" objection** | **clarification** |
|---|---|---|
| 16. All Documents constituting or concerning Communications with JMJ and further concerning the Remaining Land or any portion thereof. | unclear whether Defendant seeks all Communications with JMJ, or only those concerning the Remaining Land or any portion thereof. | Please produce all Communications with JMJ, including those concerning the Remaining Land or any portion thereof. |

25 *Heller*, 303 F.R.D. at 491 (citations omitted).

| **RFP No.** | **"vague and ambiguous" objection** | **clarification** |
|---|---|---|
| 17. All Documents constituting or concerning Communications with JMJ and further concerning Dixon. | unclear whether Defendant seeks all Communications with JMJ, or only those concerning Dixon | Please produce all Communications with JMJ, including those concerning Dixon. |
| 37. All Documents concerning BM318's existing or available capital at any time from June 1, 2020 through the Petition Date. | "existing or available capital" is vague and ambiguous and could vary on a daily basis | Please produce all Documents concerning BM318's existing or available capital, including any that demonstrate the variability on a daily basis. |
| 38. All Documents concerning BM318's existing or available capital at any time from January 1, 2020 through the Petition Date. | "existing or available capital" is vague and ambiguous and could vary on a daily basis | Please produce all Documents concerning BM318's existing or available capital, including any that demonstrate the variability on a daily basis. |
| 42. All Documents constituting or concerning Communications with Larry Martin (identified in Plaintiff's Initial Disclosures) and further concerning the Real Property, Remaining Land, any portion thereof, or Dixon. | unclear whether Defendant seeks all Communications with Larry Martin, or only those concerning the Real Property, Remaining Land, or any portion thereof | Please produce all Communications with Larry Martin concerning the Real Property, Remaining Land, any portion thereof, or Dixon. |
| 43. All Documents constituting or concerning Communications with Mark Adams (identified in Plaintiff's Initial Disclosures) and further concerning the Real Property, Remaining Land, any portion thereof, or Dixon. | unclear whether Defendant seeks all Communications with Mark Adams, or only those concerning the Real Property, Remaining Land, or any portion thereof | Please produce all Communications with Mark Adams concerning the Real Property, Remaining Land, any portion thereof, or Dixon. |
| 44. All Documents constituting or concerning Communications with Chris Chevreaux concerning the Remaining Land, any portion thereof, and/or the Chevreaux Appraisal Report. | unclear whether Defendant seeks all Communications with Chris Chevreaux, or only those concerning the Remaining Land or the Chevreaux Appraisal Report | Please produce all Communications with Chris Chevreaux concerning the Remaining Land, any portion thereof, and/or the Chevreaux Appraisal Report. |
| 45. All Documents constituting or concerning Communications with Jim Pruitt concerning the Remaining Land, any portion thereof, and/or the Chevreaux Appraisal Report. | unclear whether Defendant seeks all Communications with Jim Pruitt, or only those concerning the Remaining Land or the Chevreaux Appraisal Report | Please produce all Communications with Jim Pruitt concerning the Remaining Land, any portion thereof, and/or the Chevreaux Appraisal Report. |

**K.** Objections that an RFP is "immature"

In Responses to RFP Nos. 19–33 and 37–40, BM318 objects that the RFP is "immature" because BM318's "investigation and development of all facts and circumstances relating to this action is ongoing." Assuming BM318 intended to object to these RFPs as being "premature" rather than "immature," the objection is nevertheless improper.

RFP Nos. 19–33 and 37–38 request the production of historical financial documents. Please either produce the requested documents or indicate that—after reasonable inquiry—they do not exist.

RFP Nos. 39 and 40 request production of Documents concerning any negotiations or discussions (with any persons or entities other than Dixon) "for the potential or proposed sale, conveyance, transfer, or disposition of the Remaining Land, or any portion thereof." Subject to BM318's ongoing duty to supplement its Responses, *see* Fed. R. Civ. P. 26(e), please identify any responsive Documents or Communications are being produced or confirm that no such documents exist.

**L.** Objections that an RFP is "duplicitous"

In Responses to RFP Nos. 12–14, 20, 22, 24, 25–29, 32, 37, and 44, BM318 objects that the RFP is "duplicitous" to other RFPs.

As an initial matter, the term "duplicitous" may not have the meaning intended by BM318. "The term 'duplicative' is the adjective form of 'duplicate,' which indicates doing the same thing more than once. However, the term 'duplicitous' is defined by Black's Law Dictionary, 7th ed., as 'deceitful, double-dealing.'" *Design Ideas, Ltd. v. Yankee Candle Co.*, No. 10-CV-3217, 2013 U.S. Dist. LEXIS 4447, at *14 n.4 (C.D. Ill. Jan. 11, 2013). Assuming BM318 intended to object that one RFP is "duplicative" of another, the objection is nevertheless improper.

The court has the discretion to limit discovery if it determines that the request is "unreasonably" duplicative. Fed. R. Civ. P. 26(b)(2)(C)(i). That is not the case here. The RFPs are carefully worded to ensure that all responsive documents about the requested topic are produced. Even if the RFPs are determined to be "duplicative," they are not "unreasonably" duplicative. BM318 has provided no evidence of any burden imposed by the "duplicative" RFPs. Indeed, "all [BM318] must do is reference the corresponding response to answer the request."[26]

For each of these RFPs, please withdraw the objection and supplement the Responses with any responsive documents previously withheld on the basis of the objection.

---

26 *StoneEagle Servs. v. Gillman*, No. 3:11-cv-2408-P, 2013 U.S. Dist. LEXIS 194350, at *16 (N.D. Tex. Dec. 23, 2013).

**M.** <u>Documents created prior to "the date on which Dixon recorded the Special Warranty Deed"</u>

RFP No. 48 seeks the production of certain "Documents created prior to the date on which Dixon recorded the Special Warranty Deed." In its Response, BM318 objects that "'the date on which Dixon recorded the Special Warranty Deed' is not defined." This objection is disingenuous.

In the Complaint, BM318 alleges: "on July 2, 2020, the Defendant recorded the Deed pursuant to the Deed in Escrow Agreement . . . ." See Complaint ¶ 15.

For RFP No. 48, please withdraw the objection and produce all responsive Documents created prior to "the date on which Dixon recorded the Special Warranty Deed," as such date is alleged by BM318 in the Complaint.

**N.** <u>Documents concerning scheduled claims</u>

RFP Nos. 49–53 request Documents concerning claims scheduled by BM318. As above, the RFP requests the production of "all" responsive Documents, which is, pursuant to the RFPs and the Federal Rules, limited to those responsive Documents in the possession, custody, and control of BM318. The scheduled claims are relevant as to the elements of BM318's claims asserted in the Complaint. Please produce all responsive Documents regarding these scheduled claims.

Sincerely,

MUNSCH HARDT KOPF & HARR, P.C.

By:________________________________
Deborah M. Perry

cc: Jay H. Ong