**JOYCE W. LINDAUER ATTORNEY, PLLC**
Attorney & Mediator
1412 Main Street, Suite 500
Dallas, Texas 75202
Email: joyce@joycelindauer.com

Telephone No.
(972) 503-4033

Facsimile No.
(972) 503-4034

February 3, 2022

Via Email
Deborah M. Perry
Munsch Hardt Kopf & Harr, PC
500 North Akard Street, Suite 3800
Dallas, Texas 75201
Email: dperry@munsch.com

**RE: BM318, LLC's Objections and Responses to Defendant The Dixon Water Foundation's (1) First Set of Interrogatories and (2) First Requests for Production of Documents and Other Items (collectively, "Discovery Requests"**

Dear Ms. Perry:

In response to your letter dated January 21, 2022, in which you identified and/or alleged certain deficiencies concerning its Objections and Responses, BM318, LLC ("BM318," "Debtor," or "Plaintiff," as appropriate) would reply as follows, generally noting that its Objections and Responses (the "Responses") were actually provided in accordance with the Parties' agreement, with exceptions as noted *infra*, despite your assertion to the contrary. The following responses are subject to and shall not be in waiver of any of the objections made by Debtor in response to Defendant's Discovery Requests.

## I. Signing and Verification

Debtor admits the allegation in the first paragraph Section I concerning the requirements outlined in Fed. R. Civ. P. 33(b)(1)(B), 33(b)(3) and 33(b)(5). Debtor would note that it must provide a signed verification of the agent(s) or officer(s) of the Debtor to fully comport with these Rules. As such, Debtor will cure this discrepancy by tendering such Verification Statement or Statements in a timely manner.

## II. Manner of Production

Debtor admits that Fed. R. Civ. P 34(b)(2)(E)(i), states that documents (i) must be produced as kept in the usual course of business or (ii) must be organized and labelled corresponding to categories in the request, but denies that it has in any way violated this rule regarding their manner of production. Notably, the Rule permits production in one of two ways. While the documents were indeed not labeled according to the Request to which they are responsive, the files have been produced to you in the way they are kept in the ordinary course of business which is primarily in



EXHIBIT "4"

chronological order. The Debtor simply combined the 6,036 pages (found in hundreds if not thousands of files) into the consolidated nine (9) PDF files, facilitating transmission and required Bates-stamping which is necessary to simplify identification and reference. The application software used by my law firm to perform this function converts the files to PDF format. This is a standard practice. As for your instructions to provide all documents in native format or near native format, that instruction is not mirrored in the federal rules, and is imposed only by you. Despite this, the allegation that the "documents are neither reasonably usable nor electronically searchable," as a result of them not being in native (or near native) format is untrue. I have personally been able to electronically search the documents myself for specific text. As such, all documents produced have been in conformity with both the Federal Rules and the RFPs as written. Further, they have been produced in the only manner that allows such documents to be Bates-stamped, and are produced in a format that precludes their manipulation or alteration.

Given that Debtor has objected to certain requests contained in Plaintiff's Discovery Requests, including the expansive and overlapping scope and that such requests were overly broad, unduly burdensome, irrelevant, or not reasonably calculated to lead to the discovery of admissible evidence, any requirement to "organize and label them to correspond to the categories in the request" would be overly burdensome and cause unnecessary and additional costs and would result in many duplicate documents having to be produced dramatically increasing the number of total documents produced. Thus, Debtor is not required to be additionally unnecessarily burdened and incur such additional costs to comply with such request unless and until the Court has first ruled on Debtor's objections.

## III. Preliminary Statement

### A. Preliminary Statement #3

Plaintiff acknowledges the concerns of Defendant as to the content of this Preliminary Statement concerning possession, custody and control of documents responsive to the Defendant's Requests for Production. The language in Preliminary Statement #3 of which the Defendant complains was not intended to be included in that section. As such, Plaintiff waives this objection. Plaintiff asserts that production relating to specific requests has been performed as stated in each individual response. Plaintiff also asserts that its production will not be, and has not been, limited to documents in the possession, custody, or control of the Antitrust Division of the U.S. Department of Justice or other agencies of the United States government. Finally, Plaintiff asserts that it is unaware of any documents outside the sphere of its possession, custody, or control in the possession of any other party, person, entity that may be responsive to any of the Defendant's production requests.

### B. Preliminary Statement #4

Plaintiff has asserted specific objections to certain Requests for Production. For such objectionable requests, documents will be produced to the extent that they do not waive any such objection. For those for which documents have been produced, or will be produced, the Responses to such clearly identify which Requests those are. For those requests for which documents have been produced and are thus already in the possession, custody, or control of your client pursuant to

earlier production, such documents will not necessarily be produced yet again. For those Requests that are duplicative of other Requests, no additional (i.e. duplicative) production will be provided since duplicate production is not required and is overly burdensome to Debtor. In those instances where Plaintiff had not yet completed its search for responsive documents, or has discovered or discovers in the future additional responsive documents, Plaintiff indicated that it would supplement production of documents when such were available (i.e. located). Debtor has not indicated in any response that it was not able to locate any documents.

### C. Preliminary Statement #6

Plaintiff has objected to the demand for production of documents that are "publicly available" for the simple reason that Defendant Dixon Water Foundation has equal if not better access to such documents. Fed. R. Civ. P. 26(b)(1) is clear as to the factors on which the scope of discovery is dependent. Those factors include the "parties' relative access to relevant information." Defendant's demand that Plaintiff produce documentation to which it too has access clearly exceeds the scope of discovery permitted by the aforementioned Rule. Here, if information is publicly available, the Defendant's access is the same, relatively speaking, as that of the Plaintiff. As such, Plaintiff is not required to produce documents to which Defendant has equal if not better access. Thus, these documents will not be produced.

## IV. General Provisions and Objections

The purpose of providing the enumerated list of General Provisions and Objections was to highlight and summarize to the Defendant that each and every one of its Interrogatories and Requests for Production was deficient for the specific reasons contained therein. However, a careful reading of the individual discovery requests will reveal that each of these objections was further referenced in the discovery requests that succeeded the general objections. Where discovery requests:

a. exceeded the scope of the Federal Rules of Civil Procedure;
b. demanded documents violative of the attorney-client privilege and the work product doctrine;
c. posed questions and demanded documents in a manner that was overly broad, unduly burdensome, irrelevant, or not reasonably calculated to lead to the discovery of admissible evidence;
d. sought documents already in the possession, custody, or control of the Defendant (i.e. emails between the Plaintiff and Defendant and documents already provided by the Plaintiff to the Defendant);
e. required disclosure of confidential, proprietary, highly sensitive, or trade secret information whether by the Plaintiff or regardless of if already produced by a third-party;
f. required creation and production of non-existent documents;
g. required documents or responses that would contain information to be provided by an expert;

such requests would indeed be objectionable.

As for the assertion that the Responses do not indicate whether any responsive documents are being withheld on the basis of any general objection, each Response specifically identified with particularity the reason for which a Response was not offered, or a document was not provided as applicable. Where a general objection was applicable, such objection was noted. Where it is not, no mention of it was made. There is no confusion or ambiguity as to the grounds for objection to any particular Interrogatory or Request for Production as it was clearly included in the individual responses. To be clear, where the specific response indicated that an objection (general and/or specific) exists, but notwithstanding such objection the documents will be produced, such documents have been or will be produced. Where the specific response indicated that an objection (general and/or specific) exists and either fails to state such documents will be produced or states that documents will not be produced, such documents will not be produced.

Since the general objections were reiterated in the specific responses where appropriate, the requirement of specificity of an objection as to each individual Interrogatory or Request for Production is met.

To cure this issue, the Plaintiff proposes to remove the section in its *Objections and Responses to the Dixon Water Foundation's Interrogatories and Requests for Production* titled "General Provisions and Objections" and would refer the Defendant to its specific objections in the body of its responses.

## V. BM318's Specific Objections and Responses to Dixon's First Set of Interrogatories

### A. Responses "subject to and without waiving the foregoing objection(s)"

In response to Interrogatory Nos. 2-7 and 15, wherein the Plaintiff used the language that its responses were "subject to and without waiving the foregoing objection[s]," Plaintiff acknowledges the Defendant's concern as to whether or not "there are any responsive documents being withheld under the objection." [1] To alleviate the Defendant's concern, Plaintiff would note that it is not intentionally withholding any documents responsive to these Interrogatories, and to its knowledge, has produced all documents in its custody, care, and control that are responsive to these Interrogatories. The Plaintiff does not withdraw its objections on any of the enumerated Interrogatories.

### B. Responses asserting that Dixon has "the same information as Plaintiff"

Interrogatory Nos. 3, 4, and 7 request information from the Plaintiff that the Defendant already has in its possession since it demands information Plaintiff already provided to the Defendant in past communications. As mentioned *supra*, "in establishing the scope of discovery to which parties are entitled, Rule 26(b)(1) expressly requires courts to take into consideration the parties' relative access to relevant information [while]… Rule 26(b)(2)(C) authorizes courts to limit the extent of discovery if they determine that discovery sought by a party is available from some

[1] *Kunze v. Baylor Scott & White Health*, No. 3:20-CV-01276-N, 2021 U.S. Dist. LEXIS 202938, at *3 (N.D. Tex. Oct. 21, 2021) (citing *Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014)).

other source that is more convenient.[2] Courts have also found that to require a party to provide discovery concerning information that is already available to the requesting party is unduly burdensome.[3] Here it is clear that the access to the desired information may be obtained by both parties equally as easily. Further, since the Defendant has complete access to the information already, it would be more convenient for the Defendant to obtain such information without unduly burdening the Plaintiff to search for the same information in its own files.

C. Responses refusing to provide a "legal conclusion" or to "speculate"

Plaintiff admits that Interrogatory Nos. 3, 10-14, and 16 object on the basis that the Interrogatory "calls for a legal conclusion while Interrogatories 10-14 and 16 call for the Plaintiff to "speculate." From the way these Interrogatories are worded, the only conclusion that Plaintiff can make is that Defendant desires the Plaintiff to provide information as to the enforceability of and agreement, whether or not such agreement provides for a fraudulent transfer, and what might have happened had certain actions been (or will be) taken, or had certain events occurred (or will occur), or if particular sections of the Bankruptcy Code might be applied to the Plaintiff's claims. Where an interrogatory calls for a legal conclusion, such "requests are clearly improper subjects for discovery."[4] As for the speculative nature of the aforementioned discovery requests, "Rule 26(b) [which provides limits on the scope of discovery] 'has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition'"[5] by forcing a party to answer questions of law to be determined by the Court, or by providing answers to questions that ponder "What if?"

D. Objections that an Interrogatory is "duplicitous"

Plaintiff admits that it used the improper adjective "duplicitous" when it intended to use that of "duplicate" or "duplicative." Correcting the objection for the proper descriptor, the objection is proper, despite the Defendant's assertion to the contrary. Pursuant to Fed. R. Civ. P. 26, "a court must limit discovery if … the discovery sought is unreasonable cumulative or duplicative."[6] While Interrogatory No. 2 focuses on Plaintiff's reasons for accepting the consideration received from Defendant under the Deed in Escrow Agreement, Interrogatory No. 1 asks what reasons Plaintiff entered into that Agreement, including the tangible and intangible benefits to be received, including the consideration to be received. Clearly, Interrogatory No. 2 is incorporated into Interrogatory No. 1. Any response to Interrogatory No.1 would suffice for that to Interrogatory No. 2. Since the Plaintiff responded to Interrogatory No. 1 and, for Interrogatory No. 2 referred Defendant to Plaintiff's previous response to Interrogatory No. 1, the Plaintiff has fully and adequately responded to both Interrogatories. The same is true for Interrogatory Nos. 5 and 6, which simply replace the term "Deed in Escrow Agreement" with "Fifth Loan Modification Agreement." Despite the Defendant's assertion that the Interrogatories are "carefully worded to

[2] *Johnson v. Charps Welding & Fabricating*, No. 14-cv-2081 (RHK/LIB), 2016 U.S. Dist. LEXIS 201538, at *12 n.9 (D. Minn. 2016). See also *Kasper v. Aac Holdings*, No. 3:15-cv-00923, 2017 U.S. Dist. LEXIS 231826, at *19 (M.D. Tenn. 2017).
[3] *Johnson* at *12 n.9.
[4] *Walls v. Kahoe*, No. 5:06-CV-188-DCB-MTP, 2008 U.S. Dist. LEXIS 114704, at *2 (S.D. Miss. 2008).
[5] *Crosby v. La. Health Serv. & Indem. Co*., 647 F.3d 258, 264 (5th Cir. 2011).
[6] *In re Flambeaux Gas & Elec. Lights, LLC*, No. 18-11979 SECTION "A", 2019 Bankr. LEXIS 1737, at *11 (Bankr. E.D. La. 2019).

obtain information about different aspects of the Deed in Escrow Agreement and the Fifth Loan Modification Agreement," that is not the case. The Plaintiff does not intend to duplicate responses to multiple Interrogatories. Further, despite the implication that Plaintiff has withheld information from its responses based on its objections, Plaintiff denies such and states unequivocally that it has responded in full to both Interrogatories. Since the Plaintiff continues to object to duplicative Interrogatories (which have been answered), Plaintiff will not withdraw its objection, nor will it supplement its Responses as requested since no supplement is required.

E. Value of the "Remaining Land" at specified times

In response to Interrogatory Nos. 8 and 9, the Plaintiff has noted that it has provided Defendant with the documents it has in its possession containing the appraisal value of the "Remaining Land" and intends to supplement such documents with certain documents that have recently been discovered in response to such interrogatories and related requests. A party is not required to create documents in the specific form desired by the opposing party when information satisfying the discovery requirement has been provided.[7] Fed. R. Civ. P. 34 which governs discovery, provides for the request for and production of documents that "are in the possession, custody or control of the party upon whom the request is served[,]" which essentially means that a party is only required to produce documents already in existence.[8] A party is not required "to prepare, or cause to be prepared new documents solely for their production.[9] Since the Plaintiff has provided the documents containing the desired information, and has referred Defendant to such information, Defendant will not supplement its responses to these Interrogatories except as provided above, nor will it create documents that would permit it to do so.

F. Relationship between BM318 and JMJ

With respect to the relationship between Plaintiff and JMJ Development, LLC ("JMJ"), the Plaintiff only offered in the Complaint at paragraph 14 that the two were related to ensure full transparency that the relationship exists, and to indicate that the Defendant was aware of said relationship between the two prior to the Defendant and JMJ entering into a "Real Estate Sales Agreement for the purchase of the Remaining Land from the Defendant for the referenced amount on the referenced closing date. Because the Defendant is (and was) fully aware of that relationship and the nature thereof, and particularly that neither JMJ nor the Plaintiff have an ownership interest in the other, the Plaintiff's objection on the grounds of relevancy still stands. No supplemental response will be prepared.

G. Damages calculation

With respect to the calculation of damages, the Plaintiff admits that the better adjective to have used to describe such calculation would be that of "premature" as opposed to "immature." Regardless of the Plaintiff's choice of adjective describing the aforementioned calculation, asking

[7] *America v. Tyson Foods*, No. 1:08-CV-00017-JAJ-TJS, 2011 U.S. Dist. LEXIS 160833, at *17 (S.D. Iowa 2011)
[8] *Gipson Mech. Contractors, Inc. v. U.A. Local 572 of the United Assoc. of Journeyman & Apprentices*, No. 3:18-cv-00768, 2020 U.S. Dist. LEXIS 252588, at *10 (M.D. Tenn. 2020).
[9] *Id*. citing *Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co*., 576 F. Supp. 511, 511 (W.D. Pa. 1983).

the Plaintiff to provide a number quantifying that calculation, or a methodology of how such calculation will be performed, before either has been determined, such a request cannot be answered with specificity at this time. Only after that calculation has been made, or when that methodology has been developed, will the Plaintiff supplement its response and not before.

## VI. BM318's Objections and Responses to Dixon's First Requests for Production of Documents and Other Items

### A. Objection to producing documents in Dixon's possession" or the "possession of others"

As mentioned *supra*, Rule 26(b)(1) clearly defines the scope of discovery and limits said scope based on six considerations, including "the parties' relative access to relevant information."[10] Your statement that the RFPs and the Federal Rules require BM318 to produce all responsive documents in its possession, custody, or control regardless of whether they are also in the possession of Dixon or a third party overstates the scope of discovery outlined in Rule 26(b)(1) and attempts to substitute the demand for production in the RFP as some form of legal authority as to this matter. It is not. Further, Rule 26 clearly states that for documentation to be disclosable, it must be in the possession, custody, or control of the disclosing party. No third parties are implicated in this provision. As such, Plaintiff is not required to hunt down documents not in its possession, custody, or control, and it does not intend to do so.

### B. Objections to producing "all" Documents.

The responses to the referenced RFPs indicated that Plaintiff objected to the requirement to produce all documents concerning the particular matters noted therein because the Plaintiff did not, and could not, have all documents. It is gratifying to note that the Defendant specifically mentioned that Plaintiff could not produce documents not in its possession, despite earlier demands mentioned *supra* to do just that. Until Defendant rewords its Request that Plaintiff provide only applicable documents in its possession, custody, and control, the Plaintiff's objection stands and will not be withdrawn. To the extent that any document responsive to the Defendant's request is in the possession, custody and control of the Plaintiff, such documents will be (or have been) produced. No documents responsive to these RFPs in the possession, custody, or control of the Plaintiff have been withheld from production.

### C. Producing documents "to the extent Plaintiff is in possession" of a responsive document that has "not already been produced" and is "not protected by the privileges listed above"

For purposes of the responses to the referenced RFPs, the Plaintiff asserts that it used the term "possession" as being interchangeable with "possession, custody, and control." As such all documents responsive to those RFPs in its possession custody and control have been provided.

---

[10] *Johnson* at *12 n.9. See also *Kasper* at *19.

For purposes of these Responses, the documents provided three days after its Responses were all the documents in its possession, custody and control that were responsive to those referenced RFPs. No other responsive documents have been withheld.

For the purposes of the Responses to which the attorney-client or other privilege replies, a privilege log prepared in accordance with the provisions of Fed. R. Civ. P. 26(b)(5) will be produced and served on the Defendant's counsel.

D. Responses "subject to and without waiving the foregoing objection(s)"

For each of the referenced RFPs, Plaintiff asserts that it is not withholding any documents responsive to said RFPs which are not otherwise protected by the attorney-client or other privilege.

E. Objections that an RFP is "overly broad"

Although the Defendant provided some limitation as to the topic of the referenced RFPs, each of them used the term "all" and "any" with reference to the documents. For the same reasons listed above in Section VI.B., the Plaintiff continues to assert that said RFPs are overbroad as written. Since the objection stands, it will not be withdrawn. Despite this, documents responsive to these RFPs in the possession, custody and control of the Plaintiff have been produced. No documents have been withheld on the basis of this objection.

F. Objections that an RFP "seeks the production of Documents that are not relevant" or "not calculated to lead to the discovery of admissible evidence"

Defendant's Response to the Plaintiff's Objection is oversimplified. The way the referenced RFPs were worded creates such a broad scope of what may be produced that they necessarily seek information that would be outside the scope of these proceedings, thus making them irrelevant. As for objections to specific RFPs that relate to relevancy, please note as follows:

RFP 10 – "All documents concerning Dixon" fails to limit the scope of such documents to those in the possession, custody and control only of the Plaintiff, and further fails to identify the topic to which such documents would be related.

RFPs 15-17 – These RFPs seek both communications and documents that "concern" such communications. How such documents may "concern" these communications is undefined and is left to the imagination of the respondent to interpret. Further, all documents about American Escrow Company, JMJ, and Dixon fails to limit the scope of those documents to those in the "possession, custody and control only of the Plaintiff, and further fails to identify the topic or context of the desired documents. Additionally, as JMJ is not implicated in these proceedings, such communications as to that entity are similarly irrelevant.

RFPs 19-33 – These RFPs seek documents concerning Plaintiff's its total debts and liabilities (which are essentially the same); assets; and the value of its business; its "financial statement" (presumed to be its income statement); balance sheet; and general ledger; documents about contingent and non-contingent liabilities; and schedules of assets (all at two points in time);

and its 2019 and 2020 tax returns. None of these are related to the Plaintiff's claim against Defendant. As such, they are not relevant.

RFPs 41-45 – These RFPs seek "all" communications with five (5) named individuals including some that may have some relevance, but most of which do not. Defendant is not entitled to communications with these persons that are not relevant to these proceedings. For this reason, Plaintiff objects to the requirement to produce all those communications that are not relevant to these proceedings.

RFPs 49-53 – These RFPs seek all documents concerning claims of four (4) named entities with claims against Plaintiff. Their claims have no relationship to the claims of Plaintiff against Defendant. As such they are not relevant to these proceedings.

RFP 56 – This RFP seeks documents related to the referenced land sale contract which requests documents outside the scope of these proceedings which makes them irrelevant to such. As such Defendant is not entitled to such irrelevant documents.

Since these demanded documents do not relate to the instant proceedings, their enumerated objections still stand and will not be withdrawn. Further, since these documents are irrelevant to these proceedings, they will not be produced.

G. Objections that "the value of the Real Property fluctuates over time"

The assertion that this objection as to RFPs 6-8 is somehow improper is incorrect. The Request demands the documents showing value of the Real Property and the Remaining Land, but fails to establish for what time period. As has been previously established, Plaintiff is not required to create documents solely for the purpose of producing them, in this instance, as such would relate to valuation of the referenced property at undefined points in time. Despite this objection, all documents relating to valuation that the Plaintiff had or has in its possession, custody and control, and that were responsive to this Request, have been produced except for certain documents recently discovered that will be produced as a supplement to the previous response as described above.

H. Appraisals of the Real Property and Remaining Land

You have demanded that all appraisals responsive to RFPs 13 and 14 be produced. A cursory review of the files already provided to Defendant as production will reveal the requested appraisals that Plaintiff has in its possession, custody and control. Except for certain documents recently discovered that will be produced as a supplement to the previous response as described above, no other documents responsive to these RFPs exist in the Plaintiff's possession, custody or control.

I. Documents and Communications with American Escrow Company

You have demanded the production of all documents and communications concerning American Escrow Company. All such documents in the possession, custody and control of Plaintiff have been produced as indicated in its response to RFP 15.

J. Objections that an RFP is "vague and ambiguous"

In response to your assertion that RFPs 10 and 13-15 require further explanation as to why such RFP's are vague and ambiguous, Plaintiff would argue that, as to RFP 10 your demand for "all documents concerning Dixon" is vague and ambiguous on its face since no topic or context concerning such documents is provided and such request results in the production of mostly non-relevant documents. Further, there is no delineation of the person or entity in whose possession, custody, and control such documents exist and whether Defendant expects the Plaintiff to search for said documents that are not in Plaintiff's possession, custody, or control. RFPs 13 and 14 dealing with appraisals fail to similarly provide context in the form of a particular time during which any appraisal may have been produced and for what purpose. Notably, however, all appraisals in the possession, custody, and control of the Plaintiff have already been produced or will be supplemented as stated above, and the Plaintiff will not be creating any new appraisals to meet Defendants desired information requirements since it is not required to do so. RFP 15 is vague and ambiguous to the extent that, as before, no context or topical scope has been provided as to the information sought about the Plaintiff's communications, documents concerning communications, or otherwise concerning American Escrow Company, which could also encompass documents and communications about matters not implicated in these proceedings.

As for the vague and ambiguous language "clarified" in the table referencing RFP Nos. 16, 17, 37, 38, 42, 43, 44, and 45, Plaintiff would note that at the time the responses thereto were prepared, they indicate that documents responsive to those requests had either been produced or would be produced. Subsequent production has satisfied or will satisfy each of these requirements.

K. Objections that an RFP is "immature"

Plaintiff admits that it used the improper adjective "immature" when it should have used that of "premature." Correcting the objection for the proper descriptor, the objection is proper, despite the Defendant's assertion to the contrary. At the time the responses to RFPs 19-33 and 37-40 were developed, Plaintiff was actively engaged in investigating and developing the facts and identifying the circumstances relating to its cause of action against the Defendant. Despite this objection, the Plaintiff clearly articulated in each response that either the documents responsive to these requests (i) have been produced, (ii) would be produced, or (iii) do not exist. Documents located to date that were provided to the Defendant subsequent to service of its responses to discovery, coupled with those provided earlier, have completed the Plaintiff's production obligation. In the event the Plaintiff locates additional documents responsive to these RFPs, the Plaintiff is fully aware that it must supplement its responses and production pursuant to Fed. R. Civ. P. 26(e)(1). Plaintiff is under no obligation to supplement its response or production unless and until such supplemental response is required or additional responsive documents are actually located, and it will not do so until that time.

L. Objections that an RFP is "duplicitous"

Section V.D. above dealt with this same issue as to Interrogatories. The same arguments and responses as applied to those Interrogatories are reasserted here as to the referenced RFPs. As

such, the objection is proper despite the Defendant's responses to the contrary. Further, at the time the responses were prepared, they clearly indicated that documents responsive to the referenced RFP's had been or would be produced despite the aforementioned objection. When the Plaintiff produced such documents subsequent to serving its responses to discovery, its production requirement was met. Since the referenced RFPs were duplicative of others as noted in the text of the response, notwithstanding the assertion of "careful wording" by the Defendant, the Plaintiff's objection on this basis still stands. As such, the objection as to duplication of production requirements in RFPs 12-14, 20, 22, 24, 25-29, 32, 37 and 44 will not be withdrawn. To be clear, no documents have been withheld on the basis of this objection.

M. Documents created prior to "the date on which Dixon recorded the Special Warranty Deed"

In RFP No. 48, Plaintiff objected to the phrase "that date on which Dixon recorded the Special Warranty Deed," stating that it had not been defined. Plaintiff did indeed identify that date in its Complaint against the Defendant at paragraph 15. Plaintiff withdraws this objection since such date had been earlier defined by Plaintiff in its Complaint. Plaintiff would note, however, that the response to RFP 48 clearly states that documents responsive to the request were produced.

N. Documents concerning scheduled claims

In RFP Nos. 49-53, the Defendant seeks production of all documents related to the scheduled claims of four (4) entities that are creditors of the Plaintiff. Defendant states that the documents are relevant to the elements of BM318's claims but has provided no context for how such documents are related to the instant proceedings. Upon clarification of such context indicating relevance, Plaintiff shall supplement its production when such documents are located and if they do not cause Plaintiff to waive its other objections as to these requests.

If you have any issues, questions, or concerns regarding these responses to your allegations of deficient responses to the Defendant's discovery requests, please do not hesitate to call me at (972) 503-4033 or contact me by email at joyce@joycelindauer.com.

Sincerely,

*/s/ Joyce Lindauer*
Joyce W. Lindauer
Attorney-at-Law

Copy to: *Client*