MUNSCH
HARDT
DALLAS / HOUSTON / AUSTIN

Ross Tower
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Main 214.855.7500
Fax 214.855.7584
munsch.com

Direct Dial 214.855.7565
Direct Fax 214.978.5335
dperry@munsch.com

June 24, 2022

***Via Electronic Mail***
Joyce W. Lindauer
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
joyce@joycelindauer.com

Re: BM318, LLC's Objections and Responses to The Dixon Water Foundation's Interrogatories and Requests for Production

Dear Ms. Lindauer:

On November 23, 2021, The Dixon Water Foundation ("Dixon") served its *First Set of Interrogatories* (the "Interrogatories") and its *First Requests for Production of Documents and Other Items* (the "RFPs") on BM318, LLC ("BM318"). On January 7, 2022, BM318 provided its *Objections and Responses* (the "Responses") to the Interrogatories and RFPs and later produced certain documents. I wrote you on January 21, 2022 to address various deficiencies in BM318's Responses and document production. You wrote back on February 3, 2022. Unfortunately, BM318's Responses and document production remain deficient.

## I. Manner of Production

You wrote, "[a]s for your instructions to provide all documents in native format or near native format, that instruction is not mirrored in the federal rules, and is imposed only by you." But this statement ignores the 2007 amendments to the Federal Rules, under which requests "may specify the form or forms in which electronically stored information is to be produced." Fed. R. Civ. P. 34(b)(1)(C). If a party requests files in native format, the counterparty must comply. *See Sundown Energy, L.P. v. Haller*, No. 10-4354, 2011 U.S. Dist. LEXIS 124145, at *9 (E.D. La. Oct. 26, 2011) (compelling production in native format). It makes no difference whether BM318 is able to Bates number native files. *See Saliga v. Chemtura Corp.*, No. 3:12cv832(RNC), 2013 U.S. Dist. LEXIS 167019, at *3–7 (D. Conn. Nov. 25, 2013) (overruling objection that native files cannot be Bates numbered).

Accordingly, Dixon once again requests that BM318 produce all documents in native format. Dixon will file a motion to compel unless BM318 complies by July 1, 2022.

## II. Documents Allegedly in Dixon's Possession

BM318 continues to claim it need not answer interrogatories or produce documents to the extent Dixon already possesses responsive information. But "a party may not simply refuse to respond to a party's discovery request on the grounds that the party already has the information." *Keybank Nat'l Ass'n*

**EXHIBIT "5"**

*v. Perkins Rowe Assocs.*, No. 09-497-JJB-SCR, 2011 U.S. Dist. LEXIS 37791, at *7 (M.D. La. Apr. 6, 2011) (citing *Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003)). The *Johnson* case you cited in your letter is inapposite. The cited discussion deals with the scope of deposition topics under rule 30(b)(6), not interrogatories or document requests.

The relevant factors under rule 26 are "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Based on BM318's own allegations, this lawsuit involves property "which had an approximate value of $27.5 million or more." Complaint ¶ 18. BM318 cannot credibly argue its meager production suffices in light of the amount in controversy.

Even if this were a valid objection, BM318 waived it by failing to provide sufficient detail. *See Apollo MedFlight, LLC v. BlueCross BlueShield of Tex.*, No. 2:18-cv-166-z-br, 2020 U.S. Dist. LEXIS 19421, at *28 (N.D. Tex. Jan. 13, 2020) ("Without some explanation or support for this objection, the objection fails."). And even if BM318 preserved the objection, BM318 still must specify what responsive information it is withholding. *See Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014) ("A party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.").

Accordingly, Dixon once again requests that BM318 produce all responsive documents and answer all Interrogatories, regardless of its unsubstantiated boilerplate objection that Dixon already possesses certain information. Dixon will file a motion to compel unless BM318 complies by July 1, 2022.

## III. Interrogatories Allegedly Calling for Legal Conclusions or Speculation

BM318 also continues to assert it need not answer certain Interrogatories because they allegedly call for a legal conclusion or speculation. But the rule expressly provides that an interrogatory is "not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2); *see United States Dep't of Labor v. Randolph Cty. Sheltered Workshop*, No. 2:16-CV-78, 2017 U.S. Dist. LEXIS 234397, at *12 (N.D.W. Va. Nov. 17, 2017) (citation omitted) ("Generally, the fact that an interrogatory calls for a legal conclusion is not grounds for an objection."). The 2007 amendment reworded the rule to make it clear that "[o]pinion and contention interrogatories are used routinely." *Ries v. Ardinger (In re Adkins Supply, Inc.)*, 555 B.R. 579, 591 (Bankr. N.D. Tex. 2016).

Furthermore, none of the Interrogatories calls for speculation in the first place. *See Fletcher v. Honeywell Int'l, Inc.*, No. 3:16-cv-202, 2017 U.S. Dist. LEXIS 28325, at *10 (S.D. Ohio Feb. 27, 2017) (finding that question "does not call for speculation" where "it merely asks [respondent] to explain his understanding"). Dixon therefore requests that BM318 withdraw these objections and provide

complete answers to the Interrogatories. Dixon will file a motion to compel unless BM318 complies by July 1, 2022.

## IV. Value of the "Remaining Land" at Specified Times

With respect to the value of the "Remaining Land" at various specified times, BM318's Responses remain inadequate in at least three ways. First, the Responses indicate that BM318 "intends to supplement such documents with certain documents that have recently been discovered." But more than five months have passed since BM318 served the Responses, and BM318 still has not supplemented as promised. Second, the Responses fail to respond substantively to the Interrogatories, which seek a discrete dollar value of the "Remaining Land" at specified times. BM318 must disclose what it believes the value of the "Remaining Land" was at those times. Third, BM318 directs Dixon generally to documents it has or will produce but does not identify which documents those are or what information those documents provide. To the extent BM318 believes the requested information is in a document that it has or will produce, it must identify the specific document with the requested information. *See* Fed. R. Civ. P. 33(d) ("If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.").

Dixon therefore requests that BM318 supplement the Responses to provide the requested information. Dixon will file a motion to compel unless BM318 complies by July 1, 2022.

## V. Relationship Between BM318 and JMJ

BM318's relevance objection to describing the relationship between it and JMJ remains improper. JMJ and Dixon are parties to a real estate sales agreement for a portion of the land at issue in this case. Information regarding the relationship between JMJ and BM318 may lead to the discovery of admissible evidence and is otherwise proportional to the needs of the case, which by BM318's own admission involves land with "an approximate value of $27.5 million or more." Complaint ¶ 18. Reciting details regarding the relationship between BM318 and JMJ, on the other hand, requires minimal effort. There is no basis for BM318 to claim irrelevance when BM318 considered the relationship relevant enough to plead.

Dixon therefore requests that BM318 supplement the Responses to provide the requested information. Dixon will file a motion to compel unless BM318 complies by July 1, 2022.

## VI. Objections that an RFP "seeks the production of Documents that are not relevant" or "not calculated to lead to the discovery of admissible evidence"

BM318's other relevance objections are also improper. The Federal Rules broadly allow parties to obtain discovery regarding any matter that is relevant to a party's claim or defense or could otherwise

lead to the discovery of admissible evidence. "That a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to lead to the discovery of admissible evidence." *Heller*, 303 F.R.D. at 489. Indeed, many of these same, allegedly objectionable topics appear in BM318's complaint and in BM318's own written discovery requests.

Furthermore, BM318 fails to identify whether any responsive documents are being withheld. For each of the relevance objections BM318 raises to specific RFPs, BM318 must identify whether any documents are being withheld on the basis of the relevance objection. *See Heller*, 303 F.R.D. at 485. In particular:

- RFP 10: Please indicate whether BM318 has any documents concerning Dixon that it is not producing because it believes they are not relevant, and if so, please identify the documents that are being withheld.

- RFP 15–17: Please indicate whether BM318 has any documents or communications with American Escrow Company, JMJ, or Dixon that it is not producing because it believes they are not relevant, and if so, please identify the documents that are being withheld.

- RFPs 19–33: Please indicate whether BM318 has any documents concerning BM318's total debts and liabilities; assets; and the value of its business; its "financial statement"; balance sheet; and general ledger; documents about contingent and non-contingent liabilities; and schedules of assets; and its 2019 and 2020 tax returns that it is not producing because it believes they are not relevant, and if so, please identify the documents that are being withheld.

- RFPs 41–45: Please indicate whether BM318 has any communications with the five (5) named individuals regarding the listed topics that it is not producing because it believes they are not relevant, and if so, please identify the documents that are being withheld.

- RFPs 49–53: Please indicate whether BM318 has any documents concerning the four (4) named entities with claims against BM318 that it is not producing because it believes they are not relevant, and if so, please identify the documents that are being withheld.

- RFP 56: Please indicate whether BM318 has any documents related to the referenced Farm and Ranch Contract that it is not producing because it believes they are not relevant, and if so, please identify the documents that are being withheld.

Dixon requests that BM318 supplement the Responses to provide the requested information. Dixon will file a motion to compel unless BM318 complies by July 1, 2022.

## VII. Objections that an RFP is "vague and ambiguous"

BM318's "vague and ambiguous" objections have no merit. As the *Heller* court explained, making such an objection carries with it numerous obligations, none of which BM318 satisfied:

> "The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity." "A party objecting on these grounds must explain the specific and particular way in which a request is vague." The responding party "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories. If necessary to clarify its answers, the responding party may include any reasonable definition of the term or phrase at issue."
>
> Further, "[i]f a party believes that the request is vague, that party [should] attempt to obtain clarification prior to objecting on this ground."

*Heller*, 303 F.R.D. at 491–92 (citations omitted).

BM318 asserts in its reply, for example, that RFP 10 "is vague and ambiguous on its face since no topic or context concerning such documents is provided and such request results in the production of mostly nonrelevant documents." Likewise, BM318 asserts that RFP 15 is "vague and ambiguous" because it "could also encompass documents and communications about matters not implicated in these proceedings." But these objections fall far short of the *Heller* standard, resulting in waiver. Even if this objection were not waived, BM318 would still need to identify those allegedly nonrelevant documents that it has decided to withhold on the basis of the objection.

Dixon therefore requests that BM318 supplement the Responses to provide the requested information. Dixon will file a motion to compel unless BM318 complies by July 1, 2022.

## VIII. Documents Concerning Scheduled Claims

BM318's refusal to produce responsive documents until Dixon explains the "context for how such documents are related to the instant proceedings" constitutes improper burden shifting. *Heller* counsels that the onus is the responding party to "make a specific objection explaining how and to what extent the requested documents or information are not relevant." *Heller*, 303 F.R.D. at 489. BM318 has failed to do so here. Where BM318 alleges that it was insolvent when the Transfer described in the Complaint was made, documents related to claims of BM318's creditors are plainly relevant.

Dixon therefore requests that BM318 supplement the Responses to provide the requested information. Dixon will file a motion to compel unless BM318 complies by July 1, 2022.

## IX. Privilege Log

In its February 3 Letter, BM318 stated that it would produce a privilege log. To date, no privilege log has been produced. Please produce the privilege log.

The foregoing is not meant to be inclusive of all of the deficiencies in BM318's Responses and Dixon specifically reserves the right to raise additional deficiencies and does not waive such rights.

Sincerely,

MUNSCH HARDT KOPF & HARR, P.C.

By: ______________________
Deborah M. Perry