**JOYCE W. LINDAUER ATTORNEY, PLLC**
Attorney & Mediator
1412 Main Street, Suite 500
Dallas, Texas 75202
Email: joyce@joycelindauer.com

Telephone No.
(972) 503-4033

Facsimile No.
(972) 503-4034

July 15, 2022

Via Email
Deborah M. Perry
Munsch Hardt Kopf & Harr, PC
500 North Akard Street, Suite 3800
Dallas, Texas 75201
Email: dperry@munsch.com

**RE: BM318, LLC's Objections and Responses to Defendant The Dixon Water Foundation's (1) First Set of Interrogatories and (2) First Requests for Production of Documents and Other Items (collectively, "Discovery Requests"**

Dear Ms. Perry:

In response to your letter dated June 24, 2022, in which you identified and/or alleged certain continuing deficiencies concerning its Objections and Responses, BM318, LLC ("BM318," "Debtor," or "Plaintiff," as appropriate) would reply as follows, generally noting that its Objections and Responses (the "Responses") were actually provided in accordance with the Parties' agreement, with exceptions as noted *infra*, despite your assertion to the contrary. The following responses are subject to and shall not be in waiver of any of the objections made by Debtor in response to Defendant's Discovery Requests.

## I. Manner of Production

Concerning your demand to provide all documents in native format or near native format, wherein you state that referenced case law dictates compliance with such demand, the Plaintiff asserts that your reading or interpretation of such case law is erroneous. The case you cite actually states that native format files are to be produced *unless* the producing party can show a compelling reason why it may not produce the information in the requested format.[1] Here, the articulated reason for producing in non-native format is two-fold. First, the files have been produced in the only manner that allows such documents to be Bates-stamped that is the only way for both parties to reference specific pages of production. Second, producing in the provided .pdf format is the only way to preclude their manipulation or alteration by the receiving party. Plaintiff will not produce documents that can be manipulated in native format. Additionally, the production of native documents would include all metadata potentially allowing the non-producing party to recover sensitive metadata which is not relevant nor calculated to lead to any admissible evidence and

[1] *Saliga v. Chemtura Corp*., No. 3:12cv832(RNC), 2013 U.S. Dist. LEXIS 167019 (D. Conn. 2013).



**EXHIBIT "6"**

potentially allow the non-producing party to recover prior versions of a document or other hidden information and comments which may have been included in prior draft versions that were not delivered to anyone and/or which may have included actual or potential questions or comments intended for counsel which would be privileged. All such metadata including any prior versions that are included within such data would have to be converted into a readable format so it could be reviewed by BM318 prior to production which would be overly burdensome and costly and not reasonably calculated to lead to any discoverable evidence. Furthermore, emails and text messages are not typically stored as separate individual files but rather are stored within a software or web browser application or mobile device (for text messages) in a format proprietary to that application or device and which does not save such communications in a separate native file that is accessible or readable by the recipient outside of the application. In order to review and produce email and text messages, such communications must be converted from the native, proprietary format from within the application or device and exported into a separate file (which is not "native") that is in a format that is accessible and able to be read by the recipient such as a .pdf file which, in this case, is what BM318 has done. Furthermore, pdf files are readily convertible into an optical character recognition format, if not already in such format, which is a native function within Adobe Acrobat, that permits the user to easily search, categorize, and sort the information contained therein.

## II. Documents allegedly in Dixon's possession.

Your assertion that BM318 has claimed that it "need not answer interrogatories or produce documents to the extent that Dixon already possesses responsive information" is a mischaracterization of Plaintiff's responses to discovery requests. Plaintiff is not refusing to respond to Defendants discovery requests "because it already has the information," but is doing so rather because Plaintiff has already provided the information to Defendant. Plaintiff stated that for those requests for which documents have been produced and are thus already in the possession, custody, or control of your client pursuant to earlier production, such documents will not necessarily be produced yet again. For those Requests that are duplicative of other Requests, no additional (i.e. duplicative) production will be provided since duplicate production is not required and is overly burdensome to Debtor.

The Plaintiff clearly articulated in each response that either the documents responsive to Defendant's requests (i) have been produced, (ii) would be produced, or (iii) do not exist. Documents located to date that were provided to the Defendant subsequent to service of its responses to discovery, coupled with those provided earlier, have completed the Plaintiff's production obligation. The detail provided as to responses to production is the only detail the Plaintiff is able to provide since it constitutes the entirety of such in its possession. Plaintiff is not knowingly withholding any responsive information, despite the Defendant's implication to the contrary.

## III. Interrogatories Calling for Legal Conclusion or Speculation

Plaintiff was clear on how it interpreted the language of certain discovery request that it believes constitute a demand to provide a legal conclusion and speculation. Plaintiff referred specifically to Interrogatory Nos. 3, 10-14, and 16 wherein it objected on the basis that the Interrogatory "calls for a legal conclusion while Interrogatories 10-14 and 16 call for the Plaintiff to

"speculate." From the way these Interrogatories are worded, the Plaintiff concludes that that Defendant desires the Plaintiff to provide information as to the enforceability of an agreement, whether or not such agreement provides for a fraudulent transfer, and what might have happened had certain actions been (or will be) taken, or had certain events occurred (or will occur), or if particular sections of the Bankruptcy Code might be applied to the Plaintiff's claims. Where an interrogatory calls for a legal conclusion, such "requests are clearly improper subjects for discovery."[2] As for the speculative nature of the aforementioned discovery requests, "Rule 26(b) [which provides limits on the scope of discovery] 'has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition'"[3] by forcing a party to answer questions of law to be determined by the Court, or by providing answers to questions that ponder "What if?"

## IV. Value of the "Remaining Land" at specified times

Concerning Interrogatory Nos. 8 and 9, the Plaintiff has noted that it has provided Defendant with the documents it has in its possession containing the appraisal value of the "Remaining Land" and intends to supplement such documents with additional documents that may respond to such interrogatories and related requests. To address valuation concerns, Plaintiff would direct Defendant to any and all appraisals produced to date. As mentioned in its previous response concerning Defendant's reply to the Plaintiff's objections and responses to discovery requests, a party is not required to create documents in the specific form desired by the opposing party when information satisfying the discovery requirement has been provided.[4] Fed. R. Civ. P. 34 which governs discovery, provides for the request for and production of documents that "are in the possession, custody or control of the party upon whom the request is served[,]" which essentially means that a party is only required to produce documents already in existence.[5] A party is not required "to prepare, or cause to be prepared new documents solely for their production.[6] Since the Plaintiff has provided the documents containing the desired information, and has referred Defendant to such information, Defendant will not supplement its responses to these Interrogatories except as provided above, nor will it create documents that would permit it to do so. Any new discovered additional documents will be produced.

## V. Relationship between BM318 and JMJ

With respect to the relationship between Plaintiff and JMJ Development, LLC ("JMJ"), the Plaintiff has already noted in the Complaint at paragraph 14 that the two were related to ensure that the Court is aware that a relationship (rooted in common control) exists, and to indicate that the Defendant was aware of said relationship between the two prior to the Defendant and JMJ entering into a "Real Estate Sales Agreement for the purchase of the Remaining Land from the Defendant for the referenced amount on the referenced closing date. Whether or not the amount of effort required to provide detail as to the nature, scope and breadth of the relationship between Plaintiff and JMJ would be minimal is of no importance. Because the Defendant is (and was) fully aware of that

[2] *Walls v. Kahoe*, No. 5:06-CV-188-DCB-MTP, 2008 U.S. Dist. LEXIS 114704, at *2 (S.D. Miss. 2008).
[3] *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).
[4] *America v. Tyson Foods*, No. 1:08-CV-00017-JAJ-TJS, 2011 U.S. Dist. LEXIS 160833, at *17 (S.D. Iowa 2011)
[5] *Gipson Mech. Contractors, Inc. v. U.A. Local 572 of the United Assoc. of Journeyman & Apprentices*, No. 3:18-cv-00768, 2020 U.S. Dist. LEXIS 252588, at *10 (M.D. Tenn. 2020).
[6] *Id*. citing *Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co.*, 576 F. Supp. 511, 511 (W.D. Pa. 1983).

relationship and the nature thereof (which is), and particularly that neither JMJ nor the Plaintiff have an ownership interest in the other, and since the relationship was of no import at the time JMJ and Defendant entered into the aforementioned Real Estate Sales Agreement," the Plaintiff reiterates its objection on the grounds of relevancy. No supplemental response will be prepared.

**VI. Objections that an RFP "seeks the production of Documents that are not relevant" or "not calculated to lead to the discovery of admissible evidence"**

Plaintiff rejects the assertion that its other relevance objections are improper. Plaintiff specifically articulated in its letter dated February 3, 2022 the reasons for its objections as to the enumerated Requests for Production. Those objections still stand as follows:

RFP 10 – "All documents concerning Dixon" fails to limit the scope of such documents to those in the possession, custody and control only of the Plaintiff, and further fails to identify the topic to which such documents would be related. Further, this request is not limited to the production of documents relating to matters that are the subject of the adversary proceeding.

RFPs 15-17 – These RFPs seek both communications and documents that "concern" such communications. How such documents may "concern" these communications is undefined and is left to the imagination of the respondent to interpret. Further, all documents about American Escrow Company, JMJ, and Dixon fails to limit the scope of those documents to those in the "possession, custody and control only of the Plaintiff, and further fails to identify the topic or context of the desired documents. Additionally, as JMJ is not implicated in these proceedings, such communications as to that entity are similarly irrelevant. Further, this request is not limited to the production of documents relating to matters that are the subject of the adversary proceeding.

RFPs 19-33 – These RFPs seek documents concerning Plaintiff's total debts and liabilities (which are essentially the same); assets; and the value of its business; its "financial statement" (presumed to be its income statement); balance sheet; and general ledger; documents about contingent and non-contingent liabilities; and schedules of assets (all at two points in time); and its 2019 and 2020 tax returns. None of these are related to the Plaintiff's claim against Defendant. As such, they are not relevant. To the extent that documents already produced may contain the same or similar information, Plaintiff would refer Defendant to such documents. Furthermore, a request for such financial documents is not a proper production request to the extent it requires Plaintiff to generate and create such reports out of any accounting software in which any financial data has been input, and furthermore Plaintiff would have to generate and create such documents as of the specific dates requested by Defendant which is additionally burdensome and to which Plaintiff objects.

RFPs 41-45 – These RFPs seek "all" communications with five (5) named individuals including some that may have some relevance, but most of which do not. Defendant is not entitled to communications with these persons that are not relevant to these proceedings. For this reason, Plaintiff objects to the requirement to produce all those communications that are not relevant to these proceedings, and as a result and subject to such objection, Plaintiff produced documents that were relevant to these proceedings which were in its possession or control.

RFPs 49-53 – These RFPs seek all documents concerning claims of four (4) named entities with claims against Plaintiff. Their claims have no relationship to the claims of Plaintiff against Defendant. As such they are not relevant to these proceedings. Furthermore, documents concerning and/or related to the claims of those named entities would be in the possession and control of same thereby making those entities the appropriate party to which requests for those documents should be served.

RFP 56 – This RFP seeks documents related to the referenced land sale contract which requests documents outside the scope of these proceedings which makes them irrelevant to such. As such Defendant is not entitled to such irrelevant documents and subject to such objection, Plaintiff produced all relevant documents responsive to this request. .

As mentioned in the Plaintiff's February 3, 2022 letter, "Since these demanded documents do not relate to the instant proceedings, their enumerated objections still stand and will not be withdrawn. Further, since these documents are irrelevant to these proceedings, they will not be produced."

As for the assertion that "BM318 fails to identify whether any responsive documents are being withheld, a reading of that letter will reveal that "where the specific response indicated that an objection (general and/or specific) exists, but notwithstanding such objection the documents will be produced, such documents have been or will be produced. Where the specific response indicated that an objection (general and/or specific) exists and either fails to state such documents will be produced or states that documents will not be produced, such documents will not be produced." Further, where a concern was articulated regarding the withholding of documents relating to a specific request for production, Plaintiff would note that in no instance documents were withheld except as articulated *supra*. Plaintiff would refer Defendant to review its responses in the following paragraphs of its February 3, 2022 letter.

- V. A.
- V. D.
- VI. B.
- VI. C.
- VI. E.
- VI. L.

To identify responsive documents which are not relevant and which would be overly burdensome to produce defeats the purpose of the objection because identifying such documents would essentially require Plaintiff to perform the burdensome action that the objection seeks to avoid namely searching for and reviewing documents outside the scope of the current matters (i.e. searching outside the relevant date range, or searching using key words that are not related to this matter and that were not used as part of the initial document search).

## VII. Objections that an RFP is "vague and ambiguous"

Despite Defendant's assertion to the contrary, Plaintiff's objection on the grounds that they are "vague and ambiguous" do have merit for the reasons articulated with specificity as to particular

Requests for Production. Those objections are as follows:

- RFP 10 – The demand for "all documents concerning Dixon" is vague and ambiguous on its face since no topic or context concerning such documents is provided and such request results in the production of mostly non-relevant documents. Further, there is no delineation of the person or entity in whose possession, custody, and control such documents exist and whether Defendant expects the Plaintiff to search for said documents that are not in Plaintiff's possession, custody, or control.
- RFPs 13 and 14 - These RFPs dealing with appraisals fail to similarly provide context in the form of a particular time during which any appraisal may have been produced and for what purpose. Notably, however, all appraisals in the possession, custody, and control of the Plaintiff have already been produced or will be supplemented as stated above, and the Plaintiff will not be creating any new appraisals to meet Defendants desired information requirements since it is not required to do so.
- RFP 15 – Such RFP is vague and ambiguous to the extent that, as before, no context or topical scope has been provided as to the information sought about the Plaintiff's communications, documents concerning communications, or otherwise concerning American Escrow Company, which could also encompass documents and communications about matters not implicated in these proceedings.
- As for the vague and ambiguous language "clarified" in the table in your letter dated January 21, 2022 referencing RFP Nos. 16, 17, 37, 38, 42, 43, 44, and 45, Plaintiff would note that at the time the responses thereto were prepared, they indicate that documents responsive to those requests had either been produced or would be produced.

Although Plaintiff did not obtain clarification on the grounds of vagueness and ambiguity prior to objecting on this ground as recommended (but not required) by the referenced case law, and despite the foregoing objections, Defendant has made no effort between the date of service of Plaintiff's February 3, 2022 letter and the present, a span of almost five (5) months, to clarify any vagueness or ambiguity as to any of the aforementioned Requests for Production.[7] The intent of that letter was to elicit such clarification. None was ever provided. Plaintiff is unsure if any documents have been withheld as to these specific objections since the Requests for Production to which they correspond force the Plaintiff to guess as to what documents the Defendant is searching. The Plaintiff will not do so.

## VIII. Documents concerning scheduled claims

As mentioned in its previous letter, RFP Nos. 49-53 seek to have Defendant produce all documents related to the scheduled claims of four (4) entities that are creditors of the Plaintiff. Defendant states that the documents are relevant to the elements of BM318's claims but has provided no context for how such documents are related to the instant proceedings. Plaintiff believes that such request is not relevant to these proceedings and that providing "all documents"

[7] *Heller v. City of Dallas*, 303 F.R.D. 466, 492 (N.D. Tex 2014).

relating to the aforementioned claims of creditors is exceptionally broad in scope, constituting a fishing expedition by the Defendant. Defendant has had five (5) months to clarify how the demanded documents are relevant and fall within the proper scope of discovery, but has failed to do so. If and when such clarification is provided, Plaintiff has agreed to supplement its production when such documents are located, and if they do not cause Plaintiff to waive its other objections as to these requests. Furthermore, documents concerning and/or related to the claims of those named entities would be in the possession and control of same thereby making those entities the appropriate party to which requests for those documents should be served.

**IX. Privilege Log**

Plaintiff will produce a privilege log in accordance with the provisions of Fed. R. Civ. P. 26(b)(5). Please be aware that doing so will take some time due to the need to review all files for privileged content.

If you have any issues, questions, or concerns regarding these responses to your allegations of deficient responses to the Defendant's discovery requests, please do not hesitate to call me at (972) 503-4033 or contact me by email at joyce@joycelindauer.com.

Sincerely,

*/s/ Joyce Lindauer*
Joyce W. Lindauer
Attorney-at-Law

Copy to: *Client*