**File a Response/Objection/Amended Answer to Complaint :**

Filed: 08/10/2021 Closed:
Reopen: Dismissed:
Dismissed(jdb):

21-04051-mxm BM318, LLC et al v. The Dixon Water Foundation et al

| | | |
|---|---|---|
| Type: ap | Office: 4 (Ft. Worth) | Judge: mxm |
| Lead Case: 4-20-bk-42789 | Case Flag: EXHIBITS | |

Summary History Parties Filers Docket Sheet Deadlines/Hearings Status Pending Motions

**U.S. Bankruptcy Court**

**Northern District of Texas**

Notice of Electronic Filing

The following transaction was received from Joyce W. Lindauer entered on 7/26/2022 at 7:46 PM CDT and filed on 7/26/2022

**Case Name:** BM318, LLC et al v. The Dixon Water Foundation et al
**Case Number:** 21-04051-mxm
**Document Number:** 85

**Docket Text:**
Objection to (related document(s): [76] Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) filed by Plaintiff BM318, LLC. (Lindauer, Joyce)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Objection.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686615 [Date=7/26/2022] [FileNumber=47985404-0] [aa9f808f1cc258801e68117fc5eba50e53b71a62fad29db56ef8453e3c87444952 a8b59309cf0a36a6eead6da43cd11d0c7dfaf8b928f2f71473a55bec1e4694]]

**21-04051-mxm Notice will be electronically mailed to:**

J. Robert Forshey on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
bforshey@forsheyprostok.com, calendar@forsheyprostok.com;jgonzalez@forsheyprostok.com;bforshey@ecf.courtdrive.com;calendar_0573@ecf.courtdrive.com

Kimberly Paige Harris on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
kharris@qslwm.com, kdepasquale@qslwm.com

Joyce W. Lindauer on behalf of Plaintiff BM318, LLC
joyce@joycelindauer.com, dian@joycelindauer.com;12113@notices.nextchapterbk.com

Jay Ong on behalf of Defendant The Dixon Water Foundation
jong@munsch.com, amays@munsch.com;jay-ong-4326@ecf.pacerpro.com

Deborah M. Perry on behalf of Counter-Claimant The Dixon Water Foundation
dperry@munsch.com

Deborah M. Perry on behalf of Defendant The Dixon Water Foundation
dperry@munsch.com

Joshua Lee Shepherd on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
jshepherd@qslwm.com, dcruz@qslwm.com

Julian Preston Vasek on behalf of Counter-Claimant The Dixon Water Foundation
jvasek@munsch.com

**EXHIBIT "8"**

Julian Preston Vasek on behalf of Defendant The Dixon Water Foundation
jvasek@munsch.com

**21-04051-mxm Notice will not be electronically mailed to:**

BM318, LLC
13901 Midway Road
Suite 102
Dallas, TX 75244

Lumar Land & Cattle, LLC
c/o Quilling, Selander, Lownds, et al.
Attn: Kimberly P. Harris
2001 Bryan Street
Suite 1800
Dallas, TX 75201

Khudabuksh K Walji on behalf of Plaintiff BM318, LLC
Law Office of K. Walji
10701 Corporate Drive, Ste 350
Stafford, TX 77477

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR/PLAINTIFF

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm-11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

| | | |
|---|---|---|
| **BM318, LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 21-04051** |
| | § | |
| **DIXON WATER FOUNDATION,** | § | |
| **Defendant.** | § | |

**RESPONSE AND OBJECTION TO DIXON WATER FOUNDATION'S EXPEDITED MOTION TO COMPEL WRITTEN DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW BM318, LLC, Plaintiff in the above titled and numbered Adversary Proceedings, and Debtor in the underlying bankruptcy case ("Plaintiff" and "Debtor," respectively), and files this its *Response and Objection to Dixon Water Foundation's Expedited Motion to Compel Written Discovery Responses and Production of Documents* (the "Motion"). In support thereof, Plaintiff would show unto the Court the following:

## I. INTRODUCTION

1. Plaintiff denies the allegation in the first sentence of Paragraph 1 of the Motion as it mischaracterizes the nature of the purpose for which Plaintiff sued Defendant. Plaintiff is not required to admit or deny the allegation in the second sentence of Paragraph 1. Debtor admits the allegation in the third sentence of Paragraph 1. Plaintiff admits the allegation in the fourth sentence of Paragraph 1 concerning its responses and objections, but notes that such were appropriate and valid given the objectionable nature of specific discovery requests. Plaintiff denies the allegation in the fourth sentence of Paragraph 1 as to any gross deficiency of document production. Plaintiff denies the allegations in the fifth through eighth sentences of Paragraph 1. Plaintiff admits the allegation in the ninth sentence of Paragraph 1 concerning its refusal to produce electronic information in native format, justifying that such is not required when the producing party can show a compelling reason for not producing in the requested format.[1] Plaintiff provided Defendant with such compelling reasons, namely that (1) the files were produced in the only manner allowing documents to be Bates-stamped that is the only way for both parties to reference specific pages of production; (2) the manner of production precluded manipulation or alteration by the receiving party; (3) production in native format would give Defendant access to recover sensitive metadata that is not relevant nor calculated to lead to any admissible evidence and potentially allow the Defendant to recover prior versions of a document or other hidden information and comments which may have been included in prior draft versions that were never delivered or used and/or which may have included actual or potential questions or comments intended for or produced by counsel which would be privileged; and (4) emails and texts are stored in software or web browser applications or mobile devices in a format proprietary to that application or device and which does

[1] *Saliga v. Chemtura Corp.*, No. 3:12cv832(RNC), 2013 U.S. Dist. LEXIS 167019 (D. Conn. 2013).

not save such communications in a separated native file format file that is accessible or readable by the recipient outside of the application. All such files were produced in .pdf format which is readily convertible into an optical character recognition format permitting the user to easily search, categorize, and sort information contained therein. Plaintiff denies the allegation in the balance of Paragraph 1.

## II. BACKGROUND

### A. Background before Plaintiff's Bankruptcy Case.

2. Plaintiff can neither admit nor the deny the allegation in Paragraph 2 of the Motion as to the principles to which the Defendant is dedicated. Plaintiff admits the allegation concerning the timing and nature of the sale of the 2,055.7 -acre real property known as the Bear Creek Ranch.

3. Plaintiff admits the allegation in the first sentence of Paragraph 3 of the Motion. Plaintiff denies the allegation in the second sentence of Paragraph 3 concerning material defaults on the loan due to the fact that the Plaintiff and Defendant entered into a series of agreements modifying the loan under which payment deadlines were extended and under which the Plaintiff was to sell certain parcels of the land from 1,937.36 acres that were encumbered by the Deed of Trust from which certain payments were made to Dixon on the accrued interest and/or principal. The last of these loan modifications occurred on February 27, 2020 which included the referenced "Deed in Escrow Agreement."

4. Plaintiff admits the allegation in Paragraph 4 of the Motion concerning the terms of the Deed in Escrow Agreement. Debtor admits the allegation concerning Debtor's granting the referenced "Deed in Lieu of Foreclosure." Plaintiff admits the allegation that the property that was the subject of the Deed in Escrow Agreement was the remaining 1,531.75 acres of the Bear Creek Ranch ("Remaining Property").

5. Plaintiff admits the allegation in Paragraph 5 of the Motion only to the extent that it accurately states the content of the referenced section of the Deed in Escrow Agreement.

6. Plaintiff admits the allegation in Paragraph 6 of the Motion only to the extent that it accurately states the content of the referenced sections of the Deed in Escrow Agreement.

7. Plaintiff admits the allegations in Paragraph 7 of the Motion.

8. Plaintiff admits the allegations in Paragraph 8 of the Motion.

9. Plaintiff admits the allegations in Paragraph 9 of the Motion.

10. Plaintiff admits the allegation in Paragraph 10 of the Motion.

11. Plaintiff admits the allegation in the first sentence of Paragraph 11 of the Motion to the extent that accurately states the referenced content of Lumar Land & Cattle, LLC's Motion to intervene, but denies the assertion stated therein. Plaintiff admits the allegations in the balance of Paragraph 11 of the Motion.

12. Plaintiff admits the allegations in Paragraph 12 of the Motion.

13. Plaintiff denies the allegation in the first sentence of Paragraph 13 of the Motion. Plaintiff admits the allegation in the second sentence of Paragraph 13 to the extent that the referenced discovery responses did not include a verification of interrogatory responses. Plaintiff denies the allegations in the balance of Paragraph 13.

14. Plaintiff denies the allegation in the first sentence of Paragraph 14 of the Motion that its Responses contained "numerous deficiencies" and outlined "many obvious, improper, objections and other facial deficiencies," but admits the allegation in that sentence that Dixon transmitted a letter on the referenced date. Plaintiff admits the allegation in the second sentence of Paragraph 14 regarding the date of the Plaintiff's response. Plaintiff denies the allegation in the third sentence that deficiencies remained in its February 3, 2022 response. Plaintiff admits the

allegation in the fourth sentence of Paragraph 14 that Dixon waited nearly five months to transmit a "follow up letter" demanding a response within one week. Plaintiff admits the allegation in the fifth sentence that it had to extend the deadline. Plaintiff denies the allegation in the sixth sentence of Paragraph 14 that it "refused to cure any of its discovery deficiencies," noting that its response indicated that Dixon needed to address Plaintiff's objections first.

15. Plaintiff denies the allegation in Paragraph 15 of the Motion, noting that the referenced Federal Rule of Bankruptcy Procedure does not apply where discovery responses are not evasive or incomplete given valid and meritorious objections to specific discovery requests.

16. Plaintiff admits the allegations in Paragraph 16 of the Motion.

17. Plaintiff denies the allegations in Paragraph 17 of the Motion as to any purported inadequacy of its Responses. Plaintiff admits the allegation in the second sentence of Paragraph 17, but notes that after reviewing its files, Plaintiff determined that documents in its possession, custody, or control intended for supplemental production had already been produced to Dixon. Plaintiff denies the allegation in the third sentence of Paragraph 17 that it is intentionally withholding and delaying the disclosure of valuation evidence.

18. Plaintiff denies the allegations in Paragraph 18 of the Motion, noting that it has referred Dixon to the appraisal documents provided by Plaintiff to Dixon which reflect such value.

19. Plaintiff denies the allegation in Paragraph 19 of the Motion, noting that it has identified the referenced appraisal documents provided as containing the information requested by Dixon.

20. Plaintiff denies the allegation in Paragraph 20 of the Motion.

21. Plaintiff denies the allegation in Paragraph 21 of the Motion that its response to Interrogatory No. 15 is a bad faith response, and asserts that because the information sought is not

relevant to these proceedings, it need not expand on the information provided in its Response to such.

22. Plaintiff admits the allegation in the first sentence of Paragraph 22 of the Motion to the extent that the relationship was included in the Debtor's Complaint, but denies the allegation that such is relevant beyond identifying the existence of the relationship to the Court. Plaintiff denies the allegation in the second sentence of the Paragraph that it has refused to disclose the relationship of JMJ to the Plaintiff, as evidenced by the previous allegation. Debtor denies the allegation in the balance of Paragraph 22, and specifically notes that the Plaintiff informed the Defendant that neither JMJ nor Plaintiff have an ownership interest in the other, and that the relationship between the two was of no import at the time JMJ and Defendant entered into the Real Estate Sales Agreement that was the subject of Interrogatory No. 15.

23. Plaintiff denies the allegation in Paragraph 23 of the Motion.

24. Plaintiff admits the allegations in the first two and the final sentences of Paragraph 24 of the Motion, but denies the allegation in the third sentence of Paragraph 24.

25. Plaintiff denies the allegations in Paragraph 25 of the Motion.

26. Plaintiff is unable to admit or deny the allegation in the first sentence of Paragraph 26 of the Motion. Plaintiff admits the allegation in the second sentence of Paragraph 26 to the extent that any privileged information would be contained in file metadata, but denies the allegation in the third sentence that a benefit of e-discovery is the ability to view sensitive, irrelevant, hidden, unused, and non-useful information contained in metadata. Plaintiff denies the allegation in the fourth and fifth sentences of Paragraph 26 to the extent the referenced objection has been explained. Plaintiff denies the allegation in the sixth sentence of Paragraph 26 asserting bad faith. Plaintiff denies the allegation in the seventh sentence of Paragraph 26 that any evidence

has been withheld out of concern for possible manipulation by the receiving party since all relevant documents have been produced in a format precluding, or making difficult, any such manipulation. Plaintiff is not required to admit or deny the allegation in the final sentence of Paragraph 26.

27. Plaintiff denies the allegation in Paragraph 27 of the Motion.

28. Plaintiff admits the allegations in the first two sentences of Paragraph 28 of the Motion concerning the contents of its Responses to the referenced discovery requests. Plaintiff denies the allegations in the third sentence of Paragraph 28 to the extent that it misrepresents the nature of the information sought in the referenced interrogatories. Plaintiff admits the allegation in the last sentence of Paragraph 28 to the extent of the actual content of the referenced Requests for Production. As for the footnoted request to "require the Debtor to amend its written responses to make [the] … representation" that "its objection is limited to re-producing documents it has already produced[,]" Plaintiff would assert that its Responses already state that it "objects to this request to the extent that it calls for Plaintiff to produce documents in Dixon's possession[,]" thereby obviating any need for the Court to order the Plaintiff amend its written Responses to include a statement that is already included therein.

29. Plaintiff denies the allegations in the first two sentences of Paragraph 29 of the Motion that the case law Defendant cites is applicable while that cited by the Plaintiff is not. Plaintiff admits the allegation in the last sentence of Paragraph 29 concerning the scope of discussion in the cited case, but denies the allegation that the referenced portion of that case does not apply as to interrogatories or document requests.

30. Plaintiff is not required to admit or deny the allegation in the first sentence of Paragraph 30 of the Motion. Plaintiff denies the allegations in the balance of Paragraph 30.

31. Plaintiff admits the allegation in the first sentence of Paragraph 31 of the Motion to the extent that it accurately cites an excerpted portion of the referenced rule. Plaintiff admits the allegation in the second sentence of Paragraph 31, but denies the allegation in the final sentence of Paragraph 31.

32. Plaintiff denies the allegation in the first two sentences of Paragraph 32 of the Motion since sufficient detail regarding the referenced objection has been provided and since all responsive information in the Plaintiff's possession, custody, or control has been provided.

33. Plaintiff denies the allegation in Paragraph 33 of the Motion.

34. Plaintiff admits the allegation in the first sentence of Paragraph 34 of the Motion, but denies the allegations in the balance of Paragraph 34.

35. Plaintiff admits the allegations in Paragraph 35 of the Motion to the extent that are accurate recitations of the referenced Rule and case law, but denies the assertion that they are applicable here.

36. Plaintiff denies the allegations in Paragraph 36 of the Motion.

37. Plaintiff denies the allegation in Paragraph 37 of the Motion.

38. Plaintiff admits the allegation in the first sentence of Paragraph 38 of the Motion, but denies the allegation in the second sentence of Paragraph 38.

39. Plaintiff admits the allegation in the first three sentences of Paragraph 39 of the Motion to the extent that they accurately state the content of the referenced Rules and case law. Plaintiff is not required to admit or deny the allegation the last sentence of Paragraph 39 since the content of the Debtor's complaint and discovery requests will speak for themselves.

40. Plaintiff denies the allegations in Paragraph 40 of the Motion to the extent that they are general and mischaracterize the broad scope of the documents sought to be produced.

41. Plaintiff denies the allegation in Paragraph 41 of the Motion.

42. Plaintiff admits the allegation in the first sentence of Paragraph 42 of the Motion, but denies the allegation in the balance of Paragraph 42.

43. Plaintiff denies the allegation in the first two sentences of Paragraph 43 of the Motion. Plaintiff admits the allegation in the third and fourth sentences of Paragraph 43 to the extent of the wording of the referenced Requests for Production. Plaintiff denies the allegation in the fifth sentence of Paragraph 43, and would direct the Court to review the Plaintiff's explanations provided for each referenced production request provided *infra*. Plaintiff denies the allegation in the sixth and seventh sentences of Paragraph 43.

44. Plaintiff denies the allegations in Paragraph 44 of the Motion.

45. Plaintiff admits the allegation in Paragraph 45 of the Motion, but denies the assertion that the cited Rule is applicable to these proceedings.

46. Plaintiff denies the allegations in Paragraph 46 of the Motion.

## III. ARGUMENT AND AUTHORITIES

### *A. Plaintiff has already produced documents and answered interrogatories regarding the value of the "Remaining Land"*

47. Upon Defendant's renewed demand for supplemental production relating to Interrogatory Nos. 8 and 9 to address its property valuation concerns, Plaintiff replied that it has already provided Defendant with the documents already in its possession that contained the appraisal value of the "Remaining Land." Plaintiff directed the Defendant to the appraisals that it had previously provided to it.

48. Plaintiff is not required to create documents in the specific form Dixon desired when information satisfying the discovery requirement has already been provided.[2]

49. Further, Fed. R. Civ. P. 34 which establishes the requirements for production of documents provides that a party produce documents that "are in the possession, custody or control of the party upon whom the request is served[,] meaning that only documents already in existence and in the producing party's possession need be produced.[3] There is no requirement for a party "to prepare or cause to be prepared new documents solely for their production."[4]

50. Since the Plaintiff provided the documents containing property valuation information sought by Defendant and has referred Defendant to such information, Plaintiff should not be compelled to supplement its existing production by being required to create the documents demanded.

***B. Plaintiff does not need to provide discovery regarding its relationship with JMJ***

51. Plaintiff disclosed the existence of a relationship between the Plaintiff and JMJ Development, LLC ("JMJ") only to ensure that the Court was aware that a relationship rooted in common control exists, and to indicate that the Defendant was aware of said relationship between the two prior to the Defendant and JMJ entering into a Real Estate Sales Agreement for the purchase of the Remaining Land from the Defendant.

52. Whether or not "reciting details regarding the relationship between the Debtor and JMJ requires minimal effort" is of no consequence since Interrogatory No. 15 specifically seeks

---

[2] *America v. Tyson Foods*, No. 1:08-CV-00017-JAJ-TJS, 2011 U.S. Dist. LEXIS 160833, at *17 (S.D. Iowa 2011).
[3] *Gipson Mech. Contractors, Inc. v. U.A. Local 572 of the United Assoc. of Journeyman & Apprentices*, No. 3:18-cv-00768, 2020 U.S. Dist. LEXIS 252588, at *10 (M.D. Tenn. 2020). See also FED. R. CIV. P. 34.
[4] *Id*. (citing *Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co.*, 576 F. Supp. 511, 511 (W.D. Pa. 1983)).

"any affiliate relation, insider relation …, ownership relation, common affiliates, common officers and/or directors, and any and all business conducted between [Plaintiff] and JMJ."

53. Here, Plaintiff specifically responded that the relationship between itself and JMJ was "rooted in common control" but that "neither JMJ nor the Plaintiff have an ownership interest in the other."

54. As for the demand to provide information about any and all business conducted between the Plaintiff and JMJ, it is important to note that FED. R. CIV. P. 26(b)(1) specifically provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"[5] Here, Interrogatory No. 15 seeks information about *all business* involving the two entities, regardless of whether it is conducted within the context of this case or not. Such a discovery request is beyond the scope of these proceedings because JMJ is not a party to these proceedings, and further since providing information about any and all business involving the two is not proportionate to the needs of this case.

***C. The Plaintiff is not required to produce documents in native format.***

55. Defendant's demand to produce all documents in native format or near native format wherein it stated that case law dictates compliance with such demand constitutes an erroneous, if not selective, reading of the case law to which Defendant referred. In *Saliga v. Chemtura Corp*., No. 3:1 12cv832(RNC), 2013 U.S. Dist. LEXIS 167019 (D. Conn. 2013), the court in that case actually held that native format files must be produced *unless* the producing party can show a compelling reason why it may not produce the information in the requested format.[6]

---

[5] FED. R. CIV. P. 26(b)(1).
[6] *Saliga v. Chemtura Corp*., No. 3:1 12cv832(RNC), 2013 U.S. Dist. LEXIS 167019, at *5-6 (D. Conn. 2013).

That case makes no ruling to the effect that "it makes no difference whether the Debtor is able to Bates number native files."

56. Further, the supposedly "well-established measures to accomplish bates labeling of electronically store information [which] are conveniently available to litigants" to which the Defendant referred consisted of a web page on submitting certain file formats to the Federal Trade Commission, with no actual guidance on how to do so. Such "measures" by that government agency have no application in this case, nor has this Court indicated that it follows Federal Trade Commission measures concerning the production of documents in this or any other litigation.

57. Here, Plaintiff actually articulated several compelling reasons why it would not produce the information in native or near native format, namely that:

a. Files have been produced in the only manner that allows such documents to be Bates-stamped that is the only way for both parties to reference specific pages of production;

b. Producing in the provided .pdf format is the only way to preclude their manipulation or alteration by the receiving party and Plaintiff refused to produce documents in a native format that can be manipulated;

c. Production of native documents would include all metadata potentially allowing the non-producing party to recover sensitive metadata which is not relevant nor calculated to lead to any admissible evidence, and potentially allowing the Defendant to recover prior versions of a document or other hidden information and comments which may have been included in prior draft versions of said documents that were not delivered to anyone, used by anyone, and/or which may have included actual or potential questions or comments intended for counsel which would be privileged;

d. Forcing Plaintiff to convert the aforementioned metadata to readable format for review prior to production would have been overly burdensome and costly and was not reasonably calculated to lead to any discoverable evidence;

e. Emails and text messages are not stored as separate individual files, but rather are stored within a software or web browser application or mobile device (for text messages) in a format proprietary to that application or device and which does not save such communications in a separate native file accessible or readable by the recipient outside of the application, thereby requiring that they be exported and saved into a separate, non-native, but optical character recognition format (i.e. .pdf searchable in both Adobe Acrobat and Microsoft Edge).

58. "Documents produced in native format generally cannot be BATES numbered. Nevertheless, native files are searchable."[7] Plaintiff produced all files in a manner allowing them to be easily searchable at the convenience of the Defendant.

59. "A party need not produce the same electronically stored information in more than one form."[8]

60. Here, files have been produced in accordance with Fed. R. Civ. P. 34(b)(2)(E), are in a format that addresses all of the Plaintiff's concerns, and which allows the Defendant to easily search them for specific content.

***D. Plaintiff is not required to produce documents or information already produced to Defendant.***

61. There are limits to what documents a party is required to produce pursuant to requests for such, especially when "the discovery sought is unreasonably cumulative or

---

[7] *Full Tilt Boogie, LLC v. Fortune*, No. 2:19-cv-09090 ODW (KESx), 2021 U.S. Dist. LEXIS 229279, at *25 (C.D. Cal. 2021).
[8] FED. R. CIV. P. 34(b)(2)(E)(iii)

duplicative, or can be obtained from some source that is more convenient, less burdensome, or less expensive."[9]

62. Here, the Defendant has mischaracterized the nature of Plaintiff's objection to certain Requests for Production for the reason that "Dixon may already possess" the relevant documents. In fact, Plaintiff never refused to respond to Defendant's discovery requests, but rather stated that because the Plaintiff has already produced the documents or information to the Defendant that was in the possession, custody or control of Plaintiff, and that doing so again is not required due to the provisions of Fed. R. Civ. P. 26(b)(2)(C)(i).

63. The Plaintiff clearly articulated in each of its Responses that either the documents responsive to Defendant's requests (i) have been produced, (ii) would be produced, or (iii) do not exist. Documents located to date that were provided to the Defendant subsequent to service of its responses to discovery, coupled with those previously provided, completed the Plaintiff's production obligation. Plaintiff also indicated in its explanation of its Responses that it is not knowingly withholding any responsive documents or information.

**E. Plaintiff is not required to answer interrogatories that call for legal conclusions or speculation.**

64. "[A]n interrogatory calling for factual inference or conclusion is proper, whereas an interrogatory calling for a legal conclusion is objectionable."[10] Where an interrogatory calls for a legal conclusion, such "requests are clearly improper subjects for discovery."[11] Further, a party is not required to answer interrogatories that call for speculation.[12]

---

[9] FED. R. CIV. P. 26(b)(2)(C)(i).
[10] *Trabon Eng'g Corp. v. Eaton Mfg. Co.*, 37 F.R.D. 51, 57 (N.D. Ohio 1964).
[11] *Walls v. Kahoe*, No. 5:06-CV-188-DCB-MTP, 2008 U.S. Dist. LEXIS 114704, at *2 (S.D. Miss. 2008).
[12] *Perez v. M2 Glob. Tech.*, No. SA-07-CA-943-FB, 2009 U.S. Dist. LEXIS 144604, at *9-10 (W.D. Tex. 2009); See also *Baker v. Yellow Cab Co.*, 12 F.R.D. 84, 85 (W.D. Mo. 1951).

65. Furthermore, as for the speculative nature of the aforementioned discovery requests, "Rule 26(b) [which provides limits on the scope of discovery] 'has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition'" by forcing a party to answer questions of law to be determined by the Court, or by providing answers to questions that ponder "What if?"[13]

66. Here, the way the Defendant has worded the referenced Interrogatories, the Plaintiff has concluded that the Defendant desires to Plaintiff to provide information as to the enforceability of an agreement whether or not such agreement provides for a fraudulent transfer, and what might have happened had certain actions been (or will be) taken, or had certain events occurred (or will occur), or if particular sections of the Bankruptcy Code might be applied to the Plaintiff's claims. Such issues are more appropriately decided by this Court.

**F. The Court should not overrule the Plaintiff's objections asserted on the basis of relevance, or that such production not calculated to lead to the discovery of admissible evidence.**

67. Where discovery is not relevant, a court may not compel such discovery.[14] In the Fifth Circuit, where a party seeks to prevent discovery on the basis of relevance, it must specify why such discovery is not relevant.[15]

68. Further, a party is not required to produce documents requested by an opposing party when the request for such is not calculated to lead to the discovery of admissible evidence.[16]

69. Where a party demanding a Response or documents responsive to a request for such fails to demonstrate by argument, supporting documentation, or authority explaining why a

[13] *Crosby v. La. Health Serv. & Indem. Co*., 647 F.3d 258, 264 (5th Cir. 2011).
[14] *Gray v. Racetrac Petroleum, Inc.*, Civil Action No. 3:18-CV-1654-N, 2019 U.S. Dist. LEXIS 192599 (N.D. Tex. 2019).
[15] Archer v. Kennedy, Civil Action No. 3:21-CV-00748-N, 2022 U.S. Dist. LEXIS 115575, at *2-3 (N.D. Tex. 2022); see also *Merrill v. Waffle House, Inc*., 227 F.R.D. 475, 476 (N.D. Tex. 2005).
[16] *White v. Collins*, No. 5:06cv165-MTP, 2008 U.S. Dist. LEXIS 121376, at *4 (S.D. Miss. 2008).

responding party should be compelled to respond to questions and requests at issue, a court will deny a motion to compel such discovery.[17]

70. Here, Plaintiff was very clear as to the reasons why the referenced production requests were either not relevant or were not calculated to lead to the discovery of admissible evidence, and the Defendant has failed to rebut such reasons by any argument, documentation, or authority countering such reasons. The Responses to those Requests stand and are as follows:

a. RFP 10 – "All documents concerning Dixon" fails to limit the scope of such documents to those in the possession, custody and control only of the Plaintiff, and further fails to identify the topic to which such documents would be related. Further, this request is not limited to the production of documents relating to matters that are the subject of the adversary proceeding.

b. RFPs 15-17 – These RFPs seek both communications and documents that "concern" such communications. How such documents may "concern" these communications is undefined and is left to the imagination of the respondent to interpret. Further, all documents about American Escrow Company, JMJ, and Dixon fails to limit the scope of those documents to those in the "possession, custody and control only of the Plaintiff, and further fails to identify the topic or context of the desired documents. Additionally, as JMJ is not implicated in these proceedings, such communications as to that entity are similarly irrelevant. Further, this request is not limited to the production of documents relating to matters that are the subject of the adversary proceeding.

c. RFPs 19-33 – These RFPs seek documents concerning Plaintiff's total debts and liabilities (which are essentially the same); assets; and the value of its business; its "financial statement" (presumed to be its income statement); balance sheet; and general ledger; documents

---

[17] Vickers v. JP Morgan Chase N.A., No. SA-12-CA-31-XR, 2013 U.S. Dist. LEXIS 208157, at *17-18 (W.D. Tex. 2013).

about contingent and non-contingent liabilities; and schedules of assets (all at two points in time); and its 2019 and 2020 tax returns. None of these are related to the Plaintiff's claim against Defendant. As such, they are not relevant. To the extent that documents already produced may contain the same or similar information, Plaintiff would refer Defendant to such documents. Furthermore, a request for such financial documents is not a proper production request to the extent it requires Plaintiff to generate and create such reports out of any accounting software in which any financial data has been input, and furthermore Plaintiff would have to generate and create such documents as of the specific dates requested by Defendant which is additionally burdensome and to which Plaintiff objects.

d. RFPs 41-45 – These RFPs seek "all" communications with five (5) named individuals including some that may have some relevance, but most of which do not. Defendant is not entitled to communications with these persons that are not relevant to these proceedings. For this reason, Plaintiff objects to the requirement to produce all those communications that are not relevant to these proceedings, and as a result and subject to such objection, Plaintiff produced documents that were relevant to these proceedings which were in its possession or control.

e. RFPs 49-53 – These RFPs seek all documents concerning claims of four (4) named entities with claims against Plaintiff. Their claims have no relationship to the claims of Plaintiff against Defendant. As such they are not relevant to these proceedings. Furthermore, documents concerning and/or related to the claims of those named entities would be in the possession and control of same thereby making those entities the appropriate party to which requests for those documents should be served.

f. RFP 56 – This RFP seeks documents related to the referenced land sale contract which requests documents outside the scope of these proceedings which makes them

irrelevant to such. As such Defendant is not entitled to such irrelevant documents and subject to such objection, Plaintiff produced all relevant documents responsive to this request.

**G. The Court should not overrule the Plaintiff's "vague and ambiguous" objections.**

71. "The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."[18] "A party objecting on these grounds must explain the specific and particular way in which a request is vague."[19]

72. Here, the Plaintiff's objections on the grounds that its referenced objections to the referenced production requests are "vague and ambiguous" have merit for reasons that were articulated in writing with specificity as to each particular Request for Production. Those objections are as follows:

a. RFP 10 – The demand for "all documents concerning Dixon" is vague and ambiguous on its face since no topic or context concerning such documents is provided and such request results in the production of mostly non-relevant documents. Further, there is no delineation of the person or entity in whose possession, custody, and control such documents exist and whether Defendant expects the Plaintiff to search for said documents that are not in Plaintiff's possession, custody, or control.

b. RFPs 13 and 14 - These RFPs dealing with appraisals fail to similarly provide context in the form of a particular time during which any appraisal may have been produced and for what purpose. Notably, however, all appraisals in the possession, custody, and control of the Plaintiff have already been produced or will be supplemented as stated above, and

---

[18] *Heller v. City of Dall.*, 303 F.R.D. 466, 491 (N.D. Tex. 2014).
[19] *Id*.

the Plaintiff will not be creating any new appraisals to meet Defendants desired information requirements since it is not required to do so.

c. RFP 15 – Such RFP is vague and ambiguous to the extent that, as before, no context or topical scope has been provided as to the information sought about the Plaintiff's communications, documents concerning communications, or otherwise concerning American Escrow Company, which could also encompass documents and communications about matters not implicated in these proceedings.

d. As for the vague and ambiguous language "clarified" in the table in Defendant's letter dated January 21, 2022 referencing RFP Nos. 16, 17, 37, 38, 42, 43, 44, and 45, Plaintiff would note that at the time the responses thereto were prepared, they indicated that documents responsive to those requests had either been produced or would be produced.

73. Although Plaintiff did not obtain clarification on the grounds of vagueness and ambiguity prior to objecting on the grounds of being "vague and ambiguous" as recommended (but not required) by the referenced case law, and despite the foregoing objections, Defendant has never made any effort between the date of service of Plaintiff's February 3, 2022 letter to Defendant explaining its objections and the present, a span of almost five (5) months, to clarify any vagueness or ambiguity as to any of the aforementioned Requests for Production.[20] The intent of that explanatory letter was to elicit such clarification but Defendant has never provided any. Plaintiff cannot determine if any documents have been withheld as to these specific objections since the Requests for Production to which they correspond attempt to force the Plaintiff to guess as to what documents the Defendant is searching.

[20] *Id*. at 492.

### H. Sanctions against Plaintiff are not warranted due to Defendant's failure to attempt to obtain discovery in good faith without this Court's intervention.

74. As noted by Defendant, the Court must not order sanctions if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action[, or] the opposing party's nondisclosure, response, or objection was substantially justified[.]"[21]

75. Here, as mentioned *supra*, the Plaintiff provided specific explanations for each of its objections to discovery requests, each of which are justifiable, once in a letter dated February 3, 2022, and in another dated July 15, 2022, in the hope that the Defendant would clarify such requests. It never did so. In fact, after Plaintiff's initial letter (dated February 3, 2022) explaining its objections, Defendant waited until June 24, 2022 (a period of almost five months) to merely state its disagreement with Plaintiff's objections and to renew its demand for Responses and Production without addressing Plaintiff's concerns, or clarifying any discovery requests. Instead, after receiving the Plaintiff's second letter (dated July 15, 2022) of explanation of its objections to discovery requests, the Defendant immediately filed the instant Motion. This refusal to clarify its discovery requests and then complain about the Plaintiff's objections in the instant Motion without addressing Plaintiff's concerns smacks of bad faith in filing said Motion.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court enter an order denying *Dixon Water Foundation's Expedited Motion to Compel Written Discovery Responses and Production of Documents*, and for such other and further relief to which Plaintiff may show itself justly entitled.

[21] FED. R. CIV. P. 37(a)(5)(A).

Dated: July 26, 2022.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
ATTORNEYS FOR DEBTOR/PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 26, 2022, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case listed below.

J. Robert Forshey on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
bforshey@forsheyprostok.com,
calendar@forsheyprostok.com;jgonzalez@forsheyprostok.com;bforshey@ecf.courtdrive.com;calendar_0573@ecf.courtdrive.com

Kimberly Paige Harris on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
kharris@qslwm.com, kdepasquale@qslwm.com

Joyce W. Lindauer on behalf of Plaintiff BM318, LLC
joyce@joycelindauer.com, dian@joycelindauer.com;12113@notices.nextchapterbk.com

Jay Ong on behalf of Defendant The Dixon Water Foundation
jong@munsch.com, amays@munsch.com;jay-ong-4326@ecf.pacerpro.com

Deborah M. Perry on behalf of Counter-Claimant The Dixon Water Foundation
dperry@munsch.com

Deborah M. Perry on behalf of Defendant The Dixon Water Foundation
dperry@munsch.com

Joshua Lee Shepherd on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
jshepherd@qslwm.com, dcruz@qslwm.com

Julian Preston Vasek on behalf of Counter-Claimant The Dixon Water Foundation
jvasek@munsch.com

Julian Preston Vasek on behalf of Defendant The Dixon Water Foundation
jvasek@munsch.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer