Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR PLAINTIFF/APPELLANT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm-11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

| | | |
|---|---|---|
| **BM318, LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 21-04051** |
| | § | |
| **DIXON WATER FOUNDATION,** | § | |
| **Defendant.** | § | |
| | § | |

| | | |
|---|---|---|
| **LUMAR LAND & CATTLE, LLC,** | § | |
| **Plaintiff-in-Intervention** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **BM318, LLC,** | § | |
| **Defendant-in-Intervention** | § | |

**BM318, LLC'S MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL**

TO THE HONORABLE COURT:

Comes now BM18, LLC, the Plaintiff and Defendant-in-Intervention in the above-captioned adversary proceeding ("BM318"), and files this its Motion for Leave to File Interlocutory Appeal, and would show the Court as follows:

## I. PROCEDURAL HISTORY

1. BM318 filed a Motion for Leave to File Amended Complaint in the above captioned adversary proceeding on May 9, 2022 (Dkt. 50, the "Motion").

2. Lumar Land & Cattle, LLC ("Lumar") filed an Objection to the Motion on May 31, 2022 (Dkt. 53). Dixon Water Foundation ("Dixon") filed an Objection to the Motion on June 3, 2022 (Dkt. 55).

3. BM318 filed its Response to both Objections on June 14, 2022 (Dkt. 59).

4. The Court heard the Motion, Objections and Response at a hearing on June 15, 2022. At the conclusion of the hearing, the Bankruptcy Court took the matter under advisement.

5. On August 11, 2022, the Bankruptcy Court entered its *Order Denying BM318, LLC's Motion for Leave to File Amended Complaint* (the "Order", Dkt. No. 100). A copy of the Order is attached hereto as **Exhibit A** and incorporated herein by reference.

6. BM318 filed a Notice of Appeal of the Order concurrently with this Motion.

## II. ARGUMENT AND AUTHORITIES

7. The Order is not a final judgment of the claims between the parties and does not finally dispose of the issues between them; therefore, in normal civil litigation it would be considered interlocutory. However, different rules apply in bankruptcy cases. In *Bullard v. Blue Hills Bank*, the U.S. Supreme Court stated as follows:

> In ordinary civil litigation, a case in federal district court culminates in a "final decisio[n]," 28 U. S. C. §1291, a ruling "by which a district court disassociates itself from a case," *Swint* v. *Chambers County Comm'n*, 514 U. S. 35, 42, 115 S. Ct. 1203, 131 L. Ed. 2d 60 (1995). A party can typically appeal as of right only from that final decision. This rule reflects the conclusion that "[p]ermitting piecemeal, prejudgment appeals . . . undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation." *Mohawk Industries, Inc.* v. *Carpenter*, 558 U. S. 100, 106, 130 S. Ct. 599, 175 L. Ed. 2d 458 (2009) (quoting *Firestone Tire & Rubber Co.* v. *Risjord*, 449 U. S. 368, 374, 101 S. Ct. 669, 66 L. Ed. 2d 571 (1981)).

> The rules are different in bankruptcy. A bankruptcy case involves "an aggregation of individual controversies," many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor. 1 Collier on Bankruptcy ¶5.08[1][b], p. 5-42 (16th ed. 2014). Accordingly, "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Howard Delivery Service, Inc.* v. *Zurich American Ins. Co.*, 547 U. S. 651, 657, n. 3, 126 S. Ct. 2105, 165 L. Ed. 2d 110 (2006) (internal quotation marks and emphasis omitted). The current bankruptcy appeals statute reflects this approach: It authorizes appeals as of right not only from final judgments in cases but from "final judgments, orders, and decrees . . . in cases and proceedings." §158(a).

*Bullard v. Blue Hills Bank*, 575 U.S. 496, 501, 135 S. Ct. 1686 (2015).

8. 28 U.S.C. **§** 158(a) provides as follows:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
>
> (1) from final judgments, orders, and decrees;
>
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>
> (3) with leave of the court, from other interlocutory orders and decrees;
>
> and, with leave of court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

9. In the Order, the Bankruptcy Court ruled that BM318 did not have standing to bring certain new causes of action against certain new parties; therefore, BM318 was denied the right to file an amended complaint adding the new parties and claims. Standing to sue is a threshold issue governing the eligibility of a party to bring an action against another party[1]. Therefore, if the Order became final it would be a final disposition of BM318's right to bring the new claims against the new parties in any federal court, and arguably in any state court. The Order would have this effect

[1] *Brown v. Sibley*, 650 F.2d 760, 771 (5th Cir. 1981) ("If the plaintiff has no standing individually, no case or controversy arises.")

even though the adversary proceeding in which the Order was entered is still ongoing and no trial has been held.

10. To the extent the Order is interlocutory under the above circumstances and authorities, BM318 requests leave of this Court under 28 U.S.C. § 158(a) to file an interlocutory appeal of the Order.

WHEREFORE, PREMISES CONSIDERED, BM318 requests this Court to enter an order allowing it to file an interlocutory appeal of the Order and granting such other and further relief as is just.

Dated: August 23, 2022.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
ATTORNEYS FOR PLAINTIFF/APPELLANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 23, 2022, a true and correct copy of the foregoing document was served by electronic transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice in this proceeding, including counsel for Dixon Water Foundation and Lumar Land & Cattle, LLC listed below.

**Counsel for Dixon Water Foundation:**

Deborah M. Perry
Jay H. Ong
Julian P. Vasek
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75201
Email: dperry@munsch.com
Email: jong@munsch.com
Email: jvasek@munsch.com

**Counsel for Lumar Land & Cattle, LLC:**

J. Robert Forshey
Forshey & Prostok, LLP
777 Main St., Suite 1550
Ft. Worth, TX 76102
Email: bforshey@forsheyprostok.com

Kimberly Paige Harris
Joshua Lee Shepherd
Quilling, Selander, Lownds, et al.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
Email: kharris@qslwm.com
Email: jshepherd@qslwm.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 11, 2022**

Mark X. Mullin
**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| BM318, LLC, | § | Case No. 20-42789-MXM |
| Debtor. | § | |
| BM318, LLC, | § | |
| Plaintiff, | § | |
| v. | § | Adv. Pro. No. 21-04051-MXM |
| THE DIXON WATER FOUNDATION, | § | |
| Defendant. | § | |
| LUMAR LAND & CATTLE, LLC, | § | |
| Plaintiff-in-Intervention. | § | |

**ORDER DENYING BM318, LLC'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**EXHIBIT "A"**

CAME ON FOR HEARING on June 15, 2022 and June 30, 2022 (collectively, the "Hearing"), *BM318, LLC's Motion for Leave to File Amended Complaint* [Docket No. 50] (the "Motion to Amend"), filed by BM318, LLC ("BM318"), the Plaintiff in this Adversary Proceeding, and having considered the Motion to Amend, the *Plaintiff-in-Intervention Lumar Land & Cattle, LLC's Objection to BM318, LLC's Motion for Leave to File Amended Complaint* [Docket No. 53], filed by Lumar Land & Cattle, LLC ("Lumar"), *Defendant The Dixon Water Foundation's Objection to BM318, LLC's Motion for Leave to File Amended Complaint* [Docket No. 55], filed by The Dixon Water Foundation ("Dixon"), *BM318, LLC's Response to Dixon Water Foundation and Lumar Land & Cattle, LLC Objections to Motion for Leave to File Amended Complaint* [Docket No. 59], *BM318, LLC's Supplemental Response to Dixon Water Foundation and Lumar Land & Cattle, LLC Objections to Motion for Leave to File Amended Complaint* [Docket No. 66], the testimony of Larry Martin at the Hearing, the exhibits entered into evidence at the Hearing and the arguments presented at the Hearing, the Court orally issued its ruling on July 27, 2022 (the "Oral Ruling"), including the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as incorporated by Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure, which findings of fact and conclusions of law are adopted and incorporated herein by reference, and the Court finds as follows:

1. On August 10, 2021, BM318 filed its *Complaint to Avoid and Recover Preferential and/or Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548 and 550* (the "Original Complaint").

2. On May 9, 2022, BM318 filed the Motion to Amend. Attached as Exhibit "A" to the Motion to Amend is a proposed *Plaintiff's First Amended Complaint* (the "Proposed Amended Complaint").

3. By and through the Motion to Amend, BM318 sought leave to amend its Original Complaint to assert the following claims and causes of action against the following parties (the "Proposed New Claims and Causes of Action"):

a. Count V: Tortious interference with a contract against Lumar, Railhead Realty LLC ("Railhead"), Aledo West, LLC ("Aledo"), Robert J. Potts ("Potts"), Jimmy Ray Martin ("Martin"), Ronald Hughes ("Hughes"), and Gary Hazlewood ("Hazlewood");

b. Count VI: Tortious interference with a prospective contract against Lumar, Railhead, Aledo, Potts, Martin, Hughes, and Hazlewood;

c. Count VII: Breach of fiduciary duties against Martin, Hughes, GH Lumar, LLC ("GH Lumar"), Lumar, and Railhead;

d. Count VIII: Fraud against Martin, Lumar, and GH Lumar;

e. Count IX: Conversion against Martin, Lumar, and GH Lumar;

f. Count X: Fraud in a real estate transaction (Tex. Bus. & Comm. Code § 27.01) against Martin, Lumar, and GH Lumar;

g. Count XI: Constructive fraud against Martin, Lumar, and GH Lumar;

h. Count XII: Negligent misrepresentation against Martin, Lumar, and GH Lumar;

i. Count XIII: Aiding and abetting and/or knowing participation – breach of fiduciary duties against Lumar, GH Lumar, GH Lumar JV ("GH JV"), Hazlewood, Aledo, Hughes, Railhead, Potts, Dixon, and Clinton W. Josey, Jr., Kathy Smyth, Jerry Addison, Hugh Aljoe, Leslie C. Rauscher, and Dr. Richard Teague (collectively, the "Board Defendants");[1]

j. Count XIV: Conspiracy to commit fraud and/or fraud in real estate; constructive fraud; conversion; tortious interference (contract and prospective contract), and/or breach of fiduciary duties against Dixon, Lumar, GH Lumar, GH JV, Aledo, Potts, Railhead, Martin, Hughes, Hazlewood and the Board Defendants;

k. Count XV: Vicarious liability/respondeat superior against Hughes and Railhead; and

l. Count XVI: Alter-ego/piercing the corporate veil/reverse piercing the corporate veil against GH Lumar, Lumar, Martin, Railhead, Hughes, Aledo, Hazlewood, Dixon, Potts and the Board Defendants.

---

[1] In its Oral Ruling, the Court noted that Walt Davis and Laura Whiting were included in the Motion to Amend as potential defendants, but not included in the Proposed Amended Complaint. As stated on the record at the Oral Ruling, the Court included Mr. Davis and Ms. Whiting in its Oral Ruling.

4. BM318 does not have standing to prosecute the Proposed New Claims and Causes of Action.

Accordingly, based upon the above findings, and for the reasons set forth on the record at the Oral Ruling, it is hereby:[2]

ORDERED that the Motion to Amend is DENIED; and it is further

ORDERED that the Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Order.

# # # END OF ORDER # # #

Order Approved and Submitted By:
MUNSCH HARDT KOPF & HARR, P.C.
Deborah M. Perry
Texas Bar No. 24002755
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: dperry@munsch.com

**ATTORNEYS FOR THE DIXON WATER FOUNDATION**

Approved as to Form:
JOYCE W. LINDAUER ATTORNEY, PLLC
Joyce W. Lindauer
Texas Bar No. 21555700
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com

**ATTORNEYS FOR DEBTOR/PLAINTIFF**

[2] All findings of fact and conclusions of law announced by the Court at the Oral Ruling are hereby incorporated herein.

LAW OFFICE OF K. WALJI
Khudabuksh K. Walji
Texas Bar No. 20691500
10701 Corporate Drive, Suite 350
Stafford, Texas 77477
Telephone: (281) 401-9672

**CO-COUNSEL FOR DEBTOR/PLAINTIFF**

Approved as to Form:

QULLLING, SELANDER, LOWNDS, WINSLETT & MOSER, PC
Kimberly P. Harris
Texas Bar No. 24002234
Joshua L. Shepherd
Texas Bar No. 24058104
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: 214) 871-2100
Facsimile: (214) 871-2111
Email: kharris@qslwm.com
Email: jshepherd@qslwm.com

**COUNSEL FOR INTERVENOR LUMAR LAND & CATTLE, LLC**

FORSHEY PROSTOK, LLP
J. Robert Forshey
Texas Bar No. 07264200
Emily S. Chou
Texas Bar No. 24006997
777 Main Street, Suite 1550
Fort Worth, Texas 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
Email: bforshey@forsheyprostok.com
Email: echou@forsheyprostok.com

**CO-COUNSEL FOR INTERVENOR LUMAR LAND & CATTLE, LLC**