Deborah M. Perry
Texas Bar No. 24002755
Jay H. Ong
Texas Bar No. 24028756
Julian P. Vasek
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: dperry@munsch.com
Email: jong@munsch.com
Email: jvasek@munsch.com

***Attorneys for The Dixon Water Foundation***

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re:<br><br>BM318, LLC,<br><br>Debtor. | §<br>§<br>§<br>§<br>§<br>§ | Case No. 20-42789-MXM<br><br>Chapter 11 |
| BM318, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE DIXON WATER FOUNDATION,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Adv. No. 21-04051 |
| BM318, LLC,<br><br>Appellant,<br><br>v.<br><br>THE DIXON WATER FOUNDATION *et al.*,<br><br>Appellees. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Case No. 4:22-cv-740-O |

**THE DIXON WATER FOUNDATION'S MOTION TO ABATE, OR ALTERNATIVELY TO EXTEND THE DEADLINE FOR THE DIXON WATER FOUNDATION TO FILE ITS DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN RECORD ON APPEAL, AND BRIEF IN SUPPORT THEREOF**

COMES NOW, The Dixon Water Foundation, a Texas non-profit corporation ("Dixon"), and files this its *Motion to Abate, or Alternatively to Extend the Deadline for the Dixon Water Foundation to File its Designation of Additional Items to be Included in Record on Appeal and Brief in Support Thereof* (the "Motion"), and in support of this Motion, would respectfully show the Court as follows:[1]

## I. PROCEDURAL BACKGROUND

### A. Adversary Proceeding Background

1. On August 10, 2021, BM318, LLC ("BM318") filed its *Complaint to Avoid and Recover Preferential and/or Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548 and 550* (the "Original Complaint"), commencing the above-captioned adversary proceeding (the "Adversary Proceeding" or "Adv. Pro.").

2. In its Original Complaint, BM318 asserted the following claims against Dixon: (i) avoidance of alleged preferential transfer under 11 U.S.C. § 547; (ii) avoidance of alleged fraudulent conveyance under 11 U.S.C. § 548(a)(1)(B); (iii) recovery of avoided transfers under 11 U.S.C. § 550; and (iv) disallowance of all claims under 11 U.S.C. § 502(d) and (j). [Adv. Pro. Docket No. 1].

3. On May 9, 2022, BM318 filed its *Motion for Leave to File Amended Complaint* [Adv. Pro. Docket No. 50] (the "Motion for Leave to File Amended Complaint").

[1] Dixon believes that from a procedural standpoint, this Motion is more properly filed in the District Court and has filed it in the District Court, Civil Case No. 4:22-cv-740-O [Docket No. 7]. However, out of an abundance of caution, Dixon also files this Motion in the Adversary Proceeding if it is more properly filed here.

4. Through its Motion for Leave to File Amended Complaint, nine months after the commencement of the Adversary Proceeding, BM318 sought leave to add the following eleven state law claims against approximately sixteen new parties: (i) tortious interference with a contract; (ii) tortious interference with a prospective contract; (iii) aiding and abetting and/or knowing participation-breach of fiduciary duties; (iv) conspiracy to commit fraud and/or fraud in real estate; constructive fraud, conversion, tortious interference (contract and prospective contract), and/or breach of fiduciary duties; (v) alter ego/piercing the corporate veil/reverse piercing the corporate veil; (vi) breach of fiduciary duties; (vii) fraud; (viii) conversion; (ix) fraud in a real estate transaction; (x) constructive fraud; and (xi) negligent misrepresentation.

5. Both Dixon and Plaintiff-in-Intervention, Lumar Land & Cattle, LLC ("Lumar") filed objections to the Motion for Leave to File Amended Complaint. [Adv. Pro. Docket Nos. 53 and 54].

6. On August 11, 2022, the Bankruptcy Court entered its *Order Denying BM318, LLC's Motion for Leave to File Amended Complaint* [Adv. Pro. Docket No. 100] (the "Order Denying Leave to File Amended Complaint").

**B. Proceedings in Bankruptcy Court Related to the Appeal**

7. On August 23, 2022, BM318 filed a Notice of Appeal from the Order Denying Leave to File Amended Complaint. [Adv. Pro. Docket No. 105] (the "Notice of Appeal").

8. On August 23, 2022, BM318 filed its *Motion for Leave to File Interlocutory Appeal* (the "Motion for Leave"). [Adv. Pro. Docket No. 106].

9. Notwithstanding the fact that the Motion for Leave is pending and has not been ruled on, on September 6, 2022, BM318 filed its Designation of the Record [Adv. Pro. Docket No. 119] (the "BM318 Record Designation").

### C. Appellate Proceedings in District Court

10. On August 23, 2022, the Notice of Appeal and Motion for Leave were docketed with the District Court [Dist. Ct. Docket Nos. 1 & 2].

11. On September 6, 2022, Dixon filed its *Response in Opposition* [Docket No. 4] to the Motion for Leave. On September 6, 2022, Lumar also filed its *Response* to the Motion for Leave [Docket No. 3], wherein it also opposes the relief requested in the Motion for Leave.

12. As set forth in their responses, both Dixon and Lumar respectfully request that the Court decline to grant the Motion for Leave as the Order Denying Leave to File Amended Complaint is not a final order and the standards for authorizing an interlocutory appeal have not and cannot be met.

## II. RELIEF REQUESTED

13. Dixon respectfully requests that the Court abate all deadlines associated with the Appeal, until this Court has ruled on the Motion for Leave.

14. Federal Rule of Bankruptcy Procedure 8009(a)(1) provides as follows:

(1) Appellant.

> (A) The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.
>
> (B) The appellant must file and serve the designation and statement within 14 days after:
>
> > (i) the appellant's notice of appeal as of right becomes effective under Rule 8002; <u>or</u> (ii) an order granting leave to appeal is entered.

A designation and statement served prematurely must be treated as served on the first day on which filing is timely (emphasis added).

15. BM318 prematurely filed the BM318 Designation of the Record. Such designation was not required until 14 days after an order granting leave to appeal has been entered. The Court

has not granted the opposed Interlocutory Appeal Motion, therefore, the deadline for BM318 to designate the record has not arisen. *See* Fed. R. Bankr. P. 8009(a); *In re Aponte,* 2020 U.S.Dist. LEXIS 205005, at *1 (E.D.Penn. Nov. 3, 2020). If the Court denies the Motion for Leave, as respectfully requested by Dixon and Lumar, then such deadline will never arise.

16. An abatement while the Motion for Leave is pending is in the interests of judicial efficiency and economy. In the event that the Court grants the Motion for Leave, Dixon respectfully requests that the Court allow it fourteen (14) days from the entry of such order to timely file and serve its designation of additional items to be included in the record on appeal pursuant to Fed. R. Bankr. P. 8009.

WHEREFORE, PREMISES CONSIDERED, The Dixon Water Foundation, a non-profit corporation, respectfully requests that this Court grant the relief requested in this Motion, abate the deadlines in the appeal pending a ruling on the Motion for Leave, grant Dixon fourteen (14) days following entry of any order granting the Motion for Leave to file and serve its designation of additional items to be included in the record on appeal, and grant such other and further relief that this Court deems just and proper at law or in equity.

RESPECTFULLY SUBMITTED this 20th day of September, 2022.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Deborah M. Perry*

Deborah M. Perry
Texas Bar No. 24002755
Jay H. Ong
Texas Bar No. 24028756
Julian P. Vasek
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: dperry@munsch.com
Email: jong@munsch.com
Email: jvasek@munsch.com

*Attorneys for The Dixon Water Foundation*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that, on the 20th day of September, 2022, she conferred with Joyce Lindauer, counsel for Appellant and Appellant is opposed to an abatement but not opposed to an extension of time for record designations or briefing.

*/s/ Deborah M. Perry*
Deborah M. Perry

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this the 20th day of September, 2022, true and correct copies of this document were served via the Court's ecf system on counsel for BM318 and counsel for Lumar.

*/s/ Deborah M. Perry*
Deborah M. Perry