**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BM318, LLC,** | § | |
| | § | |
| **Appellant,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-00740-O** |
| | § | |
| **DIXON WATER FOUNDATION and LUMAR LAND & CATTLE, LLC,** | § | |
| | § | |
| | § | |
| **Appellees.** | § | |

**ORDER**

Before the Court are BM318, LLC's Motion for Leave to File Interlocutory Appeal (the "Motion") (ECF No. 2-1), filed August 25, 2022; Plaintiff-In-Intervention Lumar Land & Cattle, LLC's Response to BM318, LLC's Motion for Leave to File Interlocutory Appeal ("Lumar Response") (ECF No. 3), filed September 6, 2022; The Dixon Walter Foundation's Response in Opposition to BM318, LLC's Motion for Leave to File Interlocutory Appeal ("Dixon Response") (ECF No. 4), filed September 6, 2022; and BMC 318, LLC's Reply to Responses to Motion for Leave to File Interlocutory Appeal Filed By Appellees ("BM318 Reply") (ECF No. 5), filed September 20, 2022. Having considered the Motion, briefing, and applicable law, the Court **DENIES** the Motion.

## I. JURISDICTION

The Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 157 and 1334. This Court has jurisdiction to hear bankruptcy appeals under 28 U.S.C. § 158(a). Parties may appeal "other interlocutory orders" only with the Court's leave. *Id.* § 158(a)(3). The issue before the Court is whether it should grant such leave.

## II. BACKGROUND[1]

The pending Motion emerges out of a collection of protracted bankruptcy proceedings, years in the making. The Bankruptcy Court's Oral Ruling on July 27, 2022 (the "Oral Ruling") summarized this history, and the Court finds no need to recount it again in detail here. Partial Transcript at 5–12, ECF No. 3-1.

To offer a brief summation, on November 16th, 2018, BM318, LLC ("BM318") purchased 2,055.7 acres of rural property in Parker County, Texas, for $35,461,480 from Dixon Water Foundation ("Dixon"). BM318 paid $2.1 million in cash at closing, and Dixon financed the remaining loan amount pursuant to a loan agreement and promissory note, which was secured by a deed of trust. When BM318 proved unable to satisfy its financial obligations to Dixon, BM318 filed a Chapter 11 bankruptcy petition on September 9, 2020. Pursuant to the rules of bankruptcy proceedings, BM318 has filed numerous schedules, disclosure statements, and plans of reorganization in the two years since.

Because of various transactions since the original sale of the 2,055.7 acres, Dixon retains, and Lumar Land & Cattle, LLC ("Lumar") acquired, certain disputed ownership rights to portions of the 2,055.7 acres. Within the broader scope of BM318's Chapter 11 bankruptcy proceedings, Dixon, Lumar, and BM318 are engaged in an Adversary Proceeding to determine the nature and extent of their property rights with respect to the original 2,055.7 acres of land and its subsequent partitioning.

On May 9, 2022, BM318 requested leave to amend its answer in the Adversary Proceeding. As part of BM318's proposed amended answer, BM318 sought to add twelve new claims and causes of action. BM318, LLC's Notice of Appeal at 9–13, ECF No. 1-1. In addition to directing

[1] Unless otherwise stated, all details in this section are drawn from the Bankruptcy Court's Oral Ruling on July 27, 2022. Partial Transcript at 5–12, ECF No. 3-1.

some of these proposed new claims towards Dixon and Lumar, BM318 sought to levy its claims against sixteen potential new defendants.

The Bankruptcy Court denied BM318's request to file an amended complaint in its Order Denying BM318, LLC's Motion for Leave to File Amended Complaint (the "Bankruptcy Court's Order"), citing the reasons offered in its Oral Ruling. Not. of App. at 9–13, ECF No. 1-1. In particular, the Bankruptcy Court found that BM318 lacked standing to bring its proposed new claims. As the Bankruptcy Court explained, BM318's official filings during the course of its bankruptcy proceedings had neglected to "specifically and unequivocally" reference, and thus failed to preserve, the proposed new claims. BM318 now seeks leave to appeal the Bankruptcy Court's Order to this Court through its Motion. Motion at 1–5, ECF No. 2-1.

## III. ISSUES ON APPEAL

A. Whether the Bankruptcy Court's Order is appealable as an interlocutory order under 28 U.S.C. § 158(a)(3).

B. If the Bankruptcy Court's Order is appealable, whether the Court should grant leave to appeal the Bankruptcy Court's Order under 28 U.S.C. § 158(a)(3).

## IV. STANDARD OF REVIEW

The Court has discretion to grant or deny leave to appeal the Bankruptcy Court's Order. *In re O'Connor*, 258 F.3d 392, 399–400 (5th Cir. 2001). "Bankruptcy interlocutory appeals are generally disfavored because they disrupt the bankruptcy proceedings." *Dean v. Reticulum Mgmt., LLC*, No. 3:20-cv-2531, 2020 WL 7046854, at *1 (N.D. Tex. Nov. 30, 2020) (citing *In re Cross*, 666 F.2d 873, 878 (5th Cir. Unit B 1982)). Furthermore, "[t]he moving party has the burden to demonstrate the need for interlocutory appeal." *Alex v. T-Mobile USA, Inc.*, No. 3:17-CV-1532,

2018 WL 11275541, at *1 (N.D. Tex. Apr. 16, 2018) (alteration added) (citing *Coates v. Brazoria Cty. Tex.*, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013)).

Importantly, the Court cannot review the Bankruptcy Court's discretionary factual determinations in an interlocutory appeal context. *See, e.g.*, *Panda Energy Int'l, Inc. v. Factory Mut. Ins.*, No. 3:10-CV-003, 2011 WL 610016, at *4 (N.D. Tex. Feb. 14, 2011) ("Interlocutory appeal is not intended as a vehicle through which parties may assert that a court has applied authority incorrectly.") However, the Court may review the Bankruptcy Court Order for errors of law, such as applying an incorrect legal standard to reach its conclusion. *See, e.g.*, *In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991) (noting that the disputed scope of a legal standard could constitute an appealable controlling question of law).

## V. ANALYSIS

### A. Appealability of the Bankruptcy Court's Order

28 U.S.C. § 158(a) details three circumstances in which district courts may permissibly consider bankruptcy appeals. First, parties may appeal as of right "from final judgments, orders, and decrees" of bankruptcy courts. 28 U.S.C. § 158(a)(1). Second, parties may appeal as of right "from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title." *Id*. § 158(a)(2). Third, parties may seek "leave of the court" to appeal "other interlocutory orders and decrees of bankruptcy judges." *Id*. § 158(a)(3).

The parties agree that the Bankruptcy Court Order is "interlocutory," and thus the Court must consider the appeal pursuant to 28 U.S.C. § 158(a)(3). *See* BM318 Reply at ¶ 4, ECF No. 5; Lumar Response at ¶ 22, ECF No. 3; and Dixon Response at ¶ 11, ECF No. 4. Under this framework, the parties advance multiple procedural arguments as to why the Bankruptcy Court

Order is, or is not, appealable. But the Court need not, and does not, address those procedural arguments, due to the substantive problems with the Motion that preclude granting leave to appeal, as detailed below.

B. Propriety of Granting Leave to Appeal

Although no binding authority dictates what standard district courts must apply to determine whether to grant leave to appeal, the Fifth Circuit has acquiesced to the application of the 28 U.S.C. § 1292(b) standard in the context of bankruptcy interlocutory appeals. *In re Ichinose*, 946 F.2d at 1177. While BM318 correctly points out that the *In re Ichinose* decision offers no opinion on the propriety, nor the necessity, of applying the 28 U.S.C. § 1292(b) standard in this context, BM318 fails to offer the Court an alternative standard under which to analyze the Motion. BM318 Reply at ¶ 10, ECF No. 5. Therefore, in the absence of a viable alternative and in its discretion, the Court chooses to apply the 28 U.S.C. § 1292(b) standard. Under § 1292(b), a court should grant leave to appeal if (1) a "controlling issue of law" is involved, (2) the question is one where there is "substantial ground for difference of opinion," and (3) an immediate appeal would "materially advance the ultimate termination of the litigation." *In re Ichinose*, 946 F.2d at 1177 (citation omitted).

First, the Bankruptcy Court's Order does involve a controlling question of law. Specifically, BM318 challenges the scope of the Fifth Circuit's decision in *In re United Operating, LLC*, 540 F.3d 351 (5th Cir. 2008). That case stands for the holding that neither a bankruptcy plan's "blanket reservation of 'any and all claims' arising under the [Bankruptcy] Code, nor its specific reservation of other types of claims under various [Bankruptcy] Code provisions are sufficient to preserve the common-law claims [Debtor] now brings for, *inter alia*, fraud, breach of fiduciary duty, and negligence." *In re United Operating, LLC*, 540 F.3d 351, 356 (5th Cir. 2008)

(alterations added) (citing *In re Paramount Plastics, Inc.*, 172 B.R. 331, 335 (Bankr. W.D. Wash. 1994) and *In re Ice Cream Liquidation, Inc.*, 319 B.R. 324, 333 (Bankr. D. Conn. 2005)). In its Oral Ruling, the Bankruptcy Court cited to this standard when determining that BM318 had failed to "specifically and unequivocally" preserve the new claims it sought to bring through its amended complaint. Partial Transcript at 17, ECF No. 3-1.

Second, the question is not one where there is substantial ground for difference of opinion. "A substantial ground for difference of opinion exists if 'the circuits are in dispute on the question and the Court of Appeals of the circuit [encompassing the district court] has not spoken on the point . . . or if novel and difficult questions of first impression are presented.'" *Fairfield Royalty Co. v. Island Operating Co.*, No. 10-3446, 2011 WL 6140665, at *2 (E.D. La. Dec. 9, 2011) (citing *In re Chinese–Manufactured Drywall Prods. Liab. Litig.*, No. MDL 2047, 2011 WL 2443693 (E.D. La. June 14, 2011)). By contrast, when "there is no *opinion* expressly requiring or even reasonably suggesting [appellant's] proposed pleading approach, there is necessarily no substantial disagreement to support an interlocutory appeal." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 729 (N.D. Tex. 2006) (alteration added).

BM318 offers no evidence that there is a circuit split on the controlling question of law. Instead, BM318 argues that this is a novel issue of law and further contends that there is "no authority on the issue in the Fifth Circuit." BM318 Reply at 8, ECF No. 5. But Dixon and Lumar point to ample precedent that supports, and in fact directly cites to, the *In re United Operating* "specific and unequivocal" standard for preserving claims in bankruptcy proceedings. *See, e.g.*, *In re Tex. Wyo. Drilling, Inc.*, 647 F.3d 547, 550 (5th Cir. 2011) (citing *In re United Operating*, 540 F.3d at 355); *In re MPF Holdings US LLC*, 701 F.3d 449, 452 (5th Cir. 2012) (citing *In re United Operating*, 540 F.3d at 355); *In re SI Restructuring Inc.*, 714 F.3d 860, 864 (5th Cir. 2013) (citing

*In re United Operating*, 540 F.3d at 355–56). Since the Court presumes BM318 uncovered this robust body of precedent when researching its briefing, the Court construes BM318's position as an invitation to sidestep and distinguish away this precedent. The Court declines this invitation.

Third, immediate appeal would not materially advance the termination of the litigation. "A key concern consistently underlying Section 1292(b) decisions is whether permitting an interlocutory appeal will speed up the litigation." *Tesco Corp. v. Weatherford Int'l, Inc.*, 722 F.Supp.2d 755, 767 (S.D. Tex. 2010) (citing *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000)). "An immediate appeal materially advances the termination of litigation if it would eliminate the need for trial, simplify the issues for trial, or reduce the burden of discovery." *David v. Signal Int'l, LLC*, 37 F.Supp.3d 836, 839 (E.D. La. 2014) (citations omitted).

Here, regardless of the ultimate disposition of BM318's appeal, the Adversary Proceeding will continue on the path to trial with or without BM318's proposed new causes of action and proposed new parties. *See* Lumar Response at ¶ 41, ECF No. 3. Moreover, BM318's appeal will not "simplify the issues for trial" nor "reduce the burden of discovery." *David*, 37 F.Supp.3d at 839. If BM318 ultimately failed on appeal, the parties would have exhausted unnecessary resources litigating that appeal, while concurrently pursuing the Adversary Proceeding. And even if BM318 were to succeed on appeal, then a dozen new claims and over a dozen new parties would be injected into the Adversary Proceeding on the eve of trial. Indeed, quadrupling the number of active claims and exponentially increasing the number of defendants would probably delay trial for months or even years, all while grossly complicating the issues before the Bankruptcy Court. For these reasons, the Court sees no need to entertain an appeal that would be dilatory and disruptive under even the best of circumstances.

## VI. CONCLUSION

Ultimately, the Court finds that two of the three 28 U.S.C. § 1292(b) factors caution against granting BM318's Motion. Therefore, exercising its discretion, the Court concludes that interlocutory review under 28 U.S.C. § 158(a)(3) would be inappropriate and inefficient. The Court thus **DENIES** the motion for leave to appeal.

**SO ORDERED** on this **26th day** of **September, 2022**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE