J. Robert Forshey
Texas Bar No. 07264200
bforshey@forsheyprostok.com
Emily S. Chou
Texas Bar No. 24006997
echou@forsheyprostok.com
FORSHEY PROSTOK, LLP
777 Main Street, Suite 1550
Fort Worth, TX  76102
Telephone: (817) 877-8855
Facsimile:  (817) 877-4151

**Counsel for Lumar Land & Cattle, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BM318, LLC, | § | Case No. 20-42789-MXM |
| | § | |
| Debtor | § | |

| | § | |
|---|---|---|
| BM318, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Pro. No. 21-04051-MXM |
| | § | |
| THE DIXON WATER FOUNDATION, | § | |
| | § | |
| Defendant. | § | |
| LUMAR LAND & CATTLE, LLC | § | |
| | § | |
| Plaintiff-in-Intervention | § | |

**LUMAR LAND & CATTLE, LLC'S MOTION TO ENFORCE SETTLEMENT
AND TO DISSOLVE AND EXPUNGE SECOND LIS PENDENS FILED BY TIMOTHY BARTON**

COMES NOW Lumar Land & Cattle, LLC ("Lumar") and files this *Motion to Enforce Settlement and to Dissolve and Expunge Second Lis Pendens filed by Timothy Barton* ("Motion").[1]

### I. **Introduction**

---

[1] This Motion is filed both in the above adversary proceeding and in the main bankruptcy case.

1. The above adversary proceeding arose out of an attempt by the Debtor, BM318, LLC ("BM318"), to avoid a conveyance of land through a deed in lieu of foreclosure. A receiver was appointed for BM318 in a lawsuit filed by the Securities and Exchange Commission (SEC). The receiver then settled the adversary proceeding. An objection to the settlement was filed by Timothy Barton ("Barton") an officer and alleged ultimate equity owner of BM318. The Court overruled Barton's objection. The settlement has been fully consummated and BM318's avoidance action has been dismissed with prejudice. The net effect of the settlement was to preclude and release any potential claim which BM318 might assert against the land which was the subject of the avoidance action.

2. Barton, however, was not content to accept the Court's ruling. Months after the settlement was approved, ignoring the Court's orders dismissing with prejudice BM318's claims to any interest in the land, Barton struck back. Purporting to act on behalf of BM318, Barton filed a second lis pendens against the land based on his appeal of the Dallas district court's order appointing the receiver in the SEC lawsuit.

3. The filing of this lis pendens is directly contrary to, and in violation of, this Court's orders approving and implementing the settlement which, in effect, preclude BM318 from ever asserting any interest in the land.

4. This Motion seeks to enforce this Court's orders and judgment on the settlement to dissolve and expunge the lis pendens filed by Barton.

## II.     Factual Background

5. BM318 purchased a tract of land from The Dixon Water Foundation ("Foundation") consisting of approximately 2,055 acres ("Original Tract") located in Parker County, Texas. The sale was owner-financed by the Foundation. BM318 defaulted on the repayment of the debt to the Foundation and eventually conveyed portions of the Original Tract back to the Foundation pursuant to a deed in lieu of foreclosure. Shortly thereafter, BM318 commenced this bankruptcy case on September 1, 2020.

6. The Foundation then sold a 204-acre tract ("Lumar Land") out of the Original Tract to Lumar. A copy of the deed from the Foundation to Lumar, and which describes the Lumar Land, is attached as **Exhibit "A"**.

7. After the 204 acres were sold to Lumar, BM318 commenced the following adversary proceeding against the Foundation: *BM318, LLC v. The Dixon Water Foundation, Adv. No. 21-04051-mxm-11 in the United States Bankruptcy Court for the Northern District of Texas* ("Adversary Proceeding"). In the Adversary Proceeding, BM318 sought to avoid the conveyance of the Original Tract to the Foundation pursuant to the deed in lieu of foreclosure. Based on the Adversary Proceeding, BM318 then filed a Notice of Lis Pendens ("First Lis Pendens") in the real estate records of Parker County, Texas, relating to the Original Tract. BM318's avoidance claims through the Adversary Proceeding represent BM318's only asserted right, title, or interest in either the Original Tract or to the Lumar Tract as a part of the Original Tract.

8. Because the First Lis Pendens also burdened the Lumar Land, Lumar intervened in the Adversary Proceeding to protect its rights in the Lumar Land and to remove the First Lis Pendens.

9. The Securities Exchange Commission (SEC) commenced a lawsuit ("SEC Lawsuit") in federal district court in Dallas against Barton.[2] Through the SEC Lawsuit, Cortney Thomas ("Receiver") was appointed as the receiver for Barton and for certain related entities. One of these related entities is BM318. Barton has appealed the order ("Receiver Order") appointing the Receiver. This appeal is now pending before the Fifth Circuit. However, Barton did not obtain a stay pending appeal of the Receiver Order.

10. Eventually, a settlement of the Adversary Proceeding was reached among BM318 (acting through the Receiver), the Foundation, and Lumar. There were separate settlement

---

[2] This lawsuit is styled as follows: *Securities and Exchange Commission v. Timothy Barton, et al.*, Case No. C.A. No. 3:22-cv-2118 in the United States District Court for the Northern District of Texas, Dallas Division.

agreements between the Receiver and each of Lumar and the Foundation. These settlements were approved by this Court pursuant to two separate orders [BK Docket Nos. 163 and 164] (collectively, the "Settlement Orders") entered on May 28, 2024. The order filed at Docket No. 163 approves the Foundation's settlement, and the order filed at Docket No. 164 approves Lumar's settlement. Both Settlement Orders have long since become final for all purposes. The Court retained jurisdiction to enforce and construe both Settlement Orders.

11. As a part of the settlement, BM318 released the First Lis Pendens and the Adversary Proceeding was dismissed with prejudice. A single Final Agreed Judgment [Adv. Docket No. 142] ("Final Judgment") was entered in the Adversary Proceeding pursuant to the Settlement Orders dismissing with prejudice BM318's avoidance claims against both the Foundation and Lumar. While Barton has filed an appeal as to the Final Judgment,[3] he has neither sought nor obtained a stay pending appeal as to the Final Judgment. A copy of the Final Judgment is attached as **Exhibit "B."** The Final Judgment provides that the First Lis Pendens is dissolved and approves the form of the releases in favor of Lumar ("Lumar Release") and the Foundation. This Court also retained jurisdiction to both enforce and construe the Final Judgment.

12. Based on this settlement, BM318 (through the Receiver) released the First Lis Pendens. A copy of the Lumar Release executed by BM318 (through the Receiver) in favor of Lumar is attached as **Exhibit "C"**. The Lumar Release releases not only the First Lis Pendens but all rights, title, interests, or claims which BM318 has or claims against the Lumar Land. As noted above, the form of the Lumar Release was approved in the Judgment.

13. Based on the settlement, BM318 has no right, title, or interest in either the Original Tract or the Lumar Land as a part thereof. Indeed, the terms of the Settlement Orders and the

---

[3] Although Barton failed to appeal either of the Settlement Orders, both of which have long since become final, Barton has filed an appeal on the Final Judgment in the following case: *Timothy Barton v. Dixon Water Foundation, et a*l., Civ. Act. No.: 4:24-cv-863-P in the United States District Court for the Northern District of Texas, Fort Worth Division.

Final Judgment preclude BM318 from asserting any right, title, or interest in the land.

### III.    Barton Strikes Back

14. Barton was the alleged manager/president and indirect equity owner of BM318. Barton appeared through counsel at the hearing to approve the settlements and opposed their approval. Barton's objection was overruled by the Bankruptcy Court pursuant to an oral ruling from the bench on May 22, 2024 [Docket no. 162].

15. Still hoping to strike back against the Foundation and Lumar, on September 10, 2024, Barton, again acting pro se, filed a second lis pendens ("Second Lis Pendens") in the real estate records of Parker County, Texas as Document 202423549. A copy of the Second Lis Pendens is attached as **Exhibit "D."** The Second Lis Pendens purports to cover the Original Tract (of which the Lumar Land is a part) and which was the subject of the Adversary Proceeding. In the Second Lis Pendens, Barton purports to act as a "Manager and President of BM318, LLC on behalf of such entity."

16. The Second Lis Pendens is nothing more than a blatant and improper attempt by Barton to circumvent the Settlement Orders and the Final Judgment. The Second Lis Pendens states that it is based on Barton's challenge to the appointment of the Receiver in the SEC Lawsuit, including the effect of the Receivership Order on BM318. However, the title to the Original Tract (or the Lumar Land as a part of this larger parcel) is not an issue in either the SEC Lawsuit or the appeal to the Fifth Circuit. Whatever the result is of Barton's appeal to the Fifth Circuit, the Settlement Orders and the Final Judgment will be effective to preclude BM318 from ever asserting any interest in the land.

17. However, in executing the Second Lis Pendens, Barton purports to act on behalf of BM318 in a manner inconsistent with the terms of the Settlement Orders, the Final Judgment, and the and Lumar Release. Moreover, under the terms of the Receiver Order, Barton has no power to act on behalf of BM318.

### IV. Motion to Dissolve and Expunge the Second Lis Pendens

**A. The Court has exclusive in rem jurisdiction over the settlement.**

18. This Court had exclusive *in rem* jurisdiction over the property of the BM318 estate.[4] Consequently, whatever rights the BM318 estate claimed in the Original Tract or in the Lumar Land, including any rights in the land based upon the avoidance claims asserted by BM318 in the Adversary Proceeding, were all subject to this Court's exclusive *in rem* jurisdiction. The Court appropriately exercised this exclusive *in rem* jurisdiction in entering the Settlement Orders and the Final Judgment.

19. This Court likewise has core jurisdiction to enforce its own orders.[5] This includes both the Settlement Orders and the Final Judgment.

20. Moreover, although Barton purports to act on behalf of BM318 in executing the Second Lis Pendens, under the terms of the Receiver Order, Barton has no authority to act on behalf of BM318.

**B. The Second Lis Pendens Violates this Court's Orders.**

21. The Second Lis Pendens is in violation of, and contrary to, the terms of both the Settlement Orders and the Final Judgment. As a part of the settlement, BM318's avoidance claims relating to the Original Tract were dismissed with prejudice, and the First Lis Pendens filed by BM318 was dissolved.

22. The form of the Lumar Release is attached to the Final Judgment and is also deemed to be "confirmed, approved, and legally effective." The Lumar Release provides that, through the Lumar Release, BM318 also released "all rights, title, interests, claims, and causes of

---

[4] 28 U.S.C., § 1334(e); Central. *Va. Comm. College v. Katz*, 546 U.S. 356, 362 (2005) ("Bankruptcy jurisdiction, at its core, is *in rem* jurisdiction"); *Tenn. Stud. Asst. Corp. v. Hood*, 541 U.S. 440, 448 (2004).

[5] *Van Deelen v. Dickson*, 2024 U.S. App. LEXIS 21036 *6 (5th Cir. Aug. 20, 2024), citing *Travelers Idem. Co. v. Bailey*, 557 U.S. 137, 151 (2009)("[T]he Bankruptcy Court plainly had jurisdiction to interpret and enforce its own orders"); *QuarterNorth Energy LLC v. Atl. Mar. Servs., LLC* (*In re Fieldwood Energy, LLC*), 687, B.R. 712, 715 (Bankr. S.D. Tex. 2022) ("A bankruptcy court has continuing core jurisdiction to enforce its own orders").

action as against the Lumar Land…"

23. Based on the Final Judgment, and the Lumar Release, BM318 has no, and cannot assert any, right, title, or interest in either the Original Tract or the Lumar Land.

24. Dissolving the Second Lis Pendens is not an invasion of the district court's jurisdiction over the SEC Lawsuit. In Texas, a lis pendens may be filed only with respect to a lawsuit which relates to the title to land.[6] The SEC Lawsuit does not address the title to either the Original Tract or the Lumar Land. The Receiver Order appoints the Receiver as to Barton's assets. The Receiver is vested with control over BM318 as one of Barton's entities. On this basis, the Receiver entered into the settlement on behalf of BM318. While the Receiver Order deals with Barton's power to control BM318, it does not deal with or address the title to the land which is subject to the Second Lis Pendens. Consequently, the result of Barton's appeal of the Receiver Order will have no effect on the title to the land. Whatever the result of that appeal, the status of the title to the land will be as determined based upon this Court's Settlement Orders and the Final Judgment, and BM318 will have no right, title, or interest in the land.

25. Moreover, as explained above, this Court exercised its exclusive jurisdiction over BM318's alleged rights and claims against the land at issue in approving the settlements. The rights in the Original Tract asserted by BM318 through the Adversary Proceeding were property of the BM318 estate and, as such, subject to this Court's exclusive *in rem* jurisdiction. All claims, rights, and issues asserted by BM318 in relation to the Original Tract (and the Lumar Land as a part thereof) are within this Court's exclusive *in rem* jurisdiction.

26. Lumar moves the Court to enforce the Settlement Orders and the Final Judgment and to enter an order dissolving and expunging the Second Lis Pendens.

**C. Barton has no authority to act on behalf of BM318 under the Receiver Order.**

27. The Receiver Order is clear that only the Receiver has the authority to act on behalf of BM318. In relation to the settlement by the Receiver of the Adversary Proceeding,

---

[6] Section 12.007(a) of the Tex. Prop. Code.

Barton never questioned that the Receiver was clothed with the power to act on behalf of BM318. While Barton has appealed the Receiver Order, Barton has not obtained a stay pending appeal and had no power to execute the Second Lis Pendens on behalf of BM318.

### D.  The Second Lis Pendens should be dissolved and expunged.

28.    The Second Lis Pendens is contrary to the Court's orders and should be dissolved and expunged.  The form of the proposed Order dissolving and expunging the Second Lis Pendens is attached as **Exhibit "E."**

### PRAYER

WHEREFORE, for the reasons set forth above, Lumar respectfully requests that the Court grant the relief sought above dissolving the Second Lis Pendens and for all such other and further relief as the Court may deem just and proper.

Date:  October 24, 2024               Respectfully submitted,

*/s/ J. Robert Forshey*
J. Robert Forshey
Texas Bar No. 07264200
bforshey@forsheyprostok.com
Emily S. Chou
Texas Bar No. 24006997
echou@forsheyprostok.com
**FORSHEY PROSTOK, LLP**
777 Main Street, Suite 1550
Fort Worth, TX  76102
Telephone: (817) 877-8855
Facsimile:  (817) 877-4151

**Counsel for Lumar Land & Cattle, LLC**

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that on October 24, 2024, a true and correct copy of the foregoing document was served by electronic transmission via the Court's ECF system upon all parties registered to receive electronic notice, and on parties on the attached service list by U.S. Mail first class postage prepaid, and on the parties indicated below as stated below:

Via U.S. Mail first class postage prepaid, certified mail return receipt requested, and via email on:

  Timothy Barton
  P.O. Box 117625
  Carrollton, Texas  75007
  Email:  timothy.barton@proton.me


Via U.S. Mail first class postage prepaid and via email on:

  Kaitlyn M. Coker
  Farmer & Coker PLLC
  901 Main Street, Suite 5330
  Dallas, Texas  75202
  Email:  kaitlan@farmercoker.com


             */s/ J. Robert Forshey*
             J. Robert Forshey

L:\BFORSHEY\LUMAR LAND & CATTLE, LLC (BM318)(NON-BNKRPTCY)#6323\ADVERSARY NO. 21-04051 (BM318)\PLEADINGS\MOTION TO ENFORCE SETTLEMENT & DISSOLVE SECOND LIS PENDENS 10.24.24.DOC