**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| BM318, LLC | § | Case No. 20-42789-mxm |
| Debtor. | § | |
| BM318 | § | |
| Plaintiff, | § | |
| v. | § | Adv. Proc. No. 21-04051-mxm |
| THE DIXON WATER FOUNDATION, | § | |
| Defendant, | § | |
| LUMAR LAND & CATTLE, LLC | § | |
| Plaintiff-In-Intervention. | § | |

**ORDER GRANTING LUMAR LAND & CATTLE, LLC'S MOTION TO ENFORCE SETTLEMENT AND DISSOLVE AND EXPUNGE SECOND LIS PENDENS FILED BY TIMOTHY BARTON**

On _________________ 2024, in Fort Worth, Texas, came on for consideration the *Motion to Enforce Settlement and Dissolve and Expunge Second Lis Pendens Filed by Timothy*

*Barton* [BK Docket no. ___; Adv. Docket. No. __ ] ("Motion") filed by Lumar Land & Cattle, LLC ("Lumar") to enforce prior orders of the Court against Timothy Barton ("Barton"). Defined terms in the Motion are given the same meaning herein. With respect to the Motion, the Court finds as follows:

a) Adequate and proper notice of both the Motion and the hearing thereon has been given to Barton.

b) The Motion seeks to enforce the Court's prior orders approving a settlement among the Debtor, BM318, LLC ("BM318"), Dixon Water Foundation ("Foundation"), and Lumar relating to the following adversary proceeding ("Adversary Proceeding"):

> *BM318, LLC v. The Dixon Water Foundation, et al.*, Adversary Proceeding No. 21-04051-mxm, in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division

c) As an action to enforce the Court's own orders, the Motion is a "core" proceeding. *Van Deelen v. Dickson*, 2024 U.S. App. LEXIS 21036 *6 (5th Cir. Aug. 20, 2024), citing *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) ("[T]he Bankruptcy Court plainly had jurisdiction to interpret and enforce its own orders"); *QuarterNorth Energy, LLC v. Atl. Mar. Servs., LLC* (*In re Fieldwood Energy, LLC*), 687 B.R. 712, 715 (Bankr. S.D. Tex. 2022) ("A bankruptcy court has continuing core jurisdiction to enforce its own orders").

d) A settlement of the Adversary Proceeding was reached among BM318 (acting through the Receiver as defined below), the Foundation, and Lumar. The Motion seeks to enforce the Court's Orders [BK Docket nos. 163 and 164] (collectively, the "Settlement Orders") approving this settlement and the *Agreed Final Judgment* ("Judgment")[Adv. Docket no. 142] entered in the Adversary Proceeding pursuant to the Settlement Orders. The Court retained, has, and hereby exercises, this core jurisdiction to interpret and enforce both the Settlement Orders and the Final Judgment.

e) Both of the Settlement Orders have become final for all purposes. Although

Barton has appealed the Final Judgment,[1] Barton has neither sought nor obtained a stay pending appeal of the Final Judgment.

f) The Adversary Proceeding was based on avoidance actions pursuant to section 547 and 548 of the Bankruptcy Code asserted by BM318 to avoid a conveyance of a portion of a 2,055-acre tract of land ("Original Tract") by BM318 to the Foundation pursuant to a deed in lieu of foreclosure. The Original Tract includes the 204-acre tract ("Lumar Land") conveyed by the Foundation to Lumar after BM318 conveyed the Original Tract to the Foundation.

g) While the Adversary Proceeding was pending, the Securities and Exchange Commission (SEC) commenced the following lawsuit against Barton ("SEC Lawsuit"):

> *Securities and Exchange Commission v. Timothy Barton, et al.*, Case No. 3:22-cv-2118 in the United States District Court for the Northern District of Texas, Dallas Division

Cortney Thomas was appointed as a receiver ("Receiver") in the SEC Lawsuit. Barton has appealed the order ("Receiver Order") appointing the Receiver in the SEC Lawsuit. The appeal is currently pending before the Fifth Circuit. However, Barton has not obtained a stay pending appeal of the Receiver Order.

h) The settlements pursuant to the Settlement Orders resolved all claims by BM318 to hold or assert any right, title, or interest in the Original Tract, including the Lumar Tract as a part thereof. The Final Judgment dismissed with prejudice BM318's claims to assert any interest in the Original Tract as well as the Lumar Tract as a part of the Original Tract. Pursuant to the Settlement Orders, the Final Judgment also approved the form of the Lumar Release. The Lumar Release includes a release by BM318 of any right, title, or interest in the Lumar Land.

[1] Barton has appealed the Final Judgment in the following cause: *Timothy Barton v. Dixon Water Foundation, et al.*, Civ. Act. No.: 4:24-cv-863-P in the United States District Court for the Northern District of Texas, Fort Worth Division. This appeal is still pending.

i) Barton, acting pro se, has filed a Notice of Lis Pendens ("Second Lis Pendens") on September 10, 2024, in the Official Records of Parker County, Texas, as Document 202423549. The Second Lis Pendens also relates to the 2,055-acre Original Tract which constituted the subject matter of the Adversary Proceeding. The Second Lis Pendens is based upon the SEC Lawsuit and Barton's appeal of the Receiver Order. In executing the Second Lis Pendens, Barton purports to act on behalf BM318 as its manager and president. However, pursuant to the Receiver Order, only the Receiver has authority to act on behalf of BM318. While Barton has appealed the Receiver Order, he had not obtained a stay pending appeal. Consequently, Barton had no authority to act on behalf of BM318 in executing the Second Lis Pendens.

j) The Second Lis Pendens is contrary to the Settlement Orders and the Final Judgment. The only rights asserted by BM318 against the Original Tract, or the Lumar Tract as a part thereof, are those asserted by BM318 through the Adversary Proceeding. Any right, title, or interest claimed or held by BM318 in either the Original Tract or the Lumar Land, including any rights claimed by BM318 in the land pursuant to the Adversary Proceeding, were subject to this Court's exclusive *in rem* jurisdiction. *See* 28 U.S.C., section 1334(e); *Central Va. Comm. Coll. v. Katz*, 546 U.S. 356, 362 (2005) ("Bankruptcy jurisdiction is, at its core, is *in rem* jurisdiction"); *Tenn. Stud. Asst. Corp. v. Hood*, 541 U.S. 440, 448 (2004). As an exercise of this exclusive *in rem* jurisdiction, the Court approved the settlements relating to the Adversary Proceeding pursuant to the Settlement Orders. This included the Final Judgment which dismissed with prejudice BM318's claims to any interest in the Original Tract (which includes the Lumar Land as a part thereof). These claims were the sole basis for any claim by BM318 of any right, title, or interest in the Lumar Land. The Lumar Release approved in the Final Judgment contains a release by BM318 of all right, title, or interest in the Lumar Land.

k) Any claim by BM318 to any interest in the Original Tract or the Lumar Tract as a part thereof is precluded by the Settlement Orders, the Final Judgment, and the Lumar Release.

Consequently, the outcome of Barton's appeal of the Receiver Order can have no effect on the title to the land.

l) The Second Lis Pendens is in violation of, and contrary to, the terms of the settlements among BM318, the Foundation, and Lumar which were approved in the Settlement Orders and the Final Judgment. A lis pendens must relate to the title to or an interest in the land. *See* section 12.007(a) of the Tex. Prop. Code. Based upon the settlements, BM318 has no right, title, or interest in the Original Tract (or the Lumar Tract as a part thereof) to support the Second Lis Pendens.

m) The Second Lis Pendens is of no force or effect. First, Barton had no authority to file the Second Lis Pendens on behalf of BM318. Second, under the settlements BM318 has no claim to any right, title, or interest in either the Original Tract or to the Lumar Land as a part thereof. Consequently, the Second Lis Pendens is contrary to, and in violation of, the Settlement Orders and the Final Judgment and the documents executed pursuant thereto, including the Lumar Release.

n) The Motion should be granted and the Second Lis Pendens should be dissolved and expunged in all respects.

**ACCORDINGLY**, it is hereby **ORDERED** that:

1. The Motion is hereby GRANTED.

2. The Settlement Orders, the Final Judgment, and the Lumar Release preclude BM318 from asserting any right, title, or interest in and to either the Original Tract or the Lumar Land as a part thereof. The assertion by BM318 of any right, title, interest, or claim in either the Original Tract or the Lumar Land as a part thereof is contrary to the Settlement Orders, the Final Judgment, and the Lumar Release.

3. Barton had no authority to execute and file the Second Lis Pendens on behalf of BM318.

4. The Second Lis Penden is hereby dissolved and expunged for all purposes, and shall be of no force or effect against either the Original Tract or the Lumar Land.

5. The Court retains jurisdiction to construe and enforce this Order.

**# # # END OF ORDER # # #**