Kaitlyn M. Coker
Texas Bar No. 24115264
kaitlyn@farmercoker.com
FARMER & COKER, PLLC
901 Main St., Ste. 5330
Dallas, TX 75202
Telephone: (214) 242) 9607

COUNSEL FOR TIMOTHY BARTON

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re:<br><br>BM318, LLC,<br><br>Debtor | §<br>§<br>§<br>§<br>§ | Chapter 11<br><br>Case No. 20-42789-MXM |
| BM318, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE DIXON WATER FOUNDATION,<br><br>Defendant.<br><br>LUMAR LAND & CATTLE, LLC,<br><br>Plaintiff-In-Intervention. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Adv. Pro. No. 21-04051-MXM |

**TIMOTHY BARTON'S RESPONSE TO LUMAR LAND & CATTLE, LLC'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND EXPUNGE LIS PENDENS**

COMES NOW, Timothy Barton, and files this Response to Lumar Land & Cattle, LLC's Motion to Enforce Settlement and to Dissolve and Expunge Second Lis Pendens.

## I. INTRODUCTION

Timothy Barton, through his counsel, opposes the Motion to Expunge the Lis Pendens because it threatens to strip BM318, LLC ("BM318") of its essential property rights in the Lumar Land based on an untested, and once-overturned, receivership order. Expunging the lis pendens now would not only deprive BM318 of critical protections during Barton's ongoing appeal of the reissued receivership but would also dismiss Barton's valid standing to file the lis pendens under Texas Property Code § 12.007.

This case presents two compelling reasons for retaining the lis pendens. First, the lis pendens serves as a crucial safeguard against the irreversible loss of BM318's real property interests while the reissued receivership order remains under appellate review. The Fifth Circuit has already vacated the original receivership order once, finding it unsupported and overly broad—a ruling that underscores the importance of allowing appellate scrutiny before removing BM318's property protections. Second, Barton, as a party to the receivership action, is fully within his rights to file the lis pendens. The lis pendens statute expressly permits "a party to the action" to secure notice, and Barton's appeal directly relates to real property title, fulfilling the requirements of Texas Property Code § 12.007.

In light of these factors, the Court should deny the motion to expunge, allowing BM318 to retain its lis pendens and protect its valuable property interests until the appeal determines the legitimacy and scope of the receivership.

## II. II. FACTUAL BACKGROUND

### A. Initial Receivership and Overturn in SEC v. Barton

In the original proceedings, Judge Starr of the U.S. District Court for the Northern District of Texas appointed a receiver over Barton's assets in connection with an SEC enforcement action. However, the Fifth Circuit vacated this initial receivership order in *SEC v. Barton*, 79 F.4th 573,

582 (5th Cir. 2023), finding that the scope of the receivership was overly broad and inadequately justified. The Fifth Circuit underscored that a receivership order must be tailored to specific evidence of wrongdoing and should avoid sweeping seizures of assets without sufficient factual support. *Id.* at 579–80.

**B. Reissued Receivership and Current Appeal**

On remand, Judge Starr issued a new receivership order, making only minor adjustments to the original scope while maintaining broad control over Barton's assets. Barton appealed this reissued order[1] (Doc. 429), asserting that it suffers from the same fundamental issues previously identified by the Fifth Circuit—namely, an overreach of authority without adequate evidentiary basis. This appeal challenges the receivership's validity, specifically questioning its expansive control over BM318's assets, including real property interests in the Lumar Land.

**C. BM318's Property Interest and the Lumar Land**

BM318, LLC ("BM318") holds a valuable property interest in the Lumar Land, a parcel central to Barton's appeal of the receivership order. The reissued receivership grants the receiver control over the Lumar Land, thereby threatening BM318's property rights if the order is upheld without appellate review. Expunging the lis pendens now would eliminate a critical safeguard for these interests while the appeal is pending.

**D. Filing of Lis Pendens and the Pending Appeal**

Acting on behalf of BM318, Barton filed the lis pendens to protect the estate's interests in the Lumar Land during the appeal. The lis pendens provides notice of Barton's claims and preserves the status quo regarding BM318's property rights until a final determination on the receivership's validity can be reached. This filing aligns with Texas law, which permits a party to

[1] *See* **Exhibit A**, Barton's Notice of Appeal in *SEC v. Barton*, No. 3:22-CV-2118-X, in United States District Court for the Northern District of Texas [ECF 429].

an action involving title or property rights to secure these interests through lis pendens. Tex. Prop. Code § 12.007.

## III. ARGUMENT

### A. Expunging the Lis Pendens Risks Depriving BM318 of a Valuable Property Interest Based on an Untested and Once-Overturned Receivership

#### *a. The Receivership Remains Under Judicial Scrutiny*

Barton's appeal challenges the reissued receivership order, which still suffers from the same overreach issues highlighted by the Fifth Circuit in *SEC v. Barton*, 79 F.4th 573 (5th Cir. 2023). The Fifth Circuit vacated the initial order, cautioning against receiverships that lack sufficient evidence to justify broad asset control. *Id*. at 580. The current appeal[2] raises similar arguments, asserting that the reissued order is inadequately supported and overly expansive. Expunging the lis pendens at this stage would disregard the substantial questions raised by the appeal and presume the receivership's validity despite unresolved legal concerns.

Texas law supports maintaining a lis pendens when there is an active dispute over property rights that has not been fully adjudicated. This principle aligns with the statutory protections under Texas Property Code § 12.007, allowing notice of pending litigation to preserve property claims while the court reaches a final decision.

#### *b. Potential Loss of BM318's Property Interest if Lis Pendens is Expunged*

Expunging the lis pendens would severely impact BM318's ability to protect its property interest in the Lumar Land, as it would enable transfers or encumbrances that Barton's appeal directly contests. The Fifth Circuit has emphasized the importance of protecting the estate's value in receivership proceedings. *SEC v. Stanford Int'l Bank, Ltd*., 927 F.3d 830, 841 (5th Cir. 2019).

---

[2] *See* Ex. A. The corresponding appeal is docketed in the United States Court of Appeals for the Fifth Circuit under Cause No. 24-10004.

The lis pendens serves to secure BM318's real property rights pending appellate resolution. Given the substantial value of the Lumar Land, expunging the lis pendens now would prematurely eliminate BM318's claim to the property and potentially subject it to irreversible harm.

**B. The Lis Pendens is Valid Under Texas Property Code § 12.007**

*c. Barton's Standing to File Lis Pendens on Behalf of BM318*

Texas Property Code § 12.007 permits "a party to the action" to file a lis pendens. Barton, as a party to the receivership proceedings, has standing to protect BM318's interests by filing the lis pendens. This statutory language does not restrict filing rights to specific ownership claims but rather authorizes any party to the action involving property interests to seek notice protection for disputed assets.

*d. The Pending Appeal is "Related to" an Action Involving Title to Real Property*

Texas Property Code § 12.007 allows a party to file a lis pendens when litigation is "related to" establishing an interest in or title to real property. Barton's appeal of the reissued receivership order falls squarely within this scope because it directly challenges the receiver's control over BM318's real property interest in the Lumar Land. The receivership claims authority over all assets associated with BM318, including this property, and Barton's appeal questions the very legitimacy of that control. By disputing the receivership's broad reach, the appeal inherently involves BM318's rights to the Lumar Land, satisfying the "related to" requirement under § 12.007.

The Texas Supreme Court has held that lis pendens filings are appropriate when litigation genuinely impacts property interests, even if title is not the sole issue. In *Cohen v. Sandcastle Homes, Inc.*, 469 S.W.3d 173, 180 (Tex. 2015), the court emphasized that lis pendens should protect notice of ongoing disputes affecting property. Here, maintaining the lis pendens is crucial to preserve BM318's title interest during litigation. Removing the lis pendens would prematurely

expose BM318's property to potential unauthorized transfers, despite the pending appeal that could ultimately limit or revoke the receiver's control.

Additionally, Texas courts broadly interpret "related to" in § 12.007 to ensure comprehensive protection for property rights during litigation. The statute does not require the appeal to exclusively involve title to property; it suffices that the appeal impacts property interests. Barton's appeal of the receivership order directly relates to the Lumar Land by contesting the receiver's authority over it. Allowing the lis pendens to remain in place aligns with Texas's strong policy of safeguarding real property rights during unresolved disputes and ensures that BM318's interests are protected until the appellate court reaches a final decision.

## IV. CONCLUSION

For the reasons set forth above, Barton respectfully requests that the Court deny the Motion to Enforce the Settlement Agreement and Expunge the Lis Pendens. Alternatively, Barton requests that the Court delay enforcement until the Fifth Circuit rules on his appeal of the reissued receivership order. The unresolved status of the receivership and the receiver's questionable decisions in undervaluing estate assets support maintaining the lis pendens until Barton's claims receive full appellate consideration.

Respectfully submitted,

/s/*Kaitlyn M. Coker*
Kaitlyn M. Coker
Texas Bar No. 24115264
kaitlyn@farmercoker.com
**FARMER & COKER, PLLC**
901 Main St., Ste. 5330
Dallas, TX 75202
Telephone: (214) 242) 9607

**COUNSEL FOR TIMOTHY BARTON**

# CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2024, a true and correct copy of the foregoing Response to Motion to Expunge Lis Pendens was electronically filed with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of Texas using the CM/ECF system, which will send notification of such filing to all counsel of record and parties authorized to receive electronic service in this case.

Additionally, I certify that a true and correct copy of the foregoing document was served on the following parties by Electronic Service via ECF:

| | | |
|---|---|---|
| **BM318, LLC**<br>*(Plaintiff)* | represented by | **C. Alan Carrillo**<br>Brown Fox PLLC<br>8111 Preston Road<br>Ste 300<br>Dallas, TX 75225<br>214-327-5000<br>alan@brownfoxlaw.com<br><br>**Joyce W. Lindauer**<br>Joyce W. Lindauer Attorney, PLLC<br>1412 Main Street<br>Suite 500<br>Dallas, TX 75202<br>(972) 503-4033<br>(972) 503-4034 (fax)<br>joyce@joycelindauer.com<br><br>**Khudabuksh K Walji**<br>Law Office of K. Walji<br>10701 Corporate Drive, Ste 350<br>Stafford, TX 77477<br>281-401-9672<br>k.walji@waljilaw.com |
| **Lumar Land & Cattle, LLC**<br>*(Counter-Defendant)* | represented by | **J. Robert Forshey**<br>Forshey & Prostok, LLP<br>777 Main St., Suite 1550<br>Ft. Worth, TX 76102<br>817-877-8855<br>bforshey@forsheyprostok.com |
| **Lumar Land & Cattle, LLC**<br>*(Intervenor-Plaintiff)* | represented by | **J. Robert Forshey**<br>Forshey & Prostok, LLP<br>777 Main St., Suite 1550<br>Ft. Worth, TX 76102 |

| | | |
|---|---|---|
| | | 817-877-8855<br>bforshey@forsheyprostok.com<br><br>**Kimberly Paige Harris**<br>Quilling, Selander, Lownds, et al.<br>2001 Bryan Street, Suite 1800<br>Dallas, TX 75201<br>(214) 871-2100<br>(214) 871-2111 (fax)<br>kharris@qslwm.com<br>*Assigned: 01/14/22*<br><br>**Joshua Lee Shepherd**<br>Quilling, Selander, Lownds, Winslett & M<br>2001 Bryan Street, Suite 1800<br>Dallas, TX 75201<br>(214) 871-2100<br>(214) 871-2111 (fax)<br>jshepherd@qslwm.com |
| **The Dixon Water Foundation**<br>*(Counter-Claimant)* | represented by | **Deborah M. Perry**<br>Munsch Hardt Kopf & Harr, P.C.<br>3800 Lincoln Plaza<br>500 North Akard Street<br>Dallas, TX 75201-6659<br>214-855-7565<br>214-978-5335 (fax)<br>dperry@munsch.com<br><br>**Julian Preston Vasek**<br>Munsch Hardt Kopf and Harr<br>500 N. Akard Street<br>Suite 4000<br>Dallas, TX 75201<br>214-855-7528<br>jvasek@munsch.com |
| **The Dixon Water Foundation**<br>*(Defendant)* | represented by | **Jay Ong**<br>Munsch Hardt Kopf & Harr, P.C.<br>1717 West 6th Street<br>Suite 250<br>Austin, TX 78703<br>(512) 391-6124<br>(512) 226-7105 (fax)<br>jong@munsch.com |

| | | |
|---|---|---|
| | | **Deborah M. Perry**<br>Munsch Hardt Kopf & Harr, P.C.<br>3800 Lincoln Plaza<br>500 North Akard Street<br>Dallas, TX 75201-6659<br>214-855-7565<br>214-978-5335 (fax)<br>dperry@munsch.com<br><br>**Julian Preston Vasek**<br>Munsch Hardt Kopf and Harr<br>500 N. Akard Street<br>Suite 4000<br>Dallas, TX 75201<br>214-855-7528<br>jvasek@munsch.com |
| **Cortney C. Thomas**<br>*(Attorney)* | represented by | **C. Alan Carrillo**<br>Brown Fox PLLC<br>8111 Preston Road<br>Ste 300<br>Dallas, TX 75225<br>214-327-5000<br>alan@brownfoxlaw.com<br><br>**Charlene Cantrell Koonce**<br>Brown Fox PLLC<br>8111 Preston Road<br>Suite 300<br>Dallas, TX 75225<br>214-327-5000<br>214-327-5001 (fax)<br>charlene@brownfoxlaw.com |

Dated: November 7, 2024

/s/*Kaitlyn M. Coker*

Kaitlyn M. Coker
Attorney for Tim Barton

Kaitlyn M. Coker
Texas Bar No. 24115264
kaitlyn@farmercoker.com
FARMER & COKER, PLLC
901 Main St., Ste. 5330
Dallas, TX 75202
Telephone: (214) 242) 9607

COUNSEL FOR TIMOTHY BARTON

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re:<br><br>BM318, LLC,<br><br>Debtor | §<br>§<br>§<br>§<br>§ | Chapter 11<br><br>Case No. 20-42789-MXM |
| BM318, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE DIXON WATER FOUNDATION,<br><br>Defendant.<br><br>LUMAR LAND & CATTLE, LLC,<br><br>Plaintiff-In-Intervention. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Adv. Pro. No. 21-04051-MXM |

**APPENDIX IN SUPPORT OF TIMOTHY BARTON'S RESPONSE TO LUMAR LAND & CATTLE, LLC'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND EXPUNGE LIS PENDENS**

| Exhibit | Title | Pages |
|---|---|---|
| Exhibit A | Notice of Appeal of Second Order Appointing Receiver | Appx. 001–2 |

Respectfully submitted,

/s/*Kaitlyn M. Coker*
Kaitlyn M. Coker
Texas Bar No. 24115264
kaitlyn@farmercoker.com
**FARMER & COKER, PLLC**
901 Main St., Ste. 5330
Dallas, TX 75202
Telephone: (214) 242) 9607

**COUNSEL FOR TIMOTHY BARTON**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**EXHIBIT**
**A**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **No. 3:22-CV-2118-X** |
| | § | |
| **TIMOTHY LYNCH BARTON** | § | |
| **CARNEGIE DEVELOPMENT, LLC** | § | |
| **WALL007, LLC** | § | |
| **WALL009, LLC** | § | |
| **WALL010, LLC** | § | |
| **WALL011, LLC** | § | |
| **WALL012, LLC** | § | |
| **WALL016, LLC** | § | |
| **WALL017, LLC** | § | |
| **WALL019, LLC** | § | |
| **HAOQIANG FU (a/k/a MICHAEL FU)** | § | |
| **STEPHEN T. WALL** | § | |
| | § | |
| *Defendants,* | § | |
| | § | |
| **DJD LAND PARTNERS, LLC** | § | |
| **LDG001, LLC** | § | |
| | § | |
| *Relief Defendants.* | § | |

**DEFENDANT TIMOTHY LYNCH BARTON'S NOTICE OF APPEAL**

PLEASE TAKE NOTICE that Defendant Timothy Lynch Barton, by counsel, hereby appeals to the United States Court of Appeals for the Fifth Circuit from the Court's five Orders entered on November 29, 2023, appointing a new receiver, setting the terms for that new receiver, and granting a preliminary injunction, among other things. (ECF Nos. 416, 417, 418, 419, and 420), as those Orders were amended by the Court on December 6, 2023 (ECF No. 427).

Dated: December 7, 2023

Respectfully submitted,

By: */s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 (*admitted to N.D. Tex.)*
medney@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

**COUNSEL FOR TIMOTHY LYNCH BARTON**

**CERTIFICATE OF SERVICE**

On December 7, 2023 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Michael J. Edney*
Michael J. Edney