J. Robert Forshey
Texas Bar No. 07264200
bforshey@forsheyprostok.com
Emily S. Chou
Texas Bar No. 24006997
echou@forsheyprostok.com
FORSHEY PROSTOK, LLP
777 Main Street, Suite 1550
Fort Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151

**Counsel for Lumar Land & Cattle, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| BM318, LLC, | § | Case No. 20-42789-MXM |
| Debtor | § | |
| BM318, LLC, | § | |
| Plaintiff, | § | |
| v. | § | Adv. Pro. No. 21-04051-MXM |
| THE DIXON WATER FOUNDATION, | § | |
| Defendant. | § | |
| LUMAR LAND & CATTLE, LLC | § | |
| Plaintiff-in-Intervention | § | |

**REPLY BY LUMAR LAND & CATTLE, LLC TO TIMOTHY BARTON'S RESPONSE TO LUMAR LAND & CATTLE, LLC'S MOTION TO ENFORCE SETTLEMENT AND TO DISSOLVE AND EXPUNGE SECOND LIS PENDENS FILED BY TIMOTHY BARTON**

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Lumar Land & Cattle, LLC ("Lumar") and files this Reply to *Timothy Barton's Response to Lumar Land & Cattle, LLC's Motion to Enforce Settlement and to Dissolve and Expunge Second Lis Pendens filed by Timothy Barton* [Adv. Dkt. No. 169] ("Response")

which relates to *Lumar Land & Cattle, LLC's Motion to Enforce Settlement and to Dissolve and Expunge Second Lis Pendens* ("Motion")[Docket No. 166, Adv. Docket No. 163]. Defined terms in the Motion are given the same meaning herein. This Response will be filed in both the main bankruptcy case and in the Adversary Proceeding.

## I. Barton's Argument

1. Barton is the defendant in a lawsuit brought in the U.S. District Court in the Dallas Division ("SEC Lawsuit") by the Securities and Exchange Commission (SEC).[1] As a part of the SEC Lawsuit, Cortney Thomas was appointed as the receiver ("Receiver") for Barton's assets pursuant to an *Order Appointing Receiver* ("Receiver Order") entered on November 29, 2023. The Receivership Order vested the Receiver with the right of control over any entities owned or controlled by Barton, directly or indirectly, which are believed to have received the fruits of Barton's allegedly fraudulent activities. These are referred to in the Receiver Order as the "Receivership Entities." One of the Receivership Entities is BM318, LLC ("BM318"), the debtor in this bankruptcy case (Receiver Order, page 4 of 28). Under the Receiver Order, BM318's management is ousted, and the Receiver is granted total control over BM318's affairs (Receiver Order, paras. 3 and 4, page 6 of 28). Barton has appealed the Receiver Order to the Fifth Circuit where the appeal is currently pending. A copy of the Notice of Appeal is included in the Appendix [Docket no. 169-1] filed by Barton in support of the Response. Barton has never obtained a stay pending appeal as to the Receiver Order.

2. The Response makes clear that, in filing the Second Lis Pendens, Barton was purporting to act on behalf of BM318 and the lis pendens relates to BM318's alleged real property interests in the land which was the subject of the Avoidance Actions asserted by BM318 in the Adversary Proceeding. This includes the following excerpts from the Response:

---

[1] *Securities and Exchange Commission v. Timothy Lynch Barton, et al*., Case No. 3:22-cv-2118-x in the United States District Court for the Northern District of Texas, Dallas division.

a) "Timothy Barton, through his counsel, opposes the Motion to Expunge the Lis Pendens because it threatens to strip BM318, LLC ("BM318") of its essential property rights in the Lumar Land." (Response, page 2 of 9):

b) "First, the lis pendens serves as a crucial safeguard against the irreparable loss of BM318's real property interests…" (Response, page 2 of 9);

c) BM318 ("BM318") holds a valuable property interest in the Lumar Land…." (Response, page 3 of 9); and

d) "Acting on behalf of BM318, Barton filed the lis pendens to protect the estate's interests in the Lumar Land during the appeal. The lis pendens provides notice of Barton's claims and preserves the status quo regarding property rights until the final determination on the receivership's validity can be reached." (Response, page 3 of 9).

3. Barton's arguments in his Response are completely without merit for three clear and obvious reasons:

a) First, this Court's orders and judgment approving and implementing the settlement with BM318, acting through the Receiver, preclude any claim by BM318 to any right, title, or interest in either the Original Tract or the Lumar Land. Consequently, any interest which Barton may assert on behalf of BM318 in the land which was the subject of the Avoidance Actions in the Adversary Proceeding directly conflicts with this Court's orders approving the settlement among BM318, the Foundation and Lumar, and the documents executed to implement that settlement. Even if Barton is successful in vacating the Receiver Order, it will have no effect on the title to the land or the fact that BM318's right to assert any interest in the land will be and remain precluded by this Court's Settlement Orders and Final Judgment approving and implementing the settlement.

b) Second, the Receiver Order remains effective according to its terms. It has not been vacated or modified and Barton has not obtained a stay pending appeal. Consequently, the only party entitled to act on behalf of BM318 is the Receiver. Barton has no right to act on

behalf of BM318 by filing the Second Lis Pendens to protect any alleged property interest by BM318 in the land.

c) Third, the Second Lis Pendens fails to meet the requirements of Section 12.007 of the Tex. Prop. Code as reflecting a claim involving a direct interest in land which will support the filing of a lis pendens. At most, Barton is asserting a collateral interest in the land which will not support a lis pendens. Pursuant to section 12.0071 of the Tex. Prop. Code, Lumar is entitled to the expungement of the Second Lis Pendens based on the Motion.

## II. The Second Lis Pendens conflicts with this Court's orders.

4. Barton's Response never addresses or disputes Lumar's argument in the Motion that the Second Lis Pendens is contrary to the Settlement Orders and the Final Judgment entered approving and implementing the settlement. BM318's sole claim to both the Original Land and the Lumar Land was based on the Avoidance Actions which have been fully and finally settled pursuant to the final Settlement Orders, dismissed with prejudice through the Final Judgment, and released through the documents executed by BM318 (through the Receiver) to implement the settlement. Barton's Response never explains how, in the face of these orders, BM318 can now assert any property interest in the land which was the subject of the settlement.

5. The Receiver Order ousts BM318's management and Barton from control of BM318 and grants the Receiver control over the entity (Receiver Order, paras. 3 and 4, page 6 of 28). In the unlikely event that the Receiver Order is vacated, that will presumably return Barton to a position of control over BM318. While the outcome of the appeal may change who controls BM318 and place Barton back in control of the entity, it will only decide the issue of who has control over the entity. BM318's claims to the land have already been fully and finally adjudicated, dismissed, and released through the settlement of the Adversary Proceeding. The appeal of the Receiver Order does not affect this Court's orders and judgment on the settlement. In the unlikely event that Barton prevails on his appeal, this will not, and cannot, revive BM318's claims against the land through the Avoidance Actions.

6. This Court had exclusive *in rem* jurisdiction over all assets of BM318, including the Avoidance Actions.[2] The District Court before whom the SEC Lawsuit is pending had no jurisdiction over the Avoidance Actions which were subject to this Court's exclusive *in rem* jurisdiction. Consequently, any ruling on the pending appeal of the Receiver Order can have no impact upon BM318's rights in the land which have already been fully adjudicated and released through the exercise of this Court's exclusive *in rem* jurisdiction to approve the settlement pursuant to the final Settlement Orders. In the unlikely event that the Receiver Order is vacated, and Barton regains control over BM318, the entity will continue to be bound by the terms of the settlement as approved in the now final Settlement Orders. The Settlement Orders are entitled to full res judicata effect and foreclose BM318 from taking any position contrary to the settlement.[3] Whether controlled by Barton or the Receiver, BM318 will continue to be bound by the Settlement Orders and the Final Judgment has no claim against the land. Any claims BM318 might assert against the land have been conclusively, fully, and finally extinguished through the settlement. Neither the District Court in the SEC Lawsuit nor the Fifth Circuit, based on the appeal of the Receiver Order, have any jurisdiction to overturn this now final exercise of this Court's exclusive *in rem* jurisdiction in approving the settlement. That result could only be potentially accomplished through a direct appeal of the now final Settlement Orders.

## III. The Receiver Order remains effective and enforceable according to its terms.

7. Barton's arguments assume that Barton's appeal of the Receiver Order somehow affected the validity and enforceability of the Receiver Order. However, the Receiver Order remains enforceable and valid according to its terms unless Barton obtained a stay pending appeal. "Even when subject to a pending appeal, federal judgments and orders are immediately

---

[2] 28 U.S.C., 1334(e); *Centr. Va., Comm. College v. Katz*, 546 U.S. 356, 362 (2005)("Bankruptcy jurisdiction, at its core, is *in rem* jurisdiction"); *Tenn. Student Asst. Corp. v. Hood*, 541 U.S. 440, 448 (2004).

[3] *Adam v. Itech Oil Co*. (*In re Gibraltar Resources, Inc*.), 210 F3d 573, 576 (5th Cir. 2000).

effective and enforceable absent a stay pending appeal."[4] It is well established that the pendency of an appeal does not affect the enforceability of an order or judgment entered by a federal court:

a) "Unless a court issues a stay, a trial court's judgment (say, dismissing a case) normally takes effect despite a pending appeal;"[5]

b) "The vitality of [a district court's] judgment is undiminished by pendency of the appeal. Unless a stay is granted either by the court rendering the judgment or the court to which the appeal is taken, the judgment remains operative;"[6]

c) "The general rule is that the judgment of a district court becomes effective and enforceable as soon as it is entered; there is no suspended effect pending appeal unless a stay is entered;[7]

d) "If a person to whom a court directs an order believes that the order is incorrect, the remedy is to appeal, but, absent a stay, he must promptly comply with the order pending appeal."[8]

8. Consequently, since Barton has not obtained a stay pending appeal, the Receiver Order remains fully effective and enforceable in accordance with its terms. The Receiver Order conclusively precludes Barton from acting on behalf of BM318 (Receiver Order, paras. 3 and 4, page 6 of 28). The Receiver (not Barton) is the only person who may act for BM318. Barton had no authority to execute the Second Lis Pendens purporting to act on behalf of BM318.

---

[4] *Jue v. Lin* (*In re Lin*), 2020 Bankr. LEXIS 419 *10 (B.A.P. 9th Cir. Feb. 11, 2020), citing *Bennett v. Gemmill* (*In re Combined Metals Reduction Co*.), 557 F.2d 179, 190 (9th Cir. 1977).

[5] *Coleman v. Tollefson*, 575 U.S. 532, 539 (2015).

[6] *Deering Milliken, Inc. v. F.T.C*., 647 F.2d 1124, 1129 n.11 (D. C. Cir. 1978).

[7] *In re Copper Antitrust Litigation*, 436 F.3d 782, 793 (7th Cir. 2006).

[8] *Maness v. Myers*, 419 U.S. 449, 458 (1975).

## IV. <u>The Second Lis Pendens is not a direct claim to title to or an interest in the land.</u>

9. Now that Barton has explained the basis for the Second Lis Pendens in his Response, it is clear that it fails to satisfy the statutory requirements for a lis pendens. Pursuant to Section 12.007(a) of the Tex. Prop. Code, a lis pendens must relate to an action which:

- Involves title to real property;
- The establishment of an interest in real property; or
- For the enforcement of an encumbrance against real property.

10. Here, the only first two grounds, namely an action which involves title to real property or the establishment of an interest in real property, might be applicable. As explained in Barton's Response, the Second Lis Pendens is not based on an action which involves title to real property or the establishment of an interest in real estate. It is exclusively based on Barton's appeal of the Receiver Order. The appeal relates to whether the Receiver or Barton has the right to control BM318. It does not involve either title to or an interest in the land which was the subject of the Adversary Proceeding. The Avoidance Actions relating to the land were within this Court's exclusive *in rem* jurisdiction. Nothing relating to the SEC Lawsuit, including an appeal to the Fifth Circuit of the Receiver Order, can possibly invade this Court's exclusive *in rem* jurisdiction over the Avoidance Actions relating to the land which was the subject of the Adversary Proceeding. As explained below, Barton's rights in the pending appeal are, if they have any relation to the real property, at most a collateral interest in the real property which will not support a lis pendens.

11. In a suit to impress a constructive trust against real property, the Texas Supreme Court concluded that the constructive trust sought in that case was for the purpose of satisfying a judgment. As such, "the interest is no more than a collateral interest in the property" which will not support a lis pendens.[9] In order to constitute an interest in real estate, as opposed to a

---

9 *Flores v. Haberman*, 915 S.W. 2d 477, 478 (Tex. 1995).

collateral interest, there must be "an adequate nexus must exist between their claim and the subject property" in order for a lis pendens to be filed.[10] Here, there is no such nexus between Barton's appeal of the Receiver Order and the land which was the subject of the Adversary Proceeding. As germane here, Barton's appeal relates to a dispute with the Receiver over the right to control BM318. An interest in real property cannot be at issue because the interests in the land asserted by BM318 were fully and finally settled and extinguished through an exercise of this Court's exclusive *in rem* jurisdiction in approving and implementing the settlement. Barton's claim in the appeal, on its face, is not an action involving legal title to, or an interest in, real estate. At most, it is only a collateral interest in the land which does not support a lis pendens.

12. Pursuant to Section 12.007(1)(b), the Court may also expunge the Second Lis Pendens through a motion by a party to the action based on a determination that:

a) The pleading on which the notice is based does not contain a real property claim;

b) The plaintiff cannot establish by a preponderance of the evidence the probable validity of the real property claim; or

c) The party who filed the notice did not serve a copy of the notice upon each party entitled to a copy under Section 12.007(d).

13. The three grounds listed above are disjunctive. In this case, all three grounds to expunge the Second Lis Pendens apply. First, Barton's alleged appellate rights in relation to the appeal of the Receiver Order do not contain a real property claim. Second, Barton cannot establish the probable validity of the real property claim because such claims directly conflict with this Court's prior orders and the Receiver Order which precludes Barton from acting on behalf of BM318. Third, Barton failed to serve the Second Lis Pendens on Lumar or the other parties.

---

[10] *In re Wolf*, 63 S.W. 3d 804, 806 (Tex. App. – Beaumont 2002), orig. proceeding, mand. denied), citing *Olbrich v. Touchy*, 780 S.W. 2d 6, 7 (Tex. App. – Houston [14th Dist.] 1989, no writ).

14. One of the citations appearing at page 5 of 9 of the Response is to "*Cohen v. Sandcastle Homes, Inc*., 469 S.W. 3d 173, 180 (Tex. 2015)." Although cited as if it is an opinion of the Texas Supreme Court, in reality it is an opinion of the First District Court of Appeals in Houston which was reversed by the Texas Supreme Court at 521 S.W. 3d 749, 757 (Tex. 2017). The citation to 469 S.W. 3d at 180 does discuss the concept of a lis pendens as notice of an ongoing dispute affecting real property but does not contradict the above authorities regarding the requirements for a valid lis pendens.

## V. Conclusion

15. The Second Lis Pendens is contrary to this Court's prior orders approving the settlement, violates the Receiver Order which grants the Receiver the exclusive right to act on behalf of BM318, and does not relate to the title to, or an interest in, real property. The Motion should be granted, and the Second Lis Pendens should be struck and expunged.

## PRAYER

WHEREFORE, for the reasons set forth above, Lumar respectfully requests that the Court grant the relief sought in the Motion above and for all such other and further relief as the Court may deem just and proper.

Date: November 11, 2024

Respectfully submitted,

*/s/ J. Robert Forshey*
J. Robert Forshey
Texas Bar No. 07264200
bforshey@forsheyprostok.com
Emily S. Chou
Texas Bar No. 24006997
echou@forsheyprostok.com
**FORSHEY PROSTOK, LLP**
777 Main Street, Suite 1550
Fort Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151

**Counsel for Lumar Land & Cattle, LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 11, 2024, a true and correct copy of the foregoing document was served by electronic transmission via the Court's ECF system upon all parties registered to receive electronic notice, and on the parties indicated below:

Via email to:

Timothy Barton
P.O. Box 117625
Carrollton, Texas 75007
Email: timothy.barton@proton.me

Via email to:

Kaitlyn M. Coker
Farmer & Coker PLLC
901 Main Street, Suite 5330
Dallas, Texas 75202
Email: kaitlyn@farmercoker.com

*/s/ J. Robert Forshey*________
J. Robert Forshey

L:\BFORSHEY\LUMAR LAND & CATTLE, LLC (BM318)(NON-BNKRPTCY)#6323\ADVERSARY NO. 21-04051 (BM318)\PLEADINGS\REPLY TO BARTON'S RESP RE MO TO ENFORCE STLMNT & DISSOLVE SECOND LIS PENDENS 11.11.24.DOC