CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 26, 2024**

Mark X. Mullin
**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BM318, LLC | § | Case No. 20-42789-mxm |
| | § | |
| Debtor. | § | |
| ________________________ | § | ________________________ |
| | § | |
| BM318 | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Adv. Proc. No. 21-04051-mxm |
| THE DIXON WATER FOUNDATION, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| LUMAR LAND & CATTLE, LLC | § | |
| | § | |
| Plaintiff-In-Intervention. | § | |

**ORDER GRANTING LUMAR LAND & CATTLE, LLC'S MOTION TO ENFORCE SETTLEMENT AND DISSOLVE AND EXPUNGE SECOND LIS PENDENS FILED BY TIMOTHY BARTON**

Came on for consideration *Lumar Land & Cattle, LLC's Motion to Enforce Settlement and Dissolve and Expunge Second Lis Pendens filed by Timothy Barton* ("Lumar

Motion")[Docket No. 166, Adv. Docket No. 163] filed by Lumar Land & Cattle, LLC ("Lumar"). The Dixon Water Foundation ("Foundation") filed a *Joinder* in the Lumar Motion [Docket No. 171, Adv. Docket No. 170] ("Foundation Joinder"). References herein to the Lumar Motion also include the Foundation Joinder. Timothy Barton ("Barton") filed *Timothy Barton's Response to Lumar Land & Cattle, LLC's Motion to Enforce Settlement Agreement and Expunge Lis Pendens* ("Barton Response")[Adv. Docket No. 169]. Lumar then filed a *Reply* to the Barton Response [Docket No. 173, Adv. Docket No. 172]. Although the Barton Response was not filed in the main bankruptcy case, the Court has treated it as if it was also filed in the main bankruptcy case. An evidentiary hearing ("Hearing") on the Lumar Motion was held on November 12, 2024. Lumar, the Foundation, and Barton all appeared at the Hearing, as did counsel for the Receiver for BM318, LLC, Cortney Thomas. At the conclusion of the Hearing, the Court took the matter under advisement. The Court then rendered its ruling granting the Lumar Motion on the record on November 20, 2024.

The Lumar Motion dealt with a Notice of Lis Pendens which was referred to in the Lumar Motion as the "Second Lis Pendens," and which was recorded on September 10, 2024 as Document No. 202423549 in the Official Records of Parker County, Texas. The Court granted Lumar's Motion in all respects finding that the Second Lis Pendens should be dissolved and expunged for all purposes. The Transcript of the Court's ruling on the record on November 20, 2024, granting the Lumar Motion is attached as **Exhibit "A"**. The Court's ruling as reflected in the Transcript is incorporated herein as an integral part of this Order.

As reflected in the Transcript,[1] the Court found as follows in granting the Lumar Motin and overruling the Barton Response:

a) The settlement among Lumar, the Foundation, and BM318, including the Settlement Orders and the Agreed Judgment, preclude any claim by BM318 to any right, title, or

[1] Defined terms in the Transcript are given the same meaning below.

interest in either the Original Tract or the Lumar Land (Tr. p. 9);

b) The Order Appointing Receiver remains effective according to its terms. No stay pending appeal has been entered (Tr. pp.9-10);

c) Barton had no right to file the Second Lis Pendens on behalf of BM318 (Tr. p. 10);

d) The Second Lis Pendens fails to satisfy the requirements of Section 12.007 of the Tex. Prop. Code as the rights asserted by Barton are not a real property claim (Tr. pp.10-11);

e) Lumar and the Foundation have satisfied all three of the elements in section 12.0071 of the Tex. Prop. Code to expunge the Second Notice of Lis Pendens (Tr. pp.10-11); and

f) Barton's testimony at the hearing on the Lumar Motion was not credible or believable (Tr. p. 11).

As reflected in the Transcript, the Court finds that the Lumar Motion should be, and is hereby, granted.

**ACCORDINGLY**, it is hereby **ORDERED** that:

1. The Lumar Motion is hereby **GRANTED**.

2. The Second Lis Pendens is hereby dissolved and expunged in all respects and shall not be enforceable or valid in any respect.

3. The Court retains jurisdiction to both construe and enforce this Order.

**# # # END OF ORDER # # #**

# EXHIBIT "A"

## Transcript of Bankruptcy Court's Ruling on November 20, 2024

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

IN RE: . Case No. 20-42789-MXM-11

BM 318, LLC,

Debtor.

BM 318, LLC, *et al.*, . Adv. No. 21-04051-MXM

Plaintiffs,

v.

THE DIXON WATER FOUNDATION, *et al.*,

Defendants. . Wednesday, November 20, 2024
9:44 A.M.

PARTIAL TRANSCRIPT OF BENCH RULING ON
MOTION TO ENFORCE SETTLEMENT AND TO DISSOLVE AND EXPUNGE
SECOND LIS PENDENS FILED BY TIMOTHY BARTON FILED BY
INTERESTED PARTY LUMAR LAND & CATTLE, LLC (166)
AND MOTION TO ENFORCE SETTLEMENT AND TO DISSOLVE AND EXPUNGE
SECOND LIS PENDENS FILED BY TIMOTHY BARTON FILED BY
INTERVENOR-PLAINTIFF LUMAR LAND & CATTLE, LLC (163)
BEFORE THE HONORABLE MARK X. MULLIN
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES ON THE NEXT PAGE.

Audio Recorder: Jeanette Almaraz
Eldon B. Mahon U.S. Courthouse
501 West 10th Street
Fort Worth, Texas 76102

Transcription Service: Liberty Transcripts
9107 Topridge Drive
Austin, Texas 78750
(847) 848-4907
dbpatel1180@gmail.com
www.libertytranscripts.com

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

APPEARANCES:

For the Plaintiff Lumar Land & Cattle, LLC:
Forshey & Prostok, LLP
BY: J. ROBERT FORSHEY, ESQUIRE
777 Main Street, Suite 1550
Fort Worth, Texas 76102
(817) 877-8855
bforshey@forsheyprostok.com

Quilling, Selander, Lownds, Winslett & Moser
BY: JOSHUA LEE SHEPHERD, ESQ.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201

For the Defendant The Dixon Water Foundation:
Munsch Hardt Kopf & Harr, P.C.
BY: DEBORAH M. PERRY, ESQUIRE
3800 Lincoln Plaza
500 North Akard Street
Dallas, Texas 75201
(214) 855-7565
dperry@munsch.com

Munsch Hardt Kopf & Harr, P.C.
BY: JULIAN PRESTON VASEK, ESQUIRE
3800 Lincoln Plaza
500 North Akard Street
Dallas, Texas 75201
(214) 855-7528
jvasek@munsch.com

For Timothy Barton:
Farmer & Coker, PLLC
BY: KAITLYN COKER, ESQUIRE
901 Main Street, Suite 5330
Dallas, Texas 75202
(254) 640-9510
kaitlyn@farmercoker.com

For Cortney C. Thomas, Receiver:
Brown Fox PLLC
BY: C. Alan Carrillo
8111 Preston Road, Suite 300
Dallas, Texas 75225
(214) 327-5000
alan@brownfoxlaw.com

* * * * *

(Requested portion of proceedings commenced at 1:42:28 p.m.)

THE COURT: So with that, I think the Court will go ahead and proceed with the Court's ruling on the motions that were taken under advisement last week.

So with that, this ruling, this oral ruling constitutes the Court’s findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as incorporated in Bankruptcy Rules 7052 and 9014.

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334 and the standing order of reference in this district. This matter constitutes a core proceeding under 28 U.S.C. Section 157(b)(2). Additionally, the Court has jurisdiction and authority to interpret and enforce its own orders. The Court has both statutory and constitutional authority to enter a final order in this matter. Venue is proper before this Court pursuant to 28 U.S.C. Sections 1408 and 1409.

Before the Court is the Motion to Enforce Settlement and to Dissolve and Expunge Second Lis Pendens filed by Timothy Barton. That can be found in the Bankruptcy ECF at Number 166 and filed in the Adversary Proceeding in Adversary ECF Number 163, and I will refer to as the "Motion to Enforce and Expunge" in this ruling.

And the Motion To Enforce and Expunge was filed by

Lumar Land & Cattle, LLC, which I will refer to as "Lumar." Dixon Water Foundation, which I will refer to as "Dixon," filed a joinder into the Motion to Enforce and Expunge, and that joinder can be found in the Bankruptcy ECF at Number 171 and in the Adversary ECF Number 170], and I'll refer to that as the "Dixon Joinder."

Mr. Timothy Barton filed a response in opposition to the Motion to Enforce and Expunge, and that was only filed in the Adversary Proceeding at ECF Number 169, and I'll refer to that as "Barton Response." Although the Barton Response was not filed in the BM318's main bankruptcy case, the Court deems that it is filed in both BM318's main bankruptcy case and in the Adversary Proceeding.

Lumar thereafter filed a response, or excuse me, a reply to the Barton Response, and that reply was filed at Bankruptcy ECF Number 173 and Adversary ECF Number 172. And I'll refer to that as the "Lumar Reply."

Mr. Cortney Thomas, the Receiver for BM318, LLC, which I will refer to as the "Receiver," did not file a written joinder or response, but the Receiver supports the Motion to Enforce and Expunge filed by Lumar and joined in by Dixon.

By the Motion to Enforce and Expunge, Lumar and Dixon jointly request that the Court order two things: first, to enforce this Court's following Court Orders and Agreed

Judgment, and those court orders are:

First, the Order Approving Compromise and Settlement Between BM318, LLC and the Dixon Water Foundation, which can be found at Bankruptcy ECF Number 163, and I'll refer to that as "Dixon Settlement Order" that is also Lumar Exhibit Number 3.

Second, the Order Approving Compromise and Settlement Between BM318, LLC and Lumar Land & Cattle, LLC, that was filed at Bankruptcy ECF Number 164. And I'll refer to that as "Lumar Settlement Order," and that is Lumar Exhibit Number 4.

And, third, the Agreed Final Judgment Dismissing the Adversary Proceeding that was entered at Adversary ECF Number 142, and I'll refer to that as the "Agreed Judgment," and that is Lumar Exhibit Number 6.

The second form of relief requested by the Motion was to dissolve and expunge the Notice of Lis Pendens filed by Mr. Barton in the official public real estate deed records of Parker County, Texas, as Document 202423549, which I will refer to in this ruling as the "Second Lis Pendens." And that is also Lumar Exhibit Number 11.

First, some background facts to put things in perspective. BM318 purchased a tract of land, which I'll refer to as the "Original Tract," in Parker County, Texas, from Dixon consisting of approximately 2,055 acres. The sale

was owner-financed by Dixon. BM318 defaulted on repaying its debt to Dixon, and BM318 eventually conveyed portions of the Original Tract back to Dixon through a deed in lieu of foreclosure.

On September 1, 2020, BM318 commenced its bankruptcy case. Dixon then sold an approximate 204-acre tract out of the Original Tract to Lumar, which I will refer to as the "Lumar Land," and that is also evidenced by Lumar Exhibit Number 9.

After the sale, BM318 commenced this Adversary Proceeding against Dixon seeking to avoid the conveyance of the Original Tract to Dixon. Because of the filing of the Adversary Proceeding, BM318 filed a Notice of Lis Pendens, which I will refer to as the "First Lis Pendens," and that was filed in the official public real estate deed records of Parker County, Texas, on the entire 2,055 acres of the Original Tract, which included Lumar Land's 204 acres.

Because the First Lis Pendens burdened, in part, the Lumar Land, Lumar intervened in the Adversary Proceeding to protect its rights and to remove the First Lis Pendens. Meanwhile, the Securities and Exchange Commission commenced a lawsuit, which I will refer to as the "SEC Lawsuit," in Federal District Court in Dallas against Mr. Barton, which, in part, resulted in the appointment of the Receiver for BM318. And I'll refer to that as the Order Appointing

Receiver, and that's also found at Lumar Exhibit Number 12.

Mr. Barton has appealed the Order Appointing Receiver, and that can be found at Lumar Exhibit 13. That appeal is currently pending before the Fifth Circuit Court of Appeals. The Order Appointing Receiver, however, has not been stayed pending its appeal.

In the meantime, a settlement of the Adversary Proceeding was ultimately reached among BM318, acting through the Receiver, Dixon, and Lumar. The settlement was approved by this Court by the Dixon Settlement Order and the Lumar Settlement Order, which I will collectively refer to as the "Settlement Orders." And, again, the Settlement Orders were entered on May 28, 2024, and can be found at Bankruptcy ECF Numbers 163 and 164. They are also admitted into evidence as Lumar Exhibits 3 and 4. Neither Settlement Order was appealed, and both orders constitute Final Orders.

As part of the Court-Approved Settlement Orders, BM318 dissolved the First Lis Pendens, which is found at Lumar Exhibit 10, and the Adversary Proceeding was dismissed with prejudice, evidenced by the Agreed Judgment, which is Lumar Exhibit Number 6.

Mr. Barton appealed the Agreed Judgment, and that appeal is currently pending before the Honorable Mark T. Pittman in Case No. 4:24-CV-863-P. The Agreed Judgment has not been stayed pending appeal. This Court retained

jurisdiction to enforce and construe the Settlement Orders and the Agreed Judgment.

On September 10, 2024, Mr. Barton, acting *pro se*, and purportedly as "Manager and President of BM318, LLC, on behalf of such entity" filed the Second Lis Pendens. And that was also Lumar Exhibit Number 11. In response, Lumar filed the Motion to Enforce and Expunge contending that Mr. Barton's filing of the Second Lis Pendens, one, violated the Settlement Orders and Agreed Judgment; and, two, was executed without proper authority, while purportedly acting as Manager and President of BM318, LLC, even though Mr. Barton has no such authority under the Order Appointing Receiver.

Consequently, Lumar, joined by Dixon, requests the Court to, one, enforce the Settlement Orders and Agreed Judgment; and, two, dissolve and expunge the Second Lis Pendens filed by Mr. Barton.

In response, Mr. Barton contends, first, that BM318 holds a property interest in the Lumar Land and the Second Lis Pendens is a critical safeguard for BM318's interests while Mr. Barton appeals the Dallas District Court's Order Appointing Receiver that is currently pending before the Fifth Circuit. Mr. Barton contends, secondly, that his appeal of the Order Appointing Receiver directly relates to the Receiver’s authority to enter into the Settlement Orders;

and, third, that the Second Lis Pendens is valid under Texas Property Code Section 12.007 and the Texas First Court of Appeals case of Cohen v. Sandcastle Homes, Inc., 469 S.W.3d 173, 180 (Tex. App. - Houston [1st Dist] 2015), of which Mr. Barton claims provides that that court holds and provides that lis pendens filings are appropriate when litigation genuinely impacts property interests, even if title is not the sole issue.

Although Mr. Barton cited the Cohen case in his papers as a Texas Supreme Court case, the case he actually cited is, in fact, a Texas Court of Appeals case. Further, even though the Cohen court said what Mr. Barton purports, or even if it does say what Mr. Barton purports, that case was reversed by the Texas Supreme Court in Sommers v. and Alabama and Dunlavy, Ltd. v. Sandcastle Homes, Inc., 521 S.W.3d 749 (Tex. 2017).

In response, Lumar and Dixon contend that Mr. Barton's arguments are completely without merit for at least three independent reasons. Number one, the Lumar Settlement Orders and Agreed Judgment preclude any claim by BM318 to any right, title, or interest in either the Original Tract or the Lumar Land. The Court agrees. Second, the Order Appointing Receiver remains effective according to its terms. It has not been vacated or modified, and is has not been stayed pending its appeal to the Fifth Circuit Court of

Appeals. Again, the Court agrees.

And, third, even if Mr. Barton had the right to file the Second Lis Pendens on behalf of BM318, which it does not, the Second Lis Pendens does not satisfy the requirements of Section 12.007 of the Texas Property Code. Upon a showing that the requirements under Section 12.007 of the Texas Property Code are not satisfied -- and in this case, they were not satisfied -- the Court then looks to Section 12.0071(b), which provides that "the Court shall order the notice of lis pendens expunged if the Court determines that, one, the pleading on which the notice is based does not contain a real property claim; two, the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim; or, three, the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy under Section 12.007(d)."

The Court agrees with Lumar and Dixon that the Second Lis Pendens fails to satisfy the requirements of Section 12.007 of the Texas Property Code. The Court also agrees with Lumar and Dixon that all three of the elements of 12.0071(b) for expunging a notice of lis pendens are satisfied.

First, the "pleading" upon which Mr. Barton filed this notice is based upon the appeal of a receivership order,

which is not a real property claim. Second, Mr. Barton is precluded from acting on behalf of BM318 and he has no standing to establish the probable validity of the alleged real property claim of BM318. And I would further state that there is no evidence, and Mr. Barton individually has no standing to assert any sort of a claim against the property.

Finally, Mr. Barton failed to serve the Second Lis Pendens on Lumar or the other parties. Although the Court need only find that one of the above required elements is satisfied to expunge a lis pendens, the Court finds that all three elements have been satisfied.

Finally, the Court specifically finds and concludes that Mr. Barton's testimony was, for the most part, not relevant to the specific issues before the Court. But to the extent Mr. Barton's testimony was, arguably, relevant, the Court finds that Mr. Barton's testimony was not credible, not persuasive and, specifically, the Court finds Mr. Barton's testimony concerning why he filed the Second Lis Pendens was not credible or believable.

In conclusion, the Court has thoughtfully and deliberately reviewed and considered the Motion to Enforce and Expunge, the Dixon Joinder, the Barton Response, the Lumar Reply, the exhibits admitted into evidence, and the testimony of Mr. Barton and, of course, the arguments of counsel.

Based upon the Court’s review and consideration, the Court finds that the Barton Response has no merit and is overruled in full and the Motion to Enforce and Expunge has merit and is hereby granted in full. The Court reserves the right to make additional findings of fact and conclusions of law. That concludes the Court's ruling.

I would ask, Mr. Forshey, if you would be so kind as to prepare the form of order granting the motion. And it doesn't matter to me if you send me one incorporated by reference to this oral ruling or if you want to make written findings of fact and conclusions of law in the form of order. If you do, I'll of course review those and, if I agree, I'll sign the order. If not, I will strike what I don't agree with.

MR. FORSHEY: Thank you, Your Honor. We will do so.

THE COURT: All right. Anything else for today?

(No audible response).

THE COURT: Hearing none, with that, the Court appreciates you all appearing today and the Court will be adjourned. Thank you.

MR. FORSHEY: Thank you, Your Honor.

(Proceedings adjourned at 1:56 p.m.)

* * * * *

C E R T I F I C A T I O N

I, DIPTI PATEL, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.

__________________________

DIPTI PATEL, AAERT CET-997

Expires: December 6, 2026

LIBERTY TRANSCRIPTS DATE: November 21, 2024